Ronald S. Gellert (No. 019321997)
Gellert Scali Busenkell & Brown, LLC
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Phone: (302) 425-5800
Fax: 302-425-5814
Email: rgellert@gsbblaw.com

Wayne A. Silver (Admitted *Pro Hac Vice*)
Law Office of Wayne A. Silver
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Counsel for NVIDIA Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**NVIDIA CORPORATION'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING: (1) NOTICE OF SALE TRANSACTION; (2) THIRD AMENDED JOINT PLAN OF REORGANIZATION OF CYXTERA TECHNOLOGIES, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE; AND (3) NOTICE OF FILING PLAN SUPPLEMENT FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF CYXTERA TECHNOLOGIES, INC. AND ITS DEBTOR AFFILIATES**

NVIDIA Corporation ("NVIDIA") hereby files this objection ("Objection") to (i) Notice of Sale Transaction [Docket No. 648] ("Sale Notice"), (ii) Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.

the Bankruptcy Code [Docket No. 649] ("Plan") and (iii) Notice of Filing Plan Supplement for the Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 650] ("Plan Supplement"), and in support of this Objection, respectfully represent as follows:

### I.    BACKGROUND FACTS

1. On June 4, 2023 ("Petition Date"), Cyxtera Technologies, Inc. and each of its affiliated debtors ("Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. On May 17, 2021, Cyxtera Communications entered into Service Order Q-37062-7 ("5-17-21 Service Order"), pursuant to which Cyxtera Communications agreed to provide services to NVIDIA at the data center facility located at 1550 Space Park Dr. Santa Clara, CA 95054 ("SFO4B"). Cyxtera Communications and NVIDIA are referred to as the "Parties." The 5-17-21 Service Order is governed by the master services agreement dated March 30, 2018 (including all applicable Service Schedules, Service Guides, Service Appendices, Service Orders, Order Forms, Statements of Work, service level agreements, pricing attachments, the Colocation Service Schedule, and other documents that are expressly incorporated therein, ("MSA").

3. Under the terms of the 5-17-21 Service Order, Cyxtera Communications agreed to design and construct a custom mechanical and electrical buildout for NVIDIA's use at SFO4B. The project was to take place in two phases: the "Phase 1 Buildout" and the "Phase II Expansion."

4. Shortly after commencement of the Phase I Buildout, the Parties began to experience delays to their anticipated construction timeline, and other disputes arose. The Parties were able to resolve their disputes concerning the Phase I Buildout, and entered into a Settlement

2

Agreement. The Settlement Agreement was filed under seal[2] and approved by Order of this Court entered on October 25, 2023 [Docket # 629], which is a final Order. NVIDIA has paid the amounts required under the Settlement Agreement.

5. As a condition of the Settlement Agreement, Cyxtera Communications further agreed to assume the MSA, after which the Settlement Parties' respective obligations regarding the services under the Service Order will continue. NVIDIA is also a counterparty to other Service Orders with the Debtors.

6. On November 1, 2023, the Debtors filed the Sale Motion. The Sale Motion seeks to sell substantially all of the Debtors' assets to Phoenix Data Center Holdings LLC ("Purchaser") pursuant to the asset purchase agreement ("APA") at the Confirmation Hearing scheduled for November 16, 2023.

3. In connection with the Sale Notice and Plan Supplement, the Debtors seek Bankruptcy Court authority to, among other things, assume and/or assume and assign numerous executory contracts (scheduled as "Service Orders") between the Debtors and NVIDIA. Exhibit C to the Plan Supplement provides a list of those Service Orders.

5. NVIDIA objects to, and reserves its rights regarding, this proposed assumption and/or assumption and assignment of the Service Orders for several reasons.

(a) First and foremost, the Sale Notice and Plan Supplement are confusing and contradictory, and conflict with information NVIDIA received from Debtor's counsel.[3] It is unclear who the Service Orders are being assigned to. While the Sale Notice identifies Phoenix

---

[2] The Court approved the Parties Motion to Seal the Settlement Agreement by Order entered on October 25, 2023 [Docket # 623].

[3] NVIDIA has been in discussions with Debtor's bankruptcy counsel in an effort to work through these issues, and was granted an extension to object to the Sale Notice and Plan through November 10, 2023 at 4:00 p.m. EST.

3

Data Center Holdings LLC ("Phoenix") as the purchaser, NVIDIA has been advised its business and operational relationship will continue with the Debtors, who will continue to perform on the Service Orders.

