| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Stephanie Lindemuth<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryan Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>Telephone:  (212) 872-1000<br>slindemuth@akingump.com<br><br>and<br><br>David F. Staber<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2300 North Field Street<br>Suite 1800<br>Dallas, TX 75201<br>Telephone:  (214) 969-2800<br>dstaber@akingump.com<br><br>*Counsel for SI POR02 ABS LLC, and DCCO Tukwila, LLC* | Case No. 23-14853 (JKS)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Plan/Sale Hearing Date: November 16, 2023<br>Hearing Time:  2:00 PM<br>Cure Objection Date: November 13, 2023 |
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al.*,<br><br>　　　　　　　　Debtors | JUDGE: HON. JOHN K. SHERWOOD<br><br>DOCKET NO. 650 |

**SI POR02 ABS LLC, AND DCCO TUKWILA, LLC LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING CURE AMOUNTS IN THE NOTICE OF FILING PLAN SUPPLEMENT FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF CYXTERA TECHNOLOGIES, INC. AND ITS DEBTOR <u>AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

SI POR02 ABS LLC ("**SI POR02**") and DCCO Tukwila, LLC ("**DCCO**", collectively with SI POR02 the "**Landlords**") file this limited objection to and reservation of rights (the "**Objection**") regarding cure amounts in the Notice of Filing Plan Supplement for the Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates

Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 650] (the "**Plan Supplement**"), and in support of this Objection, respectfully represent as follows:

## BACKGROUND

1. On or about June 4, 2023 (the "**Petition Date**"), Cyxtera Technologies, Inc. and each of its affiliated Debtors (the "**Debtors**") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with this Court.

2. The Debtors operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. SI POR02 is the owner of property located at 8135 NE Evergreen Parkway, Hillsboro, Oregon (the "**Oregon Premises**") and is the landlord to the Debtors pursuant to a Lease Agreement dated as of August 20, 2015, as amended (the "**Oregon Lease**"). DCCO is the owner of property located at 6101 South 180th Street, Tukwila, Washington (the "**Washington Premises**") and is the landlord to the Debtors pursuant to a Lease Agreement dated December 18, 1998, as amended (the "**Washington Lease**", collectively with the Oregon Lease, the "**Leases**").

4. On November 3, 2023, the Debtors filed the Plan Supplement.

5. The Plan Supplement provides that the Leases will be assumed and assigned, with a proposed cure amount for the Oregon Lease of $59,695.00 and a proposed cure amount for the Washington Lease of $322,294.00 (the "**Proposed Cure Amounts**"). The Proposed Cure Amounts do not include all losses incurred as a result of the Debtors' defaults including additional amounts which have accrued and which will continue to accrue under the Leases until the effective date of the assumption of the Leases (the "**Actual Cure Amounts**").

## OBJECTIONS

### Preliminary Objection

**a. Proposed Cure Payment**

6. The Actual Cure Amount for the Washington Lease, as of the date of filing this limited objection, is substantially higher than the Proposed Cure Amounts, while additional obligations continue to accrue under both Leases.

7. If the Lease is to be assumed or assumed and assigned, the Debtors or the assignee should be required to pay the Landlords the Actual Cure Amounts in accordance with section 365(b) of the Bankruptcy Code, together with any other amounts accruing under the Leases (including without limitation any fixed rent, applicable taxes, and insurance costs) in accordance with the terms of the Leases between the date of this Objection and the effective date of the assumption and assignment of the Leases.

8. Set forth below are the Landlords' monetary cure claims for amounts due as of the date of this Objection, which are more fully detailed on Exhibits 1 & 2 attached hereto and incorporated into this Objection by reference. The cure amounts are subject to additional qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below.

| LANDLORD | LOCATION | DEBTORS' CURE | LANDLORD'S CURE | EXHIBIT |
|---|---|---|---|---|
| SI POR02 ABS LLC | Hillsboro, Oregon | $59,695.00 | $55,964.86 | 1 |
| DCCO Tukwila, LLC | Tukwila, Washington | $322,294.00 | $660,445.74 | 2 |

9. In addition to the current outstanding rent and other monthly charges due under the Leases, in determining what must be paid as cure pursuant to Section 365(b), the charges referenced below must also be taken into consideration and paid, either as cure on the effective

date of any assumption, or assumption and assignment, or when properly billed under the Leases, including any obligations that have been deferred pursuant to any deferral or forbearance agreement between the Debtors and the Landlords.

    i.        <u>Attorneys' Fees and Costs</u>

10.     The Leases contain provisions for recovery of attorneys' fees, costs, and interest in the event the Landlords are required to take legal action to protect their interests. The Debtors are obligated to cure all defaults under the Leases and compensate the Landlords for their actual pecuniary losses as a result of defaults under the Leases. *See* 11 U.S.C. § 365(b)(1)(A) and (B).

