|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>edward.sassower@kirkland.com<br>christopher.marcus@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel for Debtors and Debtors in Possession* |

Order Filed on November 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re: | Chapter 11 |
|---|---|
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

## STIPULATION AND AGREED ORDER AMONG THE DEBTORS AND SIMPLIFY, INC.

The relief set forth on the following pages, numbered one (1) through six (6), is **ORDERED**.

**DATED: November 20, 2023**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | ) )  Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*,[1] | ) )  Case No. 23-14853 (JKS) |
| Debtors. | ) )  (Jointly Administered) |
|  | ) |

**STIPULATION AND AGREED ORDER AMONG THE DEBTORS AND SIMPLIFY, INC.**

The above-captioned debtors and debtors in possession (collectively, "Cyxtera" or the "Debtors") and Simplify, Inc. ("Simplify," and together with the Debtors, the "Parties") hereby enter into this Stipulation (the "Stipulation and Order"), as set forth below.  In connection with the Stipulation, the Parties respectfully state as follows:[2]

### Recitals

**WHEREAS**, on June 4, 2023, each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Amended Joint Chapter 11 Plan of Cyxtera Technologies Inc. and Its Debtor Subsidiaries* [Docket No. 372] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), and incorporated herein by reference.

**WHEREAS**, debtor Cyxtera Communications, LLC and Simplify were party to that certain Referral Agreement, dated as of April 17, 2018 (the "Referral Agreement") by which Simplify provided customer referral services to the Debtors.

**WHEREAS**, on or about June 16, 2023, the Debtors provided notice to Simplify that they were terminating the Referral Agreement upon the expiration of the thirty-day notice period thereunder.

**WHEREAS**, on June 19, 2023, the Debtors filed the *Debtors' Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts, Each Effective as of the Rejection Date and (II) Granting Related Relief* [Docket No. 114] (the "Motion") rejecting certain of the Debtors' executory contracts, including the Referral Agreement.

**WHEREAS**, on July 12, 2023, Simplify filed *Creditor Simplify., Inc.'s Response in Opposition and Objection to Debtors' Omnibus Seeking Entry of an Order (I) Authorizing the Rejection of Certain Executory Contract, Each Effective as of the Rejection Date and (II) Granting Related Relief* [Docket No. 257] (the "Objection") objecting to the rejection of the Referral Agreement.

**WHEREAS**, on July 16, 2023, pursuant to the notice of termination provided on June 16, 2023, the Referral Agreement was terminated.

**WHEREAS**, on July 19, 2023, the Court entered the *Order (I) Authorizing the Rejection of Certain Executory Contracts, Each Effective as of the Rejection Date and (III) Granting Related Relief* [Docket No. 299] approving the Motion but adjourning the rejection of the Referral Agreement solely as to Simplify until August 16, 2023.

**WHEREAS**, on August 8, 2023, the Bankruptcy Court entered the *Adjournment Request* [Docket No. 375] further adjourning the rejection of the Referral Agreement solely as to Simplify to a date not specified while the Parties continued to negotiate a resolution to the Objection.

2

**WHEREAS**, the Debtors and Simplify have consensually agreed, after good faith, arm's-length negotiations, to resolve the Objection on the terms and subject to the conditions set forth in this Stipulation.

**THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference.

2. The Motion is approved in all respects and the Referral Agreement is rejected as of June 4, 2023.

3. Immediately upon entry of the Stipulation and Order, the Objection is deemed to be and is hereby withdrawn.

4. In full and final satisfaction of any and all Claims that may be asserted by Simplify in these chapter 11 cases, Simplify shall be and is hereby entitled to an Allowed Administrative Claim in the amount of $250,000 (the "Allowed Claim"). For the avoidance of doubt, Simplify shall receive the treatment of their Allowed Claim in accordance with provisions for treatment of allowed administrative claims as stated in the Plan as incorporated herein by reference.

5. **Mutual Release.** Upon entry of the Stipulation and Order and full satisfaction of the Allowed Claim, the Parties hereby mutually release waive and forever discharge each other, their respective successors, assignees, affiliates, and, in the case of the Debtors, their jointly administered estates and any successors and assignees of the estate of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, contracts, controversies, agreements, promises, damages, claims, and demands, of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, in law or equity (collectively, the Claims") arising out of the Referral Agreement, which Simplify or the Debtors ever had, now have,

or hereafter can, shall or may have against the other for, upon, or by reason of any matter related to the Referral Agreement.

6. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

7. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other or relied upon by any Party, and no consideration has been offered, promised, expected, or held out other than as expressly provided for herein.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party, other than as provided herein.

9. Each of the Parties, by and through their respective undersigned counsel, represents and warrants that the undersigned is fully authorized and empowered to (i) execute and deliver this Stipulation on behalf of their respective Party; and (ii) bind their respective Party to the terms and conditions hereof.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

11. Unless specifically set forth herein, nothing in this Stipulation shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim

4

against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Stipulation or any order granting the relief requested by this Stipulation; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation.

Agreed on November 10, 2023

/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **JOHNSON DELUCA KURISKY & GOULD, PC** |
| Michael D. Sirota, Esq. | George A. Kurisky, Jr. TBA No. 11767700 |
| Warren A. Usatine, Esq. | Clinton W. Raney TBA No. 24047734 |
| Felice R. Yudkin, Esq. | 1221 Lamar, Suite 1000 |
| Court Plaza North, 25 Main Street | Houston, Texas 77010 |
| Hackensack, New Jersey 07601 | (713) 652-2525 |
| Telephone: (201) 489-3000 | (713) 652-5130 (Facsimile) |
| Email: msirota@coleschotz.com | gkurisky@jdkglaw.com |
|     fyudkin@coleschotz.com | craney@jdkglaw.com |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
       christopher.marcus@kirkland.com
       derek.hunter@kirkland.com

    *Attorneys for the Debtors*                                      *Attorneys for Creditor Simplify, Inc.*

Agreed on November 10, 2023

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Email: msirota@coleschotz.com<br>        fyudkin@coleschotz.com<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: edward.sassower@kirkland.com<br>        christopher.marcus@kirkland.com<br>        derek.hunter@kirkland.com<br><br>*Attorneys for the Debtors* | **JOHNSON DELUCA KURISKY & GOULD, PC**<br>George A. Kurisky, Jr. TBA No. 11767700<br>Clinton W. Raney TBA No. 24047734<br>1221 Lamar, Suite 1000<br>Houston, Texas 77010<br>(713) 652-2525<br>(713) 652-5130 (Facsimile)<br>gkurisky@jdkglaw.com<br>craney@jdkglaw.com<br><br>*Attorneys for Creditor Simplify, Inc.* |

6