| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>edward.sassower@kirkland.com<br>christopher.marcus@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel for Debtors and Debtors in Possession* | Order Filed on November 20, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al*<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

# ORDER APPROVING THE ASSUMPTION
# AND ASSIGNMENT OF CERTAIN EXECUTORY
# CONTRACTS AND/OR UNEXPIRED LEASES IN CONNECTION
# WITH THE SALE OF CERTAIN CANADIAN ASSETS BY CYXTERA CANADA

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

**DATED: November 20, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 653] (the "Canada Sale Motion") and the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 186] (the "Procedures Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the hearing to consider the Canada Sale Motion having been held on November 16, 2023 (the "Canada Sale Hearing"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served the *Supplemental Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 674] (the "Supplemental Assumption and Assignment Notice") on each applicable party as set forth in the schedule attached hereto as **Exhibit 1** (the "Assumption and Assignment Schedule"), in

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion, the APA (as defined in the Motion), the Canada Sale Order (as defined herein), or the Procedures Order, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

accordance with the terms of the Procedures Order; and no timely objections have been filed to the assumption and assignment of the additional Assigned Contracts set forth in the Assumption and Assignment Schedule (the "Supplemental Assigned Contracts"); and due and proper notice of the Procedures Order and the Supplemental Assumption and Assignment Notice having been provided to each applicable counterparty to the Supplemental Assigned Contracts as set forth in the Assumption and Assignment Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor **THE COURT HEREBY FINDS THAT**:[3]

A. The assumption and assignment of the Supplemental Assigned Contracts listed in the Assumption and Assignment Schedule attached hereto as **Exhibit 1** pursuant to the terms of the *Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 719] (the "Canada Sale Order") and this Order is integral to the APA, does not constitute unfair discrimination, and is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. Subject to the terms and conditions of the APA and the Canada Sale Order, the Debtors shall: (a) to the extent necessary, cure or provide adequate

---

[3] The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

assurance of cure, of any default existing prior to the date hereof with respect to the Supplemental Assigned Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (b) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Supplemental Assigned Contracts, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code.  The Debtors' promise to pay or otherwise cure all defaults or other obligations of the Debtors under the Supplemental Assigned Contracts arising or accruing prior to the Closing Date, or otherwise required to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Supplemental Assigned Contracts (collectively, the "Cure Costs") in accordance with the terms of the APA, the Canada Sale Order, and this Order and Cologix Canada, Inc.'s (the "Purchaser") promise to perform the obligations under the Supplemental Assigned Contracts shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Supplemental Assigned Contracts.

B.      Under the circumstances, the Debtors have demonstrated that assuming and assigning the Supplemental Assigned Contracts in connection with the Canada Sale is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests of the Debtors' estates, for the reasons set forth in the Canada Sale Motion, the Li Declaration, and on the record at the Canada Sale Hearing, including, without limitation, because the assumption and assignment of the Supplemental Assigned Contracts in connection with the Canada Sale is a material component to the overall consideration provided by the Purchaser and will maintain the

(Page | 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

ongoing business of the Debtors, limit the losses of counterparties to Supplemental Assigned Contracts, and maximize the distribution to creditors of the Debtors.

C.  The assignment of the Supplemental Assigned Contracts is necessary and appropriate under the circumstances in connection with the Canada Sale, is integral to the Debtors' overall restructuring efforts, and the Purchaser has demonstrated that it can reasonably carry on the obligations under the Supplemental Assigned Contracts.

**IT IS HEREBY ORDERED THAT:**

1.  Cyxtera Canada Communications, ULC (the "Seller") is hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code and the Procedures Order to (a) assume and assign to the Purchaser, in accordance with the terms of the APA and this Canada Sale Order, the Supplemental Assigned Contracts free and clear of all Claims, Encumbrances, and Interests (other than the Permitted Encumbrances and Assumed Liabilities), and (b) execute and deliver to the Purchaser such documents or other instruments as the Purchaser deems may be necessary to assign and transfer the Supplemental Assigned Contracts to the Purchaser.

