**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

*Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC.., *et al*., | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF MICHAEL D. SIROTA, ESQ. IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://kccllc.net/cyxtera.  The location of the Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

66090/0001-46580278v1

I, MICHAEL D. SIROTA, ESQ. pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. I am an attorney at law and shareholder of the law firm of Cole Schotz P.C. ("**Cole Schotz**"). Cole Schotz is a law firm of over 170 attorneys, having its principal offices at Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, with other offices in New York, Delaware, Maryland, Texas, and Florida. This second supplemental declaration (this "**Second Supplemental Declaration**") is submitted pursuant to sections 327, 329, and 504 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rule 2014-1.

2. I submit this Second Supplemental Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cole Schotz P.C. as Bankruptcy Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 195] (the "**Application**")[2] and the *Order Approving the Employment and Retention of Cole Schotz P.C. as Bankruptcy Co-Counsel Counsel to the Debtors Effective as of the Petition Date* [Docket No. 290] (the "**Order**").

3. I am familiar with the matters set forth herein and make this Second Supplemental Declaration to supplement the disclosures set forth in my prior declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b).

4. Cole Schotz has searched its electronic database of representations for connections to parties in interest in these Chapter 11 Cases. Certain connections were disclosed in the prior declarations Cole Schotz submitted in support of the Application. Since the Petition Date, Cole Schotz has updated those conflicts searches and has searched additional parties as Cole Schotz became aware of additional parties in interest in these Chapter 11 Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

66090/0001-46580278v1

5. In addition to the entities searched and disclosed in my prior declarations, Cole Schotz currently represents WeWork Inc. and various of its subsidiaries and affiliates (collectively, "**WeWork**") in their bankruptcy proceedings styled as *In re WeWork Inc., et al.*, Case No. 23-19865 (JKS). Certain WeWork entities are counterparties to contracts being rejected by the Debtors. Cole Schotz has not represented, and will not represent, the Debtors in any matters adverse to WeWork during the pendency of WeWork's bankruptcy proceedings. Similarly, Cole Schotz has not represented, and will not represent, WeWork in any matters adverse to the Debtors during the pendency of these chapter 11 cases. I do not believe that Cole Schotz's current representation of WeWork precludes Cole Schotz from meeting the disinterestedness standard under the Bankruptcy Code.

6. WeWork was not a client during the 2022 calendar year and consequently WeWork did not represent more than 1% of Cole Schotz's annual revenue.

7. Accordingly, based on the conflicts search conducted to date, to the best of my knowledge and insofar as I have been able to ascertain, I believe that Cole Schotz is (i) a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (ii) has no connection to the Debtors, their creditors or other parties in interest, except as disclosed in my prior declarations and herein.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2023

/s/ Michael D. Sirota
MICHAEL D. SIROTA