UNITED STATES BANKRUPTCY COURT DISTRICT
OF NEW JERSEY

**MONTHLY FEE STATEMENT COVER SHEET
FOR THE PERIOD OCTOBER 1, 2023
THROUGH OCTOBER 31, 2023**

In re Cyxtera Technologies Inc., *et al.*[1]  Applicant: Kurtzman Carson Consultants,
              LLC, Administrative Agent to the Debtors
              and Debtors in Possession

Case No. 23-14853 (JKS)     Client:  Debtors and Debtors in Possession
(Jointly Administered)

Chapter 11         Case Filed: June 4, 2023

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

          */s/ Sarah Harbuck* November 28, 2023
          SARAH HARBUCK Date
          Assistant General Counsel
          Kurtzman Carson Consultants, LLC

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims
and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place
of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral
Gables, Florida 33134.

## SECTION I
## FEE SUMMARY

<u>Summary of Amounts Requested for the Period</u>
<u>October 1, 2023 through October 31, 2023 (the "**Compensation Period**")</u>

| | |
|---|---|
| Fee Total | $20,190.50 |
| Disbursement Total | $0.00 |
| Total Fees Plus Disbursements | $20,190.50 |
| Minus 20% Holdback | $4,038.10 |
| Amount Sought at this Time | $16,152.40 |

<u>Summary of Amounts Requested for Previous Periods</u>

| | |
|---|---|
| Total Previous Fees and Expenses Requested: | $147,272.50 |
| Total Fees and Expenses Allowed to Date: | $117,818.00 |
| Total Retainer Remaining: | $60,000.00 |
| Total Holdback: | $29,454.50 |
| Total Received by Applicant: | $117,818.00 |

**SUMMARY BY TIMEKEEPER**

| PROFESSIONAL | HOURS | RATE | TOTAL FEES |
|---|---|---|---|
| Ashley Kuarasingh | 3.6 | $250.00 | $900.00 |
| Bianca Barrera | 2.1 | $237.50 | $498.75 |
| Diana Mauricio | 1.6 | $237.50 | $380.00 |
| Darlene Calderon | 27.4 | $255.00 | $6,987.00 |
| Gerardo Huerta | 1.5 | $237.50 | $356.25 |
| Isabel Padilla | 2.3 | $237.50 | $546.25 |
| Jacqueline Conklin | 1.3 | $250.00 | $325.00 |
| James Lee | 2.7 | $255.00 | $688.50 |
| Jennifer Westwood | 11.8 | $250.00 | $2,950.00 |
| Kevin Martin | 14.4 | $255.00 | $3,672.00 |
| Leanne Rehder | 1.5 | $255.00 | $382.50 |
| Rossmery Martinez | 4.3 | $250.00 | $1,075.00 |
| Stanley Martinez | 0.8 | $250.00 | $200.00 |
| Sumesh Srivastava | 3.6 | $242.50 | $873.00 |
| Thomas Peterson | 1.5 | $237.50 | $356.25 |
| | | | |
| **TOTAL** | **80.4** | | **$20,190.50** |

## SUMMARY BY PROJECT CATEGORY

| Project Category | Hours | Total Fees |
|---|---|---|
| Solicitation | 79.4 | $19,935.50 |
| Disbursement | 1 | $255.00 |
| **TOTAL** | **80.4** | **$20,190.50** |

---

**SECTION II**
**CASE HISTORY**

---

(1)     Date cases filed:  June 4, 2023

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention: July 18, 2023, *nunc pro tunc* to June 4, 2023. *See* **Exhibit A**.

       If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed:[1]

    (a)     Applicant assisted the Debtors and their professionals with the Debtors' solicitation, including reviewing and responding to inquiries regarding the solicitation, updating, reviewing, and inputting ballots, processing and tabulating opt-out forms, and preparing the voting summary report.

    (b)     The Applicant rendered all other services set forth on the invoices attached hereto as **Exhibit B**.[2]

(5)     Final disposition of case and percentage of dividend paid to creditors:  This is the fifth monthly fee statement.

---

[1]  The following summary is intended to highlight the general categories of services the Applicant rendered on behalf of the Debtors and for the benefit of the estates; it is not intended to itemize each and every professional service which the Applicant performed.

[2]  The invoice attached hereto as **Exhibit B** contains detailed descriptions of the services rendered and expenses incurred by the Applicant during the Compensation Period.

## Exhibit A

**Retention Order**

Docket #0286  Date Filed: 07/18/2023

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

Order Filed on July 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.   The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.



**ORDER AUTHORIZING THE DEBTORS
TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

**DATED: July 18, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

Upon the *Debtors' Application Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") granting the employment and retention of Kurtzman Carson Consultants LLC ("KCC") as administrative advisor ("Administrative Advisor") effective as of June 4, 2023 (the "Petition Date") pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 all as more fully described in the Application; and upon the Gershbein Declaration; and upon the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** on a basis as set forth in this Order.

2.      The Debtors are authorized to retain KCC as Administrative Advisor pursuant to section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Services Agreement attached hereto as **Exhibit 1**, and KCC is authorized to perform the bankruptcy administration services described in the Application and set forth in the Services Agreement.

3.      KCC is authorized to take all actions necessary to comply with its duties as Administrative Advisor as described in the Application and set forth in the Services Agreement.

4.      KCC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5.      Notwithstanding anything to the contrary contained in the Services Agreement, KCC shall provide at least ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee of any increases in its rates, subject to the parties in interest's right to object to any such increases.

6.      KCC seeks to first apply its retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
|---|---|
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement.

7.     The Debtors shall indemnify KCC in accordance with the terms of the Services Agreement, as modified pursuant to this Order.

