**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Debtors. [1] | (Jointly Administered) |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Heather Fellows, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors in the above-captioned case.

On November 21, 2023, at my direction and under my supervision, employees of KCC caused to be served per postal forwarding address the following document via First Class Mail on the service list attached hereto as **Exhibit B**:

- [Customized] **Notice Regarding Executory Contracts or Unexpired Leases to be Assumed and/or Assumed and Assigned and of Cure Amounts Related Thereto Pursuant to the Plan** [attached hereto as **Exhibit A**]

Dated: December 4, 2023

/s/ Heather Fellows
Heather Fellows
KCC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Tel 310.823.9000

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

Exhibit A

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al.*,<br><br>              Debtors.[1] | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**NOTICE REGARDING**
**EXECUTORY CONTRACTS OR UNEXPIRED**
**LEASES TO BE ASSUMED AND/OR ASSUMED AND ASSIGNED**
<u>**AND OF CURE AMOUNTS RELATED THERETO PURSUANT TO THE PLAN**</u>

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR
> ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN
> EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR
> MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A HERETO.**

**PLEASE TAKE NOTICE THAT** on September 26, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order [Docket No. 563] (the "Disclosure Statement Order"): (a) authorizing Cyxtera Technologies, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 551]; (b) approving the *Disclosure Statement Relating to the Second Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 552] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan (as defined herein) and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that on November 2, 2023, the Debtors filed the *Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 649] (as modified, amended, or supplemented from time to time, the "Plan").

**PLEASE TAKE FURTHER NOTICE** that on November 3, 2023, the Debtors filed the *Plan Supplement for the Third Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 650] (the "Plan Supplement"),[2] which includes current drafts of certain documents in connection with the Plan, including a schedule of Assumed Executory Contracts and Unexpired Leases, attached thereto as Exhibit C-1 (the "Schedule of Assumed Executory Contracts and Unexpired Leases").

**PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall (i) in the event of an Equity Investment Transaction or a Recapitalization Transaction, be deemed assumed or assumed and assigned, as applicable; or (ii) in the event of an Asset Sale, be (a) assumed or assumed and assigned to the Purchaser or a designee in accordance with the Purchase Agreement, as applicable, if it is listed on the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) assumed and assigned to the Purchaser or a designee in accordance with the Purchase Agreement if it is not listed on either the Schedule of Assumed Executory Contracts and Unexpired Leases or the Schedule of Rejected Executory Contracts and Unexpired Leases and does not relate exclusively to Excluded Assets or Excluded Liabilities; or (c) rejected if it is

---

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Plan Supplement, as applicable.

(x) listed on the Schedule of Rejected Executory Contracts and Unexpired Leases or (y) not listed on either the Schedule of Assumed Executory Contracts and Unexpired Leases or the Schedule of Rejected Executory Contracts and Unexpired Leases and relates exclusively to the Excluded Assets or Excluded Liabilities.  For the avoidance of doubt, the foregoing shall not affect any Executory Contract or Unexpired Lease that is (i) explicitly designated by the Plan or the Confirmation Order to be assumed or assumed and assigned, as applicable, in connection with the Confirmation of the Plan; (ii) subject to a pending motion to assume such Executory Contract or Unexpired Lease as of the Effective Date; (iii) a D&O Liability Insurance Policy; or (iv) a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan.  The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates.

**PLEASE TAKE FURTHER NOTICE** that, on the Effective Date, the Post-Effective Date Debtors will (i) assume or (ii) assume and assign to the Purchaser or a designee in accordance with the Purchase Agreement (as applicable) the Executory Contracts and Unexpired Leases listed on the Schedule of Assumed Executory Contracts and Unexpired Leases (collectively, the "Assumed Contracts"), one or more of which you are a counterparty to.  The Schedule of Assumed Executory Contracts and Unexpired Leases can also be viewed on the Debtors' case website (https://www.kccllc.net/cyxtera).  The Debtors have conducted a review of their books and records and have determined that the cure amounts for unpaid monetary obligations under such Assumed Contracts that you are a counterparty to are as set forth on **Exhibit A** attached hereto (each amount, a "Cure").

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE (I) ASSUMED OR (II) ASSUMED AND ASSIGNED TO THE PURCHASER OR A DESIGNEE IN ACCORDANCE WITH THE PURCHASE AGREEMENT (AS APPLICABLE) PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE** that the Debtors or the Post-Effective Date Debtors, as applicable, shall pay Cures, if any, on the Effective Date or as soon as reasonably practicable thereafter.  The proposed amount of each such Cure shall be set forth on Exhibit C-1 of the Plan Supplement unless otherwise agreed in writing (email being sufficient) between the Debtors or the Post-Effective Date Debtors and the counterparty to the applicable Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, **any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or**

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Schedule of Assumed Executory Contracts and Unexpired Leases, nor anything contained in the Plan or Plan Supplement, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor has any liability thereunder.

