**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

**Order Filed on December 11, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

**SEVENTH INTERIM ORDER
(I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE USING THE CASH MANAGEMENT SYSTEM,
(B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING DEBTOR BANK ACCOUNTS,
BUSINESS FORMS, AND BOOKS AND RECORDS, AND (D) CONTINUE
<u>INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through eighteen (18), is

**ORDERED**.

**DATED: December 11, 2023**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Seventh Interim Order") (a) authorizing, but not directing, the Debtors to (i) continue using the Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) maintain existing Debtor Bank Accounts, Business Forms, and Books and Records, and (iv) continue Intercompany Transactions and funding consistent with the Debtors' historical practices, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on **January 23, 2024, at 10 a.m. (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before **January 16, 2024, at 4:00 p.m. (Eastern Time)**. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors are authorized, on an interim basis, but not directed, to: (a) continue using the Cash Management System, substantially as identified on **Exhibit 1** attached hereto and honor any prepetition obligations related to the use thereof; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession and continue using, in their present form, the Books and Records; (c) continue to perform Intercompany Transactions in the ordinary course of business and on the same terms and consistent with past practice (including with respect to transaction amounts); *provided* that the Debtors are not authorized to undertake any Intercompany Transactions or incur any Intercompany Claims prohibited or restricted by the terms of the

(Page | 5)
| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

Final DIP Order (as defined herein); *provided further* that the Debtors are authorized to continue to perform Intercompany Transactions in connection with the Receivables Program; (d) maintain all of their existing Debtor Bank Accounts, including, but not limited to, the Debtor Bank Accounts identified on Exhibit C attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date, without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines (to the extent applicable); (e) treat the Debtor Bank Accounts for all purposes as debtor in possession accounts; (f) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course and by all means, including checks, wire transfers, ACH transfers, and other debits or electronic means; and (g) pay the Bank Fees, including any prepetition amounts, and any ordinary course Bank Fees incurred in connection with the Debtor Bank Accounts, and to otherwise perform their obligations under the documents governing the Debtor Bank Accounts. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtors in Possession" and the corresponding bankruptcy case number on all checks. Further, within fourteen (14) days of the entry of this Seventh Interim Order, the Debtors will update any electronically produced checks to reflect their status as debtors-in-possession and to include the corresponding bankruptcy number.

4.    The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices, and to

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Seventh Interim Order.

5. The Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

6. Any existing deposit agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices, including, without limitation, the opening and closing of bank accounts, but in all events subject to the terms and conditions of this Seventh Interim Order; *provided* that the Debtors shall not make any material changes to the Cash Management System without obtaining the prior written consent of the Ad Hoc First Lien Group and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "<u>Committee</u>"); *provided, further*, that the Debtors may seek authority from the Court to make any material changes to the Cash Management System absent consent of the Ad Hoc First Lien Group or the Committee.

7. Notwithstanding anything to the contrary in paragraph 9 hereof, if any Debtor Bank Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the Debtors shall have until a date that is thirty (30) days from the entry of this Seventh Interim Order or such longer time as agreed with the U.S. Trustee, without prejudice to seeking additional extensions, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The U.S. Trustee's and the Debtors' rights to seek further relief from this Court on notice in the event that the aforementioned Cash Management Banks are unwilling to execute a Uniform Depository

(Page | 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

Agreement in a form prescribed by the U.S. Trustee are fully reserved. The Debtors may obtain a further extension of the thirty (30) day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

8. For the Cash Management Banks at which the Debtors hold Debtor Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee for the District of New Jersey, within fifteen (15) days of the date of entry of this Seventh Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Debtor Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' bankruptcy cases.

