**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted pro hac vice)
Christopher Marcus, P.C. (admitted pro hac vice)
Derek I. Hunter (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC, *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

- 2 -

CPAM: 33120524.7

# DECLARATION OF DISINTERESTEDNESS BY DELOITTE LLP

I, Mark Saunderson under penalty of perjury declare as follows:

1. I am a Partner at Deloitte LLP ("Deloitte UK"), a limited liability partnership organized under the laws of the United Kingdom. Deloitte UK is the United Kingdom affiliate of Deloitte NSE LLP, a member firm of Deloitte Touche Tohmatsu Limited ("DTTL"), a United Kingdom company limited by guarantee. Deloitte UK has an office at 2 New Street Square, London EC4A 3BZ.

2. This declaration (the "Declaration") is submitted pursuant to the *Order Authorizing the Debtors to Retain and Employ Deloitte Tax LLP as Tax Services Provider Effective as of the Petition Date* entered on August 8, 2023 [Docket No. 376] (the "Order") authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain Deloitte Tax LLP ("Deloitte Tax") as an estate professional in these chapter 11 cases (the "Chapter 11 Cases").

3. As set forth more fully in the Debtors' application to retain Deloitte Tax [Docket No. 325] (the "Application"),[2] the Debtors sought to retain Deloitte Tax to perform tax advisory, tax compliance and related services (together, the "Chapter 11 Tax Work")[3] pursuant to the terms and conditions set forth in (a) that certain engagement letter, dated June 23, 2023, for certain tax advisory services relating to the Debtors' restructuring, (the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

[3] Paragraphs 12 and 13 of the Application set forth a complete description of the tax services that Deloitte Tax is providing the Debtors.

"Restructuring Services Engagement Letter"), and (b) that certain engagement letter, dated June 20, 2023, for certain tax advisory services relating to federal, foreign, state and local income tax matters (the "Tax Consulting Engagement Letter" and, together with the Restructuring Services Engagement Letter, the "Engagement Agreements").[4] The Application was supported by the declaration of Jeffrey van Gelder, a partner of Deloitte Tax, dated July 21, 2023 (the "van Gelder Declaration") [Docket No. 325], a copy of which is annexed to the Application as Exhibit B.[5]

4. Deloitte UK is the United Kingdom affiliate of Deloitte NSE LLP which is one of the DTTL Member Firms, and Deloitte UK has been subcontracted by Deloitte Tax to assist with the Chapter 11 Tax Work.[6] More particularly, pursuant to that certain Inter-firm Work Referral Form, dated 20 August 2023, Deloitte Tax has engaged Deloitte UK in connection with providing tax-related advice regarding the Debtors' restructuring, including tax advice related to potential asset and/or stock sales in the UK.

5. As set forth in the Order, subcontractors engaged by Deloitte Tax are required to submit separate declarations of disinterestedness. Specifically, paragraph twelve (12) of the Order provides as follows:

> Notwithstanding anything in the Application or the Engagement Agreements to the contrary, Deloitte Tax shall, to the extent that Deloitte Tax uses the services of third party subcontractors, who are not a subsidiary of, or otherwise affiliated with, Deloitte Tax, (collectively, the "Contractors") in these chapter 11 cases, Deloitte Tax shall (i) pass through the cost of such Contractors to the

---

[4] Copies of the Engagement Agreements are attached to the Order as Exhibits 1 and 2, respectively.

[5] The van Gelder Declaration and the disclosures contained therein, to the extent relevant to Deloitte UK, are hereby incorporated by reference and made a part hereof.

[6] As per the *Deloitte Tax LLP General Business Terms*, which are attached and made part of the Engagement Agreements, Deloitte Tax is authorized to subcontract any services under the Engagement Agreements to any other "Deloitte Entity," which includes DTTL and any of "its member firms and their respective subsidiaries and affiliates." *See Deloitte Tax LLP General Business Terms* at ¶ 1(c) and (e).

>Debtors at the same rate that Deloitte Tax pays the Contracts, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for Deloitte Tax, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

This Declaration is being made pursuant to the terms of the Order and in furtherance of Deloitte UK's engagement as a subcontractor in connection with the Chapter 11 Tax Work.

6. I am duly authorized to make and submit this Declaration on behalf of Deloitte UK as a subcontractor to Deloitte Tax in connection with the Chapter 11 Tax Work, and the statements set forth in this Declaration are based upon my personal knowledge, information and belief, and client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte UK.

