**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**SECOND SUPPLEMENTAL**
**NOTICE OF ASSUMPTION AND ASSIGNMENT**
**OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on June 29, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion [Docket No. 79] (the "Motion") of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 186] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that on November 3, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 653] (the "Canada Sale Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on November 17, 2023, the Court entered the *Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 719].

---

[2]    Capitalized terms used and not otherwise defined herein have the meaning given to them in the Motion, the Canada Sale Motion, or the APA, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Second Supplemental Assumption and Assignment Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each additional Assigned Contract set forth on **Schedule 2** attached hereto (the "Supplemental Assigned Contracts") is hereby assumed and assigned effective as of the date (the "Assumption and Assignment Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Supplemental Assigned Contracts agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have evaluated the financial wherewithal of Cologix and concluded that Cologix has demonstrated such financial wherewithal to meet all future obligations under the Supplemental Assigned Contracts, which may be evidenced upon written request,[3] thereby demonstrating that Cologix has the ability to comply with the requirements of adequate assurance of future performance.[4]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Supplemental Assigned Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Second Supplemental Assumption and Assignment Notice and promptly serve such objection on the following parties: (i) the Debtors, Cyxtera Technologies, Inc., 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134; (ii) co-counsel to the Debtors, (A) Kirkland & Ellis LLP,

---

[3]    To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with this Second Supplemental Assumption and Assignment Notice by overnight delivery upon the counterparties to the applicable Supplemental Assigned Contracts affected by the Second Supplemental Assumption and Assignment Notice.

[4]    The Debtors shall serve the counterparty to the Supplemental Assigned Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

601 Lexington Avenue, New York, New York 10022, Attn.:  Christopher Marcus, P.C. and

Derek I. Hunter, and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack,

New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin,

Esq.; (iii) the Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard,

Suite 2100, Newark, New Jersey 07102, Attn:  David Gerardi; (iv) counsel to the

Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third

Avenue, 34th Floor, New York, New York 10017, Attn:  Bradford J. Sandler, Esq., Robert J.

Feinstein, Esq., and Paul J. Labov, Esq; and (v) counsel to Cologix, Stikeman Elliott LLP,

1155 René-Lévesque Blvd. West, 41st Floor, Montréal, Québec H3B 3V2, Canada,

Attn:  Joseph Reynaud.  Only those responses that are timely filed, served, and received will be

considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the

assumption and assignment of each Supplemental Assigned Contract shall become effective on

the applicable Assumption and Assignment Date set forth in **Schedule 2** attached hereto, or such

other date as the Debtors and the counterparty or counterparties to such Supplemental Assigned

Contract agree.[5]

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under each

Supplemental Assigned Contract is set forth in **Schedule 2** attached hereto.  If a written objection

---

[5] An objection to the assumption or assumption and assignment of any Supplemental Assigned Contract or cure
amount listed in this Second Supplemental Assumption and Assignment Notice shall not constitute an objection
to the assumption or assumption and assignment of any other contract or lease listed in this Second Supplemental
Assumption and Assignment Notice.  Any objection to the assumption or assumption and assignment of any
particular Supplemental Assigned Contract or cure amount listed in this Second Supplemental Assumption
and Assignment Notice must state with specificity the Supplemental Assigned Contract to which it
is directed.  For each particular Supplemental Assigned Contract whose assumption or assumption and assignment
is not timely or properly objected to, such assumption or assumption and assignment will be effective in
accordance with this Second Supplemental Assumption and Assignment Notice and the Procedures Order.

to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption or assumption and assignment of any Supplemental Assigned Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Supplemental Assigned Contract or Supplemental Assigned Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Supplemental Assigned Contract or Supplemental Assigned Contracts shall be assumed and assigned as of the Assumption and Assignment Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Supplemental Assigned Contract agree.

Dated: December 22, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## Schedule 1

**Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in*
*Possession*



**Order Filed on June 29, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.



2314853230629000000000011

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

**DATED: June 29, 2023** _____

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion For Entry of an Order (I) Authorizing And Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

2. The following Rejection Procedures are approved in connection with rejecting Contracts:

    a.    ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached hereto as <u>Exhibit 1</u> (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>"); (iii) the proposed effective date of rejection for each such Contract(s) (each, the "<u>Rejection Date</u>"); (iv) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"); (v) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100. Further, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of the Contracts, which shall be substantially in the form of <u>Exhibit 1-A</u> to the Rejection Notice. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

    b.    ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn: David Gerardi; (B) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (C) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group of the Debtors' prepetition term loan facilities; (D) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (E) the office of the attorney general for each of the states in which the Debtors operate; (F) the United States Attorney's Office for the District of New Jersey; (G) the Securities and Exchange Commission; (H) the Internal Revenue Service; (I) the monitor in the CCAA proceeding and counsel thereto; and (J) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Master Notice Parties</u>").

