**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' SECOND MOTION FOR**
**ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH**
**THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies,
Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de
Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

**PLEASE TAKE NOTICE** that on January 23, 2024, at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, (i) enlarging the period within which the Debtors may remove actions and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith, authorizing the Debtors to enlarge the period of time during which the Debtors may seek removal of certain actions.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance

with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at https://www.kccllc.net/cyxtera.   You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: January 2, 2024

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email:      edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER**
**(I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS**
**MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies,
Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de
Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

TO THE HONORABLE JOHN K. SHERWOOD

UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) authorizing, but not directing, the Debtors to enlarge the period of time (the "Removal Period") set forth in rules 9027(a)(2) and (3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtors may seek removal of certain actions (collectively, the "Actions") pursuant to section 1452 of title 28 of the United States Code (the "Judicial Code") and Bankruptcy Rule 9027 by 120 days, up to and including May 1, 2024, without prejudice to the Debtors' right to seek additional extensions of the period within which the Debtors may remove actions; and (b) granting related relief.[1]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1]      Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration (as defined herein).

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 1452 of the Judicial Code and

Bankruptcy Rules 9006 and 9027.

**Background**

5.      On June 4, 2023 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). A detailed description of the Debtors, their businesses, and the facts and circumstances

supporting the Debtors' chapter 11 cases and this Motion are set forth in greater detail in the

*Declaration of Eric Koza, Chief Restructuring Officer of Cyxtera Technologies, Inc., in Support*

*of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No.

20], which is incorporated herein by reference.

6.      The Debtors are operating their businesses and managing their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On

June 6, 2023, the Court entered an order [Docket No. 71] authorizing the joint administration and

procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No

request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On June 21, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee")

appointed an official committee of unsecured creditors pursuant to section 1102 of the

Bankruptcy Code (the "Committee") [Docket No. 133].

7.      On July 25, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order*

*(I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting*

*Related Relief* (the "First Extension Motion") [Docket No. 332], which sought to extend the

Removal Period for 120 days to January 2, 2023. On August 16, 2023, the Court granted the

First Extension Motion and entered the *Order (I) Enlarging the Period Within Which the Debtors*

*May Remove Actions and (II) Granting Related Relief* (the "<u>First Extension Order</u>") [Docket No. 411].

8.      Since entry of the First Extension Order, the Debtors and their professionals have worked diligently on numerous time-sensitive matters critical to their restructuring efforts. Specifically, the Debtors and their professionals have focused their attention on, among other things, the following:

- stabilizing the Debtors' business operations to maximize the value of the Debtors' estates;

- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;

- engaging with the DIP Lenders and obtaining debtor-in-possession financing that is critical to ensuring uninterrupted business operations and sufficient funding for these chapter 11 cases;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- preparing and filing the Schedules and Statements;

- having regular discussions with, and responding to diligence requests from, the Committee and the Debtors' key stakeholder groups;

- obtaining relief that has enabled the Debtors to continue operating their business in these chapter 11 cases, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- negotiating with potential transaction counterparties regarding the form and substance of a potential sale of some or all of the Debtors' assets; and

- filing a chapter 11 plan and related disclosure statement and obtaining confirmation of the plan.

9.      Simply put, the Debtors' time and resources have been productively spent toward progressing these chapter 11 cases quickly and efficiently and engaging with various stakeholders, enablingthe Debtors to file and confirm the chapter 11 plan expeditiously.

**The Actions**

10.    The Debtors are involved in numerous Actions commenced prepetition in various

forums.    On July 10, 2023, the Debtors filed their Schedules of Assets and Liabilities and

Statements of Financial Affairs (collectively, the "Schedules and Statements"), in which the

Debtors identified the Actions known as of the Petition Date.    The Debtors will provide notice of

this Motion to each of the litigation counterparties to the Actions and will file an affidavit of

service reflecting such service.    Further, the Debtors may become aware of additional Actions

before the close of these chapter 11 cases.    If that occurs, the Debtors will provide prompt and

proper notice to the litigation parties.

**Basis for Relief**

11.    Section 1452 of title 28 of the Judicial Code and Bankruptcy Rule 9027 govern

the removal of pending civil actions related to chapter 11 cases.    Specifically, section 1452(a)

provides:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a governmental
> unit to enforce such governmental unit's police or regulatory power, to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12.    Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove

claims or causes of action.    Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the
> [Bankruptcy] Code is commenced, a notice of removal may be filed only within
> the longest of (A) 90 days after the order for relief in the case under the
> [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the
> claim or cause of action in a civil action has been stayed under § 362 of the
> [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11
> reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3)

provides, in pertinent part: that a notice of removal may be:

> [A] notice of removal may be filed . . . only within the shorter of (A) 30 days after
> receipt, through service or otherwise, of a copy of the initial pleading setting forth
> the claim or cause of action sought to be removed or (B) 30 days after receipt of
> the summons if the initial pleading has been filed with the court but not served
> with the summons.

Fed. R. Bankr. P. 9027(a)(3).

13.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions

provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in

pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by
> these rules or by a notice given thereunder or by order of court, the court for cause
> shown may at any time in its discretion . . .with or without motion or notice order
> the period enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

14.     It is well-settled that the Court is authorized to enlarge the Removal Period.

*See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that " [u]nder the . . .

