**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**FOURTH SUPPLEMENTAL DECLARATION OF**
**CHRISTOPHER MARCUS IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JUNE 4, 2023**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

I, Christopher Marcus, being duly sworn, state the following under penalty of perjury:

1. I am the president of Christopher Marcus, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland").[2] I am one of the lead attorneys from Kirkland working on the above captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2. I submit this fourth supplemental declaration (this "Fourth Supplemental Declaration") in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 4, 2023* [Docket No. 194] (the "Application").

**Background**

3. On June 4, 2023 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On June 30, 2023, the Debtors filed the Application pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

4. My original declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

5. On July 18, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 4, 2023* [Docket No. 289] (the "Retention Order").

6. On September 1, 2023, the Debtors filed the *Supplemental Declaration of Christopher Marcus in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 4, 2023* [Docket No. 481] (the "First Supplemental Declaration"). On November 22, 2023, the Debtors filed the *Second Supplemental Declaration of Christopher Marcus in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 4, 2023* [Docket No. 752] (the "Second Supplemental Declaration"). On December 14, 2023, the Debtors filed the *Third Supplemental Declaration of Christopher Marcus in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 4, 2023* (together with the Original Declaration, the First Supplemental Declaration, and the Second Supplemental Declaration, the "Previous Declarations").

7. I submit this Fourth Supplemental Declaration in support of the Application and to supplement the disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required by the Retention Order. Except as otherwise indicated in this Fourth Supplemental Declaration, all facts stated in this Fourth Supplemental Declaration are

based upon my personal knowledge of Kirkland's practices and Kirkland's representation of the Debtors and information learned from my review of relevant documents and information supplied to me by other parties, including partners or employees of Kirkland. No one individual at Kirkland has personal knowledge of all of the facts set forth in this Fourth Supplemental Declaration.

**Additional Disclosures**

8.   As set forth in the Prior Declarations and herein, Kirkland in the past may have represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed in the Prior Declarations and herein) to the Debtors and these chapter 11 cases.

9.   This Fourth Supplemental Declaration makes certain additional disclosures. As I stated in the Prior Declarations, Kirkland has searched its electronic database of representations for connections to parties in interest in these chapter 11 cases. Since the Petition Date, Kirkland has updated those conflicts searches and has searched additional parties as Kirkland became aware of additional parties in interest in these chapter 11 cases. In addition to the entities searched and disclosed in the Prior Declarations, Kirkland searched its electronic database for the entities listed on **Schedule 1**, attached hereto. The following is a list of the additional categories that Kirkland has searched:[3]

| Schedule | Category |
|---|---|
| 1(a) | Contract Counterparties |
| 1(b) | Non-Debtor Professionals |

---

[3]   Kirkland's inclusion of parties in the following schedules is solely to illustrate Kirkland's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

4

10. There were no results for Kirkland's conflicts searches of the entities included in the above-listed categories.[4] In addition, Kirkland re-ran searches in its electronic database for the entities that were previously reviewed in the Prior Declarations. The results of Kirkland's conflict searches from the entities that were re-run are listed on **Schedule 2**. All current and prior representations of the parties identified on **Schedule 2** are in matters unrelated to the Debtors and these chapter 11 cases. None of the representations set forth on **Schedule 2** are materially adverse to the interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Kirkland is not disqualified from acting as the Debtors' counsel merely because it represents certain of the Debtors' creditors or other parties in interest in matters unrelated to these chapter 11 cases.

11. As disclosed on **Schedule 2**, certain parties in interest in these chapter 11 cases are current or former Kirkland clients. Kirkland has not represented, nor will Kirkland represent, any of these parties or any of their affiliates in any matter related to these chapter 11 cases. I do not believe these representations preclude Kirkland from being disinterested under the Bankruptcy Code.

12. Generally, it is Kirkland's policy to disclose entities in the capacity that they first appear in a conflicts search. For example, if an entity already has been disclosed in the

---

[4] As referenced in **Schedule 2**, the term "current" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 12 months preceding the Petition Date. As referenced in **Schedule 2**, the term "former" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date. As referenced in **Schedule 2**, the term "closed" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed. Whether an actual client relationship exists can only be determined by reference to the documents governing Kirkland's representation rather than its potential listing in Kirkland's conflicts search system. The list generated from Kirkland's conflicts search system is over-inclusive. As a general matter, Kirkland discloses connections with "former" or "closed" clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

5

Prior Declarations in one capacity (*e.g.*, a customer), and the entity appears in subsequent conflicts search in a different capacity (*e.g.*, a vendor), Kirkland does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

### Confidential M&A Parties

13. The Debtors were in discussions with certain parties regarding potential M&A transactions regarding the Debtors and their businesses. Due to the inherently competitive nature of this process, it was imperative that the identities of these potential counterparties remained confidential and therefore were not disclosed publicly. Since that time, the identities of certain of these counterparties have been publicly disclosed as a result of the Debtors' sale process. The results, if any, of Kirkland's conflicts searches for such counterparties are included in **Schedule 1** attached hereto.

14. With respect to the potential counterparties that have not been publicly disclosed, the Debtors have disclosed to the United States Trustee for the District of New Jersey the identities of such potential counterparties and Kirkland's connections to such potential counterparties, and Kirkland believes such disclosure is sufficient and reasonable under the circumstances and at this time. However, should the Court request disclosure of the identities of the non-public potential counterparties, the Debtors are prepared to file with the Court under seal a version of this Fourth Supplemental Declaration that contains a schedule of the non-public potential counterparties and Kirkland's connections to such non-public potential counterparties. For the avoidance of doubt, Kirkland will not represent any of the non-public potential counterparties in connection with any matter in these chapter 11 cases.

**Affirmative Statement of Disinterestedness**

15. Based on the conflicts searches conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates, and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Prior Declarations and herein.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 25, 2024

Respectfully submitted,

*/s/ Christopher Marcus*
Christopher Marcus
as President of Christopher Marcus, P.C., as Partner of Kirkland & Ellis LLP; and as Partner of Kirkland & Ellis International LLP

# SCHEDULE 1

## List of Schedules

| Schedule | Category |
| --- | --- |
| 1(a) | Contract Counterparties |
| 1(b) | Non-Debtor Professionals |

## SCHEDULE 1(a)

**Contract Counterparties**

Liberty Commercial Finance LLC
Professional Bank

## SCHEDULE 1(b)

**Non-Debtor Professionals**

Jones Walker LLP
McCarthy Tétrault LLP

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Businesswire | PPW Holdings LLC | Current |