UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET
FOR THE PERIOD JUNE 4, 2023 THROUGH NOVEMBER 30, 2023**

In re Cyxtera Technologies, Inc., et al.,[1]          Applicant: Cole Schotz P.C.

Case No. 23-14853 (JKS)          Client:  Debtors and Debtors in Possession

Chapter 11          Cases Filed: June 4, 2023

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

_/s/ Michael D. Sirota_          1/25/2023
MICHAEL D. SIROTA          Date

| SECTION I<br>FEE SUMMARY |
|---|

Final Fee Application Covering the Period June 4,
2023 through November 30, 2023:

| | |
|---|---|
| FEE TOTALS | $308,419.50 |
| DISBURSEMENTS TOTALS | $2,792.64 |
| TOTAL FEE APPLICATION | $311,212.14 |

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED: | $308,419.50 | $2,792.64 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $570,882.90 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $61,683.90 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $246,735.60 | $2,792.64 |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://kccllc.net/cyxtera.  The location of the Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

| SECTION II |
| :---: |
| **CASE HISTORY** |

(1)   Date cases filed:  June 4, 2023

(2)   Chapter under which cases commenced:  Chapter 11

(3)   Date of retention:  June 4, 2023, Se̲e̲ **Exhibit A**.

      If limit on number of hours or other limitations to retention, set forth: n/a

(4)   Summarize in brief the benefits to the estate and attach supplements as needed:  Se̲e̲
      narrative portion of fee application.

(5)   Anticipated distribution to creditors:

      (a)   Administration expense: Paid in full.

      (b)   Secured creditors: To be paid in accordance with the *Fourth Amended Joint Plan
            of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates
            Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718, Exhibit A] (the
            "Plan").

      (c)   Priority creditors: To be paid in accordance with the Plan.

      (d)   General unsecured creditors: To be paid in accordance with the Plan.

(6)   Final disposition of case and percentage of dividend paid to creditors (if applicable):
      This is the final fee application.  The exact percentage of dividend paid to creditors is
      unknown at this time.

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**FIRST AND FINAL APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://kccllc.net/cyxtera.  The location of the Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

Cole Schotz P.C. ("Cole Schotz"), as co-counsel for Cyxtera Technologies, Inc. and its subsidiaries as debtors and debtors in possession (the "Debtors"), hereby submits this first and final fee application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*, dated July 21, 2023 [Docket No. 305] (the "Interim Compensation Procedures Order"), for professional services rendered by Cole Schotz for the period commencing June 4, 2023 through and including November 30, 2023 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Cole Schotz respectfully represents as follows:

## BACKGROUND

1.      On June 4, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Eric Koza, Chief Restructuring Officer of Cyxtera Technologies, Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 20] and incorporated by reference herein.

2

2.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 6, 2023, the Court entered an order [Docket No. 71] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Bankruptcy Rules.  On June 21, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 133].

3.      On September 26, 2023 the Debtors filed their *Disclosure Statement Relating to the Second Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 552] (the "Disclosure Statement") and on September 26, 2023, the Court entered the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 563].

4.      On November 13, 2023, the Debtors filed the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694], (the "Plan"). A hearing regarding confirmation of the Plan was held on November 16, 2023.

5.      On November 17, 2023, the Court entered the *Revised Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Chapter 11 Plan of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*  [Docket No. 718].

## INFORMATION REQUIRED BY THE GUIDELINES

### A.  The Scope of the Application

6.  Consistent with the Guidelines, Cole Schotz discloses the following concerning

the scope of the Application:

| | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | Debtors in Possession |
| Petition Date | June 4, 2023 |
| Retention Date | Order signed July 18, 2023 [Docket No. 290] ("Retention Order"), effective as of the Petition Date. |
| Date of Order Approving Employment | July 18, 2023; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | June 4, 2023 – November 30, 2023 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim and Final application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On July 21, 2023, this Court entered the Interim Compensation Procedures Order.  Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |

4

| | |
|---|---|
| Total Compensation (Fees) Sought this Period | $308,419.50 |
| Total Expenses Sought this Period | $2,792.64 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $750.60 |
| Blended rate in this application for all timekeepers | $631.10 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $246,735.60 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $2,792.64 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 5 |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $1,460,000.00 in fees during the Compensation Period and incurred $308,419.50 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [X]  Yes                    [] No |
| | $284,340.50 |

## B.      Summary of Time Keepers and Rate Increases

7.      With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; and (viii) the number of rate increases since the inception of the case.  One rate increase was implemented during the Compensation Period.

