**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET FOR (I) THE MONTHLY PERIOD**
**OF JANUARY 1, 2024 THROUGH JANUARY 12, 2024, AND (II) FOR**
**THE FINAL PERIOD OF JUNE 27, 2023 THROUGH JANUARY 12, 2024**

| | |
|---|---|
| Debtor: CXYTERA TECHNOLOGIES, INC., et al.,[1] | Applicant: Alvarez & Marsal North America, LLC ("A&M") |
| Case No: 22-14853 (JKS) | Client: Official Committee of Unsecured Creditors |
| Chapter: 11 | Case Filed: June 4, 2023 |

**SECTION I**
**FEE SUMMARY**

Combined ☒ Monthly Fee Statement No. 7 and ☒ Final Fee Application

Summary of the Amounts Requested for the Monthly Period from
January 1, 2024 through January 12, 2023 (the "Monthly Application Period")
and the Final Period from June 27, 2023 through January 12, 2024 (the "Final Application Period")

Summary of Amounts Requested for Periods
between June 27, 2023 through December 31, 2023

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees and Expenses Requested: | $1,905,634.00 | $377.09 |
| Total Fees Allowed To Date: | $1,524,507.20 | $377.09 |
| Total Retainer (If Applicable): | N/A | N/A |
| Total Holdback/Outstanding Fees: | $381,126.80 | $0.00 |
| Unpaid Amount: | $381,126.80 | $0.00 |
| Total Received By Applicant: | $1,520,395.70 | $372.97 |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

| SECTION I |
|:---:|
| **FEE SUMMARY (CONTINUED)** |

**Summary of Time Detail by Professional**
**June 27, 2023 through January 12, 2024**

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Newman, Richard | Managing Director | $1,200 | 324.6 | $389,520.00 |
| Gonzalez, Andrea | Managing Director | 1,075 | 135.5 | 145,662.50 |
| Holsomback, Hunt | Managing Director | 1,025 | 18.2 | 18,655.00 |
| Scott, Tom | Managing Director | 1,025 | 24.6 | 25,215.00 |
| Waschitz, Seth | Senior Director | 950 | 153.8 | 146,110.00 |
| Vaid, Hameer | Senior Director | 925 | 45.2 | 41,810.00 |
| Domfeh, Kofi | Director | 850 | 572.4 | 486,540.00 |
| Drissen, Philipp | Director | 825 | 42.6 | 35,145.00 |
| Ashraf, Farris | Senior Associate | 700 | 436.4 | 305,480.00 |
| Soriano, Adam | Manager | 700 | 43.2 | 30,240.00 |
| Sinclair, Gibbons | Senior Associate | 675 | 0.9 | 607.50 |
| Hill, Michael | Associate | 575 | 284.4 | 163,530.00 |
| Saltz, Katy | Senior Associate | 525 | 44.5 | 23,362.50 |
| Desai, Bijal | Analyst | 525 | 0.4 | 210.00 |
| Singh, Kabir | Analyst | 475 | 63.2 | 30,020.00 |
| Rovitz, Alec | Analyst | 425 | 155.7 | 66,172.50 |
| **Grand Total** | | | **2,345.6** | **$1,908,296.50** |

**Summary of Monthly Application Period and Final Application Period**

| January 1, 2024 to January 12, 2024 | Hours | Fees |
|---|---:|---:|
| Professional Fees: | 3.1 | $2,662.50 |
| Expenses | | 218.07 |
| **Total Monthly Application Period:** | **3.1** | **$2,880.57** |

| June 27, 2023 to January 12, 2024 | | |
|---|---:|---:|
| Professional Fees: | 2,345.6 | $1,908,296.50 |
| Preparation of Final Fee Application: | | $8,500.00 |
| Expenses: | | 595.16 |
| **Total Final Fee Application Period** | | **$1,917,391.66** |

