**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is:  c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**NOTICE OF
THE POST-EFFECTIVE DATE
DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) GRANTING THE POST-EFFECTIVE
DATE DEBTORS' MOTION FOR FINAL DECREE CLOSING
CERTAIN OF THE CHAPTER 11 CASES, (II) AMENDING THE
CAPTION OF THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on March 26, 2024, at 11:00 a.m., prevailing Eastern Time, or as soon thereafter as counsel may be heard, the above-captioned post-effective date debtors (the "Post-Effective Date Debtors"), by and through their undersigned counsel, shall move the *Post-Effective Date Debtors' Motion for (I) Entry of a Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief* (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, authorizing the Post-Effective Date Debtors to close certain of the Chapter 11 Cases and to amend the caption of the Remaining Case.[2]

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Post-Effective Date Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

PLEASE TAKE FURTHER NOTICE that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at https://www.kccllc.net/cyxtera.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: March 5, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com

*Co-Counsel for Post-Effective Date Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[3] | (Jointly Administered) |

---

[3]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is:  c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**POST-EFFECTIVE DATE
DEBTORS' MOTION FOR (I) ENTRY OF
A FINAL DECREE CLOSING CERTAIN OF THE
CHAPTER 11 CASES, (II) AMENDING THE CAPTION OF
THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE JOHN K. SHERWOOD

UNITED STATES BANKRUPTCY JUDGE:

The above-captioned post-effective date debtors (collectively, the "Post-Effective Date Debtors," and before the Effective Date[4] of the Plan, collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

### Relief Requested

1.     The Post-Effective Date Debtors seek entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"):  (a) closing each of the Post-Effective Date Debtors' Chapter 11 Cases other than the case of Cyxtera Technologies, Inc., Case No. 23-14853 (the "Remaining Case"), (b) amending the caption of the Remaining Case to the caption as provided in Exhibit 1 of the Final Decree, and (c) granting related relief.

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Post-Effective Date Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later

---

[4]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (as amended, supplemented, or otherwise modified from time to time, the "Plan").

2

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 350(a) of Title 11 of the United States Code (the "Bankruptcy Code"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3022-1 of the Local Bankruptcy Rules for the Court (the "Local Rules").

## Background

5.      On June 4, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[5]  On June 6, 2023, the Court entered an order [Docket No. 71] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) under the case of Cyxtera Technologies, Inc., Case No. 23-14853.  The Chapter 11 Cases other than the Lead Case are as follows:

| Affiliate Debtor | Case No. |
|---|---|
| Cyxtera Canada TRS, ULC | 23-14854 |
| Cyxtera Canada, LLC | 23-14855 |
| Cyxtera Communications Canada, ULC | 23-14856 |
| Cyxtera Communications, LLC | 23-14852 |
| Cyxtera Data Centers, Inc. | 23-14857 |
| Cyxtera DC Holdings, Inc. | 23-14858 |
| Cyxtera DC Parent Holdings, Inc. | 23-14859 |
| Cyxtera Digital Services, LLC | 23-14860 |
| Cyxtera Employer Services, LLC | 23-14861 |
| Cyxtera Federal Group, Inc. | 23-14862 |
| Cyxtera Holdings, LLC | 23-14863 |
| Cyxtera Management, Inc. | 23-14864 |

---

[5]   A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Eric Koza, Chief Restructuring Officer of Cyxtera Technologies, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20].

| Cyxtera Netherlands B.V. | 23-14865 |
|---|---|
| Cyxtera Technologies, LLC | 23-14867 |
| Cyxtera Technologies Maryland, Inc. | 23-14866 |

6.      On October 31, 2023, the Debtors and Phoenix Data Center Holdings LLC (the "Purchaser"), an affiliate of Brookfield Infrastructure Partners L.P., entered into an asset purchase agreement (the "Purchase Agreement") memorializing the terms of an Asset Sale whereby the Purchaser agreed to, among other things, purchase substantially all of the Debtors' assets in exchange for $775 million in cash, subject to certain adjustments (the "Sale Transaction").

7.      On November 17, 2023, the Court confirmed the Plan and entered the *Revised Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] (the "Confirmation Order"), which, among other things, approved the Sale Transaction.  The Confirmation Order is final, non-appealable, and not subject to any pending appeal.

8.      On January 12, 2024, the Debtors substantially consummated the transactions contemplated under the Plan, including closing the Sale Transaction, and the Effective Date occurred.[6]

9.      On February 26, 2024, pursuant to section 6.6 of the Purchase Agreement, the Post-Effective Date Debtors caused an amendment to the certificate of incorporation for Cyxtera Technologies, Inc. ("Cyxtera") to occur, changing Cyxtera's corporate name to CTI Liquidation Co., Inc.

---

[6]     *See Notice of (A) Entry of Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855].

10.     Although the Post-Effective Date Debtors do not currently anticipate any significant contested matters related to these Chapter 11 Cases, miscellaneous motions, applications, pleadings, or other matters or proceedings are likely to arise from time to time (collectively, the "Remaining Matters").   Any Remaining Matters related to any of the Post-Effective Date Debtors can be filed, administered, and adjudicated in the Remaining Case without any substantive or negative impact on any party in interest.[7]

11.     The Post-Effective Date Debtors believe that closing these Chapter 11 Cases other than the Remaining Case is in the best interest of the Post-Effective Date Debtors as it will greatly reduce the fees attributable to remaining in chapter 11.

## Basis for Relief

**A.  Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 Authorize the Closure of the Affiliate Cases.**

12.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

13.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.   The Advisory Committee Note to

---

[7]     The Post-Effective Date Debtors, or the GUC Trust (acting through the GUC Trustee), as applicable, reserve all rights to dispute any outstanding claims, and the failure of the Post-Effective Date Debtors or the GUC Trust (acting through the GUC Trustee), as applicable, to object to any claim filed in these Chapter 11 Cases prior to entry of the Final Decree shall not cause such claim to be deemed allowed.  The Post-Effective Date Debtors request that the Court permit any objections to claims against or interests in any of the Chapter 11 Cases to be filed, administered, and adjudicated in the Remaining Case.

Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    i.     whether the order confirming the plan has become final;

    ii.     whether deposits required by the plan have been distributed;

    iii.     whether the property proposed by the plan to be transferred has been transferred;

    iv.     whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    v.     whether payments under the plan have commenced; and

    vi.     whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of fully administered. *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *1 (Bankr. D. Del. June 24, 2005).

14.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, In re Broadway 401 LLC.*, No. 10-10070 (KJC), 2011 WL 6008362 at *1 (Bankr. D. Del. Dec. 8, 2011) (approving the debtor's case closing motion pursuant to Bankruptcy Rule 3022 because the court was "satisfied that the [d]ebtors ha[d] achieved substantial consummation of their Plan"). Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

15.    Bankruptcy courts have adopted the view that "[the Advisory Committee Note] factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2.

16.    Courts have also noted that entry of a final decree is appropriate to stop the accrual of fees paid to the United States Trustee pursuant to section 1930 of the United States Code (the "Section 1930 Fees"). *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

17.    Here, the foregoing factors weigh overwhelmingly in favor of closing all of the Chapter 11 Cases other than the Remaining Case (collectively, the "Affiliate Cases").  The Confirmation Order is a final order, the Effective Date of the Plan has occurred, and the Plan was substantially consummated.  The Debtors' estate property has transferred to the Purchaser or the Post-Effective Date Debtors, as applicable, in accordance with the Plan and the Purchase Agreement, the Purchaser has assumed the management and control over the Debtors' businesses, the Plan Administrator has been appointed in accordance with the Plan, initial distributions have occurred in accordance with the Plan, the GUC Trust has been funded, and all motions, contested matters, and adversary proceedings have been resolved.  Therefore, the Affiliate Cases have been "fully administered."  Closing the Affiliate Cases is consistent with the confirmed Plan, which provides that the Post-Effective Date Debtors "shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Cases."  Plan, Art. XII.N.

18.     While the Post-Effective Date Debtors acknowledge that the payment of certain claims may be pending, such claims will be paid pursuant to the Plan in the Remaining Case, by the Post-Effective Date Debtors, by the GUC Trustee on behalf of the GUC Trust, or outside the Chapter 11 Cases in accordance with the Bankruptcy Code and the Plan.  The fact that certain distributions to be made pursuant to a plan remain to be distributed should not be an impediment to the issuance of a final decree.  *See, e.g.*, *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536 at 538 (Bankr. E.D. Ky. 1997) (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees… have been paid"); *In re JMP Newcor Int'l, Inc.*, 255 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree although the debtors still need to make certain distributions).  "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Moreover, the entry of the Final Decree closing the Affiliate Cases would be without prejudice to creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code.

19.     The Post-Effective Date Debtors will work to resolve any Remaining Matters.  To the extent issues arise relating to the Post-Effective Date Debtors, such matters can be resolved under the Remaining Case without keeping the dockets of the Affiliate Cases open.  Closing the dockets of the Affiliate Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest, and would stop the accrual of Section 1930 Fees associated with the Affiliate Cases.  Accordingly, entry of the Final Decree closing the Affiliate Cases is in the best interests of the

Post-Effective Date Debtors and an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

## B. The Case Caption of the Remaining Case Should be Amended.

20.    On November 17, 2023, the Court entered the Confirmation Order, which, among other things, approved the Sale Transaction in accordance with the terms of the Purchase Agreement. *See* Confirmation Order ¶ 8.  Pursuant to the Purchase Agreement, the Post-Effective Date Debtors are required to take all necessary actions to change their names to names not containing "Cyxtera" or "Cyxtera Technologies" within thirty (30) days after the closing of the Sale Transaction. *See* Purchase Agreement at § 6.6(a).[8]  Thereafter, the Purchase Agreement requires the Post-Effective Date Debtors to file such pleadings and obtain such orders as are necessary to change the caption of the Remaining Case to a name not containing "Cyxtera" or "Cyxtera Technologies" within fifteen (15) days. *See* Purchase Agreement at § 6.6(b).[9]

21.    On February 26, 2024, the Post-Effective Date Debtors took all necessary steps to change Cyxtera's corporate name to CTI Liquidation Co., Inc.  Accordingly, the Post-Effective

---

[8]    6.6(a) <u>Use of Name</u>.  As soon as reasonably practicable, but in no event more than thirty (30) days after the Closing, the Sellers shall cause an amendment to the certificate of incorporation or formation (or other constituent documents) of each Seller and each Subsidiary that is not an Acquired Entity to be filed with the appropriate Governmental Body and shall take all other action necessary to change each Seller's and such Subsidiary's name, as applicable, to a name or names not containing "Cyxtera," "Cyxtera Technologies" or any other trademark included in the Owned Intellectual Property or any name confusingly similar to the foregoing ("<u>Transferred Marks</u>") and will cause to be filed as soon as reasonably practicable after the Closing, in the jurisdiction in which such Seller or such Subsidiary is organized, any documents necessary to reflect such change in its name.

[9]    6.6(b) Corporate Name.  As soon as reasonably practicable, but in no event more than fifteen (15) days after the name change contemplated by <u>Section 6.6(a)</u>, the Sellers shall file such pleadings and move to obtain such orders as are necessary to change the caption of each Seller petition that is a Debtor in the Bankruptcy Cases to change each Seller's and such Subsidiary's legal name on such petitions, as applicable, to a name or names not containing "Cyxtera," "Cyxtera Technologies" or any other trademark included in the Acquired Intellectual Property or any name confusingly similar to the foregoing.

Date Debtors now seek to amend the caption of the Remaining Case, as required under the Purchase Agreement.

22.    The Post-Effective Date Debtors submit that the relief similar to that requested herein is routinely approved by courts in the Third Circuit. *See, e.g., In re Carestream Health, Inc.*, Case No. 22-10778 (JKS) (Bankr. D. Del. Nov. 11, 2022) (entering an order amending the case caption in connection with the effective date and the closure of certain of the reorganized debtors' chapter 11 proceedings); *PES Holdings, LLC*, Case No. 19-11626 (LSS) (Bankr. D. Del. Mar. 28, 2022) (same); *In re Extraction Oil and Gas, Inc.*, Case No. 20-11548 (CSS) (Bankr. D. Del. Oct. 25, 2021) (same); *Bluestem Brands, Inc.*, Case No. 20-10566 (MFW) (Bankr. D. Del. Aug. 31, 2020) (same); *Questex Media Group, Inc.*, Case No. 09-13423 (MFW) (Bankr. D. Del. Jan. 25, 2010) (entering an order amending a case caption in connection with a sale transaction, as required by an asset purchase agreement).[10]  Accordingly, entry of the Final Decree amending the caption of the Remaining Case in accordance with the Confirmation Order and as required by the Purchase Agreement is an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

**No Prior Request**

23.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

24.    The Post-Effective Date Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the United States Trustee for the District of New Jersey

---

[10]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Post-Effective Date Debtors' counsel.

(the "U.S. Trustee"); (b) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group of the Post-Effective Date Debtors' prepetition term loan facilities; (c) the Committee; (d) the agents under each of the Post-Effective Date Debtors' prepetition secured credit facilities and counsel thereto; (e) the office of the attorney general for each of the states in which the Post-Effective Date Debtors operate; (f) the United States Attorney's Office for the District of New Jersey; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the Purchaser, and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Post-Effective Date Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

11

**WHEREFORE**, the Post-Effective Date Debtors request that the Court enter the Final

Decree granting the relief requested herein and such other relief as the Court deems appropriate

under the circumstances.

Dated: March 5, 2024

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:       msirota@coleschotz.com
                 wusatine@coleschotz.com
                 fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       edward.sassower@kirkland.com
                 christopher.marcus@kirkland.com
                 derek.hunter@kirkland.com

*Co-Counsel for Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[11] | (Jointly Administered) |

---

[11]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is:  c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**ORDER (I) GRANTING
POST-EFFECTIVE DATE DEBTORS'
MOTION FOR FINAL DECREE CLOSING
CERTAIN OF THE CHAPTER 11 CASES, (II) AMENDING THE
CAPTION OF REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases |

Upon the *Post-Effective Date Debtors' Motion for (I) Entry of a Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending Caption of Remaining Case, and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned Post-Effective Date Debtors (collectively, the "Post-Effective Date Debtors," and before the Effective Date of the Plan, collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Post-Effective Date Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases |

1.      The following Affiliate Cases are hereby closed and a final decree is granted effective

as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided

in the Plan, the Confirmation Order, and this Final Decree:

| Affiliate Debtor | Case No. |
|---|---|
| Cyxtera Canada TRS, ULC | 23-14854 |
| Cyxtera Canada, LLC | 23-14855 |
| Cyxtera Communications Canada, ULC | 23-14856 |
| Cyxtera Communications, LLC | 23-14852 |
| Cyxtera Data Centers, Inc. | 23-14857 |
| Cyxtera DC Holdings, Inc. | 23-14858 |
| Cyxtera DC Parent Holdings, Inc. | 23-14859 |
| Cyxtera Digital Services, LLC | 23-14860 |
| Cyxtera Employer Services, LLC | 23-14861 |
| Cyxtera Federal Group, Inc. | 23-14862 |
| Cyxtera Holdings, LLC | 23-14863 |
| Cyxtera Management, Inc. | 23-14864 |
| Cyxtera Netherlands B.V. | 23-14865 |
| Cyxtera Technologies, LLC | 23-14867 |
| Cyxtera Technologies Maryland, Inc. | 23-14866 |

2.      The Remaining Case of Cyxtera Technologies Inc. Case No. 23-14853 shall remain

open pending the entry of a final decree by this Court closing the Remaining Case.

3.      All Remaining Matters, including claims reconciliation with respect to claims

against any Post-Effective Date Debtor, shall be filed, administered, and adjudicated in the

Remaining Case without the need to reopen any Affiliate Case, and the Court retains jurisdiction

(Page | 5)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases |

and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases.

4. The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case. The Post-Effective Date Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of CTI Liquidation Co., Inc. Case No. 23-14853. The docket in Case No. 23-14853 should be consulted for all matters affecting this case.

5. All pleadings, papers, and documents filed in the Remaining Case shall bear the caption as shown in **Exhibit 1** attached hereto.

6. The Post-Effective Date Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases within twenty-one (21) days after the date of entry of the Final Decree; *provided* that, for the avoidance of doubt, effective as of the date of entry of this Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Post-Effective Date Debtors of the Affiliate Cases. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7. Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports, and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

8. Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Post-Effective Date Debtors, or any party in interest to seek to reopen any of the Affiliate Cases

(Page | 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases |

for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), the Plan Administrator, or any entity authorized pursuant to the Plan, as applicable, to (i) commence, prosecute, and/or resolve any claims filed against any Debtor, any Post-Effective Date Debtor, or any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor or Post-Effective Date Debtor, and (c) shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Post-Effective Date Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Post-Effective Date Debtors' chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Post-Effective Date Debtor. Any objections to claims against or interests in the Post-Effective Date Debtors may be filed, administered, and adjudicated in the Remaining Case.

9.      Notwithstanding entry of this Final Decree, in accordance with Articles IV and VII of the Plan, which was incorporated into and made part of the Confirmation Order, the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), and the Plan Administrator, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other wind-down affairs on behalf of each of the other former Debtors as if such Debtors' estates continued to exist.

10.      Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f), the closing of the Affiliate Cases shall not affect the rights of the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), or the Plan Administrator, as applicable, to

(Page | 7)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases |

commence or maintain any action or proceeding, including without limitation, actions to recover from any transferee or any subsequent transferee.

11.    This Final Decree shall be immediately effective and enforceable upon its entry.

12.    The Post-Effective Date Debtors and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

13.    Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

## **Exhibit 1**

**Amended Case Caption**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | |