**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al.*, | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |

**CERTIFICATE**
**OF NO OBJECTION**
**WITH RESPECT TO THE**
**POST-EFFECTIVE DATE DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER**
**(I) GRANTING POST-EFFECTIVE DATE DEBTORS'**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera. The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is: c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**MOTION FOR FINAL DECREE CLOSING CERTAIN
OF THE CHAPTER 11 CASES, (II) AMENDING THE CAPTION
OF THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that in connection with the *Post-Effective Date Debtors'
Motion for Entry of an Order (I) Granting the Post-Effective Date Debtors' Motion for Final
Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining
Case, and (III) Granting Related Relief* [Docket No. 947] (the "Motion"), the above-captioned
post-effective date debtors (collectively, the "Post-Effective Date Debtors") hereby file this
certificate of no objection (the "Certificate of No Objection") with a revised proposed form of
*Order (I) Granting Post-Effective Date Debtors' Motion for Final Decree Closing Certain of
the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting
Related Relief* (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a clean version of the Revised Proposed
Order is attached hereto as **Exhibit A** and a blackline against the previous filed version is attached
hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the objection deadline has passed, and
the Debtors have resolved all formal and informal objections in connection with the relief
requested in the Revised Proposed Order and respectfully request that the Court enter the Revised
Proposed Order without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 20, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
            edward.sassower@kirkland.com
            christopher.marcus@kirkland.com
            derek.hunter@kirkland.com


*Co-Counsel for Post-Effective Date Debtors*

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is:  c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**ORDER (I) GRANTING
POST-EFFECTIVE DATE DEBTORS'
MOTION FOR FINAL DECREE CLOSING
CERTAIN OF THE CHAPTER 11 CASES, (II) AMENDING THE
CAPTION OF THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

2

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

Upon the *Post-Effective Date Debtors' Motion for (I) Entry of a Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending Caption of Remaining Case, and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned Post-Effective Date Debtors (collectively, the "Post-Effective Date Debtors," and before the Effective Date of the Plan, collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Post-Effective Date Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

1.      The following Affiliate Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Affiliate Debtor | Case No. |
|---|---|
| Cyxtera Canada TRS, ULC | 23-14854 |
| Cyxtera Canada, LLC | 23-14855 |
| Cyxtera Communications Canada, ULC | 23-14856 |
| Cyxtera Communications, LLC | 23-14852 |
| Cyxtera Data Centers, Inc. | 23-14857 |
| Cyxtera DC Holdings, Inc. | 23-14858 |
| Cyxtera DC Parent Holdings, Inc. | 23-14859 |
| Cyxtera Digital Services, LLC | 23-14860 |
| Cyxtera Employer Services, LLC | 23-14861 |
| Cyxtera Federal Group, Inc. | 23-14862 |
| Cyxtera Holdings, LLC | 23-14863 |
| Cyxtera Management, Inc. | 23-14864 |
| Cyxtera Netherlands B.V. | 23-14865 |
| Cyxtera Technologies, LLC | 23-14867 |
| Cyxtera Technologies Maryland, Inc. | 23-14866 |

2.      The Remaining Case of Cyxtera Technologies Inc. Case No. 23-14853 shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3.      All Remaining Matters, including claims reconciliation with respect to claims against any Post-Effective Date Debtor, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case, and the Court retains jurisdiction

(Page | 5)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases.

4.    The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case. The Post-Effective Date Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of CTI Liquidation Co., Inc. Case No. 23-14853. The docket in Case No. 23-14853 should be consulted for all matters affecting this case.

5.    All pleadings, papers, and documents filed in the Remaining Case shall bear the caption as shown in **<u>Exhibit 1</u>** attached hereto.

6.    The Post-Effective Date Debtors shall (i) file all post-confirmation quarterly reports and (ii) pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases, through the date of this Final Decree, within twenty-one (21) days after the date of entry of the Final Decree; *provided* that, for the avoidance of doubt, effective as of the date of entry of this Final Decree, no further quarterly U.S. Trustee fees shall be due and payable by the Post-Effective Date Debtors of the Affiliate Cases. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7.    Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports, and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case, or the dismissal or conversion to chapter 7 of the Remaining Case.

(Page | 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

8.      Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Post-Effective Date Debtors, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), the Plan Administrator, or any entity authorized pursuant to the Plan, as applicable, to (i) commence, prosecute, and/or resolve any claims filed against any Debtor, any Post-Effective Date Debtor, or any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor or Post-Effective Date Debtor, and (c) shall have no effect whatsoever on any contested matter, adversary proceeding, or other matters pending before this Court, as provided in the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of any Post-Effective Date Debtor, or any entity authorized pursuant to the Plan, as applicable, to file an objection to a claim against or interest in any Post-Effective Date Debtors' chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Post-Effective Date Debtor.  Any objections to claims against or interests in the Post-Effective Date Debtors may be filed, administered, and adjudicated in the Remaining Case.

9.      Notwithstanding entry of this Final Decree, in accordance with Articles IV and VII of the Plan, which was incorporated into and made part of the Confirmation Order, the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), and the Plan Administrator, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other wind-down affairs on behalf of each of the other former Debtors as if such Debtors' estates continued to exist.

(Page | 7)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

10.     Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f) or § 546(a)(2), the closing of the Affiliate Cases shall not affect the rights of the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), or the Plan Administrator, as applicable, to commence or maintain any action or proceeding, including without limitation, actions to recover from any transferee or any subsequent transferee.

11.     This Final Decree shall be immediately effective and enforceable upon its entry.

12.     The Post-Effective Date Debtors and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

13.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

## **Exhibit 1**

**Amended Case Caption**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | |

## **Exhibit B**

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
edward.sassower@kirkland.com
christopher.marcus@kirkland.com
derek.hunter@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Post-Effective Date Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| CYXTERA TECHNOLOGIES, INC., *et al* | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Post-Effective Date Debtors' claims and noticing agent at https://www.kccllc.net/cyxtera.  The location of Post-Effective Date Debtor Cyxtera Technologies, Inc.'s principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is:  c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, NY 10005.

**ORDER (I) GRANTING
POST-EFFECTIVE DATE DEBTORS'
MOTION FOR FINAL DECREE CLOSING
CERTAIN OF THE CHAPTER 11 CASES, (II) AMENDING THE
CAPTION OF THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

Upon the *Post-Effective Date Debtors' Motion for (I) Entry of a Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending Caption of Remaining Case, and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned Post-Effective Date Debtors (collectively, the "Post-Effective Date Debtors," and before the Effective Date of the Plan, collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Post-Effective Date Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

1.      The following Affiliate Cases are hereby closed and a final decree is granted effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Affiliate Debtor | Case No. |
|---|---|
| Cyxtera Canada TRS, ULC | 23-14854 |
| Cyxtera Canada, LLC | 23-14855 |
| Cyxtera Communications Canada, ULC | 23-14856 |
| Cyxtera Communications, LLC | 23-14852 |
| Cyxtera Data Centers, Inc. | 23-14857 |
| Cyxtera DC Holdings, Inc. | 23-14858 |
| Cyxtera DC Parent Holdings, Inc. | 23-14859 |
| Cyxtera Digital Services, LLC | 23-14860 |
| Cyxtera Employer Services, LLC | 23-14861 |
| Cyxtera Federal Group, Inc. | 23-14862 |
| Cyxtera Holdings, LLC | 23-14863 |
| Cyxtera Management, Inc. | 23-14864 |
| Cyxtera Netherlands B.V. | 23-14865 |
| Cyxtera Technologies, LLC | 23-14867 |
| Cyxtera Technologies Maryland, Inc. | 23-14866 |

(Page | 5)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

2.     The Remaining Case of Cyxtera Technologies Inc. Case No. 23-14853 shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3.     All Remaining Matters, including claims reconciliation with respect to claims against any Post-Effective Date Debtor, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case, and the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases.

4.     The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case.  The Post-Effective Date Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of CTI Liquidation Co., Inc. Case No. 23-14853.  The docket in Case No. 23-14853 should be consulted for all matters affecting this case.

5.     All pleadings, papers, and documents filed in the Remaining Case shall bear the caption as shown in **Exhibit 1** attached hereto.

6.     The Post-Effective Date Debtors shall (i) file all post-confirmation quarterly reports and (ii) pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases, through the date of this Final Decree, within twenty-one (21) days after the date of entry of the Final Decree; *provided* that, for the avoidance of doubt, effective as of the date of entry of this Final Decree, no further quarterly U.S. Trustee

(Page | 6)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al.* |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

fees shall be due and payable by the Post-Effective Date Debtors of the Affiliate Cases.  This

Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7.      Quarterly disbursements for the Remaining Case will be reported in

post-confirmation reports, and quarterly fees will be paid when due and payable under

28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the

Remaining Case, or the dismissal or conversion to chapter 7 of the Remaining Case.

8.      Entry of this Final Decree is without prejudice to (a) the rights of the Debtors,

the Post-Effective Date Debtors, or any party in interest to seek to reopen any of the Affiliate

Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the

Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), the Plan

Administrator, or any entity authorized pursuant to the Plan, as applicable, to (i) commence,

prosecute, and/or resolve any claims filed against any Debtor, any Post-Effective Date Debtor, or

any other person in these Chapter 11 Cases, or (ii) object to claims filed against any Debtor or

Post-Effective Date Debtor, and (c) shall have no effect whatsoever on any contested matter,

adversary proceeding, or other matters pending before this Court, as provided in the Plan and the

Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure

of any Post-Effective Date Debtor, or any entity authorized pursuant to the Plan, as applicable, to

file an objection to a claim against or interest in any Post-Effective Date Debtors' chapter 11

cases shall not constitute allowance of the claim and shall not result in such claim being deemed

allowed against any Post-Effective Date Debtor.  Any objections to claims against or interests in

(Page | 7)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

the Post-Effective Date Debtors may be filed, administered, and adjudicated in the Remaining Case.

9.      Notwithstanding entry of this Final Decree, in accordance with Articles IV and VII of the Plan, which was incorporated into and made part of the Confirmation Order, the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), and the Plan Administrator, as applicable, shall be entitled to prosecute claims and defenses, make distributions, and attend to other wind-down affairs on behalf of each of the other former Debtors as if such Debtors' estates continued to exist.

10.      Notwithstanding the entry of this Final Decree or 11 U.S.C. § 550(f) or § 546(a)(2), the closing of the Affiliate Cases shall not affect the rights of the Debtors, the Post-Effective Date Debtors, the GUC Trust (acting through the GUC Trustee), or the Plan Administrator, as applicable, to commence or maintain any action or proceeding, including without limitation, actions to recover from any transferee or any subsequent transferee.

11.      This Final Decree shall be immediately effective and enforceable upon its entry.

12.      The Post-Effective Date Debtors and any entity authorized pursuant to the Plan and/or the Confirmation Order, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

(Page | 8)

| | |
|---|---|
| Debtors: | CYXTERA TECHNOLOGIES, INC., *et al*. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Caption of the Remaining Case, and (III) Granting Related Relief |

13.     Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

## **Exhibit 1**

**Amended Case Caption**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | |