| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel for the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>     Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Hearing Date:** **July 2, 2024**<br>**Time:**    **10:00 a.m.**<br>**Response Deadline:** **June 25, 2024** |

**NOTICE OF GUC TRUSTEE'S MOTION FOR ENTRY OF
AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE
GUC TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

**PLEASE TAKE NOTICE** that on July 2, 2024 at 10:00 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in connection with the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), shall move for the entry of an order extending the period within which the GUC Trustee may object to general unsecured claims (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

**Error! Unknown document property name.**

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above

**PLEASE TAKE FURTHER NOTICE** that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation. Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, i.e., on July 1, 2024 at 12:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

**Error! Unknown document property name.**

| | |
|---|---|
| Dated: May 22, 2024 | KELLEY DRYE & WARREN LLP |

*/s/ James S. Carr*

James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

**Error! Unknown document property name.**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>                Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Hearing Date:**     **July 2, 2024**<br>**Time:**     **10:00 a.m.**<br>**Response Deadline:**     **June 25, 2024** |

**GUC TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
EXTENDING THE PERIOD WITHIN WHICH THE GUC
TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in connection with the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated post-effective date debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the D.N.J. LBRs of the United States Bankruptcy Court for the District of New Jersey

("D.N.J. LBR"), extending the period within which the GUC Trustee may object to Claims (as defined in the Plan, defined below) filed against the Debtors' estates by one hundred eighty (180) days, to January 6, 2025. In support of this Motion, the GUC Trustee respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and D.N.J. LBR 3007-1.

## Background

**A.    General Background**

3. On June 4, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey commencing these Cases.

4. On November 16, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] confirming the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "Plan").

5. On January 12, 2024, the Effective Date of the Plan occurred. *See Notice of (A) Entry of the Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera*

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855] (the "Effective Date Notice).

**B.      Appointment, Rights, Powers and Duties of the Trustee**

6.      Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the GUC Trust Agreement on the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court"  See Plan § VII.D.

**C.      The Bar Dates**

7.      On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

8.      On July 19, 2023, the Court entered an order [Docket No. 298] establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases. Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023

3

(the "Governmental Claims Bar Date") as the deadline for all governmental agencies, to file written proof of such claim.

9. D.N.J. LBR 3007-1 provides in relevant part:

> "(b) Time for Filing. A motion or adversary proceeding objecting to a claim must be filed by the later of:
>
>   (1) 60 days after the entry of the order confirming plan; or
>
>   (2) 60 days after the claim is filed or amended.
>
> (c) Extension. A request for an extension of the time to object to the allowance of a claim must be brought by motion filed before the expiration of the time to object."

D.N.J. LBR 3007-1.

10. The present claims objection deadline for General Unsecured Claims is July 10, 2024 (the "Claims Objection Deadline"). *See* Plan § I.A.31.

D. **The Claims Reconciliation Process**

11. Since the Effective Date, the GUC Trustee and its counsel and advisors, among other things, have been in the process of reviewing and reconciling General Unsecured Claims filed against the Debtors in these chapter 11 cases, for which it is responsible for resolving. For the reasons set forth below, the GUC Trustee submits that it is both necessary and appropriate to extend the Claims Objection Deadline.

12. To date, approximately 550 Proofs of Claim have been filed against the Debtors. Of these, 383 Proofs of Claim currently assert General Unsecured Claims in the aggregate approximate amount of $307 million, plus unliquidated amounts. In addition, the Debtors' Schedules of Assets and Liabilities currently reflect approximately 400 non-zero General Unsecured Claims in the aggregate approximate amount of nearly $1.25 million.

4

**Relief Requested**

13. As stated above, the current Claims Objection Deadline is July 10, 2024. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and D.N.J. LBR 3007-1(c), the GUC Trustee seeks an extension of the Claims Objection Deadline for another one hundred eighty (180) days through and including the later of: (a) January 6, 2025, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

14. The GUC Trustee further requests that the order approving this Motion be without prejudice to the rights of the GUC Trustee to seek further extension or extensions of the Claims Objection Deadline.

**Basis for Relief**

15. The Plan vests the discretion to object to General Unsecured Claims in the GUC Trustee. *See* Plan § VII.D.

16. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

17. Bankruptcy Rule 9006(b) also makes clear that the Court may extend unexpired time periods without notice. Specifically, Rule 9006(b) states in relevant part that:

> "(1) *In General* . . . when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made

Error! Unknown document property name.

> before the expiration of the period originally prescribed or as extended by a previous order . . ."

Fed. R. Bankr. P. 9006(b)(1). The Claims Objection Deadline has not yet expired, and accordingly, the Court is authorized to grant the relief requested herein.

18. There are approximately 383 pending Proofs of Claim asserting General Unsecured Claims that require review and analysis, in addition to the hundreds of General Unsecured Claims scheduled in these cases. Since the Effective Date, the GUC Trustee has retained professionals, taken steps to establish its bank account, coordinated information requests of the reorganized Debtors, and has begun its preliminary review and analysis of General Unsecured Claims. The GUC Trustee requires additional time to review and determine which claims are valid in light of various factors.

19. Accordingly, the GUC Trustee seeks additional time to review and analyze the remaining unresolved General Unsecured Claims in order to determine whether objections (or other actions) are appropriate. The GUC Trustee submits that extending the Claims Objection Deadline is in the best interests of all stakeholders. The extension sought will afford the GUC Trustee and its respective management and professionals, an opportunity to make more fully informed decisions concerning the resolution of pending claims in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

20. Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection. Rather, the extension is intended to promote the efficient administration of these cases and the claims allowance process. Absent the requested extension of the Claims Objection Deadline, the GUC Trustee will either be precluded from challenging invalid, misclassified, and/or overstated General Unsecured Claims, or it will be forced to file

**Error! Unknown document property name.**

hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

21. For the reasons set forth above, the GUC Trustee submits that extending the Claims Objection Deadline through and including the later of: (a) January 6, 2025, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, is necessary, prudent, and in the best interests of all stakeholders.

22. This is the first requested extension of the Claims Objection Deadline requested by the GUC Trustee.

## Reservation of Rights

23. The GUC Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

## Notice

24. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties that have filed a request for service of papers under Bankruptcy Rule 2002. The GUC Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the GUC Trustee respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline as requested herein, and such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

**Error! Unknown document property name.**

| | |
|---|---|
| Dated:   May 22, 2024 | KELLEY DRYE & WARREN LLP |

*/s/ James S. Carr*

James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

**Error! Unknown document property name.**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER EXTENDING THE PERIOD WITHIN WHICH
THE GUC TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby ORDERED.

**Error! Unknown document property name.**

Page: 2
Debtors: CTI Liquidation, Inc., *et al.*
Case No.: 23-14853 (JKS)
Caption: Order Extending the Period Within Which the GUC Trustee May Object to General Unsecured Claims

Upon consideration of the *GUC Trustee's Motion for Entry of an Order Extending the Period Within Which the GUC Trustee May Object to General Unsecured Claims* (the "Motion")[1] filed by META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in connection with the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time period within which the GUC Trustee may file objections to General Unsecured Claims is enlarged and extended through and including the later of: (a) January 6, 2025, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim (the "Claims Objection Deadline").

3. This Order shall be without prejudice to the rights of the GUC Trustee to seek further extensions of the Claims Objection Deadline.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

**Error! Unknown document property name.**

Page: 3
Debtors: CTI Liquidation, Inc., *et al.*
Case No.: 23-14853 (JKS)
Caption: Order Extending the Period Within Which the GUC Trustee May Object to General Unsecured Claims

---

4. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

**Error! Unknown document property name.**