<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trust*

</td><td></td></tr>
<tr><td>

In re:

CTI Liquidation Co., Inc.

                        Post-Effective Date Debtor.

</td><td>

Chapter 11

Case No. 23-14853 (JKS)

**Hearing Date:**  **July 16, 2024**
**Time:**  **10:00 a.m.**
**Response Deadline:**  **July 9, 2024**

</td></tr>
</table>

### NOTICE OF THE GUC TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II) AUTHORIZING THE GUC TRUSTEE TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)

**PLEASE TAKE NOTICE** that on July 16, 2024 at 10:00 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as GUC trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), shall move for the entry of an order approving omnibus claims objection procedures (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

PLEASE TAKE FURTHER NOTICE that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

PLEASE TAKE FURTHER NOTICE that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation.  Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, i.e., on July 15, 2024 at 12:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated:    May 30, 2024                    KELLEY DRYE & WARREN LLP


                                          */s/ James S. Carr*
                                          James S. Carr, Esq.
                                          Dana P. Kane, Esq.
                                          One Jefferson Road, Second Floor
                                          Parsippany, NJ 07054
                                          Telephone: (973) 503-5900
                                          Facsimile: (973) 503-5950
                                          jcarr@kelleydrye.com
                                          dkane@kelleydrye.com

                                          and

                                          Bradford J. Sandler, Esq.
                                          Paul J. Labov, Esq.
                                          Colin R. Robinson, Esq.
                                          PACHULSKI STANG ZIEHL & JONES LLP
                                          780 Third Avenue, 34th Floor
                                          New York, NY  10017
                                          Telephone:  (212) 561-7700
                                          Facsimile:  (212) 561-7777
                                          bsandler@pszjlaw.com
                                          plabov@pszjlaw.com
                                          crobinson@pszjlaw.com

                                          *Counsel to the GUC Trustee*

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trust*

In re:

CTI Liquidation Co., Inc.

               Post-Effective Date Debtor.

</td></tr>
</table>

Chapter 11

Case No. 23-14853 (JKS)

| **Hearing Date:** | **July 16, 2024** |
|---|---|
| **Time:** | **10:00 a.m.** |
| **Response Deadline:** | **July 9, 2024** |

**GUC TRUSTEE'S MOTION FOR ENTRY OF AN ORDER**
**(I) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II)**
**AUTHORIZING THE GUC TRUSTEE TO FILE SUBSTANTIVE OMNIBUS**
**OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)**

META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the

Cyxtera GUC Trust (the "Trust") established in connection with the chapter 11 cases of the

above-captioned, post-effective date debtors (collectively, the "Debtors"), hereby submits this

motion (the "Motion") for the entry of an order, substantially in the form attached hereto as

**Exhibit 1** (the "Proposed Order"), approving the Objection Procedures and granting related

relief, and respectfully represents as follows:

## Relief Requested

1.      By this Motion, the GUC Trustee seeks entry of the Proposed Order: (a) approving the objection procedures outlined herein, and (b) authorizing the GUC Trustee to assert substantive objections to Claims (including administrative expense requests) in an omnibus format pursuant to rules 3007(c) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

## Jurisdiction

2.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 502(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "D.N.J. LBR").

## Background

4.      On June 4, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey commencing these Cases.

5.      On November 16, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] confirming the *Fourth Amended Joint Plan of Reorganization of Cyxtera*

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "<u>Plan</u>").

6.  On January 12, 024, the Effective Date of the Plan occurred.  *See Notice of (A) Entry of the Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855] (the "<u>Effective Date Notice</u>).

7.  Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the *GUC Trust Agreement* on the Effective Date and is responsible for, among other things, " . . .  (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court" *See* Plan § VII.D.

8.  On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "<u>Schedules</u>") pursuant to Bankruptcy Rule 1007.

9.  On July 19, 2023, the Court entered an order [Docket No. 298] establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases. Specifically, among other things, the Court established August 15, 2023 (the "<u>General Claims Bar Date</u>") as the deadline for all persons and entities asserting a Claim (as defined in section

101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date,

including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023

(the "Governmental Claims Bar Date"), as the deadline for all governmental agencies, to file

written proof of such claim.

10.     To date, approximately 550 Proofs of Claim have been filed against the

Debtors.  Of these, 383 Proofs of Claim currently assert General Unsecured Claims in the

aggregate approximate amount of $307 million, plus unliquidated amounts.  In addition, the

Debtors' Schedules currently reflect approximately 400 non-zero General Unsecured Claims in

the aggregate approximate amount of nearly $1.25 million.

11.     Because of the large number of Claims in these cases, the GUC Trustee

seeks approval to file Omnibus Objections to certain Claims in accordance with the procedures

set forth herein.

## Proposed Objection Procedures

12.     The GUC Trustee, together with its advisors, is continuing to review and

reconcile all General Unsecured Claims asserted against the Debtors.  To expedite and ultimately

complete the Claims reconciliation process in a timely, efficient, and cost-effective manner, the

GUC Trustee seeks approval to implement the procedures attached to the Proposed Order as

**Exhibit A** (the "Objection Procedures").  The Objection Procedures describe the key aspects of

the proposed Claims objection process, including, among other things:

a.      the form of omnibus objections (each, an "Omnibus Objection") that the
        GUC Trustee will utilize;

b.      the types of exhibits and supporting documentation that the GUC Trustee
        will include with each Omnibus Objection;

c.    the form of the notice that will be provided to affected creditors (the "<u>Objection Notice</u>");

d.    the information necessary for affected creditors to attempt to informally resolve the objection to their Claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to such objection;

e.    information relating to filing a formal reply to a filed response; and

f.    information relating to discovery and hearings on Omnibus Objections.

13.    To protect the due process rights of creditors, the GUC Trustee will comply with the procedural safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e) and D.N.J. LBR 3007-2. The GUC Trustee also intends to serve affected creditors with the Objection Notice substantially in the form attached to the Proposed Order as **<u>Exhibit B</u>**, that will include, among other things, (a) the name of the claimant, (b) the Proof of Claim or Scheduled claim number, (c) the basis for the objection to each particular claim, (d) the response date and response procedures, and (e) the date, time, and location of the hearing and related procedures.

### <u>Relief Pursuant to Bankruptcy Rule 3007(c) and (d)</u>

14.    Although the GUC Trustee expects to object to a number of Claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain Claims may necessitate objections on additional grounds not expressly set forth therein (collectively, the "<u>Additional Grounds</u>"), including that such claims, in whole or in part:

a.    are inconsistent with the Debtors' books and records;

b.    fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

c.    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

d.    seek recovery of amounts for which the Debtors are not liable;

e.      are filed against non-Debtors;

f.      are disallowed pursuant to section 502 of the Bankruptcy Code; or

g.      are disallowed pursuant to the terms of the Plan.

15.     To minimize the cost, confusion, and delay otherwise attendant to preparing and filing individual objections on a Claim-by-Claim basis, the GUC Trustee seeks to object, pursuant to Bankruptcy Rule 3007(c) and (d), to certain General Unsecured Claims on the Additional Grounds outlined above in an Omnibus Objection format.

16.     The relief sought in this Motion will allow the GUC Trustee to complete the claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the costs, resources, and delay attendant to preparing and filing hundreds of individualized objections based on the same or similar underlying grounds.  Notably, the Objection Procedures protect creditors' due process rights by implementing the same safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e) and the individualized noticing process described above.

## **<u>Basis for Relief</u>**

17.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. §502(a).  Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."  *See* Fed. R. Bankr. P. 3001.  Under section 1111(a) of the Bankruptcy Code, scheduled Claims are treated as Proofs of Claim.  *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").

As such, the GUC Trustee must review all General Unsecured Claims as part of the Claims reconciliation process.

18.    In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing Omnibus Objections to Claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize Omnibus Objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d).  *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.").  Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See Comm. Of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization proceedings.").

19.    Authorizing the GUC Trustee to file Omnibus Objections consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

20.    On one hand, the proposed Objection Procedures provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of General

Unsecured Claims by, among other things, (a) providing greater certainty in administering the objection process, (b) promoting the consensual resolution of General Unsecured Claims objections or, alternatively, establishing efficient fair mechanisms to settle Claims objections, and (c) reducing the cost, time, and delay of prosecuting objections to General Unsecured Claims.  On the other hand, the proposed Objection Procedures respect creditors' due process rights by implementing the safeguards set forth for Omnibus Objections already authorized under Bankruptcy Rule 3007(e) and requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code and Bankruptcy Rules.

21.    Similarly, allowing the GUC Trustee to object to General Unsecured Claims on Additional Grounds in an omnibus format will promote the efficient and cost-effective administration of the Post-Effective Date Debtors' estates.  Specifically, the relief requested will save the GUC Trustee from the time and expense of filing potentially hundreds of individual Claim objections.  Moreover, the Claims objection process will be well-organized, and all parties in interest will benefit from a streamlined filing process that will result in fewer pleadings, fewer hearings, and greater efficiency.

22.    The relief sought herein is consistent with similar Claims objection procedures regularly approved in recent large chapter 11 cases.  *See, e.g., In re RTW Retailwinds, Inc.,* No. 20-18445 (JKS) (Bankr. D.N.J. Feb. 22, 2021); *see also, In re HSP Liquidation, LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. Dec. 16, 2019); *In re BCBG Max Azria Global Holdings, LLC,* No. 17-10466 (SCC) (Bankr. S.D.N.Y. Sept. 28, 2018); *In re Westinghouse Elec. Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 22, 2016); *In re Sbarro LLC*, No. 14-10557

(MG) (Bankr. S.D.N.Y. Aug. 29, 2014); *In re LHI Liquidation Co. Inc.*, No. 13-14050 (MG) (Bankr. S.D.N.Y. June 10, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. Apr. 3, 2013); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Mar. 21, 2013); *In re Innkeepers USA Trust*, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Mar. 29, 2011).

23.      The GUC Trustee believes that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights.  Accordingly, the GUC Trustee respectfully requests that the Court approve the relief requested herein.

### **Notice**

24.      The GUC Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee and (b) all parties that have filed a request for service of papers under Bankruptcy Rule 2002.  The GUC Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

25.      No prior motion for the relief requested in this Motion has been made to this or any other court.

WHEREFORE the GUC Trustee respectfully requests the entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit 1**, granting the relief requested herein and granting such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:    May 30, 2024                    KELLEY DRYE & WARREN LLP

                                          */s/ James S. Carr*
                                          _____
                                          James S. Carr, Esq.
                                          Dana P. Kane, Esq.
                                          One Jefferson Road, Second Floor
                                          Parsippany, NJ 07054
                                          Telephone: (973) 503-5900
                                          Facsimile: (973) 503-5950
                                          jcarr@kelleydrye.com
                                          dkame@kelleydrye.com

                                          and

                                          Bradford J. Sandler, Esq.
                                          Paul J. Labov, Esq.
                                          Colin R. Robinson, Esq.
                                          PACHULSKI STANG ZIEHL & JONES LLP
                                          780 Third Avenue, 34th Floor
                                          New York, NY  10017
                                          Telephone:  (212) 561-7700
                                          Facsimile:  (212) 561-7777
                                          bsandler@pszjlaw.com
                                          plabov@pszjlaw.com
                                          crobinson@pszjlaw.com

                                          *Counsel to the GUC Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR
9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

**ORDER (I) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND
(II) AUTHORIZING THE GUC TRUSTEE TO FILE SUBSTANTIVE OMNIBUS
OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)**

The relief set forth on the following pages, numbered two (2) through and including three (3), is

hereby ORDERED.

Page:       2
Debtors:    CTI Liquidation, Inc.
Case No.:   23-14853 (JKS)
Caption:    Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the
            GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to
            Bankruptcy Rule 3007(c) and (d)

Upon consideration of the *GUC Trustee's Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* (the "Motion")[1] filed by META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in the chapter 11 cases of CTI Liquidation, Inc. (the "Post-Effective Date Debtor"), for entry of an order (this "Order"), (I) approving the Objection Procedures attached hereto, and (II) authorizing the GUC Trustee to assert substantive objections to Claims in an omnibus format pursuant to Bankruptcy Rule 3007(c) and (d), all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the GUC Trustee's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

---

[1]    A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

Page:      3
Debtors:   CTI Liquidation, Inc.
Case No.:  23-14853 (JKS)
Caption:   Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the
           GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to
           Bankruptcy Rule 3007(c) and (d)

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the D.N.J. LBR, and pursuant to Bankruptcy Rule 3007(c), the GUC Trustee may file Omnibus Objections that include objections to General Unsecured Claims on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3.      The GUC Trustee may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit A**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e).

4.      The form of Objection Notice attached hereto as **Exhibit B** is approved.

5.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, extent, or priority of any Claim asserted against the Debtors, in the chapter 11 cases, or as a waiver of any right of the Post-Effective Date Debtor, and/or the GUC Trustee, as applicable, to dispute the validity, nature, amount, extent, or priority of, or otherwise object to, either in the same or subsequent objections, on any grounds to any such Claims.

6.      The GUC Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit A</u>**

**(Objection Procedures)**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>               Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

### PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On May __, 2024, META Advisors, LLC, in its capacity as GUC Trustee (the "<u>GUC Trustee</u>") of the Cyxtera GUC Trust (the "<u>Trust</u>") established in the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated debtors (collectively, the "<u>Debtors</u>"),[1] filed the *GUC Trustee's Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. __] (the "<u>Motion</u>") with the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>").  On _____, 2024, the Court entered an order [Docket No. ___] (the "<u>Order</u>") approving the Motion, including these omnibus objection procedures.

### Omnibus Objections

1.    <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the GUC Trustee may file omnibus objections (each, an "<u>Omnibus Objection</u>") to General Unsecured Claims on the grounds that such Claims, in part or in whole:

---

[1]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "<u>Plan</u>").

      a.      are inconsistent with the Debtors' books and records;

      b.      fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

      c.      fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

      d.      seek recovery of amounts for which the Debtors are not liable;

      e.      are filed against non-Debtors;

      f.      are disallowed pursuant to section 502 of the Bankruptcy Code;

      g.      are disallowed pursuant to the terms of the Plan.

2.      <u>Form of Omnibus Objections</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.      <u>Supporting Documentation</u>.  To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Post-Effective Date Debtor's books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.      <u>Claims Exhibits</u>.  An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information, alphabetized by claimant:

      a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.      the asserted amount of the Claim;

      c.      the grounds for the Omnibus Objection;

      d.      a cross-reference to the section of the Omnibus Objection discussing such Claim; and

      e.      other information, as applicable, including: (i) the proposed classification of Claims the GUC Trustee seeks to reclassify; (ii) the reduced Claim

amounts, of Claims the GUC Trustee seeks to reduce; or (iii) the surviving Claims, if any, of groups of Claims the GUC Trustee seeks to expunge.

5.    <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **Exhibit B**, (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, Claim, or objection, which will:

    a.    describe the basic nature of the Omnibus Objection;

    b.    inform creditors that their rights may be affected by the Omnibus Objection;

    c.    describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

    d.    identify the hearing date, if applicable, and related information; and

    e.    describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.    <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any), (b) the U.S. Trustee; and (c) parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date Notice.

7.    <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "<u>Hearing</u>"). In the GUC Trustee's sole discretion, and after notice to the affected claimant, the GUC Trustee may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date. For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the GUC Trustee may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim. If such Claims cannot be resolved and a hearing is determined to be necessary, the GUC Trustee shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the GUC Trustee did not file a notice of hearing previously.

8.    <u>Claims Paid or Payable by Third Parties</u>. The GUC Trustee shall reduce in full a Claim, and such Claim shall be disallowed without a Claim objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not the Debtors or GUC Trust. To the extent a holder of such Claim receives a distribution on account of such Claim and receives payment from a party that is not the Debtors or the GUC Trust on account of such Claim, such holder shall repay, return, or deliver any distribution to the GUC Trust, to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan. The GUC Trust and the Debtors' Estates reserve all of their rights,

remedies, claims, and actions against any such holders who fail to repay or return any such distribution.

In the event the GUC Trustee asserts a Claim held by the Landlords should be reduced or disallowed because such Claim was partially paid or paid in full by a third-party, the GUC Trustee shall provide at least fourteen (14) days' notice to the Landlords, with an opportunity for the Landlords to object and be heard by the Bankruptcy Court, prior to reducing or disallowing such Claim.

9.      <u>Contested Matter</u>.  Each Claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim.  The GUC Trustee may, in its discretion and in accordance with other orders of the Court, the Plan, or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, extent, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

<u>**Responses to Omnibus Objections**</u>

10.      <u>Parties Required to File a Response</u>.  Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein.  If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

11.      <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

  a.      a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

  b.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

  c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the GUC Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

  d.      the following contact information for the responding party:

i.   the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the GUC Trustee should serve a reply to the Response, if any; or

ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.     <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern Time) on the day that is twenty-one (21) calendar days from the date the Omnibus Objection is served (the "<u>Response Date</u>") by the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street, 67th Fl<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, 2nd Floor<br>Parsippany, NJ 07054<br>Attn:  James S. Carr<br>Attn:  Dane Kane | Office of the United States Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt, Esq. |

13.     <u>Discovery</u>.  If the GUC Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the GUC Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

14.     <u>Failure to Respond</u>.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the GUC Trustee resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

15.     <u>Reply to a Response</u>.  The GUC Trustee shall be permitted to file a reply to any Response no later than two (2) business days before the hearing with respect to the relevant Omnibus Objection.

**Miscellaneous**

16.    Additional Information.  Copies of these procedures, the Motion, or Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at the website of Prime Clerk at https://www.kccllc.net/cyxtera.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

17.    Reservation of Rights.  NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, , OR GUC TRUSTEE, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED    APPROPRIATE    NOTICE    THEREOF    AT    SUCH    TIME.

**<u>Exhibit B</u>**

**(Objection Notice)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR
9004-1(b)**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

## NOTICE OF OBJECTION TO YOUR CLAIM

To: _____ [Claim Holder and Counsel, if any]

The GUC Trustee of the Cyxtera GUC Trust, established in the chapter 11 cases of

Cyxtera  Technologies,  Inc.  and  its  affiliated  Debtors,  has  filed  the  enclosed

_____ *[Title of Objection]* [Docket

No. ___] which seeks to alter your rights by_____.

*[Describe effect of the Objection, i.e., disallowing, reducing, modifying, etc.]*

If you disagree with the objection, you must file a response to the Objection with the

Clerk of the Bankruptcy Court at the address below on or before _____, 2024.

At the same time, you must also serve a copy of the response upon the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street, 67th Fl<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Attn:  James S. Carr<br>Attn:  Dana P. Kane | Office of the United States<br>Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt,<br>Esq. |

If you file a response, you or your attorney must appear at a hearing on the objection that will be held before the honorable John K. Sherwood on _____, 2024 at __:__ _.m. (the "Hearing") at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102 Courtroom 3D.

PLEASE TAKE FURTHER NOTICE that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation.  Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, i.e., on _____, 2024 at 12:00 p.m. (ET).

IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.