| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel for the GUC Trustee* |

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Re: Docket No. 977** |

**CERTIFICATION OF NO OBJECTION REGARDING
GUC TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
(I) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II)
AUTHORIZING THE GUC TRUSTEE TO FILE SUBSTANTIVE OMNIBUS
OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)**

**PLEASE TAKE NOTICE** that in connection with *the GUC Trustee's Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to file Substantive Omnibus Objections to claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 977], (the "Motion"), counsel for the GUC Trustee (the "GUC Trustee") hereby files this certificate of no objection.

**PLEASE TAKE FURTHER NOTICE** that the Proposed Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that the objection deadline has passed, and the

GUC Trustee has not received any formal or informal objections in connection with the relief requested in the Proposed Order, and as such, respectfully requests that the Court enter the Proposed Order.

Dated: July 15, 2024    **KELLEY DRYE & WARREN LLP**

*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

# **EXHIBIT "A"**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* |

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>          Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER (I) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II) AUTHORIZING THE GUC TRUSTEE TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c) AND (d)**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby ORDERED.

Page:      2
Debtors:   CTI Liquidation, Inc.
Case No.:  23-14853 (JKS)
Caption:   Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)

Upon consideration of the *GUC Trustee's Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* (the "Motion")[1] filed by META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in the chapter 11 cases of CTI Liquidation, Inc. (the "Post-Effective Date Debtor"), for entry of an order (this "Order"), (I) approving the Objection Procedures attached hereto, and (II) authorizing the GUC Trustee to assert substantive objections to Claims in an omnibus format pursuant to Bankruptcy Rule 3007(c) and (d), all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the GUC Trustee's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

| | |
|---|---|
| Page: | 3 |
| Debtors: | CTI Liquidation, Inc. |
| Case No.: | 23-14853 (JKS) |
| Caption: | Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d) |

2. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the D.N.J. LBR, and pursuant to Bankruptcy Rule 3007(c), the GUC Trustee may file Omnibus Objections that include objections to General Unsecured Claims on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3. The GUC Trustee may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit A**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e).

4. The form of Objection Notice attached hereto as **Exhibit B** is approved.

5. Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, extent, or priority of any Claim asserted against the Debtors, in the chapter 11 cases, or as a waiver of any right of the Post-Effective Date Debtor, and/or the GUC Trustee, as applicable, to dispute the validity, nature, amount, extent, or priority of, or otherwise object to, either in the same or subsequent objections, on any grounds to any such Claims.

6. The GUC Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit A**

**(Objection Procedures)**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* |

| In re:                          | Chapter 11                 |
|---------------------------------|----------------------------|
| CTI Liquidation Co., Inc.       | Case No. 23-14853 (JKS)    |
| Post-Effective Date Debtor.     | (Jointly Administered)     |

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On May __, 2024, META Advisors, LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated debtors (collectively, the "Debtors"),[1] filed the *GUC Trustee's Motion for Entry of an Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. ___] (the "Motion") with the United States Bankruptcy Court for the District of New Jersey (the "Court"). On _____, 2024, the Court entered an order [Docket No. ___] (the "Order") approving the Motion, including these omnibus objection procedures.

### Omnibus Objections

1. <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the GUC Trustee may file omnibus objections (each, an "Omnibus Objection") to General Unsecured Claims on the grounds that such Claims, in part or in whole:

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "Plan").

    a.    are inconsistent with the Debtors' books and records;

    b.    fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

    c.    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;

    d.    seek recovery of amounts for which the Debtors are not liable;

    e.    are filed against non-Debtors;

    f.    are disallowed pursuant to section 502 of the Bankruptcy Code;

    g.    are disallowed pursuant to the terms of the Plan.

2.    <u>Form of Omnibus Objections</u>. Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.    <u>Supporting Documentation</u>. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Post-Effective Date Debtor's books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.    <u>Claims Exhibits</u>. An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection. Claims for which there is more than one basis for an Omnibus Objection will be referenced on each exhibit applicable thereto. The exhibits will include, without limitation, the following information, alphabetized by claimant:

    a.    the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    the asserted amount of the Claim;

    c.    the grounds for the Omnibus Objection;

    d.    a cross-reference to the section of the Omnibus Objection discussing such Claim; and

    e.    other information, as applicable, including: (i) the proposed classification of Claims the GUC Trustee seeks to reclassify; (ii) the reduced Claim

      amounts, of Claims the GUC Trustee seeks to reduce; or (iii) the surviving Claims, if any, of groups of Claims the GUC Trustee seeks to expunge.

5.    <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **Exhibit B**, (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, Claim, or objection, which will:

    a.    describe the basic nature of the Omnibus Objection;

    b.    inform creditors that their rights may be affected by the Omnibus Objection;

    c.    describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

    d.    identify the hearing date, if applicable, and related information; and

    e.    describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.    <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any), (b) the U.S. Trustee; and (c) parties that have filed a renewed request for service of papers under Bankruptcy Rule 2002 pursuant to the Effective Date Notice.

7.    <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "<u>Hearing</u>"). In the GUC Trustee's sole discretion, and after notice to the affected claimant, the GUC Trustee may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date. For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the GUC Trustee may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim. If such Claims cannot be resolved and a hearing is determined to be necessary, the GUC Trustee shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the GUC Trustee did not file a notice of hearing previously.

8.    <u>Claims Paid or Payable by Third Parties</u>. The GUC Trustee shall reduce in full a Claim, and such Claim shall be disallowed without a Claim objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not the Debtors or GUC Trust. To the extent a holder of such Claim receives a distribution on account of such Claim and receives payment from a party that is not the Debtors or the GUC Trust on account of such Claim, such holder shall repay, return, or deliver any distribution to the GUC Trust, to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan. The GUC Trust and the Debtors' Estates reserve all of their rights,

3

remedies, claims, and actions against any such holders who fail to repay or return any such distribution.

In the event the GUC Trustee asserts a Claim held by the Landlords should be reduced or disallowed because such Claim was partially paid or paid in full by a third-party, the GUC Trustee shall provide at least fourteen (14) days' notice to the Landlords, with an opportunity for the Landlords to object and be heard by the Bankruptcy Court, prior to reducing or disallowing such Claim.

9. <u>Contested Matter</u>. Each Claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim. The GUC Trustee may, in its discretion and in accordance with other orders of the Court, the Plan, or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, extent, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

10. <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

11. <u>Response Contents</u>. Each Response must contain the following (at a minimum):

   a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

   c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the GUC Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

   d. the following contact information for the responding party:

4

        i.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the GUC Trustee should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.    <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern Time) on the day that is twenty-one (21) calendar days from the date the Omnibus Objection is served (the "<u>Response Date</u>") by the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street, 67th Fl<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, 2nd Floor<br>Parsippany, NJ 07054<br>Attn:  James S. Carr<br>Attn:  Dane Kane | Office of the United States Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt, Esq. |

13.    <u>Discovery</u>.  If the GUC Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the GUC Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

14.    <u>Failure to Respond</u>.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the GUC Trustee resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

15.    <u>Reply to a Response</u>.  The GUC Trustee shall be permitted to file a reply to any Response no later than two (2) business days before the hearing with respect to the relevant Omnibus Objection.

5

**Miscellaneous**

16. <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at the website of Prime Clerk at https://www.kccllc.net/cyxtera.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at http://www.njb.uscourts.gov.

17. <u>Reservation of Rights</u>.  NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS, , OR GUC TRUSTEE, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**Exhibit B**

**(Objection Notice)**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF OBJECTION TO YOUR CLAIM**

To: _____ [Claim Holder and Counsel, if any]

The GUC Trustee of the Cyxtera GUC Trust, established in the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated Debtors, has filed the enclosed _____ *[Title of Objection]* [Docket No. ___] which seeks to alter your rights by _____.

*[Describe effect of the Objection, i.e., disallowing, reducing, modifying, etc.]*

If you disagree with the objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before _____, 2024.

At the same time, you must also serve a copy of the response upon the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street, 67th Fl<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Attn: James S. Carr<br>Attn: Dana P. Kane | Office of the United States Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt, Esq. |

If you file a response, you or your attorney must appear at a hearing on the objection that will be held before the honorable John K. Sherwood on _____, 2024 at __:__ _.m. (the "Hearing") at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102 Courtroom 3D.

PLEASE TAKE FURTHER NOTICE that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation. Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, i.e., on _____, 2024 at 12:00 p.m. (ET).

IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.