**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Post-Effective Date Debtor*

**HALPERIN BATTAGLIA BENZIJA**
Alan D. Halperin, Esq.
Donna Lieberman, Esq.
Keara Waldron, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net
kwaldron@halperinlaw.net

*Counsel to the Plan Administrator for the Post-Effective Date Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc., | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | |

**NOTICE OF THE MOTION OF THE PLAN
ADMINISTRATOR TO APPROVE AMENDED LENDER DISTRIBUTION MATRIX**

**PLEASE TAKE NOTICE** that on September 17, 2024, at 10:00 a.m., prevailing Eastern Time, or as soon thereafter as counsel may be heard, PIRINATE Consulting Group, LLC, as administrator (the "Plan Administrator") of the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy*

*Code* [Docket No. 694], pursuant to that certain Plan Administrator Agreement dated January 12, 2023, shall move the *Motion of the Plan Administrator to Approve Amended Lender Distribution Matrix* (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, approving an amended lender distribution matrix and related distributions in accordance with the Plan, the Plan Administrator Agreement, and section 105(a) of title 11 of the United States Code.[1]

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Plan Administrator shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at https://veritaglobal.net/cyxtera. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: August 26, 2024

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com

*Counsel to the Post-Effective Date Debtor*

**HALPERIN BATTAGLIA BENZIJA**
Alan D. Halperin, Esq.
Donna Lieberman, Esq.
Keara Waldron, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
Email:   ahalperin@halperinlaw.net
         dlieberman@halperinlaw.net
         kwaldron@halperinlaw.net

*Counsel to the Plan Administrator for the Post-Effective Date Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Post-Effective Date Debtor*

**HALPERIN BATTAGLIA BENZIJA**
Alan D. Halperin, Esq.
Donna Lieberman, Esq.
Keara Waldron, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net
kwaldron@halperinlaw.net

*Counsel to the Plan Administrator for the Post-Effective Date Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.,<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS) |

**MOTION OF THE PLAN ADMINISTRATOR TO
APPROVE AMENDED LENDER DISTRIBUTION MATRIX**

PIRINATE Consulting Group, LLC, as administrator (the "Plan Administrator") of the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "Plan"), pursuant to that certain Plan Administrator Agreement dated January 12, 2023 (the "Plan Administrator

Agreement") hereby submits this motion (the "Motion") for entry of an order approving an amended lender distribution matrix and related distributions, in accordance with the Plan, the Plan Administrator Agreement, and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Plan Administrator respectfully represents as follows:

**Factual Background**

1. On June 4, 2023 (the "Petition Date"), Debtor CTI Liquidation Co., Inc. (f/k/a Cyxtera Technologies, Inc.) and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. Prior to the Petition Date, the Debtors were party to a first lien term loan credit facility under that certain first lien credit agreement dated as of May 1, 2017 (as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time), by and between Cyxtera DC Holdings, Inc., Cyxtera DC Parent Holdings, Inc., Cyxtera Communications, LLC, and Cyxtera Data Centers, Inc., the first lien lenders from time to time party thereto (the "First Lien Lenders"), and Citibank, N.A., as administrative agent and collateral agent ("Citibank").

3. On October 31, 2023, the Debtors and Phoenix Data Center Holdings LLC (the "Purchaser") entered into an asset purchase agreement (the "Purchase Agreement"), a copy of which was attached as Exhibit A to the *Notice of Sale Transaction* [Docket No. 648] (the "Sale Transaction Notice"), memorializing the terms of an Asset Sale whereby an affiliate of Brookfield Infrastructure Partners L.P. (the "Purchaser") agreed to, among other things, purchase substantially all of the Debtors' assets in exchange for $775 million in cash, subject to certain adjustments (the "Sale Transaction").

4.  On November 17, 2023, the Court confirmed the Plan and entered the *Revised Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] (the "<u>Confirmation Order</u>"), which, among other things, approved the Sale Transaction and approved the execution and implementation of the appointment of the Plan Administrator Agreement.

5.  The Debtors substantially consummated the transactions contemplated under the Plan, including closing the Sale Transaction, and the Plan became effective on January 12, 2024 (the "<u>Effective Date</u>").

## Jurisdiction and Venue

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.  In connection with the Effective Date, Citibank made an initial distribution (the "<u>Initial Distribution</u>") to the First Lien Lenders in accordance with the Plan and the Confirmation Order. Funds totaling $627,963,312.71, representing an initial recovery of about 61% for the First Lien Lenders on account of their Class 3 First Lien Claims, were distributed to the First Lien Lenders in the Initial Distribution.

8.  Pursuant to Article IV., sections D.3(iii) and D.4. of the Plan, and sections (i), 2(iv) and 16 of the Plan Administrator Agreement, the Plan Administrator is to make subsequent distributions as necessary to the First Lien Lenders as additional monies are recovered by the Post-Effective Date Debtors. Further, the Plan Administrator "…shall have the right at any

time to seek and rely upon instructions from the Bankruptcy Court concerning its rights or duties under or in connection with this Agreement, the Plan, or any other document executed in connection herewith or therewith, and the Plan Administrator shall be entitled to rely upon such instructions . . . ." Plan Administrator Agreement ¶16.

9. Upon reconciliation of records following the Initial Distribution, the Plan Administrator understands that a clerical error on the claims register turned over to the Plan Administrator following the Initial Distribution resulted from not properly recording the transfer of accrued and unpaid interest in connection with the transfer of certain claims, resulting in a small amount — about $1.5 million, or approximately 0.15% of Allowed First Lien Claims—of unpaid distributions (the "Unpaid Distributions") to the First Lien Lenders during the Initial Distribution.

10. The Plan Administrator has worked closely with the interested parties and their advisors to quickly rectify their records and amend the distribution matrix, and a copy of the amendments is attached hereto as **Exhibit A** (the "Amended First Lien Lender Distribution Matrix").[1] Accordingly, by this Motion, the Plan Administrator seeks approval of the Amended First Lien Distribution Matrix out of an abundance of caution and authority to rely on the Amended First Lien Lender Distribution Matrix for future distributions, and make the necessary supplemental distributions on account of the Unpaid Distributions.

## Basis for Relief

11. As noted, pursuant to the Plan Administrator Agreement, the Plan Administrator has "…the right at any time to seek and rely upon instructions from the Bankruptcy Court concerning its rights or duties under or in connection with this Agreement, the Plan, or any

---

[1] As the identity of the actual holders of these claims is not public, Exhibit A does not include their names. However, each holder in Exhibit has or will receive notice that they are included in Exhibit A. The Plan Administrator will provide a list with identifying detail to chambers should the Court want to see it.

other document executed in connection herewith or therewith…". Plan Administrator Agreement ¶16.

12. In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." It is also generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy ¶ 105.04 at 105–15 & n.5 (15th rev. ed. 1989)).

13. The Plan Administrator respectfully submits that cause exists to approve the Amended First Lien Lender Distribution Matrix and to make a catch-up distribution to the holders of such claims entitled to share in the recovery afforded under the Plan. The parties have worked together to understand the aforementioned error, fix and confirm any unaccounted-for Class 3 First Lien Claims that remained as a result of it, and prepare the data needed to create the Amended First Lien Lender Distribution Matrix, which addresses them. The Plan Administrator holds sufficient funds to make such "catch up" distributions and addressing this issue will enable the Plan Administrator to proceed with further distributions to the First Lien Lenders.

## NOTICE

14. The Post-Effective Date Debtor will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc First Lien Group of the Debtors' prepetition term loan facilities; (c) the Committee; (d) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (e) the office of the attorney general for each of the states in which the Debtors operate; (f) the United States Attorney's Office for the District of New Jersey; (g) the Securities and Exchange Commission; (h) the Internal Revenue

Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, the Plan Administrator seek entry of an order substantially in the form attached hereto as **Exhibit B** approving the Amended First Lien Lender Distribution Matrix, authorizing the Plan Administrator to make a catch-up distribution on account of the Interest Claims, and granting such other and further relief as is appropriate.

Dated: August 26, 2024

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
   wusatine@coleschotz.com
   fyudkin@coleschotz.com

*Counsel to the Post-Effective Date Debtor*

**HALPERIN BATTAGLIA BENZIJA**
Alan D. Halperin, Esq.
Donna Lieberman, Esq.
Keara Waldron, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
Email:  ahalperin@halperinlaw.net
   dlieberman@halperinlaw.net
   kwaldron@halperinlaw.net

*Counsel to the Plan Administrator for the Post-Effective Date Debtor*

# Exhibit A

**Amended First Lien Lender Distribution Matrix**

| INVESTOR ID | Impacted Claim Amount | Catch Up Amount for Initial Distribution |
|---|---|---|
| 1 | 1,191.94 | 725.44 |
| 2 | 277.10 | 168.65 |
| 3 | 34.17 | 20.80 |
| 4 | 146.41 | 89.11 |
| 5 | 21,654.40 | 13,179.33 |
| 6 | 38,859.21 | 23,650.54 |
| 7 | 8,495.35 | 5,170.45 |
| 8 | 90,832.04 | 55,282.32 |
| 9 | 16,157.28 | 9,833.67 |
| 10 | 12,715.26 | 7,738.78 |
| 11 | 491,608.51 | 299,203.43 |
| 12 | 512.03 | 311.63 |
| 13 | 1,187.33 | 722.63 |
| 14 | 7,967.15 | 4,848.98 |
| 15 | 283,592.29 | 172,600.32 |
| 16 | 1,542.84 | 939.01 |
| 17 | 5,925.85 | 3,606.60 |
| 18 | 5,329.75 | 3,243.80 |
| 19 | 2,910.33 | 1,771.29 |
| 20 | 15,287.98 | 9,304.59 |
| 21 | 23,072.28 | 14,042.28 |
| 22 | 12,517.89 | 7,618.66 |
| 23 | 3,541.49 | 2,155.43 |
| 24 | 358.01 | 217.89 |
| 25 | 7,984.24 | 4,859.38 |
| 26 | 2,238.11 | 1,362.16 |
| 27 | 205.40 | 125.01 |
| 28 | 66.93 | 40.74 |
| 29 | 67.72 | 41.22 |
| 30 | 1,267.44 | 771.39 |
| 31 | 1,149.13 | 699.39 |
| 32 | 711.66 | 433.13 |
| 33 | 8.60 | 5.23 |
| 34 | 92.76 | 56.46 |
| 35 | 50.78 | 30.91 |
| 36 | 735.62 | 447.71 |
| 37 | 6,617.05 | 4,027.28 |
| 38 | 12,637.37 | 7,691.37 |
| 39 | 847.23 | 515.64 |
| 40 | 94,460.45 | 57,490.65 |
| 41 | 17,532.11 | 10,670.42 |
| 42 | 40,445.69 | 24,616.11 |
| 43 | 199,273.14 | 121,281.89 |
| 44 | 2,288.37 | 1,392.75 |
| 45 | 14,990.61 | 9,123.61 |
| 46 | 316.44 | 192.59 |
| 47 | 23,466.38 | 14,282.14 |
| 48 | 30,539.19 | 18,586.80 |
| **Total** | **1,503,709.31** | **915,189.58** |

**<u>Exhibit B</u>**

**Proposed Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Counsel to the Post-Effective Date Debtor*<br><br>**HALPERIN BATTAGLIA BENZIJA**<br>Alan D. Halperin, Esq.<br>Donna Lieberman, Esq.<br>Keara Waldron, Esq.<br>40 Wall Street, 37th Floor<br>New York, New York 10005<br>Telephone: (212) 765<br>Facsimile: (212) 765-0964<br>ahalperin@halperinlaw.net<br>dlieberman@halperinlaw.net<br>kwaldron@halperinlaw.net<br><br>*Counsel to the Plan Administrator for the Post-Effective Date Debtor* | |
| In re:<br><br>CTI Liquidation Co., Inc.,<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS) |

**ORDER GRANTING MOTION OF THE PLAN
ADMINISTRATOR TO APPROVE AMENDED LENDER DISTRIBUTION MATRIX**

The relief set forth on the following pages, numbered three (3) through four (4), is hereby

**ORDERED.**

(Page | 3)
Debtors:         CTI LIQUIDATION CO., INC.
Case No.         23-14853 (JKS)
Caption of Order: Order Granting Motion of the Plan Administrator to Approve Amended Lender Distribution Matrix

---

Upon the motion (the "<u>Motion</u>")[1] of the Plan Administrator for entry of an order (this "<u>Order</u>") pursuant the Plan, the Plan Administrator Agreement, and §105(a) of the Bankruptcy Code, seeking approval of the Amended First Lien Lender Distribution Matrix, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**,

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Amended First Lien Lender Distribution Matrix attached as <u>Exhibit A</u> to the Motion is approved.

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

(Page | 4)
Debtors: CTI LIQUIDATION CO., INC.
Case No. 23-14853 (JKS)
Caption of Order: Order Granting Motion of the Plan Administrator to Approve Amended Lender Distribution Matrix

3. The Plan Administrator is authorized to provide a catch-up distribution on account of the Interest Claims and to utilize and rely upon the Amended First Lien Lender Distribution Matrix for such distributions and any future distributions to the First Lien Lenders.

4. The Post-Effective Date Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.