Order Filed on September 18, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Post-Effective Date Debtor*

**HALPERIN BATTAGLIA BENZIJA**
Alan D. Halperin, Esq.
Donna Lieberman, Esq.
Keara Waldron, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net
kwaldron@halperinlaw.net

*Counsel to the Plan Administrator for the Post-Effective Date Debtor*

---

| | |
|---|---|
| In re:<br>CTI Liquidation Co., Inc.,<br>      Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS) |

# ORDER GRANTING MOTION OF THE PLAN
## ADMINISTRATOR TO APPROVE AMENDED LENDER DISTRIBUTION MATRIX

The relief set forth on the following pages, numbered three (3) through four (4), is hereby **ORDERED.**

**DATED: September 18, 2024**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | CTI LIQUIDATION CO., INC. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | Order Granting Motion of the Plan Administrator to Approve Amended Lender Distribution Matrix |

Upon the motion (the "Motion")[1] [ECF No. 997] of the Plan Administrator for entry of an order (this "Order") pursuant the Plan, the Plan Administrator Agreement, and §105(a) of the Bankruptcy Code, seeking approval of the Amended First Lien Lender Distribution Matrix, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**,

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Amended First Lien Lender Distribution Matrix attached as Exhibit A to the Motion is approved.

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

(Page | 4)
Debtors: CTI LIQUIDATION CO., INC.
Case No. 23-14853 (JKS)
Caption of Order: Order Granting Motion of the Plan Administrator to Approve Amended Lender Distribution Matrix

3. The Plan Administrator is authorized to provide a catch-up distribution on account of the Interest Claims and to utilize and rely upon the Amended First Lien Lender Distribution Matrix for such distributions and any future distributions to the First Lien Lenders.

4. The Post-Effective Date Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.