**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>      Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Hearing Date:**  **October 22, 2024**<br>**Time:**     **10:00 a.m. (ET)**<br>**Response Deadline:** **October 15, 2024** |

**SECOND OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN EQUITY CLAIMS**

    META Advisors LLC, in its capacity as GUC trustee (the "<u>GUC Trustee</u>") of the Cyxtera GUC Trust (the "<u>Trust</u>") established in this chapter 11 case, by and through its undersigned counsel, files this *Second Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Equity Claims* (this "<u>Omnibus Objection</u>") because each such claim (collectively, the "<u>Proofs of Claim</u>") reflects equity security interests and not claims within the meaning of section 101(5) of the Bankruptcy Code (the "<u>Equity Claims</u>").  In support of this Omnibus Objection, the GUC Trustee submits and relies upon the accompanying *Declaration of Grace Marie Codispoti in Support of the Second Omnibus Objection to Claims Seeking to Disallow and*

*Expunge Certain Equity Claims* (the "Declaration") filed contemporaneously herewith and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court (the "Court") has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are section 502(b) of Title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "D.N.J. LBR").

**Background**

**A.    Procedural Background**

3. On June 4, 2023 (the "Petition Date"), Cyxtera Technologies, Inc. (n/k/a CTI Liquidation Co., Inc.) (the "Lead Debtor") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing these chapter 11 cases.

4. On November 16, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] confirming the *Fourth Amended Joint Plan of Reorganization of Cyxtera*

2

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "Plan").[1]

5. On January 12, 2024, the Effective Date of the Plan occurred. *See Notice of (A) Entry of the Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855] (the "Effective Date Notice").

6. On March 27, 2024, the Court entered an *Order (I) Granting Post-Effective Date Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Case Caption of the Remaining Case, and (III) Granting Related Relief* [Docket No. 953] pursuant to which all of the Debtors' chapter 11 cases were closed other than the case of the Lead Debtor.

**B.    The Claims Reconciliation Process**

7. Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the Plan, Confirmation Order and that certain *GUC Trust Agreement* dated as of the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court" *See* Plan § VII.D.

8. On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

9. On July 19, 2023, the Court entered an order establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases.[2] Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023 (the "Governmental Claims Bar Date" and collectively with the General Claims Bar Date, the "Claims Bar Dates"), as the deadline for all governmental agencies, to file written proof of such claim.

10. To date, 550 Proofs of Claim have been filed against the Debtors. Of these, 383 Proofs of Claim currently assert General Unsecured Claims in the aggregate amount of approximately $307 million, plus unliquidated amounts. In addition, the Debtors' Schedules currently reflect approximately 400 non-zero General Unsecured Claims in the aggregate approximate amount of nearly $1.25 million.

11. Since the Effective Date, the GUC Trustee, together with its advisors, has been reviewing and reconciling all General Unsecured Claims asserted against the Debtors. As part of its ongoing review of filed claims, the GUC Trustee has reviewed each of the Proofs of

---

[2] Docket No. 298.

4

Claim listed on **Schedule 1** to the proposed order filed herewith (the "Proposed Order"), and has concluded that each such claim should be disallowed and expunged.

### Relief Requested

12. The GUC Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, pursuant to the Bankruptcy Code, the Bankruptcy Rules and the objection procedures (the "Objection Procedures") approved pursuant to the *Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007 (c) and (d)* [Docket No. 987] (the "Objection Procedures Order"), disallowing and expunging in their entirety each claim listed on **Schedule 1** to the Proposed Order.

### Basis for Relief Requested

13. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of prima facie validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173.

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

15. Thus, while a properly-filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of

5

evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74.  The burden of persuasion with respect to the claim is always on the claimant. *See, e.g.*, *Biolitec, AG v. Cyganowski*, No. 13-cv-5864, 2013 WL 6795400, *3 (D. N.J. Dec. 16, 2013); *see also In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74. The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Here, there is ample evidence to rebut the *prima facie* validity of each of the disputed claims.

16. The GUC Trust has standing to file objections to claims under sections 502 and 1109(b) of the Bankruptcy Code, Article IV of the Plan and Article III of the GUC Trust Agreement.

17. Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

18. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance." *See* Fed. R. Bankr. P. 3007(d).

19. In addition, pursuant to Local Bankruptcy Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

20. Further, pursuant to the Objection Procedures, omnibus objections may be filed where claims (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted claim amount (or only list the claim amount as "unliquidated"); (c) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; (d) seek recovery of amounts for which the various Debtors are not liable; (e) are filed against non-Debtors; (f) are disallowed pursuant to section 502 of the Bankruptcy Code; or (g) are disallowed pursuant to the terms of the Plan.  Objection Procedures, at 1-2.

**A.    Equity Claims**

21. The GUC Trustee objects to each of the Equity Claims listed on **Schedule 1** to the Proposed Order. As set forth in the Declaration, the GUC Trustee has reviewed the Equity Claims and has determined that the Equity Claims reflect equity security interests.  The ownership of equity security interests in any of the Debtors does not constitute a "Claim" against any of the Debtors' estates within the meaning of section 101(5) of the Bankruptcy Code.[3]  Further, pursuant to the Plan, all equity interests in the Debtors were deemed cancelled and extinguished as of the Effective Date and do not receive a recovery under the Plan.  Accordingly, the GUC Trustee seeks disallowance of the Equity Claims.

22. Certain Equity Claims were filed after the General Claims Bar Date.  The GUC Trustee reserves all rights to object to such claims on the grounds of untimeliness, to the extent that they are not expunged in connection with the relief requested by this Omnibus Objection.

---

[3] Compare 11 U.S.C. § 101(5) (providing that the term "claim" means a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment") with 11 U.S.C. § 101(16) (providing that the term "equity security" means, among other things, a share in a corporation whether or not denominated "stock", or a warrant or right to purchase, sell or subscribe to same).

**Responses to the Objection**

23. <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

24. <u>Response Contents</u>. Each Response must contain the following (at a minimum):

   a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

   c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the GUC Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

   d. the following contact information for the responding party:

      i. the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the GUC Trustee should serve a reply to the Response, if any; or

        ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

25.    <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern Time) on October 15, 2024 (the "<u>Response Date</u>") by the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street, 67th Fl<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br>Attn: Colin R. Robinson<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Attn: James S. Carr<br>Attn: Dana P. Kane | Office of the United States Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt, Esq. |

26.    <u>Discovery</u>. If the GUC Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the GUC Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

27.    <u>Failure to Respond</u>. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the GUC Trustee resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a**

**Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.** Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

### Reservation of Rights

28. In the event that any of the Proofs of Claim are not expunged and disallowed, on the grounds asserted herein, the GUC Trustee hereby reserves its rights to object to such Proofs of Claim on any other grounds including, as noted above, on the grounds of untimeliness. Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

29. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Omnibus Objection or any order granting the relief requested by this Omnibus Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

30. To the extent that a response is filed regarding any Proof of Claim and the GUC Trustee is unable to resolve any such response, each such Proof of Claim, and the Omnibus Objection as it pertains to such Proof of Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the GUC Trustee requests that any order entered

by the Court regarding an objection or other reply asserted in response to this Omnibus Objection be deemed a separate order with respect to each proof of claim.

### Waiver of Memorandum of Law

31. The GUC Trustee respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal bases upon which the GUC Trustee relies is incorporated herein and the Omnibus Objection does not raise any novel issues of law.

### Notice

32. Notice of this Omnibus Objection has been given to: (a) the affected claimant party set forth on the Proof of Claim and their respective attorney of record (if any) and (b) the U.S. Trustee. The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

**Conclusion**

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully requests that the Court: (a) grant this Omnibus Objection; (b) enter an order substantially in the form of the Proposed Order filed herewith granting this Objection and providing that the Equity Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

Dated:   September 20, 2024        KELLEY DRYE & WARREN LLP

*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Hearing Date:** October 22, 2024<br>**Time:** 10:00 a.m. (ET)<br>**Response Deadline:** October 15, 2024 4 |

**DECLARATION OF GRACE MARIE CODISPOTI IN SUPPORT OF THE SECOND OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN EQUITY CLAIMS**

I, Grace Marie Codispoti, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an authorized representative of META Advisors LLC, in its capacity as trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in this case. I submit this declaration (the "Declaration") for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence

in support of the *Second Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Equity Claims* (the "Omnibus Objection").[1]

2. As part of my current position in assisting with GUC Trustee's responsibilities under the Plan and the GUC Trust Agreement, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' business affairs and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

3. I have read the Omnibus Objection and am directly, or by and through the GUC Trustee's advisors, familiar with the information contained therein and the exhibits attached thereto.

4. I am authorized to submit this Declaration in support of the Omnibus Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Debtors' operations, books and records; (d) information supplied to me by the Trust's advisors and by others at the Trust's request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the GUC Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

5. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the Debtors in these chapter 11 cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Omnibus Objection.

6. Upon a thorough review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation thereto, I have determined that the Equity Claims listed on **Schedule 1** to the Proposed Order are not valid because such claims represent proofs of equity interests, which I am advised are not "claims" within the meaning of section 101(5) of the Bankruptcy Code, and thus should be disallowed and expunged.

7. Failure to disallow and expunge the disputed claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors, to the detriment of other creditors. Accordingly, I believe that the Court should grant the relief requested in the Objection.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: September 20, 2024

*/s/ Grace Marie Codispoti*
Grace Marie Codispoti