| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel for the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br>**Hearing Date:**     **January 21, 2025**<br>**Time:**                      **10:00 a.m.**<br>**Response Deadline:   January 14, 2025** |

**NOTICE OF GUC TRUSTEE'S SECOND MOTION FOR ENTRY OF
AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE
GUC TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

**PLEASE TAKE NOTICE** that on January 21, 2025, at 10:00 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard, META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in connection with the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), shall move for the entry of an order extending the period within which the GUC Trustee may object to general unsecured claims (the "Motion"), from January 6, 2025 through and including July 7, 2025, before the Honorable John K. Sherwood, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut Street, 3rd Floor, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents* dated March 27, 2002 (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above

**PLEASE TAKE FURTHER NOTICE** that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation. Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, i.e., on January 17, 2025 at 12:00 p.m. (ET).[1]

---

[1] Monday, January 20, 2025 is a federal holiday.

2

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated:  December 26, 2024          KELLEY DRYE & WARREN LLP

/s/ James S. Carr
James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>                  Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>**Hearing Date:**    **January 21, 2025**<br>**Time:**    **10:00 a.m.**<br>**Response Deadline:**    **January 14, 2025** |

**GUC TRUSTEE'S SECOND MOTION FOR ENTRY OF AN ORDER
EXTENDING THE PERIOD WITHIN WHICH THE GUC
TRUSTEE MAY OBJECT TO GENERAL UNSECURED CLAIMS**

META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in connection with the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated post-effective date debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the *Local Rules of the United States Bankruptcy Court District of New Jersey* (the

"Local Rules"), extending the period within which the GUC Trustee may object to Claims (as defined in the Plan, defined below) filed against the Debtors' estates by approximately 180 days, to and including July 7, 2025.[1] In support of this Motion, the GUC Trustee respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1.

## Background

**A.    General Background**

3. On June 4, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey commencing these Cases.

4. On November 16, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* confirming the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[2]

5. On January 12, 2024, the Effective Date of the Plan occurred, as set forth in the *Notice of (A) Entry of the Order Confirming Fourth Amended Joint Plan of*

---

[1] The requested extension is 182 days, as the 180th day falls on a Saturday.

[2] Docket Nos. 694, 718.

2

*Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* (the "Effective Date Notice").[3]

B. **Appointment, Rights, Powers and Duties of the Trustee**

6. Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the GUC Trust Agreement on the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court."[4]

C. **The Bar Dates and Claim Objection Deadline**

7. On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

8. On July 19, 2023, the Court entered an order establishing certain dates and deadlines for filing Proofs of Claim in these chapter 11 cases. Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to

---

[3]   Docket No. 855.
[4]   Plan § VII.D.

3

section 503(b)(9) of the Bankruptcy Code, and December 1, 2023 (the "Governmental Claims Bar Date") as the deadline for all governmental agencies, to file written proof of such claim.[5]

9. D.N.J. LBR 3007-1 provides in relevant part:

> "(b) Time for Filing. A motion or adversary proceeding objecting to a claim must be filed by the later of:
>
> (1) 60 days after the entry of the order confirming plan; or
>
> (2) 60 days after the claim is filed or amended.
>
> (c) Extension. A request for an extension of the time to object to the allowance of a claim must be brought by motion filed before the expiration of the time to object."

D.N.J. LBR 3007-1.

10. The initial deadline for the GUC Trustee to object to General Unsecured Claims (the "Claims Objection Deadline") pursuant to the Local Rules was July 10, 2024.[6]

11. Pursuant to a first extension granted by this Court, the current Claims Objection Deadline is January 6, 2025.[7]

**D. The Claims Reconciliation Process**

12. Since the Effective Date, the GUC Trustee and its counsel and advisors, among other things, have been in the process of reviewing and reconciling General Unsecured Claims filed against the Debtors in these chapter 11 cases, for which it is responsible for resolving.

13. To date, 551 Proofs of Claim have been filed against the Debtors. Of these, over 380 Proofs of Claim assert or asserted General Unsecured Claims in the aggregate

---

[5] Docket No. 298.
[6] *See* Plan § I.A.31.
[7] Docket No. 985.

4

approximate amount of $307 million, plus unliquidated amounts. In addition, the Debtors' Schedules of Assets and Liabilities reflect approximately 400 non-zero General Unsecured Claims in the aggregate approximate amount of nearly $1.25 million.

14. On August 12, 2024, the GUC Trustee filed its *First Omnibus Objection to Claims Seeking to Disallow and Expunge Certain (A) Duplicative Claims; (B) Amended and Superseded Claims; (C) Insufficient Documentation Claims; (D) Late-Filed Claims; and (E) No Liability Claims* (the "First Omnibus Objection").[8] The proposed order with respect to the First Omnibus Objection currently remains pending, but when entered, is expected to result in the elimination of approximately 80 General Unsecured Claim in an amount of up to over $89 million in the aggregate.

15. On October 23, 2024, the Court entered the *Order Granting Second Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Equity Claims*, which resulted in the elimination of approximately 56 Claims in the aggregate amount of over $330,000 plus unliquidated amounts.[9]

16. In addition, the GUC Trustee has negotiated consensual resolutions of disputed claims without the need for litigation.

17. Although significant progress has been made, the GUC Trustee is continuing to work through claims reconciliation efforts, and additional work remains to be done.

**Relief Requested**

18. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 3007-1(c), the GUC Trustee seeks an extension of the Claims Objection Deadline for

---

[8] Docket No. 995.

[9] Docket No. 1018.

5

another approximately 180 days, from January 6, 2025, through and including the later of: (a) July 7, 2025, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.[10]

19. The GUC Trustee further requests that the order approving this Motion be without prejudice to the rights of the GUC Trustee to seek further extension or extensions of the Claims Objection Deadline.

**Basis for Relief**

20. The Plan vests the discretion to object to General Unsecured Claims in the GUC Trustee.[11]

21. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, nothing in the Bankruptcy Code may be construed to preclude the Court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

22. Bankruptcy Rule 9006(b) also makes clear that the Court may extend unexpired time periods without notice. Specifically, Rule 9006(b) states in relevant part that:

> "(1) *In General* . . . when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . ."[12]

---

[10] The requested extension is 182 days, as the 180th day falls on a Saturday.
[11] See Plan § VII.D.
[12] Fed. R. Bankr. P. 9006(b)(1).

6

The Claims Objection Deadline has not yet expired, and accordingly, the Court is authorized to grant the relief requested herein.

23. As noted above, to date, the GUC Trustee has addressed over one-third of the filed General Unsecured Claims in these chapter 11 cases. Despite the progress made to date, there are over 250 Proofs of Claim asserting General Unsecured Claims that still require additional review and analysis, together with the hundreds of General Unsecured Claims scheduled in these cases. The GUC Trustee requires additional time to review and determine which claims are valid in light of various factors.

24. Accordingly, the GUC Trustee seeks additional time to review and analyze the remaining unresolved General Unsecured Claims to determine whether objections (or other actions) are appropriate. The GUC Trustee submits that extending the Claims Objection Deadline is in the best interests of all stakeholders. The extension sought will afford the GUC Trustee and its professionals an opportunity to make more fully informed decisions concerning the resolution of pending claims in the interests of ensuring ratable distributions among and maximizing value for legitimate creditors.

25. Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection. Rather, the extension is intended to promote the efficient administration of these cases and the claims allowance process. Absent the requested extension of the Claims Objection Deadline, the GUC Trustee will either be precluded from challenging invalid, misclassified, and/or overstated General Unsecured Claims, or it will be forced to file hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

26. For the reasons set forth above, the GUC Trustee submits that extending the Claims Objection Deadline through and including the later of: (a) July 7, 2025, or (b) one hundred eighty (180) days following the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, is necessary, prudent, and in the best interests of all stakeholders.

27. This is the second requested extension of the Claims Objection Deadline requested by the GUC Trustee.

### Reservation of Rights

28. The GUC Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

### Notice

29. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; and (b) all parties that have filed a request for service of papers under Bankruptcy Rule 2002. The GUC Trustee respectfully submits that such notice is sufficient under the circumstances.

WHEREFORE, the GUC Trustee respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline as requested herein, and such other and further relief as is just and proper.

Dated:   December 26, 2024                KELLEY DRYE & WARREN LLP

*/s/ James S. Carr*
James S. Carr, Esq.
Dana P. Kane, Esq.
One Jefferson Road, Second Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to the GUC Trustee*