| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| --- |
| Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY  10017<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>*Counsel to the GUC Trust* |



**Order Filed on February 27, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In re:<br><br>CTI Liquidation Co., Inc.<br><br>        Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS) |
| --- | --- |

## ORDER GRANTING FIRST OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN (A) DUPLICATIVE CLAIMS; (B) AMENDED AND SUPERSEDED CLAIMS; (C) INSUFFICIENT DOCUMENTATION CLAIMS; (D) LATE-FILED CLAIMS; AND (E) NO LIABILITY CLAIMS

The relief set forth on the following pages, numbered two (2) through and including five

(5), is hereby **ORDERED:**

**DATED: February 27, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

4912-6058-6525v.2

Page:       2
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting First Omnibus Objection to Claims Seeking to Disallow and Expunge
            Certain (A) Duplicative Claims; (B) Amended and Superseded Claims;
            (C) Insufficient Documentation Claims; (D) Late-Filed Claims; and (E) No Liability
            Claims

Upon the first omnibus objection (the "Omnibus Objection")[1] of the GUC Trustee in the

above-captioned Chapter 11 Cases seeking entry of an order, pursuant to sections 105(a) and 502

of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, disallowing and

expunging each of the claims set forth on: (a) Schedule 1 hereto because each such claim is

duplicative of other Proofs of Claim filed by or on behalf of the same claimant; (b) Schedule 2

hereto because each such claim has been amended and superseded by subsequently filed Proofs of

Claim by the same claimant and on account of the same liability; (c) Schedule 3 hereto because

each such claim has failed to provide sufficient documentation to support the amount of the claim;

(d) Schedule 4 hereto because each such claim (i) arose before the Petition Date, (ii) was subject

to the Claims Bar Dates, and (iii) was filed after the applicable Claims Bar Date; and (e) Schedule 5

because: (i) the books and records of the Debtor against which the claim was asserted do not reflect

the existence of the asserted claim or of the claimant asserting such claim; (ii) no value to the

specific Debtor was provided in connection with the asserted claim; and/or (iii) the claim is not

enforceable against the claimed Debtor or its property under any agreement or applicable law; and

the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration

of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing

that proper and adequate notice of the Omnibus Objection has been given and that no other or

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
         Omnibus Objection.

4912-6058-6525v.2

Page:       3
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting First Omnibus Objection to Claims Seeking to Disallow and Expunge
            Certain (A) Duplicative Claims; (B) Amended and Superseded Claims;
            (C) Insufficient Documentation Claims; (D) Late-Filed Claims; and (E) No Liability
            Claims

further notice is necessary; and upon the record herein; and the Court having determined that the

relief sought by the Omnibus Objection is in the best interests of the GUC Trustee, the estates, and

creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Omnibus Objection is GRANTED as set forth herein.

2.      Each Duplicative Claim listed on **Schedule 1** to this Order is disallowed and

expunged in its entirety. The Remaining Claims identified on **Schedule 1** will remain on the

Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however,

to any future objection on any basis.  Nothing contained herein shall constitute, nor shall it be

deemed to constitute, the allowance of any of the Remaining Claims.

3.      Each Amended Claim listed on **Schedule 2** to this Order is disallowed and

expunged in its entirety. The respective Surviving Claims identified on **Schedule 2** will remain on

the Claims Register and such Claims are neither allowed nor disallowed at this time, subject,

however, to any future objection on any basis. Nothing contained herein shall constitute, nor shall

it be deemed to constitute, the allowance of any of the Surviving Claims.

4.      Each Insufficient Documentation Claim listed on **Schedule 3** to this Order is

disallowed and expunged in its entirety.

5.      Each Late-Filed Claim listed on **Schedule 4** to this Order is disallowed and

expunged in its entirety.

6.      Each No Liability Claim listed on **Schedule 5** to this Order is disallowed and

expunged in its entirety.

4912-6058-6525v.2

Page:     4
Debtor:   CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:  Order Granting First Omnibus Objection to Claims Seeking to Disallow and Expunge Certain (A) Duplicative Claims; (B) Amended and Superseded Claims; (C) Insufficient Documentation Claims; (D) Late-Filed Claims; and (E) No Liability Claims

7.      The rights of the GUC Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the GUC Trustee specifically reserves the right to amend the Omnibus Objection, file additional papers in support of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Omnibus Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any Claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Claim based on additional information that may be discovered upon further review by the GUC Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

8.      For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the GUC Trustee, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the GUC Trustee's rights to dispute any claim on any grounds.

9.      The GUC Trustee, its Claims and Noticing Agent (Verita Global), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

4912-6058-6525v.2

Page:        5
Debtor:      CTI Liquidation Co., Inc.
Case No.:    23-14853 (JKS)
Caption:     Order Granting First Omnibus Objection to Claims Seeking to Disallow and Expunge
             Certain (A) Duplicative Claims; (B) Amended and Superseded Claims;
             (C) Insufficient Documentation Claims; (D) Late-Filed Claims; and (E) No Liability
             Claims

10.     The objection to each claim addressed in the Omnibus Objection and as set forth

on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and **Schedule 5** attached hereto, constitutes

a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed

a separate order with respect to each claim that is the subject of the Omnibus Objection and this

Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this

Order shall only apply to the contested matter that involves such claimant and shall not stay the

applicability and/or finality of this Order with respect to any other contested matters addressed in

the Omnibus Objection and this Order.

11.     The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other

request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the

contents of the Omnibus Objection or otherwise waived.

12.     Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

4912-6058-6525v.2

Schedule 1
Duplicative Claims

| | Duplilcative Claim | | | | Remaining Claim | | | |
|---|---|---|---|---|---|---|---|---|
| Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Reason for Disallowance |
| 122 | California Wire Products Corp | Cyxtera Communications, LLC | $96,033.00 | 122 | California Wire Products Corp | Cyxtera Communications, LLC | $96,033.00 | Claim 122 is duplicative of Claim 94, filed in the same amount. against the same debtor. |
| 431 | Ganchozo, Cinthia | Cyxtera Technologies, Inc. | Unliqudiated | 429 | Ganchozo, Cinthia | Cyxtera Technologies, Inc. | Unliquidiated | Claim 431 is duplicative of Claim 429, filed in an unliquidated amount against the same debtor. |

Schedule 2
Amended and Superseded Claims

| | Amended Claim | | | | Surviving Claim | | | |
|---|---|---|---|---|---|---|---|---|
| Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Reason for Disallowance |
| 398 | 1111 Comstock Property, LLC | Cyxtera Communications, LLC | $17,399,856.00 | 449 | 1111 Comstock Property, LLC | Cyxtera Communications, LLC | $17,399,856.00 | Claim 398 is superseded by Claim 449 |
| 403 | 1111 Comstock Property, LLC | Cyxtera DC Holdings, Inc. | $17,399,856.00 | 450 | 1111 Comstock Property, LLC | Cyxtera DC Holdings, Inc. | $17,399,856.00 | Claim 403 is superseded by Claim 550 |
| 399 | 1231 Comstock Property, LLC | Cyxtera Communications, LLC | $20,148,895.00 | 451 | 1231 Comstock Property, LLC | Cyxtera Communications, LLC | $20,148,895.00 | Claim 399 is superseded by Claim 451 |
| 402 | 1231 Comstock Property, LLC | Cyxtera DC Holdings, Inc. | $20,148,895.00 | 452 | 1231 Comstock Property, LLC | Cyxtera DC Holdings, Inc. | $20,148,895.00 | Claim 402 is superseded by Claim 452 |
| 411 | City Of Tempe | Cyxtera Communications, LLC | $1,313.80 | 497 | City Of Tempe | Cyxtera Communications, LLC | $544.93 | Claim 411 is superseded by Claim 497 |
| 296 | Johnson Controls Fire Protection LP | Cyxtera Communications Canada, ULC | $3,539.93 | 298 | Johnson Controls Fire Protection LP | Cyxtera Communications Canada, ULC | $3,539.93 | Claim 296 is superseded by Claim 298 |
| 67 | Quinn Company | Cyxtera Communications, LLC | $4,745.97 | 178 | Quinn Company | Cyxtera Communications, LLC | $17,844.24 | Claim 67 is superseded by Claim 178 |
| 368 | RS Titan, LLC | Cyxtera Communications, LLC | $8,848,582.00 | 390 | RS Titan, LLC | Cyxtera Communications, LLC | $8,848,582.00 | Claim 368 is superseded by Claim 390 |
| 484 | Vipond Inc | Cyxtera Communications Canada, ULC | $10,827.10 | 481 | Vipond Inc | Cyxtera Communications Canada, ULC | $0.00 | Claim 484 (filed 8/29/23) is superseded by Claim 481 (filed 8/31/23) |
| 174 | Waste Management Inc. | Cyxtera Technologies, Inc. | $8,811.34 | 208 | Waste Management Inc. | Cyxtera Technologies, Inc. | $8,811.34 | Claim 174 is superseded by Claim 208 |

Schedule 3
Insufficient Documentation Claims

| Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Reason for Disallowance |
|---|---|---|---|---|
| 350 | Accusoft Corporation | Cyxtera Communications, LLC | Unliquidated | Claim 350 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates "Agreement re data center near Tampa FL housing certain of Accusoft equipment", which the GUC Trust interprets to mean potential rejection damages, as the basis for liability, but fails to provide the contract or articulate an amount, and has not amended the claim to do so over the course of the year that has elapsed since the claim was filed. |
| 448 | Chavez, Omar | Cyxtera Technologies, Inc. | Unliquidated | Claim 448 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates neither a basis for liability nor an amount. In addition, claim was filed after the applicable Bar Date and is separately listed as a late-filed claim on Schedule 4 to the Omnibus Objection. |
| 460 | Do, Young | Cyxtera Technologies, Inc. | $1,000.00 | Claim 460 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates no basis for liability. In addition, claim was filed after the applicable Bar Date and is separately listed as a late-filed claim on Schedule 4 to the Omnibus Objection. |
| 386 | Examinetics Inc. | Cyxtera Data Centers, Inc. | Unliquidated | Claim 386 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates neither a basis for liability nor an amount. |
| 185 | Hughes, Michael | Cyxtera Technologies, Inc. | Unliquidated | Claim 185 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim asserts neither an amount nor a basis for liability. |
| 135 | Jonsco, Inc. | Cyxtera Management, Inc. | Unliquidated | Claim 135 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim asserts neither an amount nor a basis for liability. |
| 245 | Markarian, Antranik | Cyxtera Technologies, Inc. | $7,635.30 | Claim 245 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates no basis for liability. |
| 20 | Moruga, Inc. | Cyxtera Technologies, Inc. | $108,000.00 | Claim 20 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. |
| 237 | Murphy, Michael P. | Cyxtera Technologies, Inc. | $26,250.00 | Claim 237 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates no basis for liability. |
| 337 | Nor Cal Battery Co | Cyxtera Communications, LLC | $1,500.00 | Claim 337 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates "services performed" as the basis for liability but fails to provide a contract, agreement or an invoice. |
| 193 | Ports America Shared Services, Inc. | Cyxtera Technologies, LLC | Unliquidated | Claim 193 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates potential rejection damages as the basis for liability but fails to provide the contract or articulate an amount, and has not amended the claim to do so over the course of the year that has elapsed since the claim was filed. |
| 194 | Ports America Shared Services, Inc. | Cyxtera Communications, LLC | Unliquidated | Claim 194 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates potential rejection damages as the basis for liability but fails to provide the contract or articulate an amount, and has not amended the claim to do so over the course of the year that has elapsed since the claim was filed. |
| 285 | Priyadarshini, Arpana | Cyxtera Technologies, Inc. | Unliquidated | Claim 285 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates neither a basis for liability nor an amount. |
| 214 | SAFY of America | Cyxtera Technologies, Inc. | Unliquidated | Claim 214 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates "provided cloud services" as the basis for liability but fails to provide a contract/agreement or articulate an amount, and has not amended the claim to do so over the course of the year that has elapsed since the claim was filed. |
| 170 | Schneider Electric IT Corporation | Cyxtera Technologies, Inc. | $758,455.98 | Claim 170 is asserted more than $550,000 in excess of the scheduled amount, and attaches no documentation to enable the GUC Trust to evaluate the significant differential. |
| 207 | Strider Technologies, Inc. | Cyxtera Communications, LLC | $1,600.00 | Claim 207 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. |
| 61 | Supreme Capital Group Inc. | Cyxtera Technologies, Inc. | $3,287.35 | Claim 61 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. |
| 132 | Tech Titans | Cyxtera Technologies, Inc. | Unliquidated | Claim 132 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim asserts neither an amount nor a basis for liability. |
| 156 | Urbano Centeno Zenteno | Cyxtera Technologies, Inc. | Unliquidated | Claim 156 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim asserts neither an amount nor a basis for liability. |
| 457 | Weichert, Nancy | Cyxtera Technologies, Inc. | Unliquidated | Claim 457 attaches no documentation to enable the GUC Trust to evaluate the claim, nor do the schedules evidence any liability to this claimant. Claim articulates neither a basis for liability nor an amount. In addition, claim was filed after the applicable Bar Date and is separately listed as a late-filed claim on Schedule 4 to the Omnibus Objection. |

Schedule 4
Late-Filed Claims

| Claim # | Date Filed | Claimant | Debtor | Asserted General Unsecured Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 508 | 10.06.2023 | 3416895 Canada Inc. | Cyxtera Technologies, Inc. | $475.00 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 472 | 08.22.2023 | AGM Consulting, LLC | Cyxtera Technologies, Inc. | $1,648.66 | Claim filed after applicable Bar Date. |
| 509 | 10.04.2023 | Alectra Utilities Corporation | Cyxtera Technologies, Inc. | $390,503.26 | Claim filed after applicable Bar Date. |
| 464 | 08.18.2023 | ARAMARK Refreshments Services, LLC | Cyxtera Communications, LLC | $411.21 | Claim filed after applicable Bar Date. |
| 448 | 08.16.2023 | Chavez, Omar | Cyxtera Technologies, Inc. | Unliquidated | Claim was filed after the applicable Bar Date. In addition, claim attaches insufficient documentation to enable the GUC Trust to evaluate the validity of the claim and is separately listed as an "Insufficient documentation claim" on Schedule 3 to the Omnibus Objection. |
| 479 | 08.28.2023 | Cummings Electrical LP | Cyxtera Communications, LLC | $181,131.68 | Claim filed after applicable Bar Date. |
| 544 | 03.10.2024 | Dange, Jitesh K | Cyxtera Technologies, Inc. | $355.80 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 455 | 08.17.2023 | DC Professional Development Ltd | Cyxtera Communications, LLC | $40,000.00 | Claim filed after applicable Bar Date. |
| 460 | 08.18.2023 | Do, Young | Cyxtera Technologies, Inc. | $1,000.00 | Claim was filed after the applicable Bar Date. In addition, claim attaches insufficient documentation to enable the GUC Trust to evaluate the validity of the claim and is separately listed as an "Insufficient documentation claim" on Schedule 3 to the Omnibus Objection. |
| 469 | 08.21.2023 | Driven, Inc. | Cyxtera Communications, LLC | $17,179.57 | Claim filed after applicable Bar Date. |
| 475 | 08.24.2023 | Eurofiber Spine B.V. | Cyxtera Netherlands B.V. | Unliquidated | Claim filed after applicable Bar Date. |
| 547 | 03.20.2024 | FedEx Corporate Services, Inc | Cyxtera Technologies, Inc. | $7,659.38 | Claim filed after applicable Bar Date. |
| 486 | 08.29.2023 | Goldberg, Joel N. | Cyxtera Technologies, Inc. | $102,500.00 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 507 | 10.03.2023 | Gordon, Stephen L. | Cyxtera Technologies, Inc. | $9,905.08 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 465 | 08.20.2023 | Hein Steunenberg | Cyxtera Technologies, Inc. | $11,263.79 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 503 | 09.20.2023 | Holland and Knight LLP | Cyxtera Technologies, Inc. | $64,448.95 | Claim filed after applicable Bar Date. |
| 470 | 08.22.2023 | Horton, JC Thomas | Cyxtera Technologies, Inc. | $10,665.48 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 526 | 11.27.2023 | Houghton and Associates, Inc | Cyxtera Communications, LLC | $5,778.72 | Claim filed after applicable Bar Date. |
| 545 | 03.13.2024 | Huh, John | Cyxtera Technologies, Inc. | $116.42 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 466 | 08.20.2023 | Jobs, Anita | Cyxtera Technologies, Inc. | Unliquidated | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 510 | 10.10.2023 | JOHNSON EQUIPMENT CO | Cyxtera Communications, LLC | $1,986.40 | Claim filed after applicable Bar Date. |
| 496 | 09.01.2023 | LIBERTY ELEVATOR CORP | Cyxtera Communications, LLC | $6,354.85 | Claim filed after applicable Bar Date. |
| 516 | 10.26.2023 | Logan Pass Construction LLC | Cyxtera Communications, LLC | $2,529.32 | Claim filed after applicable Bar Date. |
| 539 | 01.20.2024 | Longerich, Simonne | Cyxtera Technologies, Inc. | $1,010.50 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 482 | 08.31.2023 | NorthStar Construction Services Corp. | Cyxtera Communications, LLC | $1,245.60 | Claim filed after applicable Bar Date. |
| 458 | 08.17.2023 | Pawlowski, David | Cyxtera Technologies, Inc. | $4,500.00 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 505 | 09.28.2023 | Q4 Inc. | Cyxtera Management, Inc. | $32,289.82 | Claim filed after applicable Bar Date. |
| 502 | 09.20.2023 | Standard and Poors Financial Services LLC | Cyxtera Technologies, Inc. | $355,300.00 | Claim filed after applicable Bar Date. |
| 543 | 03.05.2024 | Tan, Wei Han | Cyxtera Technologies, Inc. | $14,855.00 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code, and that it is duplicative of Claim 459, filed against the same debtor in the same amount. |
| 459 | 08.18.2023 | Tan, Wei Han | Cyxtera Technologies, Inc. | $14,855.00 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 473 | 08.22.2023 | Thua Phuc Loc Nguyen | Cyxtera Technologies, Inc. | $13,406.33 | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 495 | 09.01.2023 | Thunder Consulting, Inc. | Cyxtera Technologies, Inc. | $40,500.00 | Claim filed after applicable Bar Date. |
| 468 | 08.21.2023 | Trapezoid, Inc. | Cyxtera Federal Group, Inc. | $15,600.00 | Claim filed after applicable Bar Date. |
| 501 | 09.18.2023 | Unrau, Derek | Cyxtera Technologies, Inc. | Unliquidated | Claim was filed after the applicable Bar Date. The GUC Trust reserves all rights to further object to this claim on the grounds that it was filed on account of an equity interest, which does not constitute a "claim" within the meaning of Section 101(5) of the Bankruptcy Code. |
| 457 | 08.17.2023 | Weichert, Nancy | Cyxtera Technologies, Inc. | Unliquidated | Claim was filed after the applicable Bar Date. In addition, claim attaches insufficient documentation to enable the GUC Trust to evaluate the validity of the claim and is separately listed as an "Insufficient documentation claim" on Schedule 3 to the Omnibus Objection. |
| 504 | 09.22.2023 | West-Star Environmental, Inc | Cyxtera Technologies, Inc. | $13,900.00 | Claim filed after applicable Bar Date. |

Schedule 5
No Liability Claims

| Claim # | Claimant | Debtor | Asserted General Unsecured Amount | Reason for Disallowance |
|---|---|---|---|---|
| 76 | 365 Mechanical, LLC | Cyxtera Technologies, Inc. | $4,503.52 | Claim 76 was filed in the same amount and on account of the same invoices attached to Claim 166, the latter of which was filed against Cyxtera Technologies, LLC. The schedules of Cyxtera Technologies, LLC evidence a claim in the amount of $4,503.52. No justification has been articulated for separate liability of Cyxtera Technologies, Inc. |
| 69 | Biggs Cardosa Associates, Inc. | Cyxtera Technologies, Inc. | $16,082.16 | Claim 69 is filed on account of the same invoices attached to and in the same amount as Claim 130 filed against Cyxtera Communications LLC. The invoices attached to Claim 69 were issued to Cyxtera Communications LLC and claimant is listed on the schedules of Cyxtera Communications LLC. No justification has been articulated for asserting the same liability against two different debtor entities. |
| 498 | Hartford Fire Insurance Company | Cyxtera Technologies, Inc. | Unliquidated | Pursuant to Section V.E. of the Plan, all insurance policies were assumed, such that there can be no valid unsecured claim for which the GUC Trust is responsible. The Trust reserves all rights to the extent that this claim was filed after the applicable Bar Date. |
| 49 | HCI Systems, Inc. | Cyxtera Technologies, Inc. | $10,000.00 | The invoices attached to Claim 49 add up to $8,119.59, which is the same amount on account of the same invoices attached to Claim 168 filed against Cyxtera Communications LLC; the schedules of Cyxtera Communications LLC evidence a claim in the amount of $8,119.59. No justification has been articulated for the additional $1,880.41 asserted in Claim 49; as to the balance, no justification has been articulated for asserting the same $8,119.59 against two different debtor entities. |
| 506 | Peterson CAT | Cyxtera Communications, LLC | $7,882.63 | Although filed as a general unsecured claim, the invoices attached to claim 506 all relate to post-petition period for which the GUC Trust has no responsibility under the plan. Upon information and belief, this claim was satisfied post-petition by the Debtors and/or the purchaser of the Debtors' assets. |
| 44 | Siemens Canada Limited | Cyxtera Technologies, Inc. | CDN $12,451.47 | Claim 44 asserts liability on account of the same invoice, and in the same amount, as Claim 480, the latter of which was filed against Cyxtera Communications Canada, ULC. The invoice attached to the claim was issued to Cyxtera Communications Canada, ULC. Claimant has not articulated a basis for a claim against both entities. |
| 176 | Thermoscan Inc. | Cyxtera Technologies, Inc. | $9,000.00 | Claim 176 was filed in the same amount, and on account of the same invoice, as Claim 91, the latter of which was filed against Cyxtera Communications, LLC. The underlying invoices were issued to Cyxtera Communications, LLC. No justification has been articulated for a separate claim against Cyxtera Technologies, Inc. on account of the same liability. |
| 534 | Zurich American Insurance Company | Cyxtera Technologies, Inc. | $1.00 | Pursuant to Section V.E. of the Plan, all insurance policies were assumed, such that there can be no valid unsecured claim for which the GUC Trust is responsible. The Trust reserves all rights to the extent that this claim was filed after the applicable Bar Date. |