**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
|       Post-Effective Date Debtor. | (Jointly Administered) |

**PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE
AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS**

**THIS IS AN OBJECTION TO YOUR CLAIM.  THIS OBJECTION ASKS THE COURT TO DISALLOW AND EXPUNGE THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES.  YOU SHOULD IMMEDIATELY CONTACT THE PLAN ADMINISTRATOR TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE PLAN ADMINISTRATOR. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON <u>JUNE 24, 2025</u>.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**.

TO THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

PIRINATE Consulting Group, LLC  as administrator (the "<u>Plan Administrator</u>") for the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*  [Docket No. 718, Ex. A] (the "<u>Plan</u>")[1] through its counsel,  hereby submits this first omnibus objection (this "<u>Objection</u>") seeking entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") disallowing and expunging claims listed under the following headings: (1) "Satisfied Claims" on <u>Schedule 1</u> to the Proposed Order; (2) "Equity Claims" on <u>Schedule 2</u> to the Proposed Order; (3) "No Liability Claims" on <u>Schedule 3</u> to the Proposed Order; and (4) "Duplicate Claims" on <u>Schedule 4</u> of the Proposed Order (collectively the "<u>Schedules</u>", the claims listed thereon, the "<u>Claims</u>" and the underlying claimants, the "<u>Claimants</u>").  In support of this Objection, the Plan Administrator submits and incorporates herein the declaration of Jim McGlynn attached hereto as **<u>Exhibit B</u>**) (the "<u>McGlynn Declaration</u>"), and respectfully represents as follows:

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**Background**

1.      On June 4, 2023, the Debtor Cyxtera Technologies, Inc. and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, defined below (the "Petition Date").

2.      On July 10, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 213-244] (collectively, the "Schedules and Statements").

3.      On July 19, 2023, the Court entered an order establishing certain deadlines for the filing of proofs of claim [Docket No. 298] (the "Bar Date Order"), wherein the Court ordered, among other things, that (i) except in the case of governmental units and certain other exceptions explicitly set forth in the Bar Date Order, all proofs of claim were to be filed so as to have been actually received by the court-appointed claims and noticing agent Kurtzman Carson Consultants LLC n/k/a Verita Global (the "Claims Agent"), on or before August 15, 2023 at 4:00 p.m. (prevailing Eastern Time) and (ii) all governmental units holding Claims that arose (or are deemed to have arisen) prior to the Petition Date were to have filed such proofs of claim so that they were actually received by the Claims Agent on or before December 1, 2023 at 4:00 p.m. (Eastern Time).  Additionally, pursuant to the Plan and Confirmation Order (defined below), the deadline to file administrative claims is 30 days after the Effective Date (i.e. February 11, 2024).

4.      On October 31, 2023, the Debtors and Phoenix Data Center Holdings LLC (the "Purchaser") entered into an asset purchase agreement (the "Purchase Agreement") memorializing the terms of an Asset Sale whereby the Purchaser agreed to, among other things, purchase substantially all of the Debtors' assets in exchange for $775 million in cash, subject to certain adjustments (the "Sale Transaction").

5.      On November 17, 2023, the Court confirmed the Plan and entered the *Revised Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 718] (the "Confirmation Order"), which among other things, approved the Sale Transaction and the approved the execution and implementation of the appointment of the Plan Administrator.

6.      The Debtors substantially consummated the transactions under the Plan, including closing the Sale Transaction, and the Plan became effective on January 12, 2024 (the "Effective Date"). *See*, Docket No. 855.  In accordance with the Plan, Confirmation Order, and that certain plan administrator agreement [Docket No. 852, Ex. E] (the "Plan Administrator Agreement"), the Plan administrator became the sole manager, sole director, and sole officer of the Post-Effective Debtors and succeeds to the powers of the post-Effective Date Debtors' managers, directors, and officers on the Effective Date. *See* Confirmation Order ¶ 35; Plan Art. IV. D. 4; Plan Administrator Agreement, ¶2.iii.  Additionally, the Plan Administrator can among other things, object to, settle and make distributions on claims other than general unsecured claims (the "SAP Claims").  Plan Administrator Agreement, ¶ 2.ii.

7.      Pursuant to the *Order Extending Time to Object to all Claims Other than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006* [Docket No. 986], the Court extended the Plan Administrator's deadline to object to the SAP claims through and including July 10, 2025.

8.      As set forth in the McGlynn Declaration, the Plan Administrator through its professionals, has examined the Claims and has determined that each Claim should be disallowed and expunged as set forth in more detail below.

## Jurisdiction and Venue

9.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.      The bases for the relief requested herein are section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 3007-1 and 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

## Objection

11.      When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–174 (3d. Cir. 1992).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *Id.*

12.      A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  *See Id.* ("The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."); *see also* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  Pursuant to Bankruptcy Rule 3007(a), a party in interest may object to the allowance of a claim in a writing filed with the Bankruptcy Court.  Fed. R. Bankr. P. 3007(a).

13.      A claim should be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or applicable law.  *See* 11 U.S.C. § 502(b)(1).  If

an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as

to the validity and amount of the claim. *See In re Biolitec, Inc.*, No. CIV. 13-5864 FSH, 2013

WL 6795400, at *3 (D.N.J. Dec. 16, 2013); *Allegheny Int'l*, 954 F.2d at 174.

14.     For the reasons set forth below, there is ample evidence to rebut the *prima*

*facie* validity of each Satisfied Claim, Equity Claim, No Liability Claim and Duplicate Claim.

**A.     The Satisfied Claims**

15.     Bankruptcy Rule 3007(d) permits the filing of objections to more than one

claim on the basis that, among other things, such claims "have been satisfied or released during

the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P.

3007(d)(2)(E).

16.     As set forth in the Declaration, the Plan Administrator and its professionals

have examined each of the Satisfied Claims and compared it to the Debtors' books and records and

have determined that the Satisfied Claims identified in Schedule 1 to the Proposed Order have

already been paid and satisfied during the course of these chapter 11 cases.    As no amounts are

owed on account of the Satisfied Claims, to ensure that the Claims Register is accurate and to

avoid the possibility of multiple recoveries on account of already satisfied liabilities, the Plan

Administrator seeks entry of the Proposed Order disallowing and expunging the Satisfied Claims.

**B.     The Equity Claims**

17.     Bankruptcy Rule 3007(d) permits the filing of objections to more than one

claim on the basis that, among other things, such claims "are interests, rather than claims." Fed. R.

Bankr. P. 3007(d)(2)(G).

18.     As set forth in the Declaration, the Plan Administrator and its professionals

have examined each of the Equity Claims, all supporting documentation provided by the Claimant,

if any, and compared it to the Debtors' books and records and have determined in each case the

Equity Claims were filed on account of Claimants asserting an equity interest in the Debtors and

should be disallowed on the basis that such claims are not claims at all, but are assertions of a

former equity interest in the Debtors.  Additionally, Existing Equity Interests (Class 8) were

cancelled and extinguished as of the Effective Date and holders of the same were not entitled to

receive any distributions under the Plan. Plan, Art. III. B. 8.  Failure to disallow such claims would

entitle such interest holders to recoveries on account of "claims" to which such holders are not

entitled under the Plan.  Accordingly, the Plan Administrator seeks entry of the Proposed Order

disallowing and expunging the Equity Claims in their entirety.

**C.**     **No Liability Claims**

19.     Bankruptcy Rule 3007(d) permits the filing of objections to more than one

claim on the basis that, among other things Section 502(b)(1) of the Bankruptcy Code provides

that a claim asserted in a proof of claim shall be allowed, except to the extent such claims "were

presented in a form that does not comply with applicable rules and the objection states the objector

is therefore unable to determine a claim's validity." Fed. R. Bankr. P. 3007(d)(2)(F).

20.     As set forth in the Declaration, the Plan Administrator and its professionals

have examined each of the No Liability Claims identified to Schedule 3 to the Proposed Order.

Based upon the documentation attached to the proofs of claim, the Plan Administrator and its

professionals are unable to reconcile the No Liability Claims with the Debtors' books and records

and cannot determine the validity of the claims for the reasons set forth in Schedule 3.  As the

validity of the No Liability Claims has not been established, the Plan Administrator seeks entry of

the Proposed Order disallowing and expunging the No Liability Claims in their entirety.

### D.    Duplicate Claims

21.    Bankruptcy Rule 3007(d) permits the filing objections to more than one claim on the basis that, among other things, such claims "duplicate other claims."  Fed. R. Bankr. P. 3007(d)(2)(A).

22.    As set forth in the Declaration, the Plan Administrator and professionals have identified the Duplicate Claims asserting a liability that is identical to that asserted in the corresponding "Surviving Claim" filed by the Claimant.  The Duplicate Claims should be disallowed and expunged in their entirety to ensure that the Claimant does not receive multiple distributions on account of a single claim liability.  Therefore, the Plan Administrator seeks to disallow the Duplicate Claims to appropriately update the Claims Register and eliminate the Duplicate Claims. The holders of the Duplicate Claims will not be prejudiced by the relief requested since they will retain the Surviving Claim to the extent the Surviving Claim is not the subject of a separate successful objection.[2]

### Separate Contested Matters

23.    To the extent that a response is filed regarding any Claim identified in this Objection and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such claim.

### Reservation of Rights

24.    The Plan Administrator hereby reserves its right to amend, modify, and

---

[2]    Although the Plan Administrator does not object herein to the validity, amount or priority of the Surviving Claims, the Plan Administrator expressly reserves the right to object to the Surviving Claims on any grounds whatsoever at a later date.

supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided*, *however*, that nothing in this Objection shall affect the Plan Administrator's right to object to any claim identified on the Schedules or any other proof of claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Proposed Order.

25.    Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a modification of the assumption or rejection of any lease or executory contract as set forth in the Confirmation Order and Plan; (f) an admission by the Plan Administrator or the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Plan Administrator's, or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Plan Administrator or the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

**<u>Statement of Compliance with Local Rules</u>**

26.    Counsel for the Plan Administrator has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully requests that any such requirement be waived.  The Plan Administrator, in compliance with Local Rule 3007-2, is concurrently filing the *Notice of Objection to Your Claim* in response to the Claimants' proofs of claim, attached hereto as **<u>Exhibit C</u>**, and will serve the same upon the Claimants listed in the Schedules to the Proposed Order.

**<u>Notice</u>**

27.    The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to META Advisors LLC as trustee of the GUC Trust; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the Claimants; and (f) any party that as requested notice pursuant to Bankruptcy Rule 2002.  The Plan Administrator submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Plan Administrator seeks entry of the Proposed Order

substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such

other and further relief as the Court may deem just and appropriate.

Dated: May 16, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

-and-

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor | (Jointly Administered) |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE
AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS**

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

(Page | 2)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

Upon the objection (the "Objection")[1] of PIRINATE Consulting Group, LLC as administrator (the "Plan Administrator") of the above-captioned post-effective date debtors (the "Debtors"), for entry of an order (this "Order"), disallowing and expunging the claims set forth in **Schedules 1, 2, 3 and 4** attached hereto, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and the McGlynn Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Objection is sustained as set forth herein.

2.      Each Claim identified on **Schedules 1, 2, 3 and 4** attached to this Order is hereby

disallowed and expunged.

3.      The Claims Agent is authorized and directed to modify the Claims Register in

accordance with entry of the relief granted in this Order.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount

of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or

other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in

interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to

pay any particular claim; (d) an implication, admission, or finding that any particular claim is an

administrative expense claim, other priority claim or otherwise of a type specified or defined in

this Objection or any order granting the relief requested by this Objection; (e) a modification of

the assumption or rejection of any lease or executory contract as set forth in the Confirmation

Order and Plan; (f) an admission by the Plan Administrator or the Debtors as to the validity,

priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on

property of the Debtors' estates; (g) a waiver or limitation of the Plan Administrator's, or any other

party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other

(Page | 4)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

applicable law; or (h) a concession by the Plan Administrator or the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5.      For the avoidance of doubt, the Plan Administrator may object to any Claim listed on **Schedules 1, 2, 3 or 4** or any other claim at a future date on a basis other than as set forth in the Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or this Order.

6.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7.      The Plan Administrator and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Schedule 1</u>

### Satisfied Claims

| Claimant | Claim Number(s) | Debtor | Asserted Claim Amount(s) and Classification(s) | Reason for Disallowance |
|---|---|---|---|---|
| County of Orange Treasurer-Tax Collector | 520 | Cyxtera Communications, LLC | $3,158.75 Priority | Claim was paid and satisfied on or about April 4, 2024 |
| Illinois Department of Employment Security | 55 | Cyxtera Management, Inc. | $928.46 Secured | Claim was paid and satisfied on or about June 6, 2024 |
| Los Angeles County Treasurer and Tax Collector | 527 | Cyxtera DC Holdings, Inc. | $410.29 Priority and $80.10 Secured | Claim was paid and satisfied on or about April 4, 2024 |
| Los Angeles County Treasurer and Tax Collector | 528 | Cyxtera Communications, LLC | $136.22 Secured | Claim was paid and satisfied on or about April 4, 2024 |
| Maricopa County Treasurer | 485 | Cyxtera Communications, LLC | $142,682.56 Secured | Claim was paid and satisfied through the claimant's online portal. |
| N.J. Dept. of Labor, Div. Employer Accounts | 89 | Cyxtera Management, Inc. | $2,584.68 Priority | The priority portion of this claim was paid and satisfied on or about June 6, 2024. |
| Structure Tone, LLC | 323 | Cyxtera Communications, LLC | $39,115.20 Administrative priority(11 U.S.C. § 503(b)(9)) | Per Structure Tone, LLC's counsel, the administrative priority portion of this claim was paid and satisfied. |

## Schedule 2

## Equity Claims

| Claimant | Claim Number | Debtor | Asserted Claim Amount and Classification | Reason for Reclassification and Disallowance |
|---|---|---|---|---|
| Manuel Iza | 499 | Cyxtera Technologies, Inc. | $8,284.30 Administrative | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| Robert Jo. Song | 540 | Cyxtera Technologies, Inc. | $21,300.00 Priority | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| Shawn Schafer | 380 | Cyxtera Technologies, Inc. | $500.00 Administrative | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. The Plan Administrator does not purport to object to the general unsecured portion of this claim. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| William A. Baneky | 266 | Cyxtera Technologies, Inc. | Unliquidated Secured | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |

**Schedule 3**

**No Liability Claims**

| Claimant | Claim Number(s) | Debtor | Asserted Claim Amount(s) and Classification(s) | Reason for Disallowance |
|---|---|---|---|---|
| City of Hampton | 474 | Cyxtera Technologies, Inc. | $2,300.20 Secured | Claimant asserts a secured claim on a special assessment tax with insufficient supporting documentation.  Based  upon the foregoing and the Debtors' books and records, there is no determination for the validity of this claim. |
| City of Lowell | 271 | Cyxtera Communications, LLC | $73.81 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for 2018 personal property taxes.  The Debtors had no assets nor data centers in the city of Lowell.  As such, there is no determination for the validity of this claim. |
| Department of Taxation, State of Hawaii | 54 | Cyxtera Communications, LLC | unliquidated Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for various taxes with unknown amounts.   The amounts have not been liquidated and the Plan Administrator cannot determine a basis to this claim. |
| N.J. Dept. of Labor, Div. Employer Accounts | 92 | Cyxtera Communications, LLC | $3,709 Secured | Claimant asserts a secured claim for a judgment obtained in 2013 against "Savvis Communications Corporation." Based on the Debtors' books and records, the Debtors did not assume this liability. As such, there is no determination for the validity of this claim. |
| NM Taxation & Revenue Department | 490 | Cyxtera Management, Inc | $103.73 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for corporate tax for years ending in 2021 and 2022.  Upon information and belief, tax returns were filed and taxes were paid. |
| NM Taxation & Revenue Department | 492 | Cyxtera Employer Services, LLC | $1,511.51 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for wage withholding taxes for March 2023. The Debtor was not an operating entity and had no employees so therefore no withholding taxes are due.  As such, there is no determination for the validity of this claim. |
| State of New Jersey - Division of Taxation | 517 | Cyxtera Employer Services, LLC | $1,000.00 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for withholding taxes for the period January 1  - March 2023.  The Debtor was not an operating entity and had no employees so therefore no withholding taxes are due.  As such, there is no determination for the validity of this claim. |

**Schedule 4**

**Duplicate Claims**

| DUPLICATIVE CLAIM TO BE DISALLOWED | | | | | SURVIVING CLAIM | | | |
|---|---|---|---|---|---|---|---|---|
| **Name of Claimant** | **Claim Number** | **Debtor** | **Disallowed Claim** | **Reason for Disallowance** | **Name** | **Claim Number** | **Debtor** | **Surviving Claim** |
| Comptroller of the Treasury | 522 | Cyxtera Management, Inc. | $307.00 Priority | Claim is duplicative of surviving claim. | Comptroller of the Treasury | 524 | Cyxtera Management, Inc. | $307.00 Priority |

## Exhibit B

**McGlynn Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | |
|                 Post-Effective Date Debtor. | Case No. 23-14853 (JKS) |
| | (Jointly Administered) |

**DECLARATION OF JIM MCGLYNN IN SUPPORT OF THE PLAN**
**ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO**
**CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE**
**AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS**

Jim McGlynn, under penalty of perjury hereby declares as follows:

      1.      I am a Partner at AlixPartners ("<u>AlixPartners</u>").  I am a Certified Insolvency and

Restructuring Advisor and have extensive experience in management and restructuring and

regularly advises debtors across all areas of the restructuring process, including bankruptcy

preparation, plan negotiations, business planning, liquidity management, due diligence, and asset sales.

2.      I submit this declaration in support of the *Plan Administrator's First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims* (the "Objection").

3.      AlixPartners serves as the financial advisor to the Plan Administrator and has been working in these cases since the Effective Date.[4]  AlixPartners also served as the financial advisor to the Debtors prior to the Effective Date.  I am one of the primary AlixPartner professionals responsible for overseeing the claims analysis process.  Additionally, I also consult with the Debtors' former employees who currently support the Plan Administrator and have firsthand knowledge of the Debtors' books and records (the "Books and Records").  As such, I have gained significant familiarity with the Books and Records and their Schedules.

4.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review (or the review of Plan Administrator's counsel, the Claims Agent, and/or the Plan Administrator's consultants under my supervision) of business records kept by the Debtors in the ordinary course of business, the relevant proofs of claim, and/or the claims register maintained by Claims Agent..  Also, I and/or AlixPartners' professionals contacted or attempted to contact each of the claimants subject to the Objection in effort to reconcile and resolve each claim.   The objections set forth in the Objection are based on the review conducted. I have personally reviewed the Objection and to the best of my knowledge and belief, the information contained on **Schedules 1, 2, 3 and 4** to the Proposed Order of the Objection is true and correct.

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

5.      I and/or the Plan Administrator's professionals reviewed the Satisfied Claims identified in **Schedule 1** and the supporting documentation, filed with the Claims, and have compared it to the Books and Records and determined to the best of my knowledge, information, and belief that such Claims have already been paid and satisfied during the course of the chapter 11 cases.  Therefore, the Satisfied Claims in **Schedule 1** should be disallowed and expunged.

6.      I and/or the Plan Administrator's professionals reviewed all of the Equity Claims identified in **Schedule 2** and the supporting documentation, filed with the Claims, and have determined that these Claims were filed by holders of equity interests.  Therefore, the Claims are Existing Equity Interests (Class 8) and under the Plan, such interests were deemed cancelled as of the Effective Date.  As such, the Claims on **Schedule 2** should be disallowed and expunged in their entirety.

7.      I and/or the Plan Administrator's professionals reviewed the No Liability Claims identified in **Schedule 3** and the supporting documentation, filed with the Claims, compared them with the Books and Records and cannot determine the Claim's validity for the reasons set forth in **Schedule 3**.  As such, the No Liability Claims have no basis in fact or law that would support the asserted Claims and therefore should be disallowed and expunged in their entirety.

8.      Finally, I and/or the Plan Administrator's professionals reviewed all of the Duplicate Claims identified in **Schedule 4** and the supporting documentation, filed with the Claims, and have determined that these Claims are duplicative of other Claims filed by the same Claimant.  As such, the Duplicate Claims in **Schedule 4** should be disallowed and expunged.

9.      Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Objection and the Schedules to the Proposed Order is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on:   May 16, 2025

*/s/ Jim McGlynn*
Jim McGlynn

## Exhibit C

**Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

<u>**NOTICE OF OBJECTION TO YOUR CLAIM**</u>

To:  *[Claim Holder and Counsel, if any]*

PIRINATE Consulting Group, LLC  as administrator (the "<u>Plan Administrator</u>") to the above-captioned post-effective date debtors and their former debtor affiliates (collectively, "<u>Debtors</u>") has filed the enclosed *Plan Administrator's First Omnibus Objection to Claims Pursuant to Section 502(B) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims* [Docket No. [_____]] (the "<u>Objection</u>") which seeks to alter your rights by disallowing and expunging your claim as set forth in the Objection.

If you disagree with the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before **<u>June 17, 2025</u>**.

At the same time, you must also serve a copy of the response upon the Plan Administrator's attorneys:

> Cole Schotz P.C.
> Court Plaza North,
> 25 Main Street
> Hackensack, New Jersey 07601
> Attention:    Felice R. Yudkin, Esq.,
>                      Andreas D. Milliaressis, Esq.
> E-mail address:  fyudkin@coleschotz.com
>                      amilliaressis@coleschotz.com

> -and-

Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, NY 10005
Attention:      Ligee Gu, Esq.
E-mail address: lgu@halperinlaw.net

If you file a response, you or your attorney must appear at a hearing on the objection that

will be held before the Honorable Judge John K. Sherwood on **June 24, 2025 at 10:00 a.m. (ET)**

at the United States Bankruptcy Court for the District of New Jersey, Courtroom 3D, 50 Walnut

Street, 3rd Floor, Newark, NJ 07102.

**IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**