| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Cia H. Mackle, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>cmackle@pszjlaw.com<br><br>*Counsel to the GUC Trustee* |

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | **Hearing Date:**  **July 15, 2025**<br>**Time:**  **10:00 a.m. (ET)**<br>**Response Deadline:**  **July 8, 2025** |

## NOTICE OF OBJECTION TO YOUR CLAIM

**TO:   THE HOLDERS OF CLAIMS AND THEIR COUNSEL (IF ANY) SET FORTH ON EXHIBIT A HERETO**

The GUC Trustee of the Cyxtera GUC Trust, established in the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated Debtors, has filed the enclosed *Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims* (the "Omnibus Objection") which seeks to alter your rights by disallowing and expunging, each of the claims identified on **Exhibit A** attached hereto for the reasons set forth therein and in Omnibus Objection.

If you disagree with the objection, you must file a response to the Omnibus Objection with the Clerk of the Bankruptcy Court at the address below on or before July 8, 2025.

At the same time, you must also serve a copy of the response upon the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>101 Park Avenue, 30th Floor<br>New York, NY 10178<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Attn:  James S. Carr<br>Attn:  Dana P. Kane | Office of the United States<br>Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt,<br>Esq. |

If you file a response, you or your attorney must appear at a hearing on the objection that will be held before the honorable John K. Sherwood on July 15, 2025 at 10:00 a.m. (ET) (the "Hearing") at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102 Courtroom 3D.

PLEASE TAKE FURTHER NOTICE that if you file a response, you or your attorney must appear at the Hearing, with the option to appear via Court Solutions in lieu of in-person participation. Please be advised that the Court has directed that parties who wish to appear via Court Solutions should submit their reservation requests to Court Solutions no later than noon on the day prior to the hearing, *i.e.,* on July 14, 2025 at 12:00 p.m. (ET).

IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:    June 3, 2025                KELLEY DRYE & WARREN LLP

                                      */s/ James s. Carr*
                                      _____
                                      James S. Carr, Esq.
                                      Dana P. Kane, Esq.
                                      One Jefferson Road, Second Floor
                                      Parsippany, NJ 07054
                                      Telephone: (973) 503-5900
                                      Facsimile: (973) 503-5950
                                      jcarr@kelleydrye.com
                                      dkane@kelleydrye.com

                                      and

                                      Robert J. Feinstein, Esq.
                                      Bradford J. Sandler, Esq.
                                      Paul J. Labov, Esq.
                                      Cia H. Mackle, Esq.
                                      PACHULSKI STANG ZIEHL & JONES LLP
                                      1700 Broadway, 36th Floor
                                      New York, NY  10019
                                      Telephone:  (212) 561-7700
                                      Facsimile:  (212) 561-7777
                                      rfeinstein@pszjlaw.com
                                      bsandler@pszjlaw.com
                                      plabov@pszjlaw.com
                                      cmackle@pszjlaw.com

                                      *Counsel to the GUC Trustee*

> **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com

*Counsel for GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | **Hearing Date:** **July 15, 2025** <br> **Time:** **10:00 a.m. (ET)** <br> **Response Deadline: July 8, 2025** |

### GUC TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN SATISFIED CLAIMS

META Advisors LLC, in its capacity as GUC trustee (the "<u>GUC Trustee</u>") of the Cyxtera GUC Trust (the "<u>Trust</u>") established in this chapter 11 case, by and through its undersigned counsel, files this *Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims* (this "<u>Omnibus Objection</u>") because each such claim is associated with an assumed contract or lease, and as such, has been paid or satisfied in full (the "<u>Satisfied Claims</u>"). In support of this Omnibus Objection, the GUC Trustee submits and relies upon the accompanying *Declaration of Grace Marie Codispoti in Support of the Third Omnibus Objection*

*to Claims Seeking to Disallow and Expunge Certain Satisfied Claims* (the "Declaration") filed

contemporaneously herewith and respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court (the "Court") has jurisdiction over this case and this matter pursuant to

28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The statutory predicates for the relief requested herein are section 502(b) of Title

11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the

United States Bankruptcy Court District of New Jersey (the "D.N.J. LBR").

## Background

### B.      Procedural Background

3.      On June 4, 2023 (the "Petition Date"), Cyxtera Technologies, Inc. (n/k/a CTI

Liquidation Co., Inc.) (the "Lead Debtor") and certain of its affiliates (collectively, the

"Debtors") each filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing

these chapter 11 cases.

4.      On November 17, 2023, the Court entered its *Findings of Fact, Conclusions of

Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization of Cyxtera

Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

[Docket No. 718] confirming the *Fourth Amended Joint Plan of Reorganization of Cyxtera

Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

[Docket No. 694] (the "Plan").

5.     On January 12, 2024, the Effective Date of the Plan occurred. *See Notice of (A) Entry of the Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855] (the "Effective Date Notice").

6.     On March 27, 2024, the Court entered an *Order (I) Granting Post-Effective Date Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Case Caption of the Remaining Case, and (III) Granting Related Relief* [Docket No. 953] pursuant to which all of the Debtors' chapter 11 cases were closed other than the case of the Lead Debtor.

**C.     The Claims Reconciliation Process**

7.     Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the Plan, Confirmation Order and that certain GUC Trust Agreement dated as of the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court" *See* Plan § VII.D.

8.     On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

9.      On July 19, 2023, the Court entered an order establishing certain dates and deadlines for filing proofs of claim ("Proofs of Claim") in these chapter 11 cases.  Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023 (the "Governmental Claims Bar Date" and collectively with the General Claims Bar Date, the "Claims Bar Dates"), as the deadline for all governmental agencies, to file written proof of such claim.

10.     To date, 551 Proofs of Claim have been filed against the Debtors. Of these, 383 Proofs of Claim have asserted General Unsecured Claims in the aggregate amount of approximately $307 million, plus unliquidated amounts. In addition, as of the Effective Date, the Debtors' Schedules reflected approximately 400 non-zero General Unsecured Claims ("Scheduled Claims") in the aggregate approximate amount of nearly $1.25 million.

11.     Since the Effective Date, the GUC Trustee, together with its advisors, has been reviewing and reconciling all General Unsecured Claims asserted against the Debtors. As part of its ongoing review of filed claims, the GUC Trustee has reviewed each of the Proofs of Claim and Scheduled Claims listed on **Schedule 1** to the proposed order filed herewith (the "Proposed Order"), and has concluded that each such claim should be disallowed and expunged.

### Relief Requested

12.     The GUC Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, pursuant to the Bankruptcy Code, the Bankruptcy Rules and the objection procedures (the "Objection Procedures") approved pursuant to the *Order (I) Approving Omnibus*

*Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus*

*Objections to Claims Pursuant to Bankruptcy Rule 3007 (c) and (d)* [Docket No. 987] (the

"Objection Procedures Order"), disallowing and expunging in their entirety each claim listed on

Schedule 1 to the Proposed Order.

**Basis for Relief Requested**

13.     When asserting a proof of claim against a bankrupt estate, a claimant must allege

facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re*

*Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of prima facie

validity, however, the proof of claim must "set forth facts necessary to support the claim." *In re*

*Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to

support its claim, the claim is afforded prima facie validity. *Allegheny*, 954 F.2d at 173.

14.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim

or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a

party in interest . . . objects." 11 U.S.C. § 502(a).

15.     Thus, while a properly-filed proof of claim is *prima facie* evidence of the claim's

allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie*

validity, the claimant bears the burden of proving the claim's validity by a preponderance of

evidence. *See In re Allegheny Int'l, Inc*., 954 F.2d at 173-74. The burden of persuasion with

respect to the claim is always on the claimant. *See, e.g., Biolitec, AG v. Cyganowski*, No. 13-cv-

5864, 2013 WL 6795400, *3 (D. N.J. Dec. 16, 2013); *see also In re Allegheny Int'l, Inc*., 954

F.2d at 173-74. The failure to allege facts and to provide sufficient support for a claim deprives

the claim of *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn.

2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance

of claims). Here, there is ample evidence to rebut the *prima facie* validity of each of the disputed claims.

16.    The GUC Trust has standing to file objections to claims under sections 502 and 1109(b) of the Bankruptcy Code, Article IV of the Plan and Article III of the GUC Trust Agreement.

17.    Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

18.    Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection *states* that the objector is unable to determine the validity of the claim because of noncompliance."  *See* Fed. R. Bankr. P. 3007(d).

19.    In addition, pursuant to Local Bankruptcy Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

20.    Further, pursuant to the Objection Procedures, omnibus objections may be filed where claims (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted claim amount (or only list the claim amount as "unliquidated"); (c) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; (d) seek recovery of amounts for which the various Debtors are not liable; (e) are filed

against non-Debtors; (f) are disallowed pursuant to section 502 of the Bankruptcy Code; or

(g) are disallowed pursuant to the terms of the Plan. Objection Procedures, at 1-2.

## A. <u>Satisfied Claims</u>

21.     The GUC Trustee objects to each of the Satisfied Claims listed on **<u>Schedule 1</u>** to

the Proposed Order. As set forth in the Declaration, the GUC Trustee has determined that each of

the Satisfied Claims listed on **<u>Schedule 1</u>** to the Proposed Order relates to an assumed contract or

lease, and as such, either has been paid in full by or otherwise satisfied on behalf of the

applicable Debtor. Accordingly, the GUC Trustee seeks disallowance of the Satisfied Claims. If

the Satisfied Claims are not disallowed and expunged, the potential exists for the applicable

Claimants to receive recoveries to which they are not entitled, to the detriment of other

stakeholders.

## <u>Responses to the Objection</u>

22.     <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus

Objection is required to file a Response in accordance with the procedures set forth herein. If a

claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in

compliance with the procedures below, the Court may grant the Omnibus Objection with respect

to such Claim without further notice to the claimants.

23.     <u>Response Contents</u>. Each Response must contain the following (at a minimum):

     a.     a caption stating the name of the Court, the name of the Debtors, the case
number, the title of the Omnibus Objection to which the Response is
directed, and, if applicable, the Proof of Claim number(s) related thereto
from the Claims Register;

     b.     a concise statement setting forth the reasons why the Court should not
grant the Omnibus Objection with respect to such Claim, including the
factual and legal bases upon which the claimant will rely in opposing the
Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant shall disclose to the GUC Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

i.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the GUC Trustee should serve a reply to the Response, if any; or

ii.    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf. Filing and Service of the Response. A Response will be deemed timely only if it is filed with the Court and actually received by 4:00 p.m. (prevailing Eastern Time) on **July 8, 2025** (the "Response Date") by the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>101 Park Avenue, 30th Floor<br>New York, NY 10178<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Attn: Bradford J. Sandler<br>Attn: Paul J. Labov<br><br>Kelley Drye & Warren LLP<br>One Jefferson Road, Second Floor<br>Parsippany, NJ 07054<br>Attn:  James S. Carr<br>Attn:  Dana P. Kane | Office of the United States Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt, Esq. |

24.    Discovery. If the GUC Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the GUC Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to

facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

25.     Failure to Respond. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the GUC Trustee resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

## Reservation of Rights

26.     In the event that any of the Proofs of Claim are not expunged and disallowed on the grounds asserted herein, the GUC Trustee hereby reserves its rights to object to such Proofs of Claim on any other grounds including, as noted above, on the grounds of untimeliness. Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

27.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Omnibus Objection or any order granting the relief requested by this Omnibus Objection; (e) a request or authorization to assume any

prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a

waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

28.     To the extent that a response is filed regarding any Proof of Claim or Scheduled

Claim and the GUC Trustee is unable to resolve any such response, each such Proof of Claim or

Scheduled Claim, and the Omnibus Objection as it pertains to such Proof of Claim or Scheduled

Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

Further, the GUC Trustee requests that any order entered by the Court regarding an objection or

other reply asserted in response to this Omnibus Objection be deemed a separate order with

respect to each proof of claim.

### Waiver of Memorandum of Law

29.     The GUC Trustee respectfully requests that this Court waive the requirement to

file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal bases

upon which the GUC Trustee relies is incorporated herein and the Omnibus Objection does not

raise any novel issues of law.

### Notice

30.     Notice of this Omnibus Objection has been given to: (a) the affected claimant

party set forth on the Proof of Claim and their respective attorney of record (if any) and (b) the

U.S. Trustee. The GUC Trustee respectfully submits that such notice is sufficient and proper

under the circumstances and that no other or further notice is required.

### Conclusion

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully requests that the

Court: (a) grant this Omnibus Objection; (b) enter an order substantially in the form of the

Proposed Order filed herewith granting this Objection and providing that the Satisfied Claims

shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems

just and proper.

Dated:    June 3, 2025               KELLEY DRYE & WARREN LLP


                                     */s/ James S. Carr*
                                     James S. Carr, Esq.
                                     Dana P. Kane, Esq.
                                     One Jefferson Road, Second Floor
                                     Parsippany, NJ 07054
                                     Telephone: (973) 503-5900
                                     Facsimile: (973) 503-5950
                                     jcarr@kelleydrye.com
                                     dkane@kelleydrye.com

                                     and

                                     Robert J. Feinstein, Esq.
                                     Bradford J. Sandler, Esq.
                                     Paul J. Labov, Esq.
                                     Cia H. Mackle, Esq.
                                     PACHULSKI STANG ZIEHL & JONES LLP
                                     1700 Broadway, 36th Floor
                                     New York, NY  10019
                                     Telephone:  (212) 561-7700
                                     Facsimile:  (212) 561-7777
                                     rfeinstein@pszjlaw.com
                                     bsandler@pszjlaw.com
                                     plabov@pszjlaw.com
                                     cmackle@pszjlaw.com

                                     *Counsel to the GUC Trustee*

> **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com

*Counsel for GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | **Hearing Date:** **July 15, 2025**<br>**Time:** **10:00 a.m. (ET)**<br>**Response Deadline:** **July 8, 2025** |

**DECLARATION OF GRACE MARIE CODISPOTI IN SUPPORT OF THE
GUC TRUSTEE'S THIRD OMNIBUS OBJECTION TO CLAIMS
SEEKING TO DISALLOW AND EXPUNGE CERTAIN SATISFIED CLAIMS**

I, Grace Marie Codispoti, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am an authorized representative of META Advisors LLC, in its capacity as trustee (the "<u>GUC Trustee</u>") of the Cyxtera GUC Trust (the "<u>Trust</u>") established in this case. I submit this declaration (the "<u>Declaration</u>") for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of

Evidence in support of the *GUC Trustee's Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims* (the "<u>Omnibus Objection</u>")[1].

2.     As part of my current position in assisting with GUC Trustee's responsibilities under the Plan and the GUC Trust Agreement, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' business affairs and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

3.     I have read the Omnibus Objection and am directly, or by and through the GUC Trustee's advisors, familiar with the information contained therein and the exhibits attached thereto.

4.     I am authorized to submit this Declaration in support of the Omnibus Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Debtors' operations, books and records; (d) information supplied to me by the Trust's advisors and by others at the Trust's request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the GUC Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

5.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim filed against the Debtors in these chapter 11 cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Omnibus Objection

6.      Upon a thorough review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation thereto, I have determined that the Satisfied Claims listed on Schedule 1 to the Proposed Order are not valid because such claims are associated with an assumed contract or lease, and as such, has been paid in full or otherwise satisfied on behalf of the applicable Debtor, and thus should be disallowed and expunged.

7.      Failure to disallow and expunge the disputed claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors, to the detriment of other creditors. Accordingly, I believe that the Court should grant the relief requested in the Objection.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  June 3, 2025

/s/ Grace Marie Codispoti
Grace Marie Codispoti

> **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Cia Mackle, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

## ORDER GRANTING THIRD OMNIBUS OBJECTION TO CLAIMS SEEKING TO DISALLOW AND EXPUNGE CERTAIN SATISFIED CLAIMS

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby ORDERED.

Page:       2
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting Third Omnibus Objection to Claims Seeking to Disallow and
            Expunge Certain Satisfied Claims

Upon the third omnibus objection (the "Omnibus Objection")[1] of the GUC Trustee in the above-captioned Chapter 11 Cases seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, (a) disallowing and expunging each of the claims set forth on **Schedule 1** hereto because each such claim has been paid in full by or otherwise satisfied on behalf of the applicable Debtor; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Omnibus Objection is in the best interests of the GUC Trustee, the estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Omnibus Objection is GRANTED as set forth herein.

2.      Each Satisfied Claim listed on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3.      The rights of the GUC Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the GUC Trustee

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

Page:       3
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting Third Omnibus Objection to Claims Seeking to Disallow and
            Expunge Certain Satisfied Claims

specifically reserves the right to amend the Omnibus Objection, file additional papers in support

of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any

allegation or defense that may be raised in a response filed in accordance with the Omnibus

Objection by or on behalf of any of the claimants or other interested parties; (b) object further to

any Claim for which a claimant provides (or attempts to provide) additional documentation or

substantiation; and (c) object further to any Claim based on additional information that may be

discovered upon further review by the GUC Trustee or through discovery pursuant to the

applicable provisions of the Bankruptcy Rules.

4.      For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall

be deemed or construed to (a) constitute an admission as to the validity or priority of any claim

against the GUC Trustee, (b) an implication or admission that any particular claim is of a type

specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the

GUC Trustee's rights to dispute any claim on any grounds.

5.      The GUC Trustee, its claims and noticing agent (Verita Global), and the Clerk of

this Court are authorized to take any and all actions that are necessary or appropriate to give

effect to this Order.

6.      The objection to each claim addressed in the Omnibus Objection and as set forth

on **Schedule 1** attached hereto, constitutes a separate contested matter as contemplated by

Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim

that is the subject of the Omnibus Objection and this Order. Any stay of this Order pending

appeal by any claimants whose claims are subject to this Order shall only apply to the contested

Page:       4
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting Third Omnibus Objection to Claims Seeking to Disallow and
            Expunge Certain Satisfied Claims

matter that involves such claimant and shall not stay the applicability and/or finality of this Order

with respect to any other contested matters addressed in the Omnibus Objection and this Order.

7.      The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other

request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the

contents of the Omnibus Objection or otherwise waived.

8.      Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.