**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Cia Mackle, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for GUC Trustee*

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER GRANTING THIRD OMNIBUS OBJECTION TO CLAIMS
SEEKING TO DISALLOW AND EXPUNGE CERTAIN SATISFIED CLAIMS**

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby ORDERED.

4907-1109-7412.2 16381.00003

Page:     2
Debtor:   CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:  Order Granting Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims

---

Upon the third omnibus objection (the "Omnibus Objection")[1] of the GUC Trustee in the above-captioned Chapter 11 Cases seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, (a) disallowing and expunging each of the claims set forth on **Schedule 1** hereto because each such claim has been paid in full by or otherwise satisfied on behalf of the applicable Debtor; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Omnibus Objection is in the best interests of the GUC Trustee, the estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Omnibus Objection is GRANTED as set forth herein.

2. Each Satisfied Claim listed on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3. The rights of the GUC Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the GUC Trustee

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

2

| | |
|---|---|
| Page: | 3 |
| Debtor: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853 (JKS) |
| Caption: | Order Granting Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims |

specifically reserves the right to amend the Omnibus Objection, file additional papers in support of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Omnibus Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any Claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Claim based on additional information that may be discovered upon further review by the GUC Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

4. For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the GUC Trustee, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the GUC Trustee's rights to dispute any claim on any grounds.

5. The GUC Trustee, its claims and noticing agent (Verita Global), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

6. The objection to each claim addressed in the Omnibus Objection and as set forth on **Schedule 1** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Omnibus Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested

Page:     4
Debtor:   CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:  Order Granting Third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Satisfied Claims

matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Omnibus Objection and this Order.

7. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Omnibus Objection or otherwise waived.

8. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

CTI Liquidation Co., Inc.
Case No. 24-14853
**Satisfied Cure Claims**

| Schedule # | Claim # | Date Filed | Debtor | Creditor | Reason for Disallowance | Asserted Amount |
|---|---|---|---|---|---|---|
| | 225 | 08.09.2023 | Cyxtera Data Centers, Inc. | 1919 Park Avenue Associates, L.L.C. | Claim satisfied pursuant to payment of $430,184 per cure schedule at Docket No. 843 | Unliquidated |
| 3283090 | 456 | 08.17.2023 | Cyxtera Communications, LLC | AccessFloorSystems.com, Inc | Claim satisfied pursuant to payment of $24,766 per cure schedule at Docket No. 843 | $24,766.15 |
| 3283105 | 52 | 07.05.2023 | Cyxtera Communications, LLC | Allan Briteway Electrical Utility Contractors, Inc. | Claim satisfied pursuant to payment of $119,804 per cure schedule at Docket No. 843 | $46,745.48 |
| | 64 | 07.12.2023 | Cyxtera Technologies, Inc. | American Data Center Solutions, LLC | Claim satisfied pursuant to payment of $66,869 per cure schedule at Docket No. 843 | $106,268.28 |
| 3283133 | | | Cyxtera Communications, LLC | C & L CONTRACTORS LTD | Claim satisfied pursuant to payment of $72,449 per cure schedule at Docket No. 843 | $102,510.20 |
| 3283149 | | | Cyxtera Communications, LLC | Centurylink Communications, LLC | Claim satisfied pursuant to payment of $159,243 per cure schedule at Docket No. 843 | $159,243.21 |
| 3283151 | | | Cyxtera Communications, LLC | CHICAGO MERCANTILE EXCHANGE INC | Claim satisfied pursuant to payment of $447,340 per cure schedule at Docket No. 843 | $447,340.43 |
| 3283168 | | | Cyxtera Communications, LLC | Compass Data Centers MSP I, LLC | Claim satisfied pursuant to payment of $343,969 per cure schedule at Docket No. 843 | $343,968.75 |
| 3283173 | | | Cyxtera Communications, LLC | CONVERGINT TECHNOLOGIES | Claim satisfied pursuant to payment of $171,054 per cure schedule at Docket No. 843 | $56,190.25 |
| 3283467 | | | Cyxtera Management, Inc. | CONVERGINT TECHNOLOGIES | Claim satisfied pursuant to payment of $171,054 per cure schedule at Docket No. 843 | $550.54 |
| 3283048 | | | Cyxtera Communications Canada, ULC | Convergint Technologies Ltd | Claim satisfied pursuant to payment of $6,147 per cure schedule at Docket No. 843 | $729.98 |
| | 229 | 08.09.2023 | Cyxtera Technologies, Inc. | CPUS Irvine Crossing, LP | Claim satisfied pursuant to payment of $1,139,551 per cure schedule at Docket No. 843 | $665,313.88 |
| | 230 | 08.09.2023 | Cyxtera Communications, LLC | CPUS Irvine Crossing, LP | Claim satisfied pursuant to payment of $1,139,551 per cure schedule at Docket No. 843 | $665,313.88 |
| 3283177 | | | Cyxtera Communications, LLC | Critical HVAC Systems, LLC | Claim satisfied pursuant to payment of $94,051 per cure schedule at Docket No. 843 | $156,319.06 |
| 3283197 | 418 | 08.15.2023 | Cyxtera Communications, LLC | DCCO Tukwila, LLC | Claim satisfied pursuant to payment of $501,152 per cure schedule at Docket No. 843 | $9,013,601.36 |
| 3283210 | 181 | 08.07.2023 | Cyxtera Communications, LLC | E2 OPTICS LLC | Claim satisfied pursuant to payment of $354,257 per cure schedule at Docket No. 843 | $68,250.17 |
| 3283211 | | | Cyxtera Communications, LLC | EastGroup Properties, LP | Claim satisfied pursuant to payment of $99,858 per cure schedule at Docket No. 843 | $99,858.12 |
| 3283245 | 394 | 08.15.2023 | Cyxtera Communications, LLC | Highlands Ranch Commerce Center | Claim satisfied pursuant to payment of $20,252 per cure schedule at Docket No. 843 | $41,943.17 |
| | 257 | 08.10.2023 | Cyxtera Communications, LLC | International Gateway West LLC | Claim satisfied pursuant to payment of $350,936 per cure schedule at Docket No. 843 | Unliquidated |
| 3283264 | 321 | 08.15.2023 | Cyxtera Communications, LLC | Iron Mountain Data Centers, LLC | Claim satisfied pursuant to payment of $1,751,995 per cure schedule at Docket No. 843 | $2,408,062.87 |
| | 104 | 07.26.2023 | Cyxtera Technologies, Inc. | Neamsby Investments Inc. | Claim satisfied pursuant to payment of $155,708 per cure schedule at Docket No. 843 | $8,274,176.76 |
| | 367 | 08.15.2023 | Cyxtera Communications, LLC | Pivot Technology Services Corp. | Claim satisfied pursuant to payment of $379,153 per cure schedule at Docket No. 843 | $394,957.82 |
| 3283349 | | | Cyxtera Communications, LLC | PSB Northern California Industrial | Claim satisfied pursuant to payment of $76,450 per cure schedule at Docket No. 843 | $72,455.00 |
| | 253 | 08.10.2023 | Cyxtera Communications, LLC | Sabey DataCenter LLC | Claim satisfied pursuant to payment of $752,154 per cure schedule at Docket No. 843 | Unliquidated |
| | 171 | 08.03.2023 | Cyxtera Communications Canada, ULC | Securitas Security Services Canada LTD | Claim satisfied pursuant to payment of $204,572 per cure schedule at Docket No. 843 | $229,918.47 |
| 3283371 | 70 | 07.13.2023 | Cyxtera Communications, LLC | Securitas Security Services USA Inc | Claim satisfied pursuant to payment of $1,408,567 per cure schedule at Docket No. 843 | $1,520,160.27 |
| 3283380 | | | Cyxtera Communications, LLC | SL Harborside Owner 2&3 LLC | Claim satisfied pursuant to payment of $140,689 per cure schedule at Docket No. 843 | $140,688.84 |
| 3283389 | | | Cyxtera Communications, LLC | Stack Infrastructure USA, LLC | Claim satisfied pursuant to payment of $55,935 per cure schedule at Docket No. 843 | $5,483.85 |
| 3283390 | | | Cyxtera Communications, LLC | Stack Infrastructure USA, LLC | Claim satisfied pursuant to payment of $55,935 per cure schedule at Docket No. 843 | $44,464.00 |
| 3283405 | 108 | 07.27.2023 | Cyxtera Communications, LLC | TechnoGuard, Inc. | Claim satisfied pursuant to payment of $47,730 per cure schedule at Docket No. 843 | $79,980.00 |
| 3283414 | | | Cyxtera Communications, LLC | THERMA LLC | Claim satisfied pursuant to payment of $83,932 per cure schedule at Docket No. 843 | $188,182.96 |
| 3283422 | | | Cyxtera Communications, LLC | TW Conroy 2 LLC | Claim satisfied pursuant to payment of $204,371 per cure schedule at Docket No. 843 | $186,223.86 |
| | | | | | | **$25,543,667.61** |