MATTHEW J. PLATKIN
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625

Attorney for State of New Jersey,
 Department of Labor, Division of Employer Accounts

By:   Valerie A. Hamilton [NJ BAR ID #018201995]
      Deputy Attorney General
      (609) 376-3256
      Valerie.Hamilton@law.njoag.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Hon. John K. Sherwood |
| CTI LIQUIDATION CO., INC., | Chapter 11 |
| | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |
| | Hearing Date: June 24, 2025 |

**RESPONSE BY NEW JERSEY DEPARTMENT OF LABOR, DIVISION OF EMPLOYER ACCOUNTS IN OPPOSITION TO THE PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS**

The State of New Jersey, Department of Labor, Division of Employer Accounts ("Employer Accounts"), hereby opposes the Plan Administrator's First Omnibus Objection to certain claims to the extent that it seeks disallowance of Employer Accounts' proof of claim (Claim No. 92), and respectfully requests that

the objection be overruled. In support thereof, Employer Accounts represents as follows:

## BACKGROUND

1. On June 4, 2023 ("Petition Date"), Cyxtera Communications, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. See Case No. 23-14852, Doc. 1. The petition states that "SAVVIS Communications Corporation" is one of the names that Cyxtera Communications, LLC used during the 8-year period immediately preceding the Petition Date. Ibid.

2. On July 21, 2023, Employer Accounts timely filed a proof of claim, identified as Claim No. 92 on the claims register maintained by Verita Global ("Claim No. 92"), asserting a secured claim against Savvis Communications Corporation in the amount of $3,907.00. The claim relates to unpaid employer's contribution for unemployment compensation and temporary disability benefits due from Savvis Communications Corporation for the third quarter of 2013. Employer Accounts' claim is secured by a certificate of debt filed by Employer Accounts and docketed on August 17, 2016 by the Clerk of the Superior Court as DJ-143029-16.

3. On May 16, 2025, the Plan Administrator filed the First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule

3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (the "First Omnibus Objection"). Doc. No. 1040.

4. Among other claims, the First Omnibus Objection seeks disallowance and expungement of Claim No. 92 filed by Employer Accounts.

5. The Plan Administration's alleged reason for seeking disallowance of Claim 92 is because:

> "Claimant asserts a secured claim for a judgment obtained in 2013 against "Savvis Communications Corporation." Based on the Debtors' books and records, the Debtors did not assume this liability. As such, there is no determination for the validity of this claim."

[Doc. No. 1040, Schedule 3.]

6. The Plan Administrator relies upon the Declaration of Jim McGlynn in support of the First Omnibus Objection. In that declaration, Mr. McGlynn avers that he is a partner at AlixPartners, which formerly advised the Debtors and currently serves as the financial advisor to the Plan Administrator. Mr. McGlynn appears not to have personal knowledge of the specific entries in the Debtors' books and records. Rather, he states that he "consult[s] with the Debtors' former employees who currently support the Plan Administrator and have firsthand knowledge of the Debtors' books and records." McGlynn Dec. ¶ 3.

7. Mr. McGlynn further states that "[he] and/or the Plan Administrator's professionals reviewed the No Liability Claims identified in Schedule 3 and the supporting documentation, filed with the Claims, compared them with the Books and Records and <u>cannot determine the Claim's validity</u> for the reasons set forth in Schedule 3. As such, the No Liability Claims [on Schedule 3 to the First Omnibus Objection] have no basis in fact or law that would support the asserted Claims and therefore should be disallowed and expunged in their entirety." McGlynn Dec., ¶ 7.

8. Upon receipt of the First Omnibus Objection, counsel for Employer Accounts contacted the Plan Administrator's counsel to request production of documents supporting the Plan Administrator's position that the Debtors are not liable for the debt set forth in Claim No. 92. The Plan Administrator's counsel indicated that the Plan Administrator had no access to – and therefore, could not produce – the underlying transaction documents by which the Debtors acquired Savvis Communications Corporation and operated under that name.

9. Employer Accounts' counsel further inquired whether the Debtors' former employees that are assisting the Plan Administrator's work could produce the relevant transaction documents, but none have been produced to date.

## LEGAL ANALYSIS

10.     Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. See 11 U.S.C. § 502. The Federal Rules of Bankruptcy Procedure state that a claim that is properly executed "constitutes *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

11.     In order to overcome the *prima facie* validity, the objecting party has the burden "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). "It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. at 173-74.

12.     Should the objecting party provide such evidence, the burden shifts "to the claimant to prove the validity of the claim by the preponderance of the evidence." Id. at 174.

13.     Only if a valid objection to the claim is made will a claim be disallowed. 11 U.S.C. § 502(b); Doctor's Assocs. v. Desai (In re Patwari), 2016 Bankr. LEXIS 2269, *8 (Bankr. D.N.J. June 10, 2016).

14. Claims are to be disallowed only if they fall within one of the enumerated exceptions in § 502(b). In re Alessi, 2012 Bankr. LEXIS 1405, *6 (Bankr. D.N.J. Mar. 28, 2012), citing In re Moreno, 341 B.R. 813, 817 (Bankr. S.D. Fla. 2012).

15. The Plan Administrator's objection to Claim No. 92 should be overruled because the Plan Administrator has not carried its burden "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). Mr. McGlynn's declaration provides no evidence that Employer Accounts' claim is invalid. In fact, Mr. McGlynn does not conclude that Claim No. 92 is invalid, but that he "cannot determine" the validity of the claim. McGlynn Dec., ¶ 7. Under such circumstances, the burden of proof does not shift to Employer Accounts, the *prima facie* validity of the claim prevails, and the Plan Administrator's objection must be overruled. See, e.g., In re F-Squared, 546 B.R. 538, 546 (Bankr. D. Del. 2016) (finding objector did not carry its burden where it did not include affidavits, operating agreements, or any other relevant documents that could rebut *prima facie* validity); In re Windsor Constructors, Inc., 2006 Bankr. LEXIS 3942, *27-28 (Bankr. E.D. Pa. Dec. 18, 2006) (allowing claims where debtor failed to meet its burden of production in overcoming the *prima facie* validity of challenged proofs of

claim); In re Molnar Bros., 200 B.R. 555, 561 (Bankr. D.N.J. 2021) (allowing administrative claim where debtor failed to meet its burden of proof when challenging creditor's claim).

16. Schedule 3 to the Objection states that "Based on the Debtors' books and records, the Debtors did not assume this liability. As such, there is no determination for the validity of the claim." The Plan Administrator has submitted no evidence to support its denial. When Employer Accounts' counsel requested that the Plan Administrator produce the transaction documents demonstrating that this liability was not an assumed debt, none was provided. The Plan Administrator (through its counsel) claims not to have access to such documents, and it has not produced them to Employer Accounts (or this Court) for review.

17. Since the Plan Administrator has failed to carry his burden to produce evidence sufficient to overcome the prima facie validity of Claim 92, the Objection must be overruled and Employer Accounts' Claim No. 92 be allowed.

## CONCLUSION

For the foregoing reasons, the State of New Jersey, Department of Labor, Division of Employer Accounts respectfully requests the Court (i) overrule the First Omnibus Objection to the extent that it seeks disallowance and expungement of

Claim No. 92, (ii) allow Claim No. 92 as filed, and (iii) grant such other relief to Employer Accounts as the Court deems fair and equitable.

Respectfully submitted,

MATTHEW J. PLATKIN
Attorney General of New Jersey

By: /s/ Valerie Hamilton
Valerie Hamilton
Deputy Attorney General

Dated:   June 17, 2025