| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Andreas D. Milliaressis, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>amilliaressis@coleschotz.com<br><br>**HALPERIN BATTAGLIA BENZIJA, LLP**<br>Alan D. Halperin, Esq.<br>Ligee Gu, Esq.<br>40 Wall Street, 37th Floor<br>New York, New York 10005<br>Telephone: (212) 765<br>Facsimile: (212) 765-0964<br>ahalperin@halperinlaw.net<br>lgu@halperinlaw.net<br><br>*Co-Counsel to the Plan Administrator* | Order Filed on June 26, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>      Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER EXTENDING TIME TO OBJECT TO ALL CLAIMS OTHER THAN GENERAL UNSECURED CLAIMS PURSUANT TO THE PLAN, SECTIONS 502 AND 105(A) OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 3007 AND 9006**

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED.**

**DATED: June 26, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 2)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23- 14853 (JKS) |
| Caption of Order: | Order Extending Time to Object to all Claims Other than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006 |

Upon the motion (the "Motion")[1] of the Plan Administrator for entry of an order (this "Order") pursuant to the Plan, sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Claims Objection Deadline for all claims other than general unsecured claims, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11,* entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion, if any; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Plan Administrator, its respective beneficiaries, and all other parties-in-interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

(Page | 3)
Debtors:         CTI Liquidation Co., Inc.
Case No.         23- 14853 (JKS)
Caption of Order: Order Extending Time to Object to all Claims Other than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006

---

1. The Motion is GRANTED.

2. The Claims Objection Deadline is extended with respect to the SAP Claims, to and including **July 10, 2026**.

3. This Order shall be without prejudice to the right of the Plan Administrator to seek further extensions of the Claims Objection Deadline.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.