**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

Order Filed on July 1, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

In re:

CTI Liquidation Co., Inc.

Post-Effective Date Debtor

Chapter 11

Case No. 23-14853 (JKS)

(Jointly Administered)

---

**ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE
AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS**

The relief set forth on the following pages, numbered two (2) through four (4), is

**ORDERED**.

**DATED: July 1, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 2)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

Upon the objection (the "Objection")[1] of PIRINATE Consulting Group, LLC as administrator (the "Plan Administrator") of the above-captioned post-effective date debtors (the "Debtors"), for entry of an order (this "Order"), disallowing and expunging the claims set forth in **Schedules 1, 2, 3 and 4** attached hereto, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and the McGlynn Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Objection is sustained, in part, as set forth herein.

2.      Each Claim identified on **<u>Schedules 1, 2, 3 and 4</u>** attached to this Order is hereby

disallowed and expunged.

3.      The Claims Agent is authorized and directed to modify the Claims Register in

accordance with entry of the relief granted in this Order.

4.      The Hearing is adjourned, solely with respect to Claim Number 92 filed by the New

Jersey Department of Labor, Division of Employer Accounts and the related response filed at

Docket No. 1047, in accordance with the adjournment request entered contemporaneously

herewith.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount

of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or

other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in

interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to

pay any particular claim; (d) an implication, admission, or finding that any particular claim is an

administrative expense claim, other priority claim or otherwise of a type specified or defined in

this Objection or any order granting the relief requested by this Objection; (e) a modification of

the assumption or rejection of any lease or executory contract as set forth in the Confirmation

| (Page | 4) | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23-14853 (JKS) |
| Caption of Order: | ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS |

Order and Plan; (f) an admission by the Plan Administrator or the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Plan Administrator's, or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Plan Administrator or the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.      For the avoidance of doubt, the Plan Administrator may object to any Claim listed on **Schedules 1, 2, 3 or 4** or any other claim at a future date on a basis other than as set forth in the Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or this Order.

7.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.      The Plan Administrator and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Satisfied Claims**

| Claimant | Claim Number(s) | Debtor | Asserted Claim Amount(s) and Classification(s) | Reason for Disallowance |
|---|---|---|---|---|
| County of Orange Treasurer-Tax Collector | 520 | Cyxtera Communications, LLC | $3,158.75 Priority | Claim was paid and satisfied on or about April 4, 2024 |
| Illinois Department of Employment Security | 55 | Cyxtera Management, Inc. | $928.46 Secured | Claim was paid and satisfied on or about June 6, 2024 |
| Los Angeles County Treasurer and Tax Collector | 527 | Cyxtera DC Holdings, Inc. | $410.29 Priority and $80.10 Secured | Claim was paid and satisfied on or about April 4, 2024 |
| Los Angeles County Treasurer and Tax Collector | 528 | Cyxtera Communications, LLC | $136.22 Secured | Claim was paid and satisfied on or about April 4, 2024 |
| Maricopa County Treasurer | 485 | Cyxtera Communications, LLC | $142,682.56 Secured | Claim was paid and satisfied through the claimant's online portal. |
| N.J. Dept. of Labor, Div. Employer Accounts | 89 | Cyxtera Management, Inc. | $2,584.68 Priority | The priority portion of this claim was paid and satisfied on or about June 6, 2024. The general unsecured portion of this claim remains intact and may be subject to objection from the GUC Trustee, if appropriate. |
| Structure Tone, LLC | 323 | Cyxtera Communications, LLC | $39, 115.20 Administrative priority(11 U.S.C. § 503(b)(9)) | Per Structure Tone, LLC's counsel, the administrative priority portion of this claim was paid and satisfied. |

**Schedule 2**

**Equity Claims**

| Claimant | Claim Number | Debtor | Asserted Claim Amount and Classification | Reason for Reclassification and Disallowance |
|---|---|---|---|---|
| Manuel Iza | 499 | Cyxtera Technologies, Inc. | $8,284.30 Administrative | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| Robert Jo. Song | 540 | Cyxtera Technologies, Inc. | $21,300.00 Priority | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| Shawn Schafer | 380 | Cyxtera Technologies, Inc. | $500.00 Administrative | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. The Plan Administrator does not purport to object to the general unsecured portion of this claim. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |
| William A. Baneky | 266 | Cyxtera Technologies, Inc. | Unliquidated Secured | Claim was filed on account of an equity interest, which does not constitute a "claim" within the meaning of section 101(5) of the Bankruptcy Code. Further, pursuant to the Plan all Existing Equity Interests were cancelled, released, extinguished, and discharged. *See* Plan, Art. III, B., 8. |

**Schedule 3**

**No Liability Claims**

| Claimant | Claim Number(s) | Debtor | Asserted Claim Amount(s) and Classification(s) | Reason for Disallowance |
|---|---|---|---|---|
| City of Hampton | 474 | Cyxtera Technologies, Inc. | $2,300.20 Secured | Claimant asserts a secured claim on a special assessment tax with insufficient supporting documentation. Based upon the foregoing and the Debtors' books and records, there is no determination for the validity of this claim. |
| City of Lowell | 271 | Cyxtera Communications, LLC | $73.81 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for 2018 personal property taxes. The Debtors had no assets nor data centers in the city of Lowell. As such, there is no determination for the validity of this claim. |
| Department of Taxation, State of Hawaii | 54 | Cyxtera Communications, LLC | unliquidated Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for various taxes with unknown amounts. The amounts have not been liquidated and the Plan Administrator cannot determine a basis to this claim. |
| NM Taxation & Revenue Department | 490 | Cyxtera Management, Inc | $103.73 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for corporate tax for years ending in 2021 and 2022. Upon information and belief, tax returns were filed and taxes were paid. |
| NM Taxation & Revenue Department | 492 | Cyxtera Employer Services, LLC | $1,511.51 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for wage withholding taxes for March 2023. The Debtor was not an operating entity and had no employees so therefore no withholding taxes are due. As such, there is no determination for the validity of this claim. |
| State of New Jersey - Division of Taxation | 517 | Cyxtera Employer Services, LLC | $1,000.00 Priority | Claimant asserts a priority claim under 11 USC § 507(a)(8) for withholding taxes for the period January 1 - March 2023. The Debtor was not an operating entity and had no employees so therefore no withholding taxes are due. As such, there is no determination for the validity of this claim. |

**Schedule 4**

**Duplicate Claims**

| DUPLICATIVE CLAIM TO BE DISALLOWED | | | | | SURVIVING CLAIM | | | |
|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Debtor | Disallowed Claim | Reason for Disallowance | Name | Claim Number | Debtor | Surviving Claim |
| Comptroller of the Treasury | 522 | Cyxtera Management, Inc. | $307.00 Priority | Claim is duplicative of surviving claim. | Comptroller of the Treasury | 524 | Cyxtera Management, Inc. | $307.00 Priority |