**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Cia Mackle, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
plabov@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for GUC Trustee*

Order Filed on August 18, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN THE GUC TRUSTEE JOHNSON CONTROLS FIRE PROTECTION LP AND JOHNSON CONTROLS INC.**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: August 18, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 2)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853-JKS |
| Caption of Order: | Stipulation and Consent Order Between the GUC Trustee, Johnson Controls Fire Protection LP and Johnson Controls Inc. |

META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in the chapter 11 cases of the above-captioned debtors, and Johnson Controls Fire Protection LP ("JCFP") and Johnson Controls, Inc. ("JCI", and together with JCFP, "Johnson Controls", and together with the GUC Trustee, the "Parties"), hereby enter into this Stipulation (the "Stipulation and Order"), as set forth below.  In connection with the Stipulation and Order, the Parties respectfully state as follows:

## RECITALS

WHEREAS, on June 4, 2023 (the "Petition Date"), Cyxtera Technologies, Inc. (n/k/a CTI Liquidation Co., Inc.) (the "Lead Debtor") and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing these chapter 11 cases.

WHEREAS, on November 17, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 718] confirming the Fifth Amended Joint Plan of Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 694] (the "Plan")[1].

WHEREAS, on January 12, 2024, the Effective Date of the Plan occurred. *See Notice of (A) Entry of the Order Confirming Fifth Amended Joint Plan of Reorganization of Cyxtera*

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

(Page | 3)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853-JKS |
| Caption of Order: | Stipulation and Consent Order Between the GUC Trustee, Johnson Controls Fire Protection LP and Johnson Controls Inc. |

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of Effective Date* [Docket No. 855] (the "Effective Date Notice").

WHEREAS, on March 27, 2024, the Court entered an *Order (I) Granting Post-Effective Date Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the Case Caption of the Remaining Case, and (III) Granting Related Relief* [Docket No. 953] pursuant to which all of the Debtors' chapter 11 cases were closed other than the case of the Lead Debtor.

WHEREAS, pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the Plan, Confirmation Order and that certain GUC Trust Agreement dated as of the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court" *See* Plan § VII.D.

WHEREAS, on July 19, 2023, the Court entered an order establishing certain dates and deadlines for filing proofs of claim ("Proofs of Claim") in these chapter 11 cases. Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims

(Page | 4)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853-JKS |
| Caption of Order: | Stipulation and Consent Order Between the GUC Trustee, Johnson Controls Fire Protection LP and Johnson Controls Inc. |

pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023 (the "Governmental Claims Bar Date" and collectively with the General Claims Bar Date, the "Claims Bar Dates"), as the deadline for all governmental agencies, to file written proof of such claim.

WHEREAS, on August 14, 2023, JCFP filed (i) a non-priority general unsecured claim against Debtor, Cyxtera Communications Canada, ULC, in the amount of $3,539.93, which claim is reflected on the official claims register (the "Claims Register") as claim number 296 ("Claim 296"), and (ii) a non-priority general unsecured claim against Debtor, Cyxtera Communications Canada, ULC, in the amount of $3,539.93, which claim is reflected on the Claims Register as claim number 298 ("Claim 298"). Claim 296 was expunged by Order entered on February 27, 2025 [Docket No. 1035], as being duplicative of Claim 298.

WHEREAS, on August 14, 2023, JCI filed a non-priority general unsecured claim against Debtor, Cyxtera Communications, LLC, in the amount of $11,388.47, which claim is reflected on the Claims Register as claim number 293 ("Claim 293" and together with Claim 298, the "Disputed Claims").

WHEREAS, on June 18, 2025, the GUC Trustee filed its Fifth Omnibus Objection to Claims [Docket No. 1050] (the "5th Omnibus Objection") seeking, *inter alia* to expunge the Disputed Claims on the grounds that they had been satisfied during the pendency of these cases.

WHEREAS, Johnson Controls has asserted an informal objection to the 5th Omnibus Objection, and the Parties desire to resolve the Disputed Claims and on the terms set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL OF THIS STIPULATION, IT IS ORDERED THAT:**

1.    The foregoing recitals are incorporated herein by reference.

(Page | 5)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853-JKS |
| Caption of Order: | Stipulation and Consent Order Between the GUC Trustee, Johnson Controls Fire Protection LP and Johnson Controls Inc. |

2.      In full and final satisfaction of any and all Claims that may be asserted by Johnson Controls, (i) Claim 298 shall be allowed as a non-priority general unsecured claim against Cyxtera Communications, LLC in the reduced amount of $1,769.97 (the "Allowed Claim 298"); and (ii) Claim 293 shall be allowed as a non-priority general unsecured claim against Cyxtera Communications, LLC in the reduced amount of $5,694.24 (the "Allowed Claim 293") and together with the Allowed Claim 298 the "Allowed Claims").

3.      For the avoidance of doubt, the Allowed Claims Shall be paid solely in accordance with the terms of the Plan, as and when distributions, if any, to allowed General Unsecured Claims are made.

4.      Upon entry of the Stipulation and Order, the 5th Omnibus Objection is deemed to be and is hereby withdrawn, solely as it relates to Johnson Controls.

5.      This Stipulation and Order shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

6.      Each of the Parties, by and through their respective undersigned counsel, represents and warrants that the undersigned is fully authorized and empowered to (i) execute and deliver this Stipulation and Order on behalf of their respective Party; and (ii) bind their respective Party to the terms and conditions hereof.

7.      This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

8.      The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation and Order.

4930-2148-7192.2 16381.00003

(Page | 6)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No.: | 23-14853-JKS |
| Caption of Order: | Stipulation and Consent Order Between the GUC Trustee, Johnson Controls Fire Protection LP and Johnson Controls Inc. |

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Cia H. Mackle, Esq.
1700 Broadway, 36th Floor
New York, NY  10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the GUC Trustee*

**GODFREY & KAHN, s.c.**

*/s/ Nicholas Hahn*
Nicholas Hahn, Esq.
100 West Lawrence Street
Appleton, WI 54911-5754
Telephone:  (920) 830-2800
Facsimile:   (920) 830-3530
nhahn@gklaw.com

*Counsel for Claimant, Johnson Controls Fire Protection LP and Johnson Controls, Inc.*

**Error! Unknown document property name.**

4930-2148-7192.2 16381.00003