**EXHIBIT A**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>James S. Carr, Esq.<br>Dana P. Kane, Esq.<br>KELLEY DRYE & WARREN LLP<br>7 Giralda Farms, Suite 340<br>Madison, NJ 07940<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>jcarr@kelleydrye.com<br>dkane@kelleydrye.com<br><br>and<br><br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Jason S. Pomerantz, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone:  (212) 561-7700<br>Facsimile:   (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>jspomerantz@pszjlaw.com<br><br>*Counsel to the GUC Trustee* | |
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER GRANTING SEVENTH OMNIBUS OBJECTION
TO CLAIMS SEEKING TO (A) DISALLOW AND EXPUNGE
CERTAIN CLAIMS AND (B) MODIFY CERTAIN CLAIMS IN AMOUNT**

Page:     2
Debtor:   CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:  Order Granting Seventh Omnibus Objection to Claims Seeking to (A) Disallow and Expunge Certain Claims and (B) Modify Certain Claims in Amount

The relief set forth below on the following pages, numbered two (2) through and including five (5), is hereby ORDERED.

Upon the seventh omnibus objection (the "<u>Omnibus Objection</u>")[1] of the GUC Trustee in the above-captioned Chapter 11 Cases seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, (a) disallowing and expunging each of the claims set forth on: (i) **Schedule 1** hereto because each such claim has been paid in full by or otherwise satisfied on behalf of the applicable Debtor; (ii) **Schedule 2** hereto because such claim has been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability; (iii) **Schedule 3** hereto because each such claim asserts amounts that contradict the Debtors' books and records and/or asserts amounts for which the Debtors are not liable pursuant to its books and records and each such claim failed to provide sufficient documentation to support the amount of the claim; and (iv) **Schedule 4** hereto because such claim (a) arose before the Petition Date, (b) was subject to the Claims Bar Date, and (c) was filed after the Claims Bar Date; and (b) modifying each of the claims set forth on **Schedule 5** hereto because each such claim has been partially satisfied; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

Page:     3
Debtor:   CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:  Order Granting Seventh Omnibus Objection to Claims Seeking to (A) Disallow and Expunge Certain Claims and (B) Modify Certain Claims in Amount

that the relief sought by the Omnibus Objection is in the best interests of the GUC Trustee, the estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Omnibus Objection is GRANTED as set forth herein.

2. Each Satisfied Claim listed on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3. Each Amended Claim listed on **Schedule 2** to this Order is disallowed and expunged in its entirety. The respective Surviving Claims identified on **Schedule 2** will remain on the Claims Register and such Claims are neither allowed nor disallowed at this time, subject, however, to any future objection on any basis. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Surviving Claims.

4. Each No Liability Claim listed on **Schedule 3** to this Order is disallowed and expunged in its entirety.

5. Each Late Filed Claim listed on **Schedule 4** to this Order is disallowed and expunged in its entirety.

6. Each Reduced Claim identified on **Schedule 5** to this Order is hereby modified in amount as identified in the column entitled "Modified Total" on **Schedule 5** attached hereto.

7. The rights of the GUC Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the GUC Trustee

Page:       4
Debtor:    CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption:   Order Granting Seventh Omnibus Objection to Claims Seeking to (A) Disallow and Expunge Certain Claims and (B) Modify Certain Claims in Amount

specifically reserves the right to amend the Omnibus Objection, file additional papers in support of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Omnibus Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any Claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Claim based on additional information that may be discovered upon further review by the GUC Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

8. For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the GUC Trustee, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the GUC Trustee's rights to dispute any claim on any grounds.

9. The GUC Trustee, its claims and noticing agent (Verita Global), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

10. The objection to each claim addressed in the Omnibus Objection and as set forth on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and **Schedule 5**, attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Omnibus Objection and this Order. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not

Page: 5
Debtor: CTI Liquidation Co., Inc.
Case No.: 23-14853 (JKS)
Caption: Order Granting Seventh Omnibus Objection to Claims Seeking to (A) Disallow and Expunge Certain Claims and (B) Modify Certain Claims in Amount

stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Omnibus Objection and this Order.

11. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Omnibus Objection or otherwise waived.

12. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Schedule 1 — (Satisfied Claims)

## Schedule 1

*Satisfied Claims*

| | Creditor | Schedule # | Claim # | Date Filed | Debtor | Reason for Disallowance | Asserted Claim Amount | Asserted Schedule Amount |
|---|---|---|---|---|---|---|---|---|
| 1 | Barnum Companies Inc.<br>23950 Lake Blvd N<br>Forest Lake, MN 55025 | | 249 | 08.10.2023 | Cyxtera Data Centers, Inc. | Claim paid in full in the amount of $795.00 on 08.16.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $795.00<br><br>Total: $795.00 | N/A |
| 2 | Direct Energy Business, LLC<br>Attn Nicholas R. Lawson<br>c/o McDowell Hetherington LLP<br>1001 Fannin, Suite 2400<br>Houston, TX 77002 | 3283204 | 290 | 08.11.2023 | Cyxtera Communications, LLC | Underlying Commodity Master Agreement was assumed and cured such that pursuant to Section 365 of the Bankruptcy Code, no claim remains. | 503(b)(9): $508,068.90<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $888,425.25<br><br>Total: $1,396,494.15 | $951,158.00 |
| 3 | INFINITECABLES<br>GEORGE ARVANITOPOULOS<br>380 BENTLEY ST UNIT #1<br>MARKHAM, ON L3R 3L2<br>CANADA | 3283061 | | | Cyxtera Communications Canada, ULC | Agreement assumed and cure amount of $130.64 paid on 08.16.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $131.05<br><br>Total: $131.05 | $131.05 |

**Schedule 2**

*Amended & Superseded Claims*

| | Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | Basis for Disallowance | Surviving Debtor | Surviving Claim Number | Date Surviving Claim Filed | Surviving Claim Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Iowa Department of Revenue Attn Bankruptcy Unit Office of the Attorney General of Iowa 1305 E. Walnut Des Moines, IA 50319 | Cyxtera Communications, LLC | 07.17.2023 | 71 | 503(b)(9): $0.00 Other Administrative: $0.00 Secured: $0.00 Priority: $108.80 Unsecured: $10.00 Total: $118.00 | Claim amended and superseded by Surviving Claim | Cyxtera Communications, LLC | 549 | 6/6/2024 | 503(b)(9): $0.00 Other Administrative: $0.00 Secured: $0.00 Priority: $0.00 Unsecured: $0.00 Total: $0.00 |

**Schedule 3**

*No Liability Claims*

| | Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|
| 1 | Apogee Enterprises Inc<br>Brian Zumw<br>4400 W 78th St<br>Minneapolis, MN 55435<br><br>Amy Swedberg<br>c/o Maslon LLP<br>90 South 7th Street, Suite 3300<br>Minneapolis, MN 55402 | Cyxtera Communications, LLC | 8/10/2023 | 242 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $Unliquidated<br><br>Total: $Unliquidated | Claim attaches a contract but does not state a claim or any basis for a claim in any amount. Contract was assumed and assigned with a zero dollar cure amount. |
| 2 | NVIDIA Corporation<br>c/o Wayne A. Silver<br>643 Bair Island Road Suite 403<br>Redwood City, CA 94063 | Cyxtera Technologies, Inc. | 305 | 08.15.2023 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $1.00<br><br>Total: $1.00 | Protective claim filed in the event parties could not consummate a settlement. Settlement was approved by the Bankruptcy Court (*See* Docket Nos. 568, 629) pursuant to which, among other things, the Debtors assumed the MSA and the parties exchanged releases. |

**Schedule 4**

*Late Filed Claims*

| | Name of Claimant | Debtor | Date Claim Filed | Claim Number | Asserted Claim Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|
| 1 | Houthoff Belgie B.V.<br>Bischoffsheimlaan 15 box 8.1<br>Brussel 1000<br>Belgium | Cyxtera Netherlands B.V. | 10/25/2024 | 551 | 503(b)(9): $0.00<br>Other Administrative: $00.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $3,500.00<br><br>Total: $3,500 | Claim filed after the Claims Bar Date. |

**Schedule 5**

*Claims to be Modified in Amount*

| | Name of Claimant | Asserted Debtor | Date Claim Filed | Schedule Number | Claim Number | Asserted Claim Amount | Basis for Modification | Modified Claim amount |
|---|---|---|---|---|---|---|---|---|
| 1 | Anixter Inc<br>Roberta Kells<br>2301 Patriot Blvd<br>Glenview, IL 60026 | Cyxtera Communications, LLC | 08.10.2023 | 3283442 | 244 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $7,138.28<br><br>Total: $7,138.28 | Paid $2,025.54 on 08.09.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $5,112.74<br><br>Total: $5,112.74 |
| 2 | Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | Cyxtera Technologies, Inc. | 08.14.2023 | | 317 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $6,358.00<br><br>Total: $6,358.00 | Paid $985.00 on 08.16.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $5,373.00<br><br>Total: $5,737.00 |
| 3 | Cummins, Inc.<br>c/o Jill L. Nicholson, Esq.<br>Foley and Lardner LLP<br>321 N. Clark Street Suite 3000<br>Chicago, IL 60654 | Cyxtera Communications, LLC | 08.14.2023 | | 284 | 503(b)(9): $13,283.53<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $255,126.17<br><br>Total: $268,409.70 | Paid $6,192.72 on 11.29.23 | 503(b)(9): $13,283.53<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $248,933.45<br><br>Total: $262,216.98 |
| 4 | Donnelley Financial Solutions<br>35 W. Wacker Dr<br>Chicago, IL 60601 | Cyxtera Technologies, Inc. | 06.20.2023 | | 8 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $69,402.37<br><br>Total: $69,402.37 | Paid $16,654.36 on 08.23.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $52,748.01<br><br>Total: $52,748.01 |
| 5 | North American Roofing Services, LLC<br>c/o Jay Kutz<br>14025 Riveredge Dr Suite 600<br>Tampa, FL 33637 | Cyxtera Technologies, Inc. | 08.02.2023 | | 145 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $20,395.00<br><br>Total: $20,395.00 | Paid $5,522.00 on 08.09.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $14,873.00<br><br>Total: $14,873.00 |
| 6 | Quinn Company<br>10006 Rose Hills Road<br>City of Industry, CA 90601 | Cyxtera Communications, LLC | 08.04.2023 | 3283354 | 178 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $17,844.24<br><br>Total: $17,844.24 | Paid $4,468.01 on 08.09.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $13,376.23<br><br>Total: $13,376.23 |
| 7 | Toshiba International Corporation<br>Jill Laskoskie<br>13131 West Little York Road<br>Houston, TX 77041 | Cyxtera Communications, LLC | 08.14.2023 | 3283416 | 341 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $17,600.00<br><br>Total: $17,600.00 | Paid $7,040.00 on 12.13.23 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $10,560.00<br><br>Total: $10,560.00 |
| 8 | Vertiv Corporation<br>P.O. Box 70474<br>Chicago, IL 60673 | Cyxtera Communications, LLC | | 3283432 | | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $285,731.34<br><br>Total: $285,731.34 | Paid $73,537.34 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $212,194.00<br><br>Total: $212,194.00 |
| 9 | W.E. BOWERS INC<br>12401 KILN COURT STE A<br>BELTSVILLE, MD 20705 | Cyxtera Communications, LLC | 08.10.2023 | 3283436 | 251 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $187,052.00<br><br>Total: $187,052.00 | Paid $52,675.00 on 09.20.23; and $41,555.00 on 12.13.23 for total payments of $94,230.00 | 503(b)(9): $0.00<br>Other Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>Unsecured: $92,822.00<br><br>Total: $92,822.00 |