(b)     Whether performance is contemplated from Phoenix or an as yet unidentified reorganized version of the Debtors, no adequate assurance information has been provided. NVIDIA is therefore unable to determine whether the Purchaser and/or reorganized version of the Debtors are capable of performing under the terms of the Service Orders which the Debtors seek to assume and/or assume and assign.[4]

(c)     The Plan Supplement identifies a number of NVIDIA Service Orders which may be assumed and assigned. (See, Pp. 323 – 324 of the Plan Supplement). The Service Order descriptions are inadequate and NVIDIA does not have enough information to determine which agreements are at issue. NVIDIA also notes the MSA does not appear to be scheduled on Exhibit C, nor is the Settlement Agreement.

(d)     In addition, per the Plan Supplement, the lease agreements for two properties related to NVIDIA's MSA and Service Orders (1550 Space Park Drive, Santa Clara, California and 200 North Nash Street, El Segundo, California) are not assigned, adding to the confusion regarding future performance.

II.    **ARGUMENT**

A.    **The Debtors Have Not Adequately Identified the Agreements Between Debtors and NVIDIA (Service Orders and the Master Service Agreement) to Be Assumed and Assigned**

6.     The Plan Supplement does not provide sufficient information for NVIDIA to

---

[4] Debtor's counsel indicated all Service Orders were being assumed and assigned despite references to assumption only on Schedule C.

determine which Service Orders are related to which projects, and which Services Orders are related to each other. Consequently, NVIDIA is unable to determine if the Debtor's Plan Supplement complies with the requirement that all Service Orders that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract. *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006).

### B.    The Debtors Have Not Provided Adequate Assurance of Future Performance

7.    Before an executory contract may be assigned, the Debtors first must assume the contract and provide "adequate assurance of future performance." 11 U.S.C. §§ 365(f)(2)(A), (B). This requirement provides needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment. *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001) The Debtors have not done so with respect to the Purchaser, and it is unclear whether the unidentified reorganized version of the Debtors (perhaps operating as a subsidiary or affiliate of the Purchaser) is contemplated (in which case the Debtors must also provide adequate assurance).

8.    The phrase adequate assurance of future performance is adopted from section 2-609(1) of the Uniform Commercial Code, and is to be given a practical, pragmatic construction based upon the facts and circumstances of each case. While an absolute guaranty of performance is not required (*Cinicola v. Scharffenberger*, Id., n. 10),  the Bankruptcy Code favors a policy requiring that the non-debtor receive the full benefit of his or her bargain. *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1091 (3d Cir. 1990), cited in *In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007). And in this case, with data centers and essential 24/7 uptime, "adequate assurance of performance" should be taken absolutely.  NVIDIA must have full confidence in business continuity, as it continues to invest substantial sums and place extremely valuable equipment into

these licensed and leased facilities.

9. To satisfy the requirement of providing adequate assurance of future performance under the Bankruptcy Code, NVIDIA requests that the Debtors clarify the actual assignee of the Service Orders, provide access to the assignee's financial data and operational experience, and an opportunity for NVIDIA to conduct due diligence. NVIDIA cannot otherwise determine the proposed assignee's ability to perform the Service Orders.

### III.  CONCLUSION

10. NVIDIA respectfully requests that the Court deny the Debtors' request for authority to assume and assign the Service Orders and deny confirmation of the Plan. NVIDIA reserves the right to be heard further on all issues set forth herein.

Dated: November 10, 2023

LAW OFFICE OF WAYNE SILVER

By: */s/ Wayne Silver*
    Wayne Silver (*pro hac vice*)
    643 Bair Island Road, Suite 403
    Redwood City, CA 94063
    Telephone: (650) 282-5970
    Fax: (650) 282-5980
    Email: ws@waynesilverlaw.com

Dated: November 10, 2023

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*
Ronald S. Gellert (No. 019321997)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Phone: (302) 425-5800
Fax: 302-425-5814
Email: rgellert@gsbblaw.com

*Counsel for NVIDIA Corporation*

## CERTIFICATE OF SERVICE:

I, Ronald S. Gellert, Esq., hereby certify that on November 10, 2023, I caused a true and correct copy of the foregoing *Nvidia Corporation's Limited Objection And Reservation Of Rights Regarding: (1) Notice Of Sale Transaction; (2) Third Amended Joint Plan Of Reorganization Of Cyxtera Technologies, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 Of The Bankruptcy Code; and (3) Notice Of Filing Plan Supplement For The Third Amended Joint Plan Of Reorganization Of Cyxtera Technologies, Inc. and Its Debtor Affiliates* to be filed and served via CM/ECF upon those parties registered to receive such electronic notifications.

Dated: November 10, 2023  By:  */s/ Ronald S. Gellert*
  Ronald S. Gellert (No. 4259)