11.     The Debtors (or their assignee) takes the Leases *cum onere*—subject to existing burdens. The Debtors cannot assume the favorable portions, and reject the unfavorable provisions, of their leases.[1]

12.     Attorneys' fees and costs incurred in enforcement of the covenants, obligations, and conditions of a lease are also proper components of a cure claim, and the Debtors (or successor) must satisfy these lease charges as part of the assumption or assumption and assignment of the Leases.[2] There is no logical distinction for purposes of Section 365 between attorneys' fees incurred in connection with pre-petition defaults and fees incurred with post-petition defaults.[3] The fact that a landlord uses bankruptcy procedures to enforce a lease should not preclude recovery of attorneys' fees and costs for such enforcement activity (particularly where the Bankruptcy Court is the exclusive forum where the landlord can obtain any relief, being foreclosed from state court relief by the automatic stay).[4]

---

[1] *In re Wash. Capital Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993).
[2] *In re Entm't, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998).
[3] *Id*. at 154.
[4] *Id*. at 153; *see also In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001) (Landlords' fees and costs are recoverable as a component of cure under 11 U.S.C. § 365(b)(1)); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 WL 535479, at *9 (S.D.N.Y. Apr. 9, 2002) (where lease "provides for recovery of attorneys'

13. Accordingly, the Landlords have included in the Actual Cure Amounts that they be reimbursed for all of their actual pecuniary losses including, but not limited to, attorney's fees and costs expended with regard to the Debtors' bankruptcy proceedings. The Landlords' estimate of their attorney's fees and costs through October 31, 2023, are fully set forth in Exhibits 1 and 2 attached hereto.

    ii.        Year-End Adjustments and Reconciliations and Indemnification

14. In addition to rent and related monthly charges, attorneys' fees, costs and interest, some charges for which the Debtors bear responsibility under the Leases have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods. To the extent the estimated payments exceed actual charges, the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred under the Leases, the result is an additional amount (or debit) for which the tenant is liable. In some instances, year-end reconciliations and adjustments for previous years for the Premises may not yet be complete (i.e., year-end reconciliations and adjustments that accrued through 2022 may not yet have been billed, and such charges that are accruing for 2023 will not be billed until 2024). In other instances, certain charges may be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end. Since Section 365(b) only requires debtors to cure defaults under their leases, and since there can be no default for failure to pay an amount that has not as yet been billed, these accrued, but unbilled, charges are not yet due under the Lease, and they do not create a current default that gives rise to a requirement of cure by the Debtors at this time. The obligation to pay the year-end adjustments is, however, certainly a part of the obligation to

---

fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the Debtors' other obligations that arise postpetition...."); *Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 850 (4th Cir. 1999).

provide adequate assurance of future performance. Any attempt to assign the Leases "free and clear" of these obligations, therefore, must be denied.

15. The Debtors remain responsible for all accrued or accruing charges under the Leases and must pay such charges when they come due under the Leases. The Debtors assume and assign the Leases to the Purchaser subject to their terms and must assume and assign all obligations owing under the Leases, including obligations that have accrued but may not yet have been billed under the Leases. Any final assumption or sale order should clearly state that the Purchaser will assume these lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of the Sale. In addition, any provision in a sale order that purports to release the Debtors or Purchaser of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Leases.

iii. The Cure Amounts Serve Only As Estimates

16. The Landlords can only provide the information presently available regarding amounts owing by the Debtors, while reserving the right to amend the Objection as necessary to include any additional or unknown charges that arise, including but not limited to subsequent rent defaults, attorney fees, costs, interest, and year-end adjustments and reconciliations. The Landlords should not be subject to the equivalent of an administrative bar date, limiting their recourse to recover charges to which they is entitled under the Leases.

WHEREFORE, the Landlords respectfully request that the Court enter and order consistent with this Objection and for such other and further relief as the Court deems proper.

6

DATED:  November 13, 2023

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:   /s/ *Stephanie Lindemuth*
      Stephanie Lindemuth
One Bryan Park
Bank of America Tower
New York, NY 10036-6745
Telephone:  (212) 872-1000
slindemuth@akingump.com

and

David F. Staber
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 North Field Street
Suite 1800
Dallas, TX 75201
Telephone:  (214) 969-2800
dstaber@akingump.com

*Counsel for SI POR02 ABS LLC, and DCCO Tukwila, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 13, 2023, I served a copy of the correct copy of the *SI POR02 ABS LLC, and DCCO Tukwila, LLC Limited Objection to and Reservation of Rights Regarding Cure Amounts in the Notice of Filing Plan Supplement for the Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* on the parties listed on the below service list by enclosing a copy of the aforementioned documents in a sealed envelope, postage pre-paid and delivered to the exclusive custody of the United States Postal Service. In addition, the parties entitled to receive notice by the Court's CM-ECF system were sent an email notification of such filing by the Court's CM-ECF System.

/s/ *Stephanie Lindemuth*
Stephanie Lindemuth

**SERVICE LIST**

**BY ECF AND REGULAR MAIL**

| | |
|---|---|
| Edward O. Sassower, Esq.<br>Christopher Marcus, Esq.<br>Derek I. Hunter, Esq.<br>**KIRKLAND & ELLIS, LLP**<br>601 Lexington Avenue<br>New York, New York 10022 | Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>**COLE SCHOTZ, P.C.**<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601 |
| David Gerardi, Esq.<br>**OFFICE OF THE US TRUSTEE**<br>One Newark Center<br>1085 Raymond Boulevard, Suite 2100<br>Newark, NJ 07102 | Bradford Sandler, Esq.<br>**PACHULSKI STANG ZIEHL JONES, LLP**<br>780 Third Avenue, 34th Floor<br>New York, New York  10017 |
| Jeffrey Gleit, Esq.<br>**ARENTFOX SCHIFF, LLP**<br>1301 Avenue of the Americas, 42nd Floor<br>New York, New York  10019 | Kenneth J. Steinberg, Esq.<br>**DAVIS POLK & WARDWELL, LLP**<br>450 Lexington Avenue<br>New York, New York  10017 |
| Scott Greenbert, Esq.<br>Steven Damonowski, Esq.<br>**GIBSON DUNN & CRUTCHER, LLP**<br>200 Park Avenue<br>New York, New York  10166 | |

**EXHIBIT 1**

| **Attorneys Fees Through 10/31/2023** | | |
|---|---|---|
| $4,533.00 | Invoice #2051975 | 7/28/23 |
| $3,315.00 | Invoice #2057379 | 8/10/23 |
| $18,481.50 | Invoice #2058098 | 9/11/23 |
| $11,220.00 | Invoice #2063597 | 10/12/23 |
| $3,315.00 | Prebill - Through | 10/31/23 |
| **$40,864.50** | **Total Attorney Fees** | |
| | | |
| **Additional Expenses** | | |
| $8,572.50 | Invoice #CI05378 | August usage due 11/10/2023 |
| $6,527.56 | Invoice #CI05579 | September usage due 11/30/2023 |
| **$15,100.36** | **Total Additional Expenses** | |
| | | |
| **$55,964.86** | **Total Cure Amount** | |

**EXHIBIT 2**

| Attorneys Fees Through 10/31/2023 | | | |
|---|---|---|---|
| $4,287.50 | Invoice #2051784 | 7/28/23 | |
| $2,295.00 | Invoice #2057378 | 8/10/23 | |
| $23,842.50 | Invoice #2057926 | 9/11/23 | |
| $3,697.50 | Invoice #2063598 | 10/12/23 | |
| $3,315.00 | Prebill - Through | 10/31/23 | |
| **$37,437.50** | **Total Attorney Fees** | | |
| | | | |
| **Additional Expenses and Rent** | | | |
| $294,330.54 | Rent (June 2023) | | |
| $9,091.05 | ADM Admin. Expense Reimb. | | |
| $20,606.98 | CAM | | |
| $259,969.17 | Real Estate Tax Due 10/31/2023 | | |
| **$623,007.74** | **Total Additional Expenses and Rent** | | |
| | | | |
| **$606,445.74** | **Total Cure Claim** | | |