2.  With respect to the Supplemental Assigned Contracts: (a) the Seller may assume each of the Supplemental Assigned Contracts in accordance with section 365 of the Bankruptcy Code; (b) the Seller may assign each of the Supplemental Assigned Contracts to the Purchaser in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any of the Supplemental Assigned Contracts that prohibit or condition the assignment of such Supplemental Assigned Contract or allow the party to such Supplemental Assigned Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or

(Page | 7)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

condition upon the assignment of such Supplemental Assigned Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (c) subject to the Debtors payment of Cure Costs, all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Seller and assignment to Purchaser of each Supplemental Assigned Contract have been satisfied; and (d) the Supplemental Assigned Contracts shall be transferred and assigned to, and following the Closing remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in any such Supplemental Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Supplemental Assigned Contracts after such assumption and assignment to the Purchaser.

3. Any Supplemental Assigned Contract shall be assumed by the Seller and assigned to the Purchaser in accordance with the Assumption Procedures as defined in the Procedures Order, which Assumption Procedures are incorporated herein by reference and shall apply and be binding to any Supplemental Assigned Contract. The pendency of a dispute relating to a particular Supplemental Assigned Contract shall not delay the assumption and assignment of any other Supplemental Assigned Contract or the Closing. Any proposed cure amount to be included in the Supplemental Assumption and Assignment Notice or the resolution of any objection filed in connection therewith will be acceptable to the Purchaser and the form and substance of any filings or pleading filed by the Debtors in connection with the Assumption Procedures will be reasonably acceptable to the Purchaser.

(Page | 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

4.  Upon the effective date of the assignment of any Supplemental Assigned Contract, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title, and interest of each Supplemental Assigned Contract. To the extent provided in the APA, the Debtors shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

5.  Each Supplemental Assigned Contract counterparty is deemed to have consented to the assumption and assignment of such Supplemental Assigned Contract, and the Purchaser shall be deemed to have demonstrated adequate assurance of future performance with respect to such Supplemental Assigned Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

6.  Upon the Seller's assignment of the Supplemental Assigned Contracts to the Purchaser under the provisions of this Order, the Canada Sale Order, and any additional orders of this Court, and the Debtors' payment of any Cure Costs pursuant to the terms hereof or the APA, no default shall exist under any Supplemental Assigned Contract, and no counterparty to any Supplemental Assigned Contract shall be permitted (a) to declare under such Supplemental Assigned Contract or (b) to otherwise take action against the Debtors or the Purchaser as a result of any Debtors' financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Supplemental Assigned Contract. Each non-debtor party to a Supplemental Assigned Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or the Purchaser, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing Date, or, against the Purchaser, any counterclaim, defense, setoff, or

(Page | 9)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

any other Claim asserted or assertable against the Debtors and (ii) imposing or charging against the Purchaser or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Seller's assumption and assignment of the Supplemental Assigned Contracts to the Purchaser. Any provision in any Supplemental Assigned Contract that purports to declare a breach, default, or termination as a result of a change of control of the Acquired Assets is hereby deemed unenforceable under section 365(f) of the Bankruptcy Code. To the extent that any counterparty to a Supplemental Assigned Contract is notified of Cure Costs (or the absence thereof) and fails to object to such Cure Costs (or the absence thereof) with respect to a Supplemental Assigned Contract, such counterparty shall be deemed to have consented to such Cure Costs (or the absence thereof) and is deemed to have waived any right to assert or collect or enforce any Cure Costs that may arise or have arisen prior to or as of the Closing.

7. On the effective date of the assignment of any Supplemental Assigned Contract, the Purchaser shall be deemed to be substituted for the applicable Debtors as a party to the applicable Supplemental Assigned Contracts and the applicable Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Supplemental Assigned Contracts.

8. All counterparties to the Supplemental Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Debtors or the Purchaser for any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the Canada Sale.

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

9. Notwithstanding anything to the contrary in this Canada Sale Order or the APA, a contract shall not be an Supplemental Assigned Contract hereunder and shall not be assigned to, or assumed by, Purchaser to the extent that such contract is rejected or terminated by the Debtors, or terminates or expires by its terms, on or prior to such time as it is to be assumed by Purchaser as a Supplemental Assigned Contract hereunder and is not continued or otherwise extended upon assumption.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order; (e) a request or authorization to reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection

(Page | 11)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to reject any executory contract or unexpired lease.

11.     The Debtors and the Purchaser are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Canada Sale Motion and the Procedures Order.

12.     To the extent this Order is inconsistent with any prior order or pleading filed in these chapter 11 cases related to the Canada Sale Motion, the terms of this Order shall govern.

## Exhibit 1

**Supplemental Assigned Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assignee |
|---|---|---|---|
| Harbour Centre Complex Limited | License to Occupy - dated 05 / 26 / 2005 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Agreement Renewal - dated 04 / 29 / 2008 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | License to Occupy - dated 12 / 29 / 2009 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Agreement Renewal - dated 06 / 24 / 2011 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Agreement Renewal - dated 04 / 19 / 2013 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Renewal - dated 04 / 19 / 2013 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Renewal - dated 02 / 17 / 2017 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | License to Occupy (Cyxtera C31) - dated 04 / 01 / 2019 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Letter Agreement re: License to Occupy Renewal - dated 09 / 13 / 2019 | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Emergency Power Request and Release Form – MMR6A | $0 | Cologix Canada, Inc. |
| Harbour Centre Complex Limited | Emergency Power Request and Release Form – MMR 6B | $0 | Cologix Canada, Inc. |
| Polaris Realty (Canada) Limited | Letter Agreement re: License to Occupy (C - 31) Renewal - dated 05 / 01 / 2023 | $0 | Cologix Canada, Inc. |

---

[1] The inclusion of a Supplemental Assigned Contract on this list does not constitute an admission as to the executory or non-executory nature of the Supplemental Assigned Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Supplemental Assigned Contract.

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-14853-JKS |
| Cyxtera Technologies, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 6 |
| Date Rcvd: Nov 20, 2023 | Form ID: pdf903 | Total Noticed: 10 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cyxtera Technologies, Inc., 2333 Ponce De Leon Boulevard, Suite 900, Coral Gables, FL 33134-5449 |
| aty | + | Brian Nakhaimousa, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Cole Schotz P.C., 25 Main Street, Court Paza North, Hackensack, NJ 07601-7015 |
| aty | + | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Edward O. Sassower, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Jordan Elkin, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Michael P. Esser, Kirkland and Ellis LLP, 555 California Street, San Francisco, CA 94104-1503 |
| aty | + | Nikki Gavey, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Oliver Pare, Kirkland and Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| aty | ^ MEBN | Nov 20 2023 20:52:08 | Derek I. Hunter, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | ^ MEBN | Nov 20 2023 20:52:45 | Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Stephen M. Silva |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 22, 2023            Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Creditor Citibank N.A. brodya@gtlaw.com, NJLitDock@gtlaw.com |
| Alexandra Grant | on behalf of Creditor Public Service Electric and Gas Company alexandra.grant@pseg.com mary.ryan@pseg.com |
| Allison J. Arotsky | on behalf of Interested Party Tax Technologies Inc. aarotsky@moritthock.com |
| Amish R. Doshi | on behalf of Creditor Oracle America Inc. amish@doshilegal.com |
| Andrew H. Sherman | on behalf of Creditor MP2 Energy LLC d/b/a Shell Energy Solutions asherman@sillscummis.com |
| Anthony Sodono, III | on behalf of Creditor Virtustream Inc., asodono@msbnj.com |
| Boris I Mankovetskiy | on behalf of Creditor MP2 Energy LLC d/b/a Shell Energy Solutions bmankovetskiy@sillscummis.com asherman@sillscummis.com |
| Bradford J. Sandler | on behalf of Creditor Committee Official Committee of Unsecured Creditors bsandler@pszjlaw.com mseidl@pszjlaw.com;lsc@pszjlaw.com;lpetras@pszjlaw.com |
| Bruce H Levitt | on behalf of Creditor Cinthia Ganchozo blevitt@levittslafkes.com sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com |
| Bruce H Levitt | on behalf of Creditor Sergio Portillo blevitt@levittslafkes.com sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com |
| Carl J. Soranno | on behalf of Creditor LD Acquisition Company 16 LLC csoranno@bracheichler.com dfamula@bracheichler.com;jpmartin@bracheichler.com;krutkowski@bracheichler.com |
| Christopher Marcus | on behalf of Debtor Cyxtera Technologies Inc. christopher.marcus@kirkland.com, christopher-marcus-7767@ecf.pacerpro.com |
| Colin R. Robinson | on behalf of Creditor Committee Official Committee of Unsecured Creditors crobinson@pszjlaw.com |
| Dale E. Barney | on behalf of Creditor Ad Hoc First Lien Group dbarney@gibbonslaw.com elrosen@gibbonslaw.com |
| Dana S. Plon | on behalf of Creditor American Data Center Solutions LLC dplon@sirlinlaw.com |
| David Gerardi | on behalf of U.S. Trustee U.S. Trustee david.gerardi@usdoj.gov |
| David H. Stein | on behalf of Creditor Iron Mountain Data Centers LLC dstein@wilentz.com, ciarkowski@wilentz.com |
| Donald K. Ludman | on behalf of Creditor SAP SE dludman@brownconnery.com |
| Edwin H Caldie | on behalf of Creditor Lumen Technologies ed.caldie@stinson.com |
| Felice R. Yudkin | on behalf of Debtor Cyxtera Technologies Inc. fyudkin@coleschotz.com, fpisano@coleschotz.com |
| Frank F. McGinn | on behalf of Creditor Iron Mountain Data Centers LLC ffm@bostonbusinesslaw.com |
| Gary T. Holtzer | on behalf of Creditor Digital Realty Trust L.P. gary.holtzer@weil.com |
| Gary T. Holtzer | on behalf of Creditor Digital CR US REIT Inc. gary.holtzer@weil.com |

Case 23-14853-JKS    Doc 755    Filed 11/22/23    Entered 11/23/23 00:17:19    Desc
Imaged Certificate of Notice    Page 15 of 18

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 3 of 6 |
| Date Rcvd: Nov 20, 2023 | Form ID: pdf903 | Total Noticed: 10 |

| | |
|---|---|
| Gary T. Holtzer | on behalf of Creditor Digital Realty Trust Inc. gary.holtzer@weil.com |
| Grace A. Thompson | on behalf of Interested Party Fred Arnold Roger Meltzer, and Scott Vogel, in their capacity as disinterested directors of Cyxtera Technologies, Inc. grace.thompson@katten.com, nyc.bknotices@katten.com |
| Ilana Volkov | on behalf of Creditor 1919 Park Avenue Associates LLC ivolkov@mcgrailbensinger.com |
| Jacqueline Price | on behalf of Creditor Iron Mountain Data Centers LLC jmp@bostonbusinesslaw.com |
| Jill L. Nicholson | on behalf of Creditor Cummins Inc. jnicholson@foley.com, jlee@foley.com |
| John D. Demmy | on behalf of Creditor Element Fleet Corporation john.demmy@saul.com |
| John F. Finnegan, III | on behalf of Interested Party HITT Contracting Inc. jfinnegan@watttieder.com, mdevoll@watttieder.com;jkneeland@watttieder.com;ljobrien@watttieder.com |
| Jorge Garcia | on behalf of Creditor Equinix Inc. jorge.garcia@saul.com, cindy.carhartt@saul.com |
| Joseph H. Lemkin | on behalf of Creditor EastGroup Properties L.P. jlemkin@stark-stark.com |
| Joseph L. Schwartz | on behalf of Creditor Wilmington Savings Fund Society FSB, as Administrative Agent and Collateral Agent jschwartz@riker.com |
| Joshua S. Bauchner | on behalf of Creditor Galveston County jbauchner@mblawfirm.com courtfilings@ansellgrimm.com;ajd@ansellgrimm.com |
| Leslie Carol Heilman | on behalf of Creditor TBI Inc. d/b/a Telecom Brokerage, Inc. heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Leslie Carol Heilman | on behalf of Creditor Shaw Road L.L.C. heilmanl@ballardspahr.com vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Leslie Carol Heilman | on behalf of Creditor AppSmart Agent Services Inc. heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Leslie Carol Heilman | on behalf of Creditor Gateway Jefferson Inc. heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Leslie Carol Heilman | on behalf of Creditor ACPF NOVA Data Center LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Leslie Carol Heilman | on behalf of Creditor RREEF CPIF 2425 Busse Road LLC heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com |
| Logan Kugler | on behalf of Creditor Lumen Technologies logan.kugler@stinson.com |
| Lynn W Holbert | on behalf of Creditor CyrusOne AMS3 B.V. lynnholbert@eversheds-sutherland.us |
| Marc C Capone | on behalf of Creditor Simplify. Inc. ecf@gbclawgroup.com GillmanBrutonCaponeLLC@jubileebk.net,e4eaf5f23@maildrop.clio.com;mcapone@ecf.courtdrive.com;jgillman@ecf.courtdrive.com |
| Marcella M. Jayne | on behalf of Interested Party Wasabi Technologies mjayne@foley.com marcella-jayne-8977@ecf.pacerpro.com |
| Mark Minuti | on behalf of Interested Party D. Webber Consulting Inc. dba Megawatt Electrical mark.minuti@saul.com, robyn.warren@saul.com |
| Mark E. Hall | on behalf of Creditor Microsoft Corporation mhall@foxrothschild.com cbrown@foxrothschild.com |
| Michael Kwiatkowski | on behalf of Creditor Virginia Electric and Power Company d/b/a Dominion Energy Virginia mkwiatkowski@cullenllp.com crodriguez@cullenllp.com |

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 4 of 6 |
| Date Rcvd: Nov 20, 2023 | Form ID: pdf903 | Total Noticed: 10 |

| | |
|---|---|
| Michael Kwiatkowski | on behalf of Creditor Southern California Gas Company mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor NStar (East) Electric Company mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Salt River Project mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Constellation NewEnergy- Gas Division  LLC mkwiatkowski@cullenllp.com, crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Ohio Power Company d/b/a American Electric Power mkwiatkowski@cullenllp.com crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Commonwealth Edison Company mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Tampa Electric Company mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Southern California Edison Company mkwiatkowski@cullenllp.com  crodriguez@cullenllp.com |
| Michael Kwiatkowski | on behalf of Creditor Constellation NewEnergy  Inc. mkwiatkowski@cullenllp.com, crodriguez@cullenllp.com |
| Michael A Alberico | on behalf of Creditor Digital Realty Trust  L.P. malberico@eckertseamans.com |
| Michael A Alberico | on behalf of Creditor Digital Realty Trust  Inc. malberico@eckertseamans.com |
| Michael A Alberico | on behalf of Creditor Digital CR US REIT  Inc. malberico@eckertseamans.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Technologies  Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Communications Canada  ULC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Canada  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Management  Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Communications  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Federal Group  Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Canada TRS  ULC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Attorney Cole Schotz P.C. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Technologies  LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | |

Case 23-14853-JKS    Doc 755    Filed 11/22/23    Entered 11/23/23 00:17:19    Desc
Imaged Certificate of Notice    Page 17 of 18

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 5 of 6 |
| Date Rcvd: Nov 20, 2023 | Form ID: pdf903 | Total Noticed: 10 |

| | |
|---|---|
| | on behalf of Debtor Cyxtera DC Parent Holdings Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Holdings LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Netherlands B.V. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Digital Services LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Technologies Maryland Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera DC Holdings Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Employer Services LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Cyxtera Data Centers Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael J. Stafford | on behalf of Creditor U.S. Electrical Services Inc. d/b/a Franklin - Griffith mjstafford@nordlaw.legal, mnord@nordlaw.legal;anord@nordlaw.legal |
| Michael J. Viscount, Jr. | on behalf of Interested Party Seacoast Bank as successor by merger to Professional Bank and assignee of Liberty Commercial Finance LLC mviscount@foxrothschild.com rsolomon@foxrothschild.com;ksenese@foxrothschild.com |
| Michael R. Herz | on behalf of Interested Party Seacoast Bank as successor by merger to Professional Bank and assignee of Liberty Commercial Finance LLC mherz@foxrothschild.com cbrown@foxrothschild.com |
| Michele M. Dudas | on behalf of Creditor Virtustream Inc., mdudas@msbnj.com |
| Morris S. Bauer | on behalf of Creditor Phoenix Data Center Holdings LLC MSBauer@duanemorris.com tjsantorelli@duanemorris.com |
| Paul John Labov | on behalf of Creditor Committee Official Committee of Unsecured Creditors plabov@pszjlaw.com lsc@pszjlaw.com |
| Phillip Pavlick | on behalf of Creditor PNC Bank National Association ppavlick@mccarter.com |
| Rachel Ehrlich Albanese | on behalf of Interested Party LDAC16 DE LLC rachel.albanese@us.dlapiper.com |
| Robert J Feinstein | on behalf of Creditor Committee Official Committee of Unsecured Creditors rfeinstein@pszjlaw.com |
| Ronald S. Gellert | on behalf of Interested Party NVIDIA Corporation rgellert@gsbblaw.com abrown@gsbblaw.com;smattia@gsbblaw.com |
| Sabrina L Streusand | on behalf of Creditor Virtustream Inc., streusand@slollp.com, lemaster@slollp.com |
| Scott J. Greenberg | on behalf of Creditor Ad Hoc First Lien Group sgreenberg@gibsondunn.com |
| Shawn M. Christianson | on behalf of Creditor Oracle America Inc. schristianson@buchalter.com, cmcintire@buchalter.com |
| Sommer Leigh Ross | on behalf of Creditor Phoenix Data Center Holdings LLC slross@duanemorris.com AutoDocketWILM@duanemorris.com |

| District/off: 0312-2 | User: admin | Page 6 of 6 |
|---|---|---|
| Date Rcvd: Nov 20, 2023 | Form ID: pdf903 | Total Noticed: 10 |

Stephanie Lindemuth
    on behalf of Interested Party DCCO Tukwila  LLC slindemuth@akingump.com, nymco@akingump.com

Stephanie Lindemuth
    on behalf of Interested Party Starboard Value LP slindemuth@akingump.com  nymco@akingump.com

Stephanie Lindemuth
    on behalf of Interested Party SI CHI01A ABS  LLC slindemuth@akingump.com, nymco@akingump.com

Stephanie Lindemuth
    on behalf of Interested Party SI POR02 ABS LLC slindemuth@akingump.com  nymco@akingump.com

Stephen D. Silverman
    on behalf of Creditor Ad Hoc First Lien Group ssilverman@gibsondunn.com

Steven J. Reisman
    on behalf of Interested Party Fred Arnold  Roger Meltzer, and Scott Vogel, in their capacity as disinterested directors of Cyxtera Technologies, Inc. sreisman@katten.com, nyc.bknotices@katten.com

Terri Jane Freedman
    on behalf of Creditor Cummins  Inc. tfreedman@csglaw.com, mpdermatis@pbnlaw.com;rasegall@pbnlaw.com

Timothy Mohan
    on behalf of Creditor Cummins  Inc. tmohan@foley.com

Turner Falk
    on behalf of Creditor Element Fleet Corporation turner.falk@saul.com  catherine.santangelo@saul.com;tnfalk@recap.email

Turner Falk
    on behalf of Interested Party D. Webber Consulting  Inc. dba Megawatt Electrical turner.falk@saul.com, catherine.santangelo@saul.com;tnfalk@recap.email

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 101