8.     KCC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

9.     All requests by KCC for the payment of indemnification as set forth in the Services Agreement, as modified by this Order, shall be made by means of an application to this Court and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Services Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, and the Debtors may not pay any such amounts to KCC before the entry of an order of this Court approving the payment; *provided*, that in no event shall KCC be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, fraud, or willful misconduct.  All parties in interest retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement.

10.     Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either:   (a) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, bad faith, self-dealing, fraud, breach of

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

fiduciary duty, or willful misconduct; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

11.     In the event that KCC seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Services Agreement, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in KCC's own applications, both interim and final, and these invoices and time records shall be subject to approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12.     KCC shall not be entitled to reimbursement by the Debtors for any fees, disbursements, or other charges of KCC's counsel other than those incurred in connection with a request of KCC for payment of indemnity.

13.     Notwithstanding anything to the contrary in the Application, KCC shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court.

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
|---|---|
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

14.    Notwithstanding anything in the Application to the contrary, KCC shall seek reimbursement from the Debtors' estates for its engagement-related expenses at KCC's actual cost paid.

15.    Notwithstanding anything to the contrary contained in the Services Agreement, including paragraph 8 thereof, by this Order, the Court is not authorizing KCC to establish financial accounts with financial institutions on behalf of the Debtors.

16.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.    The Debtors and KCC are authorized to take all actions necessary to carry out the relief granted in this Order in accordance with the Application.

18.    In the event of any inconsistency between the Services Agreement, the Application, the Gershbein Declaration, and this Order, the terms of this Order shall govern.

19.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

21.    Notwithstanding anything in the Application or the supporting declarations to the contrary, KCC shall, to the extent that KCC uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that

(Page | 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date |

KCC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for KCC; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014; and attach any such Contractors invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

**Exhibit 1**

**Services Agreement**

# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the 29 day of April 2023, between Cyxtera Technologies Inc. (together with its affiliates and subsidiaries, the "Company"),[1] and Kurtzman Carson Consultants LLC (together with its affiliates and subcontractors, "KCC"). In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Terms and Conditions**

I.      SERVICES

A.      KCC agrees to provide the Company with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders.

B.      KCC further agrees to provide (i) computer software support and training in the use of the support software, (ii) KCC's standard reports as well as consulting and programming support for the Company requested reports, (iii) program modifications, (iv) data base modifications, and/or (v) other features and services in accordance with the fees outlined in a pricing schedule provided to the Company (the "KCC Fee Structure").

C.      Without limiting the generality of the foregoing, KCC may, upon request by the Company, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by KCC and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms (which publication shall not be deemed to violate the confidentiality provisions of this Agreement).

D.      The price listed for each service in the KCC Fee Structure represents a bona fide proposal for such services, which may be accepted in whole or in part.  Services will be provided when requested by the Company or required by applicable law, government regulations or court rules or orders.  Services are mutually exclusive and are deemed delivered and accepted by the Company when provided by KCC.

E.      The Company acknowledges and agrees that KCC will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "Company Parties") with respect to the services being provided under this Agreement.  The parties agree that KCC may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.  The Company agrees and understands that KCC shall not provide the Company or any other party with any legal advice.

---

[1] The term Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in its chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

1

DocuSign Envelope ID: 1DF19C1B-43B8-4DEA-9B4A-92BB110E5495

# KCC AGREEMENT FOR SERVICES

II.      PRICES, CHARGES AND PAYMENT

A.      KCC agrees to charge and the Company agrees to pay KCC for its services at the rates and prices set by KCC that are in effect as of the date of this Agreement and in accordance with the KCC Fee Structure.  KCC's prices are generally adjusted periodically to reflect changes in the business and economic environment and are inclusive of all charges.  KCC reserves the right to reasonably increase its prices, charges and rates; provided, however, that if any such increase exceeds 15%, KCC will give thirty (30) days written notice to the Company.

B.      In addition to fees and charges for services, the Company agrees to pay KCC's reasonable transportation, lodging, and meal expenses incurred in connection with services provided under this Agreement.

C.      In addition to all fees for services and expenses hereunder, the Company shall pay to KCC (i) any fees and charges related to, arising out of, or as a result of any error or omission made by the Company or the Company Parties, as mutually determined by KCC and the Company, and (ii) all taxes that are applicable to this Agreement or that are measured by payments made under this Agreement and are required to be collected by KCC or paid by KCC to a taxing authority.

D.      Where the Company requires services that are unusual or beyond the normal business practices of KCC, or are otherwise not provided for in the KCC Fee Structure, the cost of such services shall be charged to the Company at a competitive rate.

E.      KCC agrees to submit its invoices to the Company monthly and the Company agrees that the amount invoiced is due and payable upon the Company's receipt of the invoice. KCC's invoices will contain reasonably detailed descriptions of charges for both hourly (fees) and non-hourly (expenses) case specific charges. Where total invoice amounts are expected to exceed $10,000 in any single month and KCC reasonably believes it will not be paid, KCC may require advance payment from the Company due and payable upon demand and prior to the performance of services hereunder.  If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Company further agrees to pay a late charge, calculated as one and one-half percent (1-1/2%) of the total amount unpaid every thirty (30) days.  In the case of a dispute in the invoice amount, the Company shall give written notice to KCC within ten (10) days of receipt of the invoice by the Company.  The undisputed portion of the invoice will remain due and payable immediately upon receipt of the invoice.  Late charges shall not accrue on any amounts in dispute or any amounts unable to be paid due to Court order or applicable law.  Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) must be paid at least three (3) days in advance of those fees and expenses being incurred.  Certain fees and charges may need to be adjusted due to availability related to the COVID-19 (novel coronavirus) global health issue.

F.      In the event that the Company files for protection pursuant to chapter 11 of the United States Bankruptcy Code (a "Chapter 11 Filing"), the parties intend that KCC shall be employed pursuant to 28 U.S.C. § 156(c) to the extent possible and otherwise in accordance with applicable Bankruptcy law and that all amounts due under this Agreement shall, to the extent possible, be paid as administrative expenses of the Company's chapter 11 estate.  As soon as practicable following a Chapter 11 Filing (and otherwise in accordance with applicable law and rules and

DocuSign Envelope ID: 1DF19C1B-435B-4DEA-9B1A-9D8B110E5495

## KCC AGREEMENT FOR SERVICES

orders of the Bankruptcy Court), the Company shall cause pleadings to be filed with the Bankruptcy Court seeking entry of an order or orders approving this Agreement (the "Retention Order"). The form and substance of the pleadings and the Retention Order shall be reasonably acceptable to KCC. If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, KCC will continue to be paid for its services in accordance with the terms of this Agreement. The parties recognize and agree that if there is a conflict between the terms of this Agreement and the terms of the Retention Order, the terms of the Retention Order shall govern during the chapter 11 or other proceeding.

G.     To the extent permitted by applicable law, KCC shall receive a retainer in the amount of $60,000 (the "Retainer") that may be held by KCC as security for the Company's payment obligations under the Agreement. The Retainer is due upon execution of this Agreement. In the event of a Chapter 11 Filing, KCC will first apply the Retainer to all pre-petition invoices, and thereafter, will have the Retainer replenished to the original amount. KCC shall be entitled to hold the Retainer until the termination of the Agreement. Following termination of the Agreement, KCC shall return to the Company any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

## III.     RIGHTS OF OWNERSHIP

A.     The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Company agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.     The Company further agrees that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed or utilized during the term of this Agreement by KCC shall be the exclusive property of KCC. Fees and expenses paid by the Company do not vest in the Company any rights in such property, it being understood that such property is only being made available for the Company's use during and in connection with the services provided by KCC under this Agreement.

## IV.     NON-SOLICITATION

The Company agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain employees of KCC during the term of this Agreement and for a period of twelve (12) months after termination of this Agreement unless KCC provides prior written consent to such solicitation or retention.

## V.     CONFIDENTIALITY

Each of KCC and the Company, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency

3

DocuSign Envelope ID: 1DF19C1B-33B0-4DEA-9B4A-928B110C5495

KCC

# KCC AGREEMENT FOR SERVICES

or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

## VI.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein).  As used herein, the term "Cause" means (i) gross negligence or willful misconduct of KCC that causes serious and material harm to the Company's reorganization under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay KCC invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services in excess of the retainer held by KCC where KCC reasonably believes it will not be paid.

B.    In the event that this contract is terminated, regardless of the reason for such termination, KCC shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions and KCC shall provide all necessary staff, services and assistance required for an orderly transfer.  The Company agrees to pay for such services in accordance with KCC's then existing prices for such services.  If such termination occurs following entry of the Retention Order, the Company shall immediately seek entry of an order (in form and substance reasonably acceptable to KCC) that discharges KCC from service and responsibility in the Company's bankruptcy case.

C.    Any data, programs, storage media or other materials furnished by the Company to KCC or received by KCC in connection with the services provided under the terms of this Agreement may be retained by KCC until the services provided are paid for, or until this Agreement is terminated with the services paid in full.  The Company shall remain liable for all fees and expenses imposed under this Agreement as a result of data or physical media maintained or stored by KCC.  KCC shall dispose of the data and media in the manner requested by the Company.  The Company agrees to pay KCC for reasonable expenses incurred as a result of the disposition of data or media.  If the Company has not utilized KCC's services under this Agreement for a period of at least ninety (90) days,  KCC may dispose of the data or media, and be reimbursed by the Company for the expense of such disposition, after giving the Company thirty (30) days' notice.  Notwithstanding any term herein to the contrary, following entry of the Retention Order, the disposition of any data or media by KCC shall be in accordance with any applicable instructions from the clerk of the Bankruptcy Court, local Bankruptcy Court rules and orders of the Bankruptcy Court.

## VII.    SYSTEM IMPROVEMENTS

KCC strives to provide continuous improvements in the quality of service to its clients.  KCC, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Company, so long as any such changes do not materially interfere with ongoing services provided to the Company in connection with the Company's chapter 11 case.

4

DocuSign Envelope ID: 1DF19C4B-43B8-4DEA-9B4A-928B110E5495

## KCC AGREEMENT FOR SERVICES

VIII.     BANK ACCOUNTS

At the Company's request and subject to Court approval following any chapter 11 filing, KCC may be authorized to establish accounts with financial institutions in the name of and as agent for the Company.  To the extent that certain financial products are provided to the Company pursuant to KCC's agreement with financial institutions, KCC may receive compensation from such financial institutions for the services KCC provides pursuant to such agreement.

IX.     LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.     The Company shall indemnify and hold KCC, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to KCC's performance under this Agreement. Such indemnification shall exclude Losses resulting from KCC's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. The Company shall notify KCC in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that the Company becomes aware of with respect to the services provided by KCC under this Agreement.  The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

B.     Except as provided herein, KCC's liability to the Company or any person making a claim through or under the Company for any Losses of any kind, even if KCC has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of KCC, shall be limited to the total amount billed or billable to the Company for the portion of the particular work which gave rise to the alleged Loss.  In no event shall KCC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.  In no event shall KCC's liability to the Company for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Company and actually paid to KCC for the services contemplated under the Agreement; provided, however, that this limitation shall not apply to the Company during any chapter 11 case in which the Company is a debtor.

C.     The Company is responsible for the accuracy of the programs, data and information it or any Company Party submits for processing to KCC and for the output of such information.  KCC does not verify information provided by the Company and, with respect to the preparation of schedules and statements, all decisions are at the sole discretion and direction of the Company. The Company reviews and approves all schedules and statements filed on behalf of, or by, the Company; KCC bears no responsibility for the accuracy or contents therein.  The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs and data submitted by the Company to KCC.

D.     The Company agrees that except as expressly set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or

DocuSign Envelope ID: 1DF19C1B-435D-4DEA-9B4A-9D8D110C5495

KCC

## KCC AGREEMENT FOR SERVICES

express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

X.      FORCE MAJEURE

KCC will not be liable for any delay or failure in performance when such delay or failure arises from circumstances beyond its reasonable control, including without limitation acts of God, acts of government in its sovereign or contractual capacity, acts of public enemy or terrorists, acts of civil or military authority, war, riots, civil strife, terrorism, blockades, sabotage, rationing, embargoes, epidemics, pandemics, outbreaks of infectious diseases or any other public health crises, earthquakes, fire, flood, other natural disaster, quarantine or any other employee restrictions, power shortages or failures, utility or communication failure or delays, labor disputes, strikes, or shortages, supply shortages, equipment failures, or software malfunctions.

XI.     INDEPENDENT CONTRACTORS

The Company and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

XII.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or electronic mail or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

| | |
|---|---|
| Kurtzman Carson Consultants LLC | Company |
| 222 N. Pacific Coast Highway, 3rd Floor | Address |
| El Segundo, CA  90245 | City, ST Zip |
| Attn:  Drake D. Foster | Attn: |
| Tel: (310) 823-9000 | Tel: |
| Fax: (310) 823-9133 | Fax: |
| E-Mail: dfoster@kccllc.com | |

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XIII.   APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

XIV.    ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement

KCC

# KCC AGREEMENT FOR SERVICES

between the parties, which supersedes and merges all prior proposals, understandings, other agreements, and communications oral and written between the parties relating to the subject matter of this Agreement.  The Company represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law.  If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.  This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Company and an officer of KCC.

## XV.    COUNTERPARTS; EFFECTIVENESS

This Agreement may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties, which delivery may be made by exchange of copies of the signature page by facsimile or electronic mail.

## XVI.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned without written consent by KCC to a wholly-owned subsidiary or affiliate of KCC.

## XVII.    ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, court costs, and all other related expenses, which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

[SIGNATURE PAGE FOLLOWS]

7

DocuSign Envelope ID: 1DF19C4B-4350-4DEA-9B4A-9D8B110C549E

KCC

# KCC AGREEMENT FOR SERVICES

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

*Evan Gershbein*

BY:  Evan Gershbein          DATE: 30-Apr-2023 | 9:28:30 PM EDT
TITLE:  EVP, Corporate Restructuring Services

Company

4/30/23

BY:                          DATE:
TITLE:

# Fee Structure



| Consulting Services & Rates[1] | |
|---|---|
| Position | Hourly Rate |
| Analyst | $30 - $60 |

The Analyst processes incoming mail, including proofs of claim, ballots, creditor correspondence and returned mail. Also assists with the generation of mailing services.

| Technology/Programming Consultant[2] | $35 - $95 |
|---|---|

The Technology/Programming Consultant assists with complex system requests, including unique claim/ballot reporting and custom website updates.

| Consultant/Senior Consultant/Director | $85 - $245 |
|---|---|

The Consultant is the day-to-day contact for mailings, including the preparation and filing of affidavits of service (a critical due process component). He/she also responds to creditor and counsel inquiries, maintains the public access website, identifies actionable pleadings (i.e., claims objections, notices of transfer, withdrawals, etc.) and updates the official claims register. KCC's Consultants average over six years of experience.

The Senior Consultant manages the various data collection processes required by the chapter 11 process. This includes, among other things, compiling the creditor matrix and Schedules/SOFAs (and generating drafts of same for counsel and advisors), reviewing and processing claims, overseeing contract review, overseeing all mailings and generating custom claim and ballot reports. KCC's Senior Consultants average over seven years of experience.

The Director is the primary contact for the company, counsel and other professionals and oversees and supports the entirety of an engagement. KCC's Directors average over twelve years of experience and are generally former practitioners.

| Securities/Solicitation Consultant | $250 |
|---|---|

The Securities Director/Solicitation Consultant is the day-to-day contact and acts as advisor on transactions including balloting with treatment election, rights offers, exchange offers and complex plan distributions. This position handles service of related materials to banks, brokers and agents and manages tabulation and audit processes, preparing detailed reporting of results. In addition, the Solicitation Consultant provides support on all voting, tabulation, Schedule and SOFA services and other additional complex consulting tasks.

| Securities Director/Solicitation Lead | $255 |
|---|---|

The Solicitation Lead/Securities Director oversees all activities of the group and provides counsel with respect to solicitation and noticing events ensuring that processes employed are effective and practical for securities depositories, bank, brokers, nominees and their agents. In addition, the Solicitation Lead provides counsel on all voting, tabulation, Schedule and SOFA services and other additional complex consulting tasks.

| Weekend, holidays and overtime | Waived |
|---|---|

---

[1] Please note that additional professional services not covered by this proposal will be charged at hourly rates, including any outsourced services performed under our supervision and control. Certain fees and charges may need to be adjusted due to availability related to the COVID-19 (novel coronavirus) global health issue.

[2] Certain technology development fees may be applicable.

# Fee Structure



| Printing Services & Noticing Services | |
|---|---|
| Printing | $0.10 per image (volume discounts apply) |
| Document folding and inserting | Waived |
| Envelopes | Varies by size |
| E-mail noticing | Waived[3] |
| Fax noticing | $0.05 per page |
| Public Securities Events | Varies by Event |
| Claim Acknowledgement Card | Waived |
| Insert creditor information into customized documents | Waived |
| Newspaper and legal notice publishing | Quote prior to publishing |

| Claims Administration & Management Expenses | |
|---|---|
| License fee and data storage | $0.10 per record per month |
| Database and system access (unlimited users) | Waived |
| Custom client reports | Waived |
| Access to KCC CaseView (secure, password protected) | Waived |

- Proprietary, secured, password protected portal for unlimited users
- Comprehensive case data, including extensive real time analytics on claim, solicitation and processing information
- Functionality to run or request customized reports summarizing case analytics

| KCC eServices | |
|---|---|
| Case website set up & hosting | Waived |
| Automated updates of case docket and claims register | Waived |
| Online claims filing (ePOC) | Waived |

| Document Management/Imaging | |
|---|---|
| Electronic imaging (scanning & bar coding) | $0.10 per imaged page |
| Virtual Data Room | Quote prior to VDR set-up |
| CD-ROMS (mass document storage) | Varies upon requirements |

---

[3] A set-up fee for email services larger than 50 parties may apply. This set-up fee varies depending on the total number of parties.

# Fee Structure



| Call Center Support Services | |
|---|---|
| Case-specific voice-mail box for creditors | Waived |
| Interactive Voice Response ("IVR") | Set-up and per minute fee waived |
| Monthly maintenance charge | Waived |
| Management of Call Center | Standard hourly rates |
| **Disbursements** | |
| Check issuance | Quote prior to printing |
| W-9 mailing and maintenance of TIN database | See hourly rates and noticing charges |

## **Exhibit B**

## **Detailed Time Records**



November 24, 2023


Cyxtera Technologies Inc
Victor Semah
BAC Colonnade Office Towers
2333 Ponce De Leon Blvd, Suite 900
Coral Gables FL 33134


        Re: Cyxtera Technologies Inc
           USBC Case No. 23-14853


Dear Victor Semah:

Enclosed please find Kurtzman Carson Consultants' ("KCC") invoice for the period October 1, 2023 to
October 31, 2023 in the amount of $20,190.50 for the above referenced matter. Pursuant to our services
agreement, KCC's invoice is due upon receipt.

If you have any questions, please contact me at (310) 751-1803 or egershbein@kccllc.com.


Sincerely,
Kurtzman Carson Consultants LLC


Evan Gershbein
EVP Restructuring


Enclosures



November 24, 2023

<u>Copy Parties</u>

Jeff Prasertlum
AlixPartners, LLP
909 Third Ave
New York NY 10022

Richard Robbins
AlixPartners, LLP
2101 Cedar Springs Road, Suite 1100
Dallas TX 75201

Raymond Li
AlixPartners, LLP
909 Third Ave
New York NY 10022

Ye Hao
AlixPartners
909 Third Avenue
New York NY 10022

David Gerardi, Esq.
One Newark Center, Suite 2100
Newark NJ 07102

Edward O. Sassower, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York NY 10022

Christopher Marcus, P.C
Kirkland & Ellis LLP
601 Lexington Avenue
New York NY 10022

Nikki Gavey
Kirkland & Ellis LLP
601 Lexington Avenue
New York NY 10022

Derek Hunter
Kirkland & Ellis LLP
601 Lexington Avenue
New York NY 10022



November 24, 2023

<u>Copy Parties</u>

Michael D. Sirota
Cole Schotz P.C.
Court Plaza North, 25 Main Street
Hackensack NJ 07601

Warren A. Usatine
Cole Schotz P.C.
Court Plaza North, 25 Main Street
Hackensack NJ 07601

Felice Yudkin, Esq.
Cole Schotz P.C.
Court Plaza North, 25 Main Street
Hackensack NJ 07601

# *Kurtzman Carson Consultants LLC*

| Account Number | 70986FA | Invoice Date | November 24, 2023 |
|---|---|---|---|
| Invoice Number | US_KCC2594985 | Due Date | Due upon receipt |

## Cyxtera Technologies Inc
### *Summary*

| _Description_ | _Amount_ |
|---|---|
| **Hourly Fees** | |
| Hourly Fees Charged | $20,190.50 |
| *Total of Hourly Fees* | $20,190.50 |
| | |
| **Expenses** | |
| Expenses | $0.00 |
| *Total Expenses* | $0.00 |
| | |
| *Invoice Subtotal* | **$20,190.50** |
| Sales and Use Tax | 0.00 |
| *Total Invoice* | **$20,190.50** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach and return this portion of the statement with your check to KCC.
Please reference your Account Number and Invoice Number on your Remittance.

| | | | |
|---|---|---|---|
| **Account Number** | 70986FA | **Check Payments to:** | **Wire Payments to:** |
| **Invoice Number** | US_KCC2594985 | Kurtzman Carson Consultants LLC | Kurtzman Carson Consultants LLC |
| **Total Amount Due** | $20,190.50 | Dept CH 16639 | HSBC Bank, NA |
| | | Palatine, IL 60055-6639 | 452 Fifth Avenue, New York, NY 10018 |
| **Amount Paid** | $ | | Account # 000183571 |
| | | | FED ABA # 021001088 |
| | | | ACH Routing # 022000020 |

# *Kurtzman Carson Consultants LLC*

10/01/2023 - 10/31/2023

## *Total Hourly Fees by Employee*

| Initial | Employee Name | Position Type | Hours | Rate | Total |
|---------|---------------|---------------|-------|------|-------|
| ASK | Ashley Kuarasingh | SOL | 3.60 | $250.00 | $900.00 |
| BIF | Bianca Barrera | CON | 2.10 | $237.50 | $498.75 |
| DIM | Diana Mauricio | CON | 1.60 | $237.50 | $380.00 |
| DSC | Darlene Calderon | SOL | 27.40 | $255.00 | $6,987.00 |
| GHA | Gerardo Huerta | CON | 1.50 | $237.50 | $356.25 |
| IPA | Isabel Padilla | CON | 2.30 | $237.50 | $546.25 |
| JCN | Jacqueline Conklin | SOL | 1.30 | $250.00 | $325.00 |
| JEE | James Lee | SEC | 2.70 | $255.00 | $688.50 |
| JMG | Jennifer Westwood | SOL | 11.80 | $250.00 | $2,950.00 |
| KVR | Kevin Martin | SEC | 14.40 | $255.00 | $3,672.00 |
| LVR | Leanne Rehder | SOL | 1.50 | $255.00 | $382.50 |
| RMZ | Rossmery Martinez | SOL | 4.30 | $250.00 | $1,075.00 |
| SMZ | Stanley Martinez | SOL | 0.80 | $250.00 | $200.00 |
| SUS | Sumesh Srivastava | SC | 3.60 | $242.50 | $873.00 |
| TPE | Thomas Peterson | CON | 1.50 | $237.50 | $356.25 |

*Total* **$20,190.50**

## *Kurtzman Carson Consultants LLC*

### 10/01/2023 - 10/31/2023

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 10/2/2023 | DSC | Review and respond to inquiry from Columbus Hill re Class 3 Ballot | SOL | Solicitation | 0.30 |
| 10/2/2023 | DSC | Review and respond to inquiry from Barclays re Class 3 Ballot | SOL | Solicitation | 0.30 |
| 10/2/2023 | DSC | Review and respond to inquiry from Kyma Capital re Class 3 Ballot | SOL | Solicitation | 0.30 |
| 10/2/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| | | | **Total for 10/2/2023** | | **1.00** |
| 10/3/2023 | DSC | Prepare and send voting tabulation summary to counsel upon request | SOL | Solicitation | 0.80 |
| 10/3/2023 | ASK | Respond to inquiry re Opt-Out Election | SOL | Solicitation | 0.20 |
| 10/3/2023 | JMG | Setup plan, voting classes, and ballot questions in KCC CaseView | SOL | Solicitation | 0.40 |
| 10/3/2023 | JMG | Prepare voting summary report and distribute to client | SOL | Solicitation | 0.40 |
| 10/3/2023 | JMG | Review ballots input into KCC CaseView | SOL | Solicitation | 0.40 |
| | | | **Total for 10/3/2023** | | **2.20** |
| 10/4/2023 | JEE | Draft broker and registration form for equity distribution under recapitalization transaction | SEC | Disbursement | 1.00 |
| 10/4/2023 | DSC | Correspond with B Nakhaimousa re Class 3 Ballots returned undeliverable | SOL | Solicitation | 0.20 |
| 10/4/2023 | DSC | Prepare and send out additional Class 3 Ballot and solicitation details for additional addresses received through auto reply | SOL | Solicitation | 0.30 |
| | | | **Total for 10/4/2023** | | **1.50** |
| 10/5/2023 | JEE | Review opt out tabulation file template | SEC | Solicitation | 0.20 |
| 10/5/2023 | ASK | Review and submit mail report re Solicitation mailing First Class PRF | SOL | Solicitation | 0.30 |
| 10/5/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| | | | **Total for 10/5/2023** | | **0.70** |
| 10/6/2023 | DSC | Review and respond to Kirkland re Kyma Capital ballot ad voting updates | SOL | Solicitation | 0.50 |
| 10/6/2023 | DSC | Review updated class 3 data spreadsheet provided by Guggenheim and compare to previous file | SOL | Solicitation | 1.00 |
| 10/6/2023 | DSC | Research and respond to Kirkland re Opt Out information for Prime Alliance Bank, 36th Street Capital, Wingspire Equipment Finance f/k/a Liberty Commercial Finance and Post Road Equipment Finance | SOL | Solicitation | 1.10 |
| 10/6/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/6/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| | | | **Total for 10/6/2023** | | **2.80** |
| 10/9/2023 | DSC | Review updated class 3 data spreadsheet provided by Guggenheim and compare to previous file | SOL | Solicitation | 4.50 |
| 10/9/2023 | DSC | Prepare and send updated Kyma Class 3 Ballot | SOL | Solicitation | 0.50 |
| 10/9/2023 | DSC | Review correspondence with Kirkland and Kyma Capital re voting amounts for Class 3 | SOL | Solicitation | 0.20 |
| 10/9/2023 | RMZ | Update Certificate of Service coversheet for Solicitation mailing | SOL | Solicitation | 0.90 |
| 10/9/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.30 |
| 10/9/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| 10/9/2023 | SUS | Review ballots input into KCC CaseView | SC | Solicitation | 0.30 |

## *Kurtzman Carson Consultants LLC*

### 10/01/2023 - 10/31/2023

### *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| | | | **Total for 10/9/2023** | | **6.80** |
| 10/10/2023 | DSC | Prepare and send Class 3 Ballots to lenders with updated voting amounts | SOL | Solicitation | 1.30 |
| 10/10/2023 | DSC | Review Class 3 Ballots and respond to creditors confirming receipt of same | SOL | Solicitation | 0.30 |
| 10/10/2023 | DSC | Review Class 3 Ballots in KCC CaseView | SOL | Solicitation | 0.80 |
| 10/10/2023 | DSC | Set up ballot questions for Class 3 | SOL | Solicitation | 0.90 |
| 10/10/2023 | DSC | Prepare and send updated Voting Summary to counsel | SOL | Solicitation | 0.80 |
| 10/10/2023 | ASK | Review and submit mail report re Solicitation mailing Overnight PRF | SOL | Solicitation | 0.30 |
| 10/10/2023 | SMZ | Telephonic meeting with KCC case team regarding pending input of received class 3 ballots | SOL | Solicitation | 0.20 |
| 10/10/2023 | SMZ | Coordinate and input received ballots into KCC CaseView | SOL | Solicitation | 0.30 |
| 10/10/2023 | RMZ | Prepare exhibits for Certificate of Service for Solicitation mailing | SOL | Solicitation | 1.90 |
| 10/10/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| 10/10/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.40 |
| 10/10/2023 | SUS | Review ballots input into KCC CaseView | SC | Solicitation | 0.40 |
| | | | **Total for 10/10/2023** | | **7.80** |
| 10/11/2023 | DSC | Review and update ballot questions in KCC CaseView | SOL | Solicitation | 0.60 |
| 10/11/2023 | DSC | Review responses from Class 3 lenders and coordinate reply with Kirkland | SOL | Solicitation | 0.70 |
| 10/11/2023 | DSC | Review Certificate of Service re Solicitation Materials | SOL | Solicitation | 1.30 |
| 10/11/2023 | DSC | Review Class 4 Ballots in KCC CaseView | SOL | Solicitation | 0.20 |
| 10/11/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| | | | **Total for 10/11/2023** | | **3.00** |
| 10/12/2023 | DSC | Correspond with Nuveen re Class 3 Ballot information | SOL | Solicitation | 0.20 |
| 10/12/2023 | DSC | Review ballots and related accounts sent to Nuveen | SOL | Solicitation | 1.00 |
| 10/12/2023 | RMZ | Update Certificate of Service for Solicitation mailing | SOL | Solicitation | 1.50 |
| 10/12/2023 | BIF | Administrative quality control review of ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| | | | **Total for 10/12/2023** | | **2.80** |
| 10/13/2023 | DSC | Set up processing for Class 3 Ballots received via email | SOL | Solicitation | 1.00 |
| 10/13/2023 | SMZ | Input received ballots into KCC CaseView | SOL | Solicitation | 0.30 |
| 10/13/2023 | BIF | Administrative quality control review of ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| | | | **Total for 10/13/2023** | | **1.40** |
| 10/16/2023 | LVR | Attention to correspondence from A. Goodman re revised ballot and email for Polygon | SOL | Solicitation | 0.20 |
| 10/16/2023 | LVR | Attention to creditor inquiry (W. Milacci of Blue Owl) re revised ballot to include Par Four Investment | SOL | Solicitation | 0.10 |
| 10/16/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| 10/16/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | **Total for 10/16/2023** | | **1.40** |

### Kurtzman Carson Consultants LLC

10/01/2023 - 10/31/2023

### Time Detail

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 10/17/2023 | LVR | Attention to potential duplicative ballots | SOL | Solicitation | 0.20 |
| 10/17/2023 | LVR | Attention to preparation of voting tabulation results | SOL | Solicitation | 0.20 |
| 10/17/2023 | LVR | Attention to correspondences re creditor inquiries relating to voting discrepancies with register from admin agent | SOL | Solicitation | 0.60 |
| 10/17/2023 | JMG | Review ballots input into KCC CaseView | SOL | Solicitation | 1.10 |
| 10/17/2023 | JMG | Review ballots input into KCC CaseView | SOL | Solicitation | 0.50 |
| 10/17/2023 | JMG | Prepare and distribute updated voting summary report | SOL | Solicitation | 0.50 |
| 10/17/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.50 |
| | | | **Total for 10/17/2023** | | **3.60** |
| 10/18/2023 | LVR | Follow-up with KCC team on Bain Capital ballot requests | SOL | Solicitation | 0.20 |
| 10/18/2023 | JMG | Update customized Class 3 ballots and voting data per correspondence with creditor and debtors counsel | SOL | Solicitation | 2.10 |
| 10/18/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.10 |
| 10/18/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | **Total for 10/18/2023** | | **3.40** |
| 10/19/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/19/2023 | JMG | Review updates to customized Class 3 ballots and voting data to confirm accuracy and completeness | SOL | Solicitation | 2.20 |
| 10/19/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.50 |
| 10/19/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| 10/19/2023 | SUS | Review ballots input into KCC CaseView | SC | Solicitation | 0.50 |
| 10/19/2023 | KVR | Communication w/ R Colachagua at Broadridge re: Master Opt Out form | SEC | Solicitation | 0.30 |
| 10/19/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | **Total for 10/19/2023** | | **4.80** |
| 10/20/2023 | JEE | Respond to inquiries from nominees re: equity opt outs | SEC | Solicitation | 0.50 |
| 10/20/2023 | DSC | Review Class 4 Ballots in KCC CaseView | SOL | Solicitation | 0.40 |
| 10/20/2023 | ASK | Coordinate with accounting re Solicitation mailing SPR DTC invoice | SOL | Solicitation | 0.50 |
| 10/20/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/20/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| 10/20/2023 | KVR | Communication w/ J Wolfe at Morgan Stanley confirming Opt Out record date and eligibility. | SEC | Solicitation | 0.30 |
| 10/20/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | **Total for 10/20/2023** | | **3.00** |
| 10/23/2023 | JEE | Respond to inquiries from nominees re: solicitation status | SEC | Solicitation | 0.30 |
| 10/23/2023 | DSC | Review updates to Neuberger Class 3 ballots | SOL | Solicitation | 0.50 |
| 10/23/2023 | DSC | Review inquires from Class 3 parties and meet with KCC Team to discuss same | SOL | Solicitation | 1.10 |
| 10/23/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |

# *Kurtzman Carson Consultants LLC*

### 10/01/2023 - 10/31/2023

## *Time Detail*

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| 10/23/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.30 |
| 10/23/2023 | JCN | Administrative quality control review of ballots input into KCC CaseView | SOL | Solicitation | 1.00 |
| 10/23/2023 | KVR | Communication w/ C Manos at JPM re: shareholders Opt-Out election | SEC | Solicitation | 0.30 |
| 10/23/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries, as necessary | SEC | Solicitation | 1.00 |
| | | | **Total for 10/23/2023** | | **4.60** |
| 10/24/2023 | DSC | Review Class 3 Ballots in KCC CaseView | SOL | Solicitation | 1.00 |
| 10/24/2023 | DSC | Review Class 4 Ballots in KCC CaseView | SOL | Solicitation | 0.30 |
| 10/24/2023 | DSC | Coordinate updates to Class 3 Ballots and related emails confirming changes | SOL | Solicitation | 1.00 |
| 10/24/2023 | DSC | Review updates to Neuberger Class 3 ballots | SOL | Solicitation | 1.00 |
| 10/24/2023 | DSC | Review and update Columbus Hill Class 3 Ballots | SOL | Solicitation | 1.00 |
| 10/24/2023 | ASK | Process Master Opt-Out forms received | SOL | Solicitation | 0.40 |
| 10/24/2023 | ASK | Tabulate Master Opt-Out forms received | SOL | Solicitation | 0.60 |
| 10/24/2023 | JMG | Review and respond to creditor inquiries re ballots and solicitation materials | SOL | Solicitation | 2.10 |
| 10/24/2023 | JMG | Prepare and distribute updated voting summary report | SOL | Solicitation | 0.80 |
| 10/24/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| 10/24/2023 | KVR | Review Cyxtera Ballots email box, respond to DTC participant inquiries, as necessary | SEC | Solicitation | 1.00 |
| 10/24/2023 | KVR | Review of Master Opt-Out forms from Mediant custodians | SEC | Solicitation | 0.40 |
| 10/24/2023 | KVR | Communication w/ call center confirming regarding JPM inquiry | SEC | Solicitation | 0.30 |
| | | | **Total for 10/24/2023** | | **10.10** |
| 10/25/2023 | DSC | Review Class 3 Ballot Information provided by American Money Mgmt | SOL | Solicitation | 0.40 |
| 10/25/2023 | ASK | Process Master Opt-Out forms received | SOL | Solicitation | 0.20 |
| 10/25/2023 | ASK | Tabulate Master Opt-Out forms received | SOL | Solicitation | 0.30 |
| 10/25/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| 10/25/2023 | KVR | Review of Class 8 Opt-Out tabulation file, update to detail and summary worksheets | SEC | Solicitation | 0.60 |
| 10/25/2023 | KVR | Forwarded current Class 8 Opt-Out results, forwarded to case team for inclusion on report to counsel | SEC | Solicitation | 0.50 |
| | | | **Total for 10/25/2023** | | **3.00** |
| 10/26/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/26/2023 | BIF | Review ballots input into KCC CaseView | CON | Solicitation | 0.40 |
| 10/26/2023 | IPA | Review ballots input into KCC CaseView | CON | Solicitation | 0.20 |
| 10/26/2023 | SUS | Review ballots input into KCC CaseView | SC | Solicitation | 0.40 |
| 10/26/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| 10/26/2023 | KVR | Communication w/ S Ham at Scotia Bank re: Opt-Out deadline extended, forwarded Notice of Amended Confirmation Date for extended deadline | SEC | Solicitation | 0.40 |
| 10/26/2023 | KVR | Communication w/ S Ham at Scotia regarding extended Opt-Out deadline | SEC | Solicitation | 0.30 |

# Kurtzman Carson Consultants LLC

10/01/2023 - 10/31/2023

## Time Detail

| Date | Employee | Description | Position Type | Category | Hours |
|------|----------|-------------|---------------|----------|-------|
| | | | *Total for 10/26/2023* | | *2.80* |
| 10/27/2023 | DSC | Review ballots and related contact information in KCC CaseView | SOL | Solicitation | 0.30 |
| 10/27/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/27/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | *Total for 10/27/2023* | | *1.40* |
| 10/30/2023 | JEE | Review opt out instructions received | SEC | Solicitation | 0.30 |
| 10/30/2023 | JEE | Respond to inquiries from nominees re: third party release opt outs | SEC | Solicitation | 0.40 |
| 10/30/2023 | DSC | Review Class 3 Ballots in KCC CaseView | SOL | Solicitation | 0.30 |
| 10/30/2023 | ASK | Phone conference with KCC GSG team re case status | SOL | Solicitation | 0.10 |
| 10/30/2023 | JMG | Prepare revised Class 3 ballots per correspondence with creditor | SOL | Solicitation | 0.60 |
| 10/30/2023 | KVR | Review Cyxtera Ballots email box, respond to DTC participant inquiries, as necessary | SEC | Solicitation | 1.00 |
| | | | *Total for 10/30/2023* | | *2.70* |
| 10/31/2023 | DSC | Review Class 3 Ballots in KCC CaseView | SOL | Solicitation | 1.00 |
| 10/31/2023 | JMG | Prepare and distribute updated voting summary report | SOL | Solicitation | 0.70 |
| 10/31/2023 | TPE | Administrative quality control review of ballots input into KCC CaseView | CON | Solicitation | 1.50 |
| 10/31/2023 | DIM | Administrative quality control review of ballots input into KCC CaseView | CON | Solicitation | 1.60 |
| 10/31/2023 | SUS | Administrative quality control review of ballots input into KCC CaseView | SC | Solicitation | 2.00 |
| 10/31/2023 | GHA | Administrative quality control review of ballots input into KCC CaseView | CON | Solicitation | 1.50 |
| 10/31/2023 | JCN | Administrative quality control review of ballots input into KCC CaseView | SOL | Solicitation | 0.30 |
| 10/31/2023 | KVR | Review Cyxtera Ballots email box and respond to DTC participant inquiries as necessary | SEC | Solicitation | 1.00 |
| | | | *Total for 10/31/2023* | | *9.60* |
| | | | *Total Hours* | | *80.40* |

# Kurtzman Carson Consultants LLC

10/01/2023 - 10/31/2023

### *Expenses*

| Description | Units | Rate | Amount |
|---|---|---|---|
| | | | |

**Total Expenses**