**assumption and assignment, including pursuant to the Plan, or related cure amount must be Filed, served, and actually received by counsel to the Debtors and the U.S. Trustee by** <u>**November 13, 2023, at 4:00 p.m. (prevailing Eastern Time)**</u>**;** *provided* **that if any Executory Contract or Unexpired Lease is added to or removed from such schedule, or its treatment, including payment of Cure or assignment or is altered pursuant to an amended Schedule of Assumed Executory Contracts and Unexpired Leases, then the Assumption or Rejection Objection Deadline solely with respect to such Executory Contract or Unexpired Lease shall be ten (10) days after filing of the amended Schedule of Assumed Executory Contracts and Unexpired Leases that sets forth such modification or any other deadline that may be set by the Bankruptcy Court.** Any such request that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion and shall not be enforceable against the Purchaser or any Post-Effective Date Debtor without the need for any objection by the Post-Effective Date Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court. Any Cure shall be deemed fully satisfied, released, and discharged upon payment by the Debtors or the Post-Effective Date Debtors, as applicable, of the Cure; *provided* that nothing herein shall prevent the Post-Effective Date Debtors from paying any Cure despite the failure of the relevant counterparty to File such request for payment of such Cure. The Post-Effective Date Debtors may also settle any Cure without any further notice to or action, order, or approval of the Bankruptcy Court. Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' or the Post-Effective Date Debtors', as applicable, first scheduled omnibus hearing, or such other setting as requested by the Debtors or the Post-Effective Date Debtors, as applicable, with respect to which such objection is timely Filed. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption or assumption and assignment (as applicable) of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption or assumption and assignment (as applicable).

**PLEASE TAKE FURTHER NOTICE** that if there is any dispute regarding any Cure, the ability of the Post-Effective Date Debtors, or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of Cure shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assumption and assignment), or as may be agreed upon by the Debtors or the Post-Effective Date Debtors, the Purchaser, as applicable, and the counterparty to the Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that assumption or assumption and assignment (as applicable) of any Executory Contract or Unexpired Lease pursuant to the Plan, the Purchase Agreement, or otherwise and full payment of any applicable Cure pursuant to Article V.D of the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. **Any Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed (or assumed and assigned) in the Chapter 11 Cases, including pursuant to the Confirmation Order, and for which any Cure has been fully paid pursuant to Article V.D, of the Plan shall be deemed disallowed and expunged as of the Effective Date without the**

4

**need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court**.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider Confirmation of the Plan will commence on **November 16, 2023, at 2:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing"), before Honorable John K. Sherwood, United States Bankruptcy Judge, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Courtroom 3D, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Schedule of Assumed Executory Contracts and Unexpired Leases contained in this **Exhibit A** remains subject to continued review, as applicable, by the Debtors, the Required Consenting Term Lenders, the Purchaser, and the Committee. The respective rights of the Debtors, the Required Consenting Term Lenders, the Purchaser, and the Committee, as applicable, are expressly reserved, subject to the terms and conditions set forth in the Plan, the RSA, and the Purchase Agreement to alter, amend, modify, or supplement this notice and any of the documents contained therein in accordance with the terms of the Plan, the RSA, and the Purchase Agreement or by order of the Bankruptcy Court; *provided* that if any document in this notice is altered, amended, modified, or supplemented in any material respect prior to the Confirmation Hearing, the Debtors will file a redline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that nothing herein (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling the Claims and Noticing Agent at (877) 726-6510 (USA or Canada) or (424) 236–7250 (International), (b) contacting the Claims and Noticing Agent at www.kccllc.net/cyxtera/inquiry, or (c) writing to the Claims and Noticing Agent at Cyxtera Ballot Processing Center, c/o KCC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, http://www.kccllc.net/cyxtera, or the Bankruptcy Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

Dated: November 3, 2023

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Schedule of Assumed Executory Contracts and Unexpired Leases**

**Exhibit A**

Schedule of Assumed Executory Contracts and Unexpired Leases

| Legal Entity | Counter Party Name | Description of Contract | Cure Amount | Assigned |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Exhibit B

**Exhibit B**

Contract Counterparties Service List
Served via First Class Mail

| CreditorName | Address | City | State | Zip |
|---|---|---|---|---|
| Omnicell | 500 Cranberry Woods Dr Ste 100 | Cranberry Twp | PA | 16066-5224 |
| Omnicell, Inc | 500 Cranberry Woods Dr Ste 100 | Cranberry Twp | PA | 16066-5224 |
| SPN Networks | 12016 Telegraph Rd Ste 103 | Santa Fe Spgs | CA | 90670-6092 |

In re Cyxtera Technologies, Inc. et al.
Case No. 23-14853 (JKS)