9. Pending entry of a final order, the Debtors shall be granted a limited waiver of the Debtors' compliance with the deposit and investment guidelines set forth in section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines on the basis that the Debtors have confirmed that: (i) the Debtors control four Debtor Banks Accounts within Canada (the "Canadian Accounts") which are insured by the Canadian Deposit Insurance Corporation (the "CDIC"); (ii) the Debtors opened a new UDA-compliant Debtor Bank Account at BoA maintained by Debtor Cyxtera Communications Canada, ULC (the "New Account"); (iii) the Canadian Court has entered an order in the Canadian Proceeding (each as defined in the *Debtors' Motion for Entry of Order (I) Authorizing Cyxtera Technologies, Inc. to Act as Foreign Representative, and (II) Granting Related Relief* [Docket No. 14]) authorizing the movement of excess funds from the Canadian Accounts to the New Account; (iv) the total balance of the Canadian Accounts does not exceed

(Page | 9)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

$750,000 plus the outstanding amount of the Debtors' Canadian restructuring costs in the aggregate, which is the minimum amount deemed necessary to fund the Debtors' operations in Canada; and (v) any balances maintained in the Canadian Accounts in excess of $750,000 plus the outstanding amount of the Debtors' Canadian restructuring costs in the aggregate will be swept on at least a weekly basis to the New Account; *provided* that (i) the balances in the Canadian Accounts shall at all times be sufficient to pay the Debtors' restructuring costs in Canada and (ii) the Debtors, with the consent of the U.S. Trustee for the District of New Jersey, may increase or decrease the allowed total aggregate balance maintained in the Canadian Accounts due to their reasonable business needs, including but not limited to, funding the Debtors' operations and restructuring costs in Canada. Notwithstanding the foregoing, the U.S. Trustee for the District of New Jersey reserves its rights to seek further relief from this Court with respect to the Debtors' compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines.

10. The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession, without interruption, consistent with historical practices and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds and consistent with the Final DIP Order and the Final Receivables Order (as defined herein), any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be. Those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to offset or charge-back rights with respect to return items, shall remain in full force and effect.

11. Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices, to implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, opening any new bank accounts or closing any existing Debtor Bank Accounts and entering into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; *provided* that the Debtors shall not make any material changes to the Cash Management System without obtaining the prior written consent of the Ad Hoc First Lien Group and the Committee; *provided, further*, that the Debtors may seek authority from the Court to make any material changes to the Cash Management System absent consent of the Ad Hoc First Lien Group or the Committee; *provided further* that the Debtors provide reasonable prior notice, but in no event less than five (5) days, to the U.S. Trustee for the District of New Jersey, counsel to the Committee, and counsel to the Ad Hoc First Lien Group of the opening or closing of such Debtor Bank Accounts or entry into a deposit control agreement. Any new bank account opened by the Debtors shall be established at an institution that is (a) a party to a Uniform Depository Agreement with the U.S. Trustee for the District of New Jersey or is willing to immediately execute a Uniform Depository Agreement, and (b) bound by the terms of

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

this Seventh Interim Order. The Debtors shall give notice to the U.S. Trustee for the District of New Jersey within fifteen (15) days after opening any new bank account or closing any existing Debtor Bank Accounts. The relief granted in this Seventh Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Debtor Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."

12. All banks maintaining any of the Debtor Bank Accounts that are provided with notice of this Seventh Interim Order shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Debtor Bank Accounts.

13. The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Debtor Bank Accounts in the ordinary course of business consistent with historical practices, and the automatic stay is modified to the extent necessary to allow the Cash Management Banks to effectuate such setoffs.

14. The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items

(Page | 12)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

relate to prepetition or postpetition items or transfers; *provided* that, should such a charge back occur, the Debtors must provide written notice to the Ad Hoc First Lien Group and the Committee (email is sufficient) within five (5) business days, providing reasonable information relating to the charge back, including but not limited to, the amount of the charge back, the reason for the original payment, and the identity of the party that was to receive the payment, and detailing any fees and expenses charged to the Debtors as a result of the charge back.

15. Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Seventh Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Seventh Interim Order.

16. Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Debtor Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions;

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

*provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

17. The Debtors are authorized, but not directed, to issue Credit Cards pursuant to the Credit Card Programs, subject to any terms and conditions thereof, and to pay any amount due and owing thereunder in the ordinary course of business on a postpetition basis, including, without limitation, making payments on account of charges that were made under the Credit Card Programs both prior to and after the Petition Date, subject to the limitations of this Seventh Interim Order and any other applicable interim and/or final orders of this Court.

18. The Debtors are authorized, but not directed, to enter into, engage in, and satisfy any payments in connection with the Intercompany Transactions, including those related to transfers to/from the Receivables Accounts and the Receivables Program Cash Collateral Account for cash collateralization and Intercompany Transactions with non-Debtor affiliates, and to take any actions related thereto, in each case on the same terms as (including with respect to amount), in the ordinary course and consistent with past practice. The Debtors shall disclose to the Ad Hoc First Lien Group and the Committee (i) any intercompany equity contributions and/or loans by and among the Debtors and non-Debtor affiliates and (ii) any Intercompany Transaction involving cash payments to non-Debtor affiliates greater than $100,000; *provided* that the foregoing sentence does not apply to any Intercompany Transaction approved pursuant to the Final Receivables Order.

19. The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions (including with respect to "netting" or setoffs) in connection with the

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

Cash Management System in the ordinary course of business on a postpetition basis, including transfers to/from the Receivables Accounts and the Receivables Program Cash Collateral Account for cash collateralization and Intercompany Transactions with non-Debtor affiliates, in a manner consistent with the Debtors' past practice. For the avoidance of doubt, the Debtors are also authorized to continue Intercompany Transactions arising from or related to the operation of their business, including Intercompany Transactions with non-Debtor affiliates to the extent ordinary course and consistent with past practice (including with respect to amount). The Debtors shall disclose to the Ad Hoc First Lien Group and the Committee any Intercompany Transaction involving cash payments to non-Debtor affiliates greater than $100,000; *provided* that the foregoing sentence does not apply to any Intercompany Transaction approved pursuant to the Final Receivables Order.

20. The Debtors shall maintain accurate and detailed Records of all Intercompany Transactions and the payment of Intercompany Claims, to the same extent maintained by the Debtors before the Petition Date, so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status. In addition, the Debtors shall maintain a matrix capturing all Intercompany Transactions and payments of Intercompany Claims by and amongst the Debtors and non-Debtors on a postpetition basis that includes (1) the parties to the transaction; (2) the amount; (3) the reason for the payment; (4) the date of the transaction; and (5) whether the Intercompany Transaction is

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

(a) a loan, including whether the loan is documented and the terms of such loan (and, if the loan is documented, a copy of the loan agreement) or (b) an equity contribution. The Debtors shall promptly provide access to such Books and Records and the matrix to the Ad Hoc First Lien Group and the Committee upon reasonable request.

21. All postpetition payments from a Debtor to another Debtor or non-Debtor under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code; *provided* that any such administrative expense status claim shall be junior and subordinate to the Carve Out and approved superpriority administrative expense claims provided for in any order, including the Final DIP Order and the Final Receivables Order.

22. Nothing contained in the Motion or this Seventh Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

23. Notwithstanding the relief granted in this Seventh Interim Order and any actions taken pursuant to such relief, nothing in this Seventh Interim Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a

(Page | 16)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Seventh Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Seventh Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

24. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

| | |
|---|---|
| (Page \| 17) | |
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Seventh Interim Order.

25. Notwithstanding anything to the contrary contained in the Motion or this Seventh Interim Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of (a) the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 297] (the "Final DIP Order"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof and (b) the *Final Order (I) Authorizing Certain Debtors to Continue Selling, Contributing, and Servicing Receivables and Related Rights Pursuant to the Receivables Program, (II) Modifying the Automatic Stay, and (III) Granting Related Relief* [Docket No. 295] (the "Final Receivables Order"). Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Final DIP Order or the Final Receivables Order.

26. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

| | |
|---|---|
| (Page \| 18) | |
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Seventh Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions and (II) Granting Related Relief |

for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Seventh Interim Order.

27. Nothing in this Seventh Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

28. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Seventh Interim Order in accordance with the Motion.

30. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Seventh Interim Order shall be effective and enforceable immediately upon entry hereof.

31. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

32. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

33. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Seventh Interim Order.