7. Deloitte UK undertook a search to determine and to disclose whether it is or has been employed by, or has any relationships with, certain of the Debtors' significant creditors and other parties-in-interest (the "Potential Parties-in-Interest"). The list of Potential Parties-in-Interest was provided to us by Deloitte Tax, and had been provided to them by the Debtors. *See* van Gelder Declaration at ¶ 27. The list of Potential Parties-in-Interest is attached to Schedule 1 of the van Gelder Declaration. Deloitte UK researched its databases of client relationships and connections and performed reasonable due diligence to determine whether it had any relationships with the Debtors and the significant Potential Parties-in-Interest. This included database searches across the following:

- Deloitte UK's conflicts database which details current opportunities and engagements which are current or have been completed from 4th June 2023 onwards;

- Deloitte UK's billing system;

- Deloitte UK's business relationships management system; and

- Deloitte UK's local restricted entities database.

8. Based upon the searches undertaken above, Deloitte UK can confirm that at all times during Deloitte UK's engagement in connection with the tax work supporting the Chapter 11 Tax Work, Deloitte UK did not and currently does not (a) hold any interest adverse to the Debtors; or (b) have a relationship to the Debtors, their significant creditors, certain other significant parties-in-interest, or to the attorneys that are known to be assisting the Debtors in the Chapter 11 Cases, except as stated herein.

9. Deloitte UK has relationships with thousands of clients, some of which may be creditors of the Debtors or other parties-in-interest, including the Potential Parties-in-Interest. Accordingly, Deloitte UK have had, currently have and/or may have in the future relationships with such parties, or provided, may currently provide, and/or may provide in the future professional services to certain of these parties in matters unrelated to the Chapter 11 Cases. Additionally, certain significant Potential Parties-in-Interest have or may have provided goods or services, may currently provide goods or services, and/or may in the future provide goods or services to Deloitte UK in matters unrelated to the Chapter 11 Cases.

10. In addition to the foregoing and the disclosures set forth in the van Gelder Declaration, to the best of my knowledge, based on the internal search discussed above, Deloitte UK has determined that certain relationships should be disclosed as follows:

   a. Deloitte UK has provided and continues to provide services in matters unrelated to these Chapter 11 Cases to certain of the Debtors' largest unsecured creditors and other Potential Parties-in-Interest or their affiliates listed on Schedule 1 to the van Gelder Declaration;

   b. In the ordinary course of its business, Deloitte UK has business relationships in unrelated matters with their principal competitors, which together with their affiliates may be Potential Parties-in-Interest in these Chapter 11 Cases. For example, from time to time, Deloitte UK and one or more of such entities may work on assignments for the same client or may otherwise engage each other for various purposes;

  c. Deloitte UK has provided, continues to provide and may in the future provide certain ordinary course services to creditors including but not limited to BC Partners Holding Ltd, Bank of America, Citigroup Inc and Mizuho group in matters unrelated to the Chapter 11 Cases. Those services include ordinary course tax services, and performing audit testing and diligence procedures in order to issue a statutory audit opinion in relation to the UK consolidated financial statements of BC Partners Holding Ltd.

11. Deloitte UK believes that the relationships described herein have no bearing on the Chapter 11 Tax Work and, in particular, the tax services for which Deloitte UK was subcontracted for by Deloitte Tax in the Chapter 11 Cases. Furthermore, such relationships do not impair Deloitte UK's disinterestedness.

12. Through reasonable inquiry, I do not believe there is any connection between the personnel of Deloitte UK who is and will be performing the Chapter 11 Tax Work for the Debtors and the United States Bankruptcy Judge presiding in the Chapter 11 Cases, the United States Trustee for Regions 3 and 9, the Assistant United States Trustee for the District of New Jersey, and the attorneys therefor assigned to these Chapter 11 Cases.

13. Except as may be disclosed herein, to the best of my knowledge, information, and belief, Deloitte UK does not hold or represent any interest adverse to the Debtors or their estates with respect to the Chapter 11 Tax Work in which Deloitte UK is subcontracted as required by section 327(a) of the Bankruptcy Code and referenced by section 328 of the Bankruptcy Code, and I believe that Deloitte UK is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

14. As per paragraph 12 of the Order, Deloitte UK will bill Deloitte Tax for the services performed by Deloitte UK, and Deloitte UK's fees shall be passed through to the Debtors and shall be included in the Deloitte Tax fee application to be filed with the Court.

CPAM: 33120524.7

Deloitte UK understands and agrees that payment of Deloitte UK's fees is subject to the same terms, conditions and approval processes that apply in these Chapter 11 Cases to payment of Deloitte Tax's fees under the Engagement Agreements.

15. Deloitte UK has not agreed to share any portion of the compensation received from Deloitte Tax with any other person, other than as permitted by section 504(b) of the Bankruptcy Code.

16. Despite the efforts described above to identify and disclose Deloitte UK's connections with Potential Parties-in-Interest in the Chapter 11 Cases, because Deloitte UK is a nationwide firm with many employees, Deloitte UK is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Deloitte UK discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 14, 2023    _____
                            Mark Saunderson