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| --- | --- |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

c.  ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[1] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, Cyxtera Technologies, Inc., 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134; (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Christopher Marcus, P.C. and Derek I. Hunter, and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq., Warren A. Usatine, Esq., and Felice R. Yudkin, Esq.; (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: David Gerardi; and (iv) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Bradford J. Sandler, Esq., Robert J. Feinstein, Esq., and Paul J. Labov, Esq.

d.  ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection. Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

e.  ***Unresolved Timely Objections***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such

---

[1]  An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
|---|---|
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date; *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises as described above and (a) turn over keys, key codes, and security codes, if any, to the affected landlord or (b) notify the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.   ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided, however,* that (i) nothing shall modify any requirement under applicable law with respect to removal of any hazardous materials as defined under applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors will use commercially reasonable efforts to remove the PII from such personal property before abandonment, and (iii) within three (3) business days of filing a Rejection Notice, the Debtors will make reasonable efforts to contact any third parties that may be known to the Debtors to have a property interest in the Abandoned Property and ask such third parties to remove or cause to be removed personal property, if any, from the premises prior to the Rejection Date.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. After the Rejection Date, Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; *provided* that applicable state law shall govern any rights of the Landlord and any party claiming an interest in any abandoned personal property.

i. ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3. The following Assumption Procedures are approved in connection with assuming and

assuming and assigning Contracts:

a. ***Assumption Notice***. The Debtors shall file a notice substantially in the form attached hereto as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100. Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the rejection of the Contracts, which shall be substantially in the form of Exhibit 2-A to the Assumption Notice. No Contract shall be deemed assumed absent entry of an applicable Assumption Order.

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

b.  ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and by email upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties. To the extent the Debtors seek to assume and assign a Contract, if requested by the Assumption Counterparty or counsel thereto, the Debtors will cause evidence of adequate assurance of future performance to be served as soon as reasonably practicable upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.  ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[2] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.  ***No Objection***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection. Each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.

e.  ***Unresolved Timely Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be deemed assumed upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed as of the Assumption Date set forth in the Assumption Notice or

---

[2]  An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 9)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

      f.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

    4.    With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the

(Page | 10)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

applicable Assignee with all rights, titles, and interests to the applicable Contracts.[3] For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.       Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

6.       The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.       The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8.       The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

---

[3]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve all rights with respect to the enforceability of such provisions.

(Page | 11)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

9.      Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

10.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors, or any other party in interest's claims, causes of action or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors'

(Page | 12)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

11.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained, hereunder herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order").

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(Page | 13)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

16.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 2**

**Supplemental Assigned Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|
| The Electric Mail Company | Service Order Number - Q - 06936 - 1 | $0 | December 1, 2023 | Cologix Canada, Inc. |
| Optum Technology, Inc. | CenturyLink Master Services Agreement | $0 | December 1, 2023 | Cologix Canada, Inc. |
| Optum Technology, Inc. | Amendment No 1 to CenturyLink Master Services Agreement | $0 | December 1, 2023 | Cologix Canada, Inc. |

---

[1] The inclusion of a Supplemental Assigned Contract on this list does not constitute an admission as to the executory or non-executory nature of the Supplemental Assigned Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Supplemental Assigned Contract.

**<u>Schedule 3</u>**

**Proposed Assumption and Assignment Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>edward.sassower@kirkland.com<br>christopher.marcus@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel for Debtors and Debtors in Possession* | |
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al*<br><br>        Debtors.[1] | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

**SECOND ORDER
APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND/OR UNEXPIRED LEASES IN CONNECTION
<u>WITH THE SALE OF CERTAIN CANADIAN ASSETS BY CYXTERA CANADA</u>**

The relief set forth on the following pages, numbered three (3) through eleven (11), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 653] (the "Canada Sale Motion") and the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 186] (the "Procedures Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the hearing to consider the Canada Sale Motion having been held on November 16, 2023 (the "Canada Sale Hearing"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served the *Second Supplemental Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Second Supplemental Assumption and Assignment Notice") on each

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Canada Sale Motion, the APA, the Canada Sale Order (as defined herein), or the Procedures Order, as applicable.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

applicable party as set forth in the schedule attached hereto as **Exhibit 1** (the "Assumption and Assignment Schedule"), in accordance with the terms of the Procedures Order; and no timely objections have been filed to the assumption and assignment of the additional Assigned Contracts set forth in the Assumption and Assignment Schedule (the "Supplemental Assigned Contracts"); and due and proper notice of the Procedures Order and the Second Supplemental Assumption and Assignment Notice having been provided to each applicable counterparty to the Supplemental Assigned Contracts as set forth in the Assumption and Assignment Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor

**THE COURT HEREBY FINDS THAT**:[3]

A.   The assumption and assignment of the Supplemental Assigned Contracts listed in the Assumption and Assignment Schedule attached hereto as **Exhibit 1** pursuant to the terms of the *Order (I) Authorizing Cyxtera Canada to Enter into and Perform its Obligations Under the Cologix Asset Purchase Agreement, (II) Approving the Sale of Certain Canadian Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 719] (the "Canada Sale Order") and this order (this "Order") is integral to the APA, does not constitute unfair discrimination, and is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest, and represents the reasonable exercise of sound and

---

[3]   The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

prudent business judgment by the Debtors.  Subject to the terms and conditions of the APA and the Canada Sale Order, the Debtors shall:  (a) to the extent necessary, cure or provide adequate assurance of cure, of any default existing prior to the date hereof with respect to the Supplemental Assigned Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (b) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Supplemental Assigned Contracts, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code.  The Debtors' promise to pay or otherwise cure all defaults or other obligations of the Debtors under the Supplemental Assigned Contracts arising or accruing prior to date (the "Assumption and Assignment Date") listed on **Exhibit 1**, or otherwise required to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Supplemental Assigned Contracts (collectively, the "Cure Costs") in accordance with the terms of the APA, the Canada Sale Order, and this Order and Cologix Canada, Inc.'s (the "Purchaser") promise to perform the obligations under the Supplemental Assigned Contracts shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Supplemental Assigned Contracts.

B.     Under the circumstances, the Debtors have demonstrated that assuming and assigning the Supplemental Assigned Contracts in connection with the Canada Sale is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests

(Page | 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

of the Debtors' estates, for the reasons set forth in the Canada Sale Motion, the Li Declaration, and on the record at the Canada Sale Hearing, including, without limitation, because the assumption and assignment of the Supplemental Assigned Contracts in connection with the Canada Sale is a material component to the overall consideration provided by the Purchaser and will maintain the ongoing business of the Debtors, limit the losses of counterparties to Supplemental Assigned Contracts, and maximize the distribution to creditors of the Debtors.

C.    The assignment of the Supplemental Assigned Contracts is necessary and appropriate under the circumstances in connection with the Canada Sale, is integral to the Debtors' overall restructuring efforts, and the Purchaser has demonstrated that it can reasonably carry on the obligations under the Supplemental Assigned Contracts.

**IT IS HEREBY ORDERED THAT:**

1.    Cyxtera Canada Communications, ULC (the "Seller") is hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code and the Procedures Order to (a) assume and assign to the Purchaser, in accordance with the terms of the APA and this Canada Sale Order, the Supplemental Assigned Contracts free and clear of all Claims, Encumbrances, and Interests (other than the Permitted Encumbrances and Assumed Liabilities), and (b) execute and deliver to the Purchaser such documents or other instruments as the Purchaser deems may be necessary to assign and transfer the Supplemental Assigned Contracts to the Purchaser.

2.    With respect to the Supplemental Assigned Contracts: (a) the Seller may assume each of the Supplemental Assigned Contracts in accordance with section 365 of the

(Page | 7)

| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
|---|---|
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

Bankruptcy Code; (b) the Seller may assign each of the Supplemental Assigned Contracts to the Purchaser in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any of the Supplemental Assigned Contracts that prohibit or condition the assignment of such Supplemental Assigned Contract or allow the party to such Supplemental Assigned Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Supplemental Assigned Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (c) subject to the Debtors payment of Cure Costs, all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Seller and assignment to Purchaser of each Supplemental Assigned Contract have been satisfied; and (d) the Supplemental Assigned Contracts shall be transferred and assigned to, and remain in full force and effect for the benefit of, the Purchaser, notwithstanding any provision in any such Supplemental Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Supplemental Assigned Contracts after such assumption and assignment to the Purchaser.

3.    Any Supplemental Assigned Contract shall be assumed by the Seller and assigned to the Purchaser in accordance with the Assumption Procedures as defined in the Procedures Order, which Assumption Procedures are incorporated herein by reference and shall apply and be binding to any Supplemental Assigned Contract.  The pendency of a dispute relating to a particular Supplemental Assigned Contract shall not delay the assumption and assignment of any other

(Page | 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

Supplemental Assigned Contract.  Any proposed cure amount to be included in the Second Supplemental Assumption and Assignment Notice or the resolution of any objection filed in connection therewith will be acceptable to the Purchaser and the form and substance of any filings or pleading filed by the Debtors in connection with the Assumption Procedures will be reasonably acceptable to the Purchaser.

4.    Upon the effective date of the assignment of any Supplemental Assigned Contract, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title, and interest of each Supplemental Assigned Contract.  To the extent provided in the APA, the Debtors shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

5.    Each Supplemental Assigned Contract counterparty is deemed to have consented to the assumption and assignment of such Supplemental Assigned Contract, and the Purchaser shall be deemed to have demonstrated adequate assurance of future performance with respect to such Supplemental Assigned Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

6.    Upon the Seller's assignment of the Supplemental Assigned Contracts to the Purchaser under the provisions of this Order, the Canada Sale Order, and any additional orders of this Court, and the Debtors' payment of any Cure Costs pursuant to the terms hereof or the APA, no default shall exist under any Supplemental Assigned Contract, and no counterparty to any Supplemental Assigned Contract shall be permitted (a) to declare under such Supplemental Assigned Contract or (b) to otherwise take action against the Debtors or the Purchaser as a result

(Page | 9)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

of any Debtors' financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Supplemental Assigned Contract. Each non-debtor party to a Supplemental Assigned Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or the Purchaser, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Assumption and Assignment Date listed on **Exhibit 1**, or, against the Purchaser, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors and (ii) imposing or charging against the Purchaser or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Seller's assumption and assignment of the Supplemental Assigned Contracts to the Purchaser. Any provision in any Supplemental Assigned Contract that purports to declare a breach, default, or termination as a result of a change of control of the Acquired Assets is hereby deemed unenforceable under section 365(f) of the Bankruptcy Code. To the extent that any counterparty to a Supplemental Assigned Contract is notified of Cure Costs (or the absence thereof) and fails to object to such Cure Costs (or the absence thereof) with respect to a Supplemental Assigned Contract, such counterparty shall be deemed to have consented to such Cure Costs (or the absence thereof) and is deemed to have waived any right to assert or collect or enforce any Cure Costs that may arise or have arisen prior to or as of the Assumption and Assignment Date listed on **Exhibit 1**.

7. On the effective date of the assignment of any Supplemental Assigned Contract, the Purchaser shall be deemed to be substituted for the applicable Debtors as a party to the applicable Supplemental Assigned Contracts and the applicable Debtors shall be relieved, pursuant

(Page | 10)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

to section 365(k) of the Bankruptcy Code, from any further liability under the Supplemental Assigned Contracts.

8.      All counterparties to the Supplemental Assigned Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Purchaser, and shall not charge the Debtors or the Purchaser for any instruments, applications, consents, or other documents that may be required or requested by any public authority or other party or entity to effectuate the applicable transfers in connection with the Canada Sale.

9.      Notwithstanding anything to the contrary in this Canada Sale Order or the APA, a contract shall not be an Supplemental Assigned Contract hereunder and shall not be assigned to, or assumed by, Purchaser to the extent that such contract is rejected or terminated by the Debtors, or terminates or expires by its terms, on or prior to such time as it is to be assumed by Purchaser as a Supplemental Assigned Contract hereunder and is not continued or otherwise extended upon assumption.

10.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order; (e) a request or authorization to reject any agreement, contract, or lease pursuant to

(Page | 11)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Second Order Approving the Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases in Connection with the Sale of Certain Canadian Assets by Cyxtera Canada |

section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to reject any executory contract or unexpired lease.

11.     The Debtors and the Purchaser are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Canada Sale Motion and the Procedures Order.

12.     To the extent this Order is inconsistent with any prior order or pleading filed in these chapter 11 cases related to the Canada Sale Motion, the terms of this Order shall govern.

**Exhibit 1**

**Supplemental Assigned Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|
| The Electric Mail Company | Service Order Number - Q - 06936 - 1 | $0 | December 1, 2023 | Cologix Canada, Inc. |
| Optum Technology, Inc. | CenturyLink Master Services Agreement | $0 | December 1, 2023 | Cologix Canada, Inc. |
| Optum Technology, Inc. | Amendment No 1 to CenturyLink Master Services Agreement | $0 | December 1, 2023 | Cologix Canada, Inc. |

---

[1] The inclusion of a Supplemental Assigned Contract on this list does not constitute an admission as to the executory or non-executory nature of the Supplemental Assigned Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Supplemental Assigned Contract.