Rules of Bankruptcy Procedure, it is clear that the court may grant [an extension of the time limit

for removal]") (citing Fed. R. Bankr. P. 9006(b)), *overruled on other grounds by Things

Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co.,

Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) ("Considered *in pari materia* with Rule 9027, Rule

9006 provides authority to enlarge the thirty-day time period for removing actions arising under

the Bankruptcy Code."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal.

1987) (finding that "the United States Supreme Court intended to give bankruptcy judges the

power to enlarge the filing period of Bankruptcy Rule 9027(a)(3) beyond the thirty day period,

pursuant to Bankruptcy Rule 9006(b)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An

expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.")
(citing Fed. R. Bankr. P. 9006(b)).

15.     The Debtors are seeking to extend the Bankruptcy Rule 9027(a) deadline—which
in isolation would expire on January 2, 2024—to ensure the Debtors' right to remove is
preserved and that creditors are on notice of such extended removal deadline.

16.     The Debtors' decision regarding whether to seek removal of any particular Action
depends on a number of factors, including:  (a) the importance of the Action to the expeditious
resolution of these Chapter 11 Cases; (b) the time required to complete the Action in its current
venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for
one or more aspects thereof to be heard by a federal court; (d) the relationship between the
Action and matters to be considered in connection with the reorganization process, the chapter
11 plan, the claims allowance process, and the assumption or rejection of executory contracts and
unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate
determination, the Debtors must analyze each Action (if any) in light of such factors.

17.     Although the Debtors' chapter 11 plan has been confirmed, the Debtors have not
yet emerged from the chapter 11 cases.  Thus, the Debtors' review of their books and records to
determine whether any additional Actions exist remains ongoing.  As noted above, since entry of
the First Extension Order, the Debtors and their advisors have been focused on addressing time-
critical matters including, among other things, stabilizing their business operations, preparing the
Schedules and Statements, negotiating the terms and structure of debtor-in-possession financing
and the framework for a comprehensive restructuring, conducting a marketing process for a sale
of some or all of the Debtors' assets, and confirming the chapter 11 plan.  The Debtors believe
that the extension requested herein will provide the Debtors with the ability to make fully

informed decisions concerning the removal of any Actions and will ensure that the Debtors'
rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if
such an extension is not granted, the Debtors may not become aware of Actions until after the
Removal Period expires.

18.    Moreover, the rights of parties to the Actions will not be unduly prejudiced by the
Debtors' requested extension of the Removal Period.    Inasmuch as section 362(a) of the
Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not
proceed in their respective courts during these Chapter 11 Cases, even absent the relief requested
herein.    Further, if the Debtors ultimately seek to remove Actions pursuant to
Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to
28 U.S.C. § 1452(b).  Accordingly, the Debtors submit that cause exists for the relief requested
herein.

## **Reservation of Rights**

19.    Notwithstanding anything to the contrary herein, nothing contained in this Motion
or any actions taken pursuant to any order granting the relief requested by this Motion is
intended or should be construed as (a) an implication or admission as to the amount of, basis for,
or validity of any particular claim against the Debtors under the Bankruptcy Code or other
applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights
to dispute any particular claim on any grounds; (c) a promise or requirement to pay any
particular claim; (d) an implication, admission, or finding that any particular claim is an
administrative expense claim, other priority claim or otherwise of a type specified or defined in
this Motion or any order granting the relief requested by this Motion; (e) a request or
authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365
of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority,

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property

of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's,

claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law;

(h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or

policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens

(contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief

requested in this Motion are valid, and the rights of all parties in interest are expressly reserved

to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the

obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors'

rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or

unexpired lease.

## **Waiver of Memorandum of Law**

20.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon

which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Notice**

21.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) Gibson,

Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group of the Debtors' prepetition

term loan facilities; (d) Pachulski Stang Ziehl & Jones LLP, as counsel to the Committee; (e) the

agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (f) the

DIP Agent and counsel thereto; (g) the office of the attorney general for each of the states in

which the Debtors operate; (h) the United States Attorney's Office for the District of New

Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) party that has requested notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  January 2, 2024

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## <u>Exhibit A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Debtor Cyxtera Technologies,
Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de
Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

(Page | 2)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | SECOND ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

**SECOND ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | SECOND ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

Upon the *Debtors' Second Motion for Entry of an Order (I) Enlarging The Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enlarge the Removal Period for filing notices of removal of the Actions by 120 days, up to and including May 1, 2024, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | SECOND ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

1.    The Motion is **GRANTED** on a basis as set forth herein.

2.    The period within which the Debtors may file a notice of removal with respect to any proceeding related to these Chapter 11 Cases is extended through and including May 1, 2024.

3.    The extension granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file notices of removal with respect to proceedings related to these Chapter 11 Cases.

4.    This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5.    Nothing in this Order shall be construed as modifying or terminating any stay applicable to any act, action, or proceeding pursuant to section 362 of the Bankruptcy Code, or any order entered by this Court pursuant to section 105 of the Bankruptcy Code.

6.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 5)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | SECOND ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF |

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.