5

### C.      Customary and Comparable Compensation

8.      Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2022 calendar year as compared to the Compensation Period.  As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $631.10.

### D.      Statements from the Applicant

9.      Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher by 10% or more of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees). |
| Does the fee application includes any rate increases? | Yes |

### E.      Budget and Staffing Plan

10.     Consistent with the Guidelines, Cole Schotz provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits**

6

**D-1** and **D-2.**  As set forth below, the total hours and fees actually incurred did not exceed the

budget by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| June 4, 2023 - June 30, 2023 | 250.00 | 139.80 | $200,000.00 | $83,144.00 |
| July 2023 | 315.00 | 62.40 | $252,000.00 | $34,962.00 |
| August 2023 | 315.00 | 62.40 | $252,000.00 | $32,855.00 |
| September 2023 | 315.00 | 68.50 | $252,000.00 | $42,562.50 |
| October 2023 | 315.00 | 61.50 | $252,000.00 | $40,241.00 |
| November 2023 | 315.00 | 94.10 | $252,000.00 | $74,655.00 |
| **Total** | **1,825.00** | **488.70** | **$1,460,000.00** | **$308,419.50** |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

11.    Cole Schotz seeks allowance of compensation for professional services rendered

to the Debtors during the Compensation Period in the amount of $308,419.50.  In addition, Cole

Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition

of its services in the aggregate amount of $2,792.64.  During the Compensation Period, Cole

Schotz attorneys and paraprofessionals expended a total of 488.70 hours for which compensation

is requested.  The fees charged by Cole Schotz in this proceeding are billed in accordance with

its existing billing rates and procedures in effect during the Compensation Period.

12.    The following summary highlights the major areas in which Cole Schotz rendered

services during the Compensation Period.  As required by the Guidelines, the summary is

organized by project category.  A summary chart setting forth the number of hours spent and the

amount of compensation requested for each projected category is attached as **Exhibit E-1** and a

summary chart setting forth the amount of expenses requested by Cole Schotz in this Application

is attached as **Exhibit E-2**.  Detailed descriptions of services rendered are contained in Cole

Schotz's monthly fee statements for the Compensation Period.

### A.      Asset/Business Disposition

13.      This category includes time expended by Cole Schotz with respect to disposition of the Debtors' assets.  During the Compensation Period, Cole Schotz reviewed and revised the bidding procedures motion and assisted in coordinating and filing related sale notices.  Cole Schotz also reviewed and coordinated the filing of the sale motion with respect to certain assets in Canada.

### B.      Assumption and Rejection of Leases and Contracts

14.      This category includes time expended by Cole Schotz with respect to the assumption and rejection of the Debtors' leases and contracts.  During the Compensation Period, Cole Schotz reviewed and advised co-counsel on the form and content of the lease assumption and rejection procedures motion and coordinated the filing and service of related notices.  The Applicant also reviewed, filed and coordinated service of the motion to extend the deadlines to assume or reject leases pursuant to Section 365 of the Bankruptcy Code.

### C.      Business Operations

15.      This category includes time expended by Cole Schotz with respect to the Debtors' business operations.   During the Compensation Period, Cole Schotz engaged in ongoing discussions with the case professionals, including Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E") and other interested parties, and analyzed and made recommendations to the Debtors with respect to a variety of matters, including, among other things, the Debtors' first day pleadings. Moreover, Cole Schotz actively engaged in discussions with the Debtors, their advisors, and the U.S. Trustee regarding the Debtors' cash management and insurance obligations.

### D.    Case Administration

16.    This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of these Chapter 11 Cases, including significant time expended by Cole Schotz at the outset of these cases strategizing and coordinating with the Debtors' employees and advisors regarding these Chapter 11 Cases and the customs, rules, and procedures of New Jersey Practice.  Cole Schotz has been responsible for interfacing with the U.S. Trustee as well as the Court.  This category also includes time attending various hearings, including the first day hearings, and strategizing regarding the drafting and filing of various administrative motions and applications critical to the smooth and efficient functioning of these Chapter 11 Cases.  Cole Schotz's New Jersey expertise has been instrumental to the success of the Chapter 11 cases.

### E.    Claims Administration and Objections

17.    This category includes time expended by Cole Schotz with respect to the administration of the claims against the Debtors and related objections.  During the Compensation Period, Cole Schotz responded to creditor inquiries, addressed issues with landlords, and addressed comments from the U.S. Trustee regarding the bar date motion.

### F.    Fee Employment

18.    This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings.  Among other things, Cole Schotz conducted a thorough conflicts check analysis and prepared the Debtors' application to retain Cole Schotz as its counsel.  Cole Schotz assisted the Debtors' other counsel and advisors, including K&E, M3 Advisory Partners, LP, Katten Muchin Rosenman LLP, Hilco Real Estate, LLC, and AP Services, LLC (collectively, the "Retained Professionals") in the preparation, filing, and service of their own professional retention papers and provided counsel

9

regarding the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order.  Cole Schotz served as the primary liaison between the Retained Professionals and the U.S. Trustee regarding various retention and disclosure inquiries and coordinated the drafting and submission of related supplements to the Retained Professionals' retention applications. Separately, Cole Schotz facilitated the filing of declarations and questionnaires for numerous ordinary course professionals, including responding to and addressing questions and comments from the U.S. Trustee regarding same.

### G.    Fee Application Preparation

19.    This category includes time expended by Cole Schotz preparing and filing its own monthly fee statements, advising the other Retained Professionals with respect to their monthly fee statements and filing same, and coordinating the service of the foregoing and the filing of certifications of no objection with regard to same.

### H.    Litigation

20.    This category includes time expended by Cole Schotz with respect to various litigation matters other than avoidance action litigation.  During the Compensation Period, Cole Schotz reviewed multiple settlement motions, advised co-counsel with respect to same, and coordinated the filing and service of such motions.

### I.    Plan of Reorganization and Disclosure Statement

21.    These time categories include time Cole Schotz spent strategizing with the Debtors and their advisors regarding the Plan and Disclosure Statement and the amendments thereto. Cole Schotz participated in and advised on the negotiation of the Plan and Disclosure Statement with key constituents, including the preparation of the brief in support of confirmation. Further, Cole Schotz prepared for and attended the confirmation hearing.

10

### J.      Reporting

22.      This time category includes time Cole Schotz spent preparing the Debtors' schedules of assets and liabilities, statements of financial affairs and monthly operating reports, and responding to U.S. Trustee inquiries regarding same.

### RELIEF REQUESTED AND BASIS THEREFOR

23.      The professional services performed by Cole Schotz on the Debtors' behalf during the Compensation Period required an aggregate expenditure of 488.70 recorded hours by Cole Schotz's partners, associates and paraprofessionals. Of the aggregate time expended, 231.00 recorded hours were expended by members of Cole Schotz, 105.70 recorded hours were expended by associates, and 152.00 recorded hours were expended by paraprofessionals.

24.      During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $360.00 to $1,475.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $631.10, which represents a blended rate of $366.39 and $750.60 for paraprofessionals and attorneys, respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

25.      Cole Schotz has incurred $2,792.64 in direct out-of-pocket expenses in providing professional services during the Compensation Period. These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

26.      Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

11

27.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  See, In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.  Engel, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  See id. (citing, inter alia, Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

28.     Once the court determines that a service was necessary, it also assesses the reasonable value of the service.  11 U.S.C. § 303(a)(3).  Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

12

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.    In determining the reasonableness of fees, courts routinely employ the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 123 n.8 (3d Cir. 1999).

30.    In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11.  See 11 U.S.C. § 331.

31.    Here, as described above, Cole Schotz devoted a substantial amount of time and effort to addressing the numerous issues involved in these Chapter 11 Cases.  Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Debtors, and were

13

performed economically, effectively, and efficiently.  Because Cole Schotz's services benefitted the bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

32.     Further, Cole Schotz submits that consideration of the relevant factors enumerated in Lan Assocs. establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

(a)     *The Time and Labor Required*.  The professional services rendered by Cole Schotz on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the Debtors in these cases with skill and dispatch.  Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

(b)     *The Novelty and Difficulty of Questions*.  Although the issues in this case were not particularly novel, many legal challenges have arisen in the course of this case. Cole Schotz's effective assistance has facilitated the resolution of such issues.

(c)     *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization and its knowledge of New Jersey practice and procedure contributed to the efficient and effective representation of the Debtors in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Debtors did not preclude its acceptance of new clients.  However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these Chapter 11 Cases.

(e)     *The Customary Fee*.  The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(h)     *The Amount Involved and Results Obtained.*  Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  Cole Schotz is a professional association with approximately 170 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases.

33.     In addition, consistent with Section 331 of the Bankruptcy Code, this is Cole Schotz's first interim and final fee application.  This application is made more than 120 days from the Petition Date.  See 11 U.S.C. § 331.

*[Remainder of Page Intentionally Left Blank.]*

15

66090/0001-46146293v1

WHEREFORE, Cole Schotz respectfully requests a first interim and final fee allowance as bankruptcy counsel for the Debtors in the amount of $308,419.50 for fees for services rendered, together with reimbursement of expenses in the amount of $2,792.64, for a total fee award of $311,212.14.

Respectfully submitted,

Dated: January 25, 2024

/s/ *Michael D. Sirota*

COLE SCHOTZ P.C.
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and Debtors in Possession*

16

## Exhibit A

**Retention Order**

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</td></tr>
</table>

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Derek I. Hunter (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>edward.sassower@kirkland.com<br>christopher.marcus@kirkland.com<br>derek.hunter@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession* | **Order Filed on July 18, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |

| | |
|---|---|
| In re:<br><br>CYXTERA TECHNOLOGIES, INC., *et al*<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

(Page 2)
Debtors:                CYXTERA TECHNOLOGIES, INC., *et al*.
Case No.                23-14853 (JKS)
Caption of Order:       ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                        SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS
                        EFFECTIVE AS OF THE PETITION DATE

---

### ORDER APPROVING THE EMPLOYMENT AND RETENTION
### OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL
### TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered three (3) through eight (8), is hereby

**ORDERED**.

**DATED: July 18, 2023**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE |

Upon the application (the "**Application**")[2] of the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Cole Schotz P.C. ("**Cole Schotz**") as their bankruptcy co-counsel in these proceedings effective as of the Petition Date; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and Eric Koza in support thereof; and the Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14)

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 4)

Debtors:             CYXTERA TECHNOLOGIES, INC., *et al.*
Case No.             23-14853 (JKS)
Caption of Order:    ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE
                     SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS
                     EFFECTIVE AS OF THE PETITION DATE

---

of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the Debtors

are hereby authorized and empowered to employ and retain Cole Schotz as their bankruptcy co-counsel

in these Chapter 11 Cases effective as of the Petition Date.

3.      Any and all compensation to be paid to Cole Schotz for services rendered on the

Debtors' behalf, including compensation for services rendered in connection with the preparation of

the petition and accompanying papers, shall be fixed by application to this Court in accordance with

sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be

applicable, and any orders entered in these cases governing the compensation and reimbursement of

professionals for services rendered and charges and disbursements incurred.  Cole Schotz also shall

make a reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the

Application and the interim and final fee applications to be filed by Cole Schotz in the Chapter 11

Cases.

(Page 5)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE |

4.      In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Cole Schotz shall coordinate with Kirkland & Ellis LLP, Kirkland & Ellis International LLP and any additional firms the Debtors retain regarding their respective responsibilities in these Chapter 11 Cases.  As such, Cole Schotz shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Cole Schotz shall provide ten (10) days' prior notice of any such increases to the Debtors, the United States Trustee, and the Committee and shall file such notice with the Court.  All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      Cole Schotz shall (i) only bill 50% for non-working travel; (ii) not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any objections to any of Cole Schotz's fee applications in these cases; (iii) use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested

(Page 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE |

by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

7.     Notwithstanding anything in the Application or the Sirota Declaration to the contrary, Cole Schotz shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

8.     Notwithstanding anything in the Application and the Sirota Declaration to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.  No agreement or understanding exists between Cole Schotz and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Cole Schotz share or agree to share

(Page 7)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE |

compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

9.      Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision that "Our bills are due and payable upon receipt" shall be null and void during the pendency of these bankruptcy cases.

10.      Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, during the pendency of the Chapter 11 Cases, Cole Schotz's retainer shall be treated like a security retainer and shall not be drawn down absent Court order.

11.      As set forth in Cole Schotz's Standard Terms of Engagement for Legal Services, Cole Schotz's fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in any order granting that certain *Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 170]  and shall only be allowed upon entry of a Court order allowing them.

12.      Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision concerning fee disputes is null and void during the pendency of these Chapter 11 Cases.

(Page 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE |

13.     To the extent the Application, the Sirota Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

14.     The Debtors are authorized to take all action necessary to carry out this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | HOURS BILLED | FEES BILLED | HOURLY RATE[1] |
|---|---|---|---|---|---|---|
| Michael D. Sirota | Member | Bankruptcy | 1986 | 4.00 | $4,800.00 | $1,200.00 |
| Michael D. Sirota | Member | Bankruptcy | 1986 | 19.00 | $28,025.00 | $1,475.00 |
| Warren A. Usatine | Member | Bankruptcy | 1995 | 19.90 | $18,905.00 | $950.00 |
| Warren A. Usatine | Member | Bankruptcy | 1995 | 1.60 | $760.00 | $475.00 (travel) |
| Warren A. Usatine | Member | Bankruptcy | 1995 | 14.70 | $16,905.00 | $1,150.00 |
| Warren A. Usatine | Member | Bankruptcy | 1995 | 1.50 | $862.50 | $575.00 (travel) |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | 95.10 | $67,045.50 | $705.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | 2.80 | $987.00 | $352.50 (travel) |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | 64.10 | $54,485.00 | $850.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | 1.20 | $510.00 | $425.00 (travel) |
| Frumkin, Jacob S. | Member | Bankruptcy | 2010 | 4.60 | $2,806.00 | $610.00 |
| Frumkin, Jacob S. | Member | Bankruptcy | 2010 | 2.50 | $1,750.00 | $700.00 |
| Andreas D. Milliaressis | Associate | Bankruptcy | 2016 | 58.90 | $27,977.50 | $475.00 |
| Andreas D. Milliaressis | Associate | Bankruptcy | 2016 | 46.80 | $26,910.00 | $575.00 |
| Frances Pisano | Paralegal | Bankruptcy | n/a | 58.40 | $20,732.00 | $355.00 |
| Frances Pisano | Paralegal | Bankruptcy | n/a | 55.50 | $21,090.00 | $380.00 |
| Pauline Z. Ratkowiak | Paralegal | Bankruptcy | n/a | 19.30 | $6,948.00 | $360.00 |
| Pauline Z. Ratkowiak | Paralegal | Bankruptcy | n/a | 1.00 | $385.00 | $385.00 |
| Danielle Delehanty | Paralegal | Bankruptcy | n/a | 15.20 | $5,548.00 | $365.00 |
| Larry Morton | Paralegal | Bankruptcy | n/a | 2.30 | $874.00 | $380.00 |
| Suhailah S. Sallie | Paralegal | Bankruptcy | n/a | 0.30 | $114.00 | $380.00 |

---

[1] One rate increase has been implemented during the Compensation Period.

Client Name:            Cyxtera Technologies, Inc., et al.,
Case Number:            23-14853 (JKS)
Applicant's Name:       Cole Schotz P.C.
Date of Application:    January 25, 2024
Interim or Final:       Interim and Final

2

**EXHIBIT C**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| :--- | :---: | :---: |
| (using categories already maintained by the firm) | Billed by New Jersey Office Excluding Bankruptcy[1] | BILLED In this fee application |
| Member | $623.92 | $856.45 |
| Counsel | n/a | n/a |
| Associate | $382.41 | $519.28 |
| Paralegal | $312.96 | $366.39 |
| Other (please define) | $145.98[2] | n/a |
| All timekeepers aggregated | $516.69 | $631.10 |

| | |
| :--- | :--- |
| Client Name: | Cyxtera Technologies, Inc., et al., |
| Case Number: | 23-14853 (JKS) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | January 25, 2024 |
| Interim or Final: | Interim and Final |

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2022 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Law Clerk, Litigation Support Specialists, Project Assistants, Summer Associates, and Legal Practice Assistants.

**EXHIBIT D-1**

**BUDGET FOR THE PERIOD
JUNE 4, 2023 THROUGH JUNE 30, 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis | 5.00 | $4,000.00 |
| Asset/Business Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 0.00 | $0.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 0.00 | $0.00 |
| Fee Employment | 40.00 | $32,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 15.00 | $12,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 15.00 | $12,000.00 |
| Plan of Reorganization | 15.00 | $12,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 40.00 | $32,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 5.00 | $4,000.00 |
| **Total:** | **250.00** | **$200,000.00** |

**BUDGET FOR THE PERIOD JULY 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 20.00 | $16,000.00 |
| Asset Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 15.00 | $12,000.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 20.00 | $16,000.00 |
| Fee Employment | 15.00 | $12,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $16,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 40.00 | $32,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 35.00 | $28,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **315.00** | **$252,000.00** |

2

## BUDGET FOR THE PERIOD AUGUST 2023

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 20.00 | $16,000.00 |
| Asset Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 15.00 | $12,000.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 20.00 | $16,000.00 |
| Fee Employment | 15.00 | $12,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $16,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 40.00 | $32,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 35.00 | $28,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **315.00** | **$252,000.00** |

66090/0001-46258234v1

**BUDGET FOR THE PERIOD SEPTEMBER 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|:---:|:---:|
| Asset Analysis and Recovery | 20.00 | $16,000.00 |
| Asset Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 15.00 | $12,000.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 20.00 | $16,000.00 |
| Fee Employment | 15.00 | $12,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $16,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 40.00 | $32,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 35.00 | $28,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **315.00** | **$252,000.00** |

66090/0001-46258234v1

**BUDGET FOR THE PERIOD OCTOBER 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 20.00 | $16,000.00 |
| Asset Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 15.00 | $12,000.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 20.00 | $16,000.00 |
| Fee Employment | 15.00 | $12,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $16,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 40.00 | $32,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 35.00 | $28,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **315.00** | **$252,000.00** |

5

**BUDGET FOR THE PERIOD NOVEMBER 2023**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 20.00 | $16,000.00 |
| Asset Disposition | 20.00 | $16,000.00 |
| Assumption and Rejection of Leases and Contracts | 5.00 | $4,000.00 |
| Preference Actions/Response | 0.00 | $0.00 |
| Budgeting (Case) | 5.00 | $4,000.00 |
| Business Operations | 10.00 | $8,000.00 |
| Case Administration | 60.00 | $48,000.00 |
| Claims Administration and Objections | 15.00 | $12,000.00 |
| Corporate Governance and Board Matters | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 |
| Fee Application Preparation | 20.00 | $16,000.00 |
| Fee Employment | 15.00 | $12,000.00 |
| Fee Objections | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 |
| Litigation | 20.00 | $16,000.00 |
| Meetings of Creditors | 10.00 | $8,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 40.00 | $32,000.00 |
| Real Estate | 0.00 | $0.00 |
| Relief from Stay | 5.00 | $4,000.00 |
| Reporting | 35.00 | $28,000.00 |
| Tax Issues | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **315.00** | **$252,000.00** |

66090/0001-46258234v1

**EXHIBIT D-2**
**STAFFING PLAN FOR THE PERIOD JUNE 4, 2023 THROUGH NOVEMBER 30, 2023**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 4 | $851.25 |
| | Counsel | - | - |
| | Sr. Associate (7 or more years since first admission) | 1 | $475.00 |
| | Associate (4-6 years since first admission) | - | - |
| | Jr. Associate (1-3 years since first admission) | - | - |
| | Paralegal | 1 | $355.00 |
| | Other (please define) | 0 | - |

This staffing plan (the "Staffing Plan") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 85.00 | $68,000.00 | 0.00 | $0.00 |
| Asset/Business Disposition | 100.00 | $80,000.00 | 23.20 | $15,998.50 |
| Assumption and Rejection of Leases and Contracts | 30.00 | $24,000.00 | 24.80 | $14,889.50 |
| Preference Actions/Response | 0.00 | $0.00 | 0.00 | $0.00 |
| Budgeting (Case) | 30.00 | $24,000.00 | 2.50 | $1,256.50 |
| Business Operations | 60.00 | $48,000.00 | 12.10 | $9,709.50 |
| Case Administration | 320.00 | $256,000.00 | 104.30 | $57,584.00 |
| Claims Administration and Objections | 95.00 | $76,000.00 | 5.40 | $4,157.50 |
| Corporate Governance and Board Matters | 0.00 | $0.00 | 0.00 | $0.00 |
| Employee Benefits/Pensions | 0.00 | $0.00 | 0.00 | $0.00 |
| Fee Application Preparation | 100.00 | $80,000.00 | 66.60 | $32,384.50 |
| Fee Employment | 115.00 | $92,000.00 | 78.30 | $41,966.50 |
| Fee Objections | 0.00 | $0.00 | 0.00 | $0.00 |
| Financing | 0.00 | $0.00 | 4.80 | $3,991.00 |
| Litigation | 115.00 | $92,000.00 | 13.90 | $7,944.50 |
| Meetings of Creditors | 60.00 | $48,000.00 | 7.80 | $4,835.00 |
| Disclosure Statement | 200.00 | $160,000.00 | 27.20 | $19,484.00 |
| Plan of Reorganization | 275.00 | $220,000.00 | 84.10 | $77,096.00 |
| Real Estate | 0.00 | $0.00 | 0.00 | $0.00 |
| Relief from Stay | 30.00 | $24,000.00 | 0.70 | $512.50 |
| Reporting | 155.00 | $124,000.00 | 25.00 | $12,827.00 |
| Tax Issues | 0.00 | $0.00 | 0.90 | $663.50 |
| Valuation | 0.00 | $0.00 | 0.00 | $0.00 |
| Non-Working Travel | 55.00 | $44,000.00 | 7.10 | $3,119.50 |
| **Total:** | **1,825.00** | **$1,460,000.00** | **488.70** | **$308,419.50** |

Client Name:           Cyxtera Technologies, Inc., et al.,
Case Number:           23-14853 (JKS)
Applicant's Name:      Cole Schotz P.C.
Date of Application:   January 25, 2024
Interim or Final:      Interim and Final

2

66090/0001-46259366v1

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Computer Assisted Legal Research | $139.89 |
| Facsimile | $0.00 |
| Long Distance Telephone/Conference Calls | $0.00 |
| In-House Reproduction | $1,774.40 |
| Outside Reproduction | $0.00 |
| Outside Research | $0.00 |
| Filing Fees | $0.00 |
| Court Fees | $32.70 |
| Court Reporting | $696.00 |
| Travel | $65.00 |
| Delivery Services / Federal Express | $84.65 |
| Postage | $0.00 |
| Other (Explain) | $0.00 |
| **DISBURSEMENTS TOTAL** | **$2,792.64** |

| | |
|---|---|
| Client Name: | Cyxtera Technologies, Inc.., et al., |
| Case Number: | 23-14853 (JKS) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | January 25, 2024 |
| Interim or Final: | Interim and Final |