## SECTION II SUMMARY OF SERVICES

**Summary of Time Detail by Project Category**
**June 27, 2023 through January 12, 2024**

| Project Category | Hours | | Fees |
|---|---|---|---|
| Asset Sales | 105.9 | $ | 101,887.50 |
| Business Plan | 385.9 | | 283,655.00 |
| Case Administration | 41.5 | | 34,735.00 |
| Cash Budget | 123.5 | | 93,325.00 |
| Claims / Liabilities Subject to Compromise | 94.1 | | 80,487.50 |
| Contracts | 38.5 | | 34,705.00 |
| Court Attendance / Participation | 4.3 | | 2,610.00 |
| Employee Matters | 36.8 | | 30,660.00 |
| Fee Application | 99.5 | | 47,840.00 |
| Financial & Operational Matters | 218.7 | | 189,090.00 |
| Financing Matters (DIP, Exit, Other) | 122.6 | | 101,105.00 |
| Firm Retention | 4.6 | | 4,745.00 |
| General Correspondence with Debtor & Debtors' Professionals | 1.6 | | 1,670.00 |
| General Correspondence with UCC & UCC Counsel | 33.4 | | 34,645.00 |
| Insurance Matters | 0.4 | | 380.00 |
| Intercompany Claims | 38.6 | | 35,820.00 |
| Miscellaneous Motions | 46.6 | | 43,575.00 |
| Plan of Reorganization / Disclosure Statement | 415.8 | | 354,057.50 |
| Potential Avoidance Actions / Litigation Matters | 260.2 | | 216,535.00 |
| SOFAs & SOALs | 102.6 | | 83,800.00 |
| Tax Matters | 0.3 | | 360.00 |
| Valuation | 170.2 | | 132,609.00 |
| **Grand Total** | **2,345.6** | **$** | **1,908,296.50** |

## SECTION III
## SUMMARY OF EXPENSES

**Summary of Expenses by Category**
**June 27, 2023 through January 12, 2024**

| Expense Category | Total |
|---|---|
| Miscellaneous | $595.16 |
| **Grand Total** | **$596.16** |

---

**SECTION IV
CASE HISTORY**

---

(1)    Date cases filed:                              June 4, 2023

(2)    Chapter under which cases commenced:    Chapter 11

(3)    Date of Retention:                          June 27, 2023

(4)    Summarize in brief the benefits to the estate and attach supplements as needed during the Interim Application Period:

    (a)    A&M analyzed the Debtors' weekly cash flow budgets and budget-to-actual cash variances, and prepared cash flow presentations for the Committee

    (b)    A&M reviewed historical financial and operating data, and prepared applicable summaries for each – including document posted to the Debtors' virtual data room

    (c)    A&M actively prepared and maintained a due diligence request list to monitor documents requested and received from the Debtors' professionals

    (d)    A&M analyzed the Debtors' proposed DIP financing and assisted UCC counsel in drafting a DIP objection. A&M also prepared a DIP comparable analysis and developed a DIP settlement structure for the Committee

    (e)    A&M prepared and analyzed a entity by entity recovery model to educate the Committee on potential ranges of recoveries to general unsecured creditors. A&M prepared the analysis under multiple scenarios and prepared a presentation to the Committee to outline recovery scenarios

    (f)    A&M reviewed and analyzed various motions and orders as it related to these Chapter 11 Cases

    (g)    A&M analyzed general unsecured claims as it related to the Debtors' Plan

    (h)    A&M assesses the Debtors' sale process and corresponded with Debtors' professionals to understand the status of bidders, asset sales, lease sales, and lease terminations

    (i)    A&M conducted research with respect to potential avoidance actions and sources of value for general unsecured creditors

    (j)    A&M regularly participated on calls with the Committee, UCC counsel, and the Debtors' professionals as it related to these Chapter 11 Cases

    (k)    To the extent not addressed by the foregoing descriptions, A&M performed other services on behalf of the Committee that were necessary and appropriate in these Chapter 11 Cases

In support of this Statement, the following exhibits are annexed hereto:
- Exhibit A – Retention Order
- Exhibit B – A&M's summary of time detail by professional for the Monthly Application Period
- Exhibit C – A&M's summary of time detail by project category for the Monthly Application Period
- Exhibit D – A&M's itemized daily time records for the Monthly Application Period
- Exhibit E – A&M's itemized expense records for the Monthly Application Period
- Exhibit F – Certification of Richard Newman

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  February 21, 2024                    */s/ Richard Newman*
                                              Richard Newman

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Robert J. Feinstein

Bradford J. Sandler

Paul J. Labov

Cia Mackle

**PACHULSKI STANG ZIEHL & JONES LLP**

780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
cmckle@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*,[1] | Case No: 23-14853 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 14, 2024** |

**COMBINED SEVENTH MONTHLY AND FINAL FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC, FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR (I) THE MONTHLY PERIOD OF JANUARY 1, 2024 THROUGH JANUARY 12, 2024, AND (II) THE FINAL PERIOD OF JUNE 27, 2023 THROUGH JANUARY 12, 2024**

Alvarez & Marsal North America, LLC ("A&M"), financial advisor to the Official

Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly

administered chapter 11 cases (the "Chapter 11 Cases") of Cyxtera Technologies, Inc., *et al.* (the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

"Debtors") hereby submits this seventh monthly and final application for allowance of compensation and reimbursement of expenses (the "Application") pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses Retained by Order of this Court* entered on July 21, 2023 [Docket No. 305] (the "Administrative Fee Order").  Pursuant to 11 U.S.C. § 330 *et seq.*, A&M hereby seeks through this Application the monthly allowance of compensation in the amount of $2,662.50 in professionals' fees and $218.07 in expenses, for a total award of compensation and reimbursement of expenses in the amount of $2,880.57 (the "Monthly Amount") incurred as financial advisor to the Committee from January 1, 2024 through January 12, 2024 (the "Monthly Application Period"), final allowance of $1,908,296.50 in professionals' fees and $595.16 in expenses (inclusive of the Monthly Amount) and together with fees of $8,500.00 in connection with the preparation of this Application, for a total award of compensation and reimbursement of expenses in the amount of $1,917,391.66 (the "Final Amount") incurred as financial advisor to the Committee from June 27, 2023 through January 12, 2024 (the "Final Application Period"). In support hereof, A&M represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order, dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012.  Standing Order of Reference 12 1 (Simandle, C.J.).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

4.      The statutes and associated rules that form the bases for the relief requested herein are sections 328(a), 330, 331, and 1103 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2016 1.

**<u>BACKGROUND</u>**

5.      On June 4, 2023 ("the Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.      On June 6, 2023, the Court entered an to *the Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief* [Docket 71], for these Chapter 11 Cases.

7.      On June 21, 2023, Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee in these Chapter 11 Cases, effective June 30, 2024 [Docket 133].

8.      On June 27, 2023, the Committee selected A&M to serve as financial advisor to represent them in these Chapter 11 Cases.

9.      On July 21, 2023, the Court entered the Administrative Fee Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases [Docket 305].

10.     On July 31, 2023, the Committee filed its application to retain A&M as financial advisor (the "Retention Application") [Docket 351].

11.     On August 8, 2023, this Court entered an order granting the Retention

Application, authorizing and approving the employment of A&M financial advisor to the Committee effective as of June 27, 2023 (the "Retention Order") [Docket 381], which is attached hereto as **Exhibit A**.

12.     On November 17, 2023, the Court entered the Revised Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket 718].

13.     On January 12, 2024, the Debtors filed the Notice of (a) Entry of the Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (b) Occurrence of the Effective Date [Docket 855].

14.     Pursuant to the Administrative Fee Order, A&M submitted six monthly fee statements during the Final Application Period — [Docket Nos. 466, 520, 590, 766, 835, and 884] (the "Monthly Fee Statements").  In addition, A&M incurred fees professional fees and expenses in the amount of $2,880.57 for the period of January 1, 2024, through January 12, 2024, which is illustrated within this Application. The following is a summary of allowances requested in the Monthly Fee Statements and for the remaining Monthly Application Period:

| Date [Docket] | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Fees/Expenses Paid | Fees/Expenses Unpaid |
|---|---|---|---|---|---|---|---|
| 8/28/23 [466] | 6/27/23-7/31/23 | $692,321.50 | $48.89 | $553,857.20 | $48.89 | $553,906.09 | $138,464.30 |
| 9/19/23 [520] | 8/1/23 - 3/31/23 | $671,087.50 | $140.70 | $536,870.00 | $140.70 | $537,010.70 | $134,217.50 |
| 10/11/23 [590] | 9/1/23-9/30/23 | $435,645.00 | $137.78 | $348,516.00 | $137.78 | $348,653.78 | $87,129.00 |
| 11/29/23 [766] | 10/1/23-10/31/23 | $86,590.00 | $40.27 | $69,272.00 | $40.27 | $69,312.27 | $17,318.00 |
| 12/22/23 [835] | 11/1/23-11/30/23 | $14,850.00 | $5.33 | $11,880.00 | $5.33 | $11,885.33 | $2,970.00 |
| 1/25/24 [884] | 12/1/23-12/31/23 | $5,140.00 | $4.12 | $4,112.00 | $4.12 | $0.00 | $5,144.12 |
| * | 1/1/23-1/12/23 | $2,662.50 | $218.07 | $0.00 | $0.00 | $0.00 | $2,880.57 |
| **TOTAL** ** | | **$1,908,296.50** | **$595.16** | **$1,524,507.20** | **$377.09** | **$1,520,768.17** | **$388,123.49** |

*Reflects the date and docket number that this Application has been submitted

**Excludes $8,500.00 in fees in connection with the preparation of this Application

15.     As of the filing of this Application, A&M has received $1,520,395.20 in fees and $372.97 in expenses pursuant to the Administrative Fee Order for the Monthly Fee Statements filed during these Chapter 11 Cases.

## SUMMARY OF SERVICES RENDERED

16.     A&M provided significant services to the Committee in connection with this Chapter 11 case and on behalf of the Committee in accordance with the A&M's professional responsibilities during the Monthly and Final Fee Application Periods. The services rendered were necessary to the administration of this Chapter 11 case and the representation of the interests of the investors and creditors which comprise the Committee. Such services include, but were not limited to:

*Plan or Reorganization (415.8)*

17.     During the Final Application Period, A&M conducted analyses of the Debtors'

Disclosure Statement and Plan of Reorganization to prepare a waterfall model to evaluate recoveries to creditors. A&M reviewed the financial forecasts associated with the Debtors' plan, as well as the Debtors' liquidation analysis. Further, A&M analyzed the Debtors' claims pool and sources of distributable value, to prepare creditor recoveries under substantive consolidation and no substantive consolidation scenarios. A&M also reviewed the Plan Supplement, and GUC trust agreement.

### Business Plan (385.9)

18.    During the Final Application Period, A&M prepared various analyses related to the Debtors' business plan forecast. A&M assisted Committee counsel with its evaluation of the feasibility of the Debtors' business plan after confirmation. A&M analyzed revenue forecasts, including bookings, churn, and escalators, as well capital expenditure forecast, operating costs and data center footprint rationalization strategy. Further, A&M reconciled these analyses to the Debtors' forecast EBITDA and cash flow profile.

### Potential Avoidance Actions / Litigation Matters (260.2)

19.    During the Final Application Period, A&M investigated past transactions involving the Debtors' equity sponsors and related third parties to ascertain the potential for avoidance actions and/or fraudulent transfers. A&M analyzed the Debtors' public filings including annual financial statements and proxy statements, to evaluate the impact of transactions undertaking by management and officers, both past and present, on the performance of the business. A&M also analyzed the Debtors' internal documents including board minutes and management presentations to investigate the actions of directors and officers. Further, A&M performed an investigation into the Debtors' prior transactions involving related third parties and to pursue other potential sources of recovery through causes of action.

### *Financial & Operational Matters (218.7)*

20.     During the Final Application Period, A&M evaluated the Debtors' current operations and financial position. A&M analyzed the Debtors' proposed data center rationalization strategy and assessed each of the Debtors' projected utilization and financial performance under different scenarios. A&M reviewed and analyzed financial and operating information provided by the Debtors' advisors to promote our understanding of the Debtors' business. A&M prepared and maintained an extensive due diligence request list to facilitate our review process and to identify issues affecting recoveries to unsecured creditors.

### *Valuation (170.2)*

21.     During the Final Application Period, A&M analyzed various property appraisal reports and the Debtors' financial models. A&M routinely updated property financial models and incorporated the Debtors' projections into various financial analyses to evaluate the projected property value. A&M also prepared a discount rate sensitivity analysis and net present value analysis for various property financial models.

### *Cash Budget (123.5)*

22.     During the Final Application Period, A&M evaluated the Debtor's cash flow budget for the business during and after the Chapter 11 process. A&M analyzed the Debtor's budget-to-actual cash flow reporting and variance testing. Further, A&M participated on calls with the Debtors' professionals to address the Debtors' liquidity runway in addition to preparing presentations for the Committee. A&M reviewed the Debtors' proposed wind-down budget and participated in calls with Committee counsel and Debtors' professionals to evaluate cash available to General Unsecured Creditors.

***Financing Matters (DIP, Exit, Other) (122.6)***

23.     During the Final Application Period, A&M reviewed the DIP credit agreement and performed analyses to support UCC counsel's objection to the DIP. Additionally, A&M corresponded with UCC counsel and assisted Committee counsel in evaluating the Committees negotiating position and several settlement proposals. Lastly, A&M prepared a DIP comparable analysis and developed an issues list to aid in negotiations with the DIP lenders.

***Asset Sales (105.9)***

24.     During the Final Application Period, A&M monitored the Debtors' asset sale process associated with the Debtors' Plan, and extensively evaluated purchase offers from bidders, including but not limited to, Asset Purchase Agreements, contract assumptions and rejections, cure costs, working capital requirements, among other relevant financial and sale transaction matters. Lastly, A&M analyzed the asset sale process in its entirety and the economic impact of sale proposals on the Debtors' estate for the Committee.

***SOFAs & SOALs (102.6)***

25.     During the Final Application Period, A&M reviewed and analyzed the Debtors' Statement of Financial Affairs ("SOFA") and Schedule of Assets and Liabilities ("SOAL") to evaluate the Debtors' financial position, intercompany transfers, and payments to creditors. A&M prepared a presentation summarizing the Debtors' SOFA/SOALs for the Committee.

26.     In support of this Application, A&M has provided the following exhibits attached hereto for this Fee Statement:  (i) **Exhibit "A"** is a copy of the Final Retention Order of Alvarez & Marsal North America, LLC (ii) **Exhibit "B"** is the summary of time detail by professional for the Monthly Application Period, (iii) **Exhibit "C"** is the summary of time detail by project category for the Monthly Application Period, (iv) **Exhibit "D"** is the itemized daily time records

for the Monthly Application Period, (v) **Exhibit "E"** is the itemized expense records for the Monthly Application Period, and (vi) **Exhibit "F"** is a Certification of Richard Newman in support of this Application.

27.    A&M also expressly incorporates by reference the filed Monthly Fee Statements including the exhibits in support thereof, which include A&M's professional time and expense records for those specific periods. The time records have been maintained by A&M contemporaneously with the services rendered. The services provided have been itemized at 0.1 hour intervals.

## **BASIS FOR RELIEF REQUESTED**

28.    Section 330 of the Bankruptcy Code provides that a professional retained under section 327 of the Bankruptcy Code may apply to the Court for a final award of compensation or reimbursement of expenses on notice to parties in interest and the United States Trustee and a hearing. Section 331 of the Bankruptcy Code provides that a professional retained under section 327 of the Bankruptcy Code may apply to the Court for an interim award of compensation or reimbursement of expenses not more than once every 120 days unless the court permits more frequent applications. 11 U.S.C. § 331. This is A&M's seventh application for a monthly award of compensation and expenses and its final application for compensation and expenses.

29.    The standards for a final award of compensation and expenses under § 330 also govern an interim application. 11 U.S.C. § 331. Section 330(a)(1) permits an award of either:

    i.    "[R]easonable compensation for actual, necessary services rendered"; and
   ii.    "[R]eimbursement for actual, necessary expenses."

30.    Section 330 further provides guidance as to the relevant considerations for

analyzing whether the requested compensation is reasonable:

> (3)  In determining what constitutes reasonable compensation...the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> 1.  The time spent on such services;
>
> 2.  The rates charges for such services;
>
> 3.  Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> 4.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> 5.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> 6.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  11 U.S.C. § 330(a)(3)(A)–(F)

## **RELIEF REQUESTED**

31.    A&M seeks a monthly allowance for services rendered and expenses incurred from January1, 2024, through and including January 12, 2024, the Effective Date under the Plan. A&M also seeks a final award for services rendered and expenses incurred from June 27, 2023 through January 12, 2024, as well as fees in connection with the preparation of this Application.

32.    Specifically, A&M seeks a monthly award of fees in the amount of $2,662.50 in professionals' fees and $218.07 in expenses for a total award of compensation in the amount of $2,880.57 incurred for professional services rendered during the Monthly Application Period. A&M also seeks a final award of fees in the amount of $1,916,796.50 in professionals' fees (inclusive of the Monthly Amount and $8,500.00 in connection with the preparation of this Application) and $595.16 (inclusive of the Monthly Amont) in expenses for a total award of compensation in the amount of $1,917,391.66 incurred for professional services rendered for the

Committee from June 27, 2023 through January 12, 2024. A&M hereby seeks full monthly and final allowance of its fees and expenses as detailed above and authorization for the Debtors to pay such balance, less amounts already paid pursuant to the Administrative Fee Order.

33.    A&M expressly incorporates by reference the Monthly Fee Statements, including the exhibits in support thereof, which include A&M's professional time and expense records for the balance of the Final Period.

34.    A&M respectfully submits that the hourly rates for each professional involved in this matter, as well as the awards requested herein, are reasonable under the circumstances. Time spent was kept to the minimum reasonably necessary to render effective service. There has been minimal, if any, duplication of services.

35.    Various personnel of A&M worked on the matters in this bankruptcy case depending on the expertise required. Richard Newman has served as the lead professional in this case, working closely with other personnel of A&M.

36.    The Affidavit Richard Newman is annexed hereto as **Exhibit F**, which is submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

37.    A&M submits that the fees and expenses requested herein are reasonable and necessary given the issues encountered in this case.

**WHEREFORE**, A&M respectfully requests that the Court:

38.    Award monthly compensation in the amount of $2,662.50 in professionals' fees and $218.07 in expenses for a total award of compensation in the amount of $2,880.57.

39.    Award final compensation in the amount of $1,916,796.50 in professionals' fees and $595.16 in expenses (inclusive of the Monthly Amount and fees in connection with the

preparation of this Application) for a total award of compensation in the Final Amount of

$1,917,391.66;

40.    Authorize and direct the Debtors to pay such compensation, less any amount

already paid pursuant to the Administrative Fee Order, per 11 U.S.C. §§ 330 and 331;

41.    Afford A&M such other and further relief as the Court deems just and proper.


Dated: February 21, 2024                    **ALVAREZ & MARSAL NORTH
                                            AMERICA, LLC**

                                            By: */s/ Richard Newman*                    
                                            Richard Newman
                                            540 W. Madison, Suite 1800
                                            Chicago, IL 60661
                                            Telephone: (469) 231-6780
                                            rnewman@alvarezandmarsal.com

                                            *Financial Advisor to the Official Committee of
                                            Unsecured Creditors*

**EXHIBIT A**

ALVAREZ & MARSAL NORTH AMERICA, LLC
RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein
Bradford J. Sandler
Paul J. Labov
Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Proposed Counsel for the Official Committee of
Unsecured Creditors*

Order Filed on August 8, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*,[1] | Case No. 23-14853 (JKS) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, CYXTERA TECHNOLOGIES, INC., ET AL., EFFECTIVE AS OF JUNE 27, 2023

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: August 8, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of June 27, 2023, and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1.      The Application is approved as set forth therein.

2.      In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain A&M effective as of June 27, 2023, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

3.      The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved.  However, the Debtors' obligations to

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

indemnify A&M pursuant to the indemnification provisions included in the Application are subject to the following:

(a)    all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified if the Debtors or a representative of the estate, asserts a claim for, and a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct; and

(b)    in the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.    A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330

DOCS_DE:243957.2 16381/002

and 331, such Bankruptcy Rules as may then be applicable, the Local Bankruptcy Rules, the

Guidelines, and the Court's Interim Compensation Order and any amendments or modifications

thereto.

5.      To the extent that there may be any inconsistency between the terms of the

Application and this Order, the terms of this Order shall govern.

6.      The Committee and A&M are authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order in accordance with the Application.

7.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

8.      Notice of the Application as provided therein is deemed to be good and sufficient

notice of such Application, and the requirements of the Bankruptcy Rules and the Local

Bankruptcy Rules are satisfied by the Application.

9.      This Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this Order and A&M's services for the Committee.

DOCS_DE:243957.2 16381/002

**EXHIBIT B**

SUMMARY OF TIME DETAIL BY PROFESSIONAL
FOR THE MONTHLY APPLICATION PERIOD

*Exhibit B*

*CYXTERA TECHNOLOGIES, INC., et al.*
*Summary of Time Detail by Professional*
*January 1, 2024 through January 12, 2024*

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Newman, Rich | Managing Director | 1,200 | 0.6 | $ 720.00 |
| Waschitz, Seth | Senior Director | 950 | 1.2 | 1,140.00 |
| Domfeh, Kofi | Director | 850 | 0.2 | 170.00 |
| Hill, Michael | Director | 575 | 1.1 | 632.50 |
| | | **Total** | **3.1** | **$ 2,662.50** |

**EXHIBIT C**

SUMMARY OF TIME DETAIL BY PROJECT CATEGORY
FOR THE MONTHLY APPLICATION PERIOD

*Exhibit C*

*CYXTERA TECHNOLOGIES, INC., et al.*
*Summary of Time Detail by Project Category*
*January 1, 2024 through January 12, 2024*

| Project Category | Hours | | Fees |
|---|---|---|---|
| Cash Budget | 1.0 | $ | 630.00 |
| Claims / Liabilities Subject to Compromise | 0.8 | | 772.50 |
| Fee Application | 1.2 | | 1,140.00 |
| Financial & Operational Matters | 0.1 | | 120.00 |
| **Total** | **3.1** | **$** | **2,662.50** |

**EXHIBIT D**
ITEMIZED DAILY TIME RECORDS
FOR THE MONTHLY APPLICATION PERIOD

*Exhibit D*

**CYXTERA TECHNOLOGIES, INC., et al.**
*Time Detail by Project Category*
*January 1, 2024 through January 12, 2024*

| Professional | Date | Hours | Time Description |
|---|---|---|---|
| **Cash Budget** | | | |
| Hill, Michael | 1/5/2024 | 0.4 | Analyze updated weekly cash flow variance report |
| Hill, Michael | 1/5/2024 | 0.2 | Participate in call with AlixPartners and A&M Team (Domfeh) re: updated cash variance report |
| Domfeh, Kofi | 1/5/2024 | 0.2 | Participate in call with AlixPartners and A&M Team (Hill) re: updated cash variance report |
| Hill, Michael | 1/5/2024 | 0.2 | Correspond with A&M team re: updated cash variance report |
| **Subtotal** | | **1.0** | |
| **Claims / Liabilities Subject to Compromise** | | | |
| Hill, Michael | 1/4/2024 | 0.3 | Review claims greater than twenty million dollars |
| Newman, Rich | 1/4/2024 | 0.4 | Outline analysis to determine GUC threshhold |
| Newman, Rich | 1/4/2024 | 0.1 | Send GUC threshold email to UCC counsel |
| **Subtotal** | | **0.8** | |
| **Fee Application** | | | |
| Waschitz, Seth | 1/3/2024 | 0.9 | Prepare December fee statement |
| Waschitz, Seth | 1/12/2024 | 0.3 | Update December fee statement |
| **Subtotal** | | **1.2** | |
| **Financial & Operational Matters** | | | |
| Newman, Rich | 1/4/2024 | 0.1 | Speak to UCC counsel re: trust |
| **Subtotal** | | **0.1** | |
| **Grand Total** | | **3.1** | |

**EXHIBIT E**
ITEMIZED DAILY EXPENSE RECORDS
FOR THE MONTHLY APPLICATION PERIOD

*Exhibit E*

*CYXTERA TECHNOLOGIES, INC., et al.*
*Itemized Time Detail by Expense Category*
*January 1, 2024 through January 12, 2024*

| Category / Professional | Date | Expenses ($) | Description |
|---|---|---|---|
| **Miscellaneous** | | | |
| Newman, Rich | Jan-1 | $ 218.07 | Insight Center - Case Research Fees |
| **Grand Total** | | $ **218.07** | |

**EXHIBIT F**

CERTIFICATION OF RICHARD NEWMAN

<table>
<tr><td colspan="2">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein
Bradford J. Sandler
Paul J. Labov
Cia Mackle
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
cmckle@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

</td></tr>
<tr><td>

In re:

CYXTERA TECHNOLOGIES, INC., *et al.*,[1]

                Debtors.

</td><td>

Chapter 11

Case No:  23-14853 (JKS)

(Jointly Administered)

</td></tr>
</table>

## <u>CERTIFICATION OF RICHARD NEWMAN</u>

I, Richard Newman, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a Managing Director with Alvarez & Marsal North America, LLC

("A&M"), financial advisor to the Official Committee of Unsecured Creditors in the Chapter 11

proceedings of National Realty Investment Advisors, LLC[1], *et al*., and respectfully submit this

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Debtor Cyxtera Technologies, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 2333 Ponce de Leon Boulevard, Ste. 900, Coral Gables, Florida 33134.

certification in support of the combined Seventh Monthly and Final Fee Application for compensation and reimbursement of expenses of A&M, for the Monthly Period from January 1, 2024 through January 12, 2024 (the "Monthly Application Period") and the Final Period from June 27, 2023 through January 12, 2024 (the "Final Application Period").

2.    In accordance with 18 U.SC. § 155 and the Rules of this Court, neither I nor any member or associate of this firm has entered into any agreement, either written or oral, express or implied, with the Official Committee of Unsecured Creditors or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any fees or other compensation to be allowed out of or paid from the assets of the Debtors or its estate.

3.    In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, this firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for a division of such compensation as this firm may receive from the Court herein. No division of fees, as prohibited by Section 504 of the Bankruptcy Code, will be made by me or any member or associate of this firm.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated:

February 21, 2024

**ALVAREZ & MARSAL NORTH AMERICA, LLC**

By: */s/ Richard Newman*
Richard Newman
540 W. Madison, Suite 1800
Chicago, IL 60661
Telephone: (469) 231-6780
rnewman@alvarezandmarsal.com

*Financial Advisor to the Official Committee of Unsecured Creditors*