**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KELLEY DRYE & WARREN LLP
James S. Carr, Esq.
Dana P. Kane, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel to the GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | **Hearing Date:**        **March 31, 2026**<br>**Time:**               **10:00 a.m. (ET)**<br>**Response Deadline:  March 24, 2026** |

## NOTICE OF OBJECTION TO YOUR CLAIM

**TO:   THE HOLDERS OF CLAIMS AND THEIR COUNSEL (IF ANY)**
**SET FORTH ON EXHIBIT A HERETO**

**PLEASE TAKE NOTICE** that the GUC Trustee of the Cyxtera GUC Trust, established

in the chapter 11 cases of Cyxtera Technologies, Inc. and its affiliated Debtors, has filed the

enclosed *Eighth Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Scheduled Claims* (the "Omnibus Objection") which seeks to alter your rights by disallowing and expunging each of the claims identified on **Exhibit A** attached hereto, for the reasons set forth therein and in Omnibus Objection.

      **PLEASE TAKE FURTHER NOTICE** that if you disagree with the objection, you must file a response to the Omnibus Objection with the Clerk of the Bankruptcy Court at the address below on or before March 24, 2026.

      At the same time, you must also serve a copy of the response upon the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Attn: Bradford J. Sandler<br>and<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Jason S. Pomerantz | Office of the United States<br>Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt |

      If you file a response, you or your attorney must appear at a hearing on the objection that will be held before the honorable John K. Sherwood on **March 31, 2026 at 10:00 a.m. (ET)** (the "Hearing") at the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, NJ 07102 Courtroom 3D.

      **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Verita Global at https://www.veritaglobal.net/cyxtera. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT

THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR

HEARING.

Dated:    February 26, 2026                    KELLEY DRYE & WARREN LLP

                                              */s/ James S. Carr*
                                              James S. Carr, Esq.
                                              Dana P. Kane, Esq.
                                              7 Giralda Farms, Suite 340
                                              Madison, NJ 07940
                                              Telephone: (973) 503-5900
                                              Facsimile: (973) 503-5950
                                              jcarr@kelleydrye.com
                                              dkane@kelleydrye.com

                                              and

                                              Robert J. Feinstein, Esq.
                                              Bradford J. Sandler, Esq.
                                              Jason S. Pomerantz, Esq.
                                              PACHULSKI STANG ZIEHL & JONES LLP
                                              1700 Broadway, 36th Floor
                                              New York, NY  10019
                                              Telephone: (212) 561-7700
                                              Facsimile:  (212) 561-7777
                                              rfeinstein@pszjlaw.com
                                              bsandler@pszjlaw.com
                                              jspomerantz@pszjlaw.com

                                              *Counsel to the GUC Trustee*

# EXHIBIT A

**(*Schedule of Claims*)**

**Exhibit A**

*Non-Debtor Intercompany Claims*

| Name of Claimant | Debtor | Schedule Number | Schedule F General Unsecured Claim Amount | Basis for Disallowance |
|---|---|---|---|---|
| Cyxtera Australia Pty. Ltd.<br>Level 16, Tower 2, Darling Park<br>201 Sussex Street<br>Sydney, NSW 2000<br>Australia | Cyxtera Communications, LLC | 3283181 | $1,651,572.63 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Cybersecurity Inc.<br>2333 Ponce De Leon Boulevard, Suite 900<br>Coral Gables, FL 33134<br><br>Appgate  Cybersecurity Inc.<br>2 Alhambra Plaza, Suite PH-1-B<br>Coral Gables, FL, 33134<br><br>Appgate Cybersecurity, Inc.<br>c/o Appgate Inc.<br>2333 Ponce De Leon Boulevard<br>Suite 300, Office 346<br>Coral Gables, FL 33134 | Cyxtera Management, Inc. | 3283472 | $154,593,766.23 | As more fully discussed in the objection, Claimant is a former affiliate of the Debtors, spun off in 2019.  According to the Debtors' 10-K for fiscal year 2022, claimant issued promissory notes to certain of the Debtors which were partially paid down before the Debtors wrote off the balance.  The 10-K does not reference any amounts owing by the Debtors to claimant.  The Trust consulted with the Debtors' former counsel and financial advisor, who were unaware of any basis for the scheduled claim, and suggested it may have been scheduled in error or otherwise obviated. |
| Cyxtera Cybersecurity Inc.<br>2333 Ponce De Leon Boulevard, Suite 900<br>Coral Gables, FL 33134<br><br>Appgate Cyxtera Cybersecurity Inc.<br>c/o Corporate Creations Network Inc.<br>Registered Agent<br>1521 Concord Pike, Suite 201<br>Wilmington, DE 19803<br><br>Appgate Cybersecurity, Inc.<br>c/o Appgate Inc.<br>2333 Ponce De Leon Boulevard<br>Suite 300, Office 346 | Cyxtera Technologies, Inc. | 3283536 | $19,050,537.12 | As more fully discussed in the objection, Claimant is a former affiliate of the Debtors, spun off in 2019.  According to the Debtors' 10-K for fiscal year 2022, claimant issued promissory notes to certain of the Debtors which were partially paid down before the Debtors wrote off the balance.  The 10-K does not reference any amounts owing by the Debtors to claimant.  The Trust consulted with the Debtors' former counsel and financial advisor, who were unaware of any basis for the scheduled claim, and suggested it may have been scheduled in error or otherwise obviated. |
| Cyxtera Germany GmbH<br>Hamburg Business Center, im Hanse-Viertel GmbH,<br>Poststrasse 33<br>Hamburg, Hamburg 20354<br>Germany | Cyxtera Communications, LLC | 3283186 | $12,207,426.48 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Hong Kong Limited<br>Unit 2, 10/F, NEO, 123 Hoi Bun Road<br>Kwun Tong, Kowloon<br>Hong Kong | Cyxtera Communications Canada, ULC | 3283053 | $149,259.92 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Hong Kong Limited<br>Unit 2, 10/F, NEO, 123 Hoi Bun Road<br>Kwun Tong, Kowloon<br>Hong Kong | Cyxtera Communications, LLC | 3283187 | $1,587,830.57 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Japan, Ltd.<br>4-1, Marunouchi 2-Chome, 32nd Floor<br>Chiyoda-ku, Tokyo 100-6390<br>Japan | Cyxtera Communications, LLC | 3283188 | $7,034,892.69 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |

**Exhibit A**

*Non-Debtor Intercompany Claims*

| Name of Claimant | Debtor | Schedule Number | Schedule F General Unsecured Claim Amount | Basis for Disallowance |
|---|---|---|---|---|
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera Communications Canada, ULC | 3283054 | $109,256.56 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera DC Holdings, Inc. | 3283450 | $1,062,086.00 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera Management, Inc. | 3283475 | $430.74 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Communications Canada, ULC | 3283055 | $8,189,125.54 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Communications, LLC | 3283190 | $28,985,556.75 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera DC Holdings, Inc. | 3283451 | $4,486,007.00 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Management, Inc. | 3283476 | $11.11 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Netherlands B.V. | 3283530 | $17,639,882.32 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel for GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | **Hearing Date:       March 31, 2026**<br>**Time:                   10:00 a.m. (ET)**<br>**Response Deadline:  March 24, 2026** |

**GUC TRUSTEE'S EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**SEEKING TO DISALLOW AND EXPUNGE CERTAIN SCHEDULED CLAIMS**

META Advisors LLC, in its capacity as trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in this chapter 11 case, by and through its undersigned counsel, files this *Eighth Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Scheduled Claims* (this "Omnibus Objection"), because each such claim (collectively, the "Non-Debtor Intercompany Claims") is a claim included by the Debtors in their Schedules (defined below) in favor of a current or former non-Debtor affiliate, where no proof of claim has been filed by any of the Claimants on account of the Non-Debtor Intercompany Claims, and (i) such claim has been satisfied in full pursuant to the terms of that certain *Asset Purchase Agreement Dated as of October 31, 2023 By and Among Phoenix Data Center Holdings LLC, as Purchaser, and Cyxtera Technologies, Inc. and Its Subsidiaries Named Herein, as Sellers* (the "Brookfield APA") and the Plan (defined below); or (ii) as more fully discussed below, the GUC Trustee has concluded that such claim was scheduled by the Debtors in error.

In support of this Omnibus Objection, the Trust submits and relies upon the accompanying *Declaration of Grace Marie Codispoti in Support of the GUC Trust's Eighth Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Scheduled Claims* (the "Declaration") filed contemporaneously herewith and respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court (the "Court") has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The statutory predicates for the relief requested herein are section 502(b) of Title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of

6

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-2 of the Local Rules of the

United States Bankruptcy Court District of New Jersey (the "D.N.J. LBR").

**Background**

**A.    Procedural Background**

3.    On June 4, 2023 (the "Petition Date"), Cyxtera Technologies, Inc. (n/k/a CTI

Liquidation Co., Inc.) (the "Lead Debtor") and certain of its affiliates (collectively, the

"Debtors") each filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing

these chapter 11 cases.

4.    On November 17, 2023, the Court entered its *Findings of Fact, Conclusions of*

*Law, and Order Confirming the Sixth Amended Joint Plan of Reorganization of Cyxtera*

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

[Docket No. 718] (the "Confirmation Order") confirming the *Sixth Amended Joint Plan of*

*Reorganization of Cyxtera Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of*

*the Bankruptcy Code* [Docket No. 694] (the "Plan").

5.    On January 12, 2024, the Effective Date of the Plan occurred. *See Notice of*

*(A) Entry of the Order Confirming Sixth Amended Joint Plan of Reorganization of Cyxtera*

*Technologies, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and*

*(B) Occurrence of Effective Date* [Docket No. 855] (the "Effective Date Notice").

6.    On March 27, 2024, the Court entered an *Order (I) Granting Post-Effective Date*

*Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases, (II) Amending the*

*Case Caption of the Remaining Case, and (III) Granting Related Relief* [Docket No. 953]

pursuant to which all of the Debtors' chapter 11 cases were closed other than the case of the Lead Debtor.

**B.       The Claims Reconciliation Process**

7.       Pursuant to the Plan, the GUC Trustee was appointed pursuant to the terms of the Plan, Confirmation Order and that certain GUC Trust Agreement dated as of the Effective Date and is responsible for, among other things, " . . . (solely with respect to the General Unsecured Claims),. . . . and, in the event of a Sale Transaction, with the consent of the Purchaser solely to the extent that such Claim or Interest are transferred to the Purchaser pursuant to the Purchase Agreement, shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (ii) to settle or compromise any Disputed Claim or Interest without any further notice to or action, order, or approval by the Bankruptcy Court; and (iii) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court" *See* Plan § VII.D.

8.       On July 10, 2023, each of the Debtors filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.

9.       On July 19, 2023, the Court entered an order establishing certain dates and deadlines for filing proofs of claim ("Proofs of Claim") in these chapter 11 cases. Specifically, among other things, the Court established August 15, 2023 (the "General Claims Bar Date") as the deadline for all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, and December 1, 2023 (the "Governmental Claims Bar Date" and collectively with the General Claims Bar Date, the

8

"Claims Bar Dates"), as the deadline for all governmental agencies, to file written proof of such claim.

10.     To date, 552 Proofs of Claim have been filed against the Debtors. Of these, 384 Proofs of Claim have asserted General Unsecured Claims in the aggregate amount of approximately $307 million, plus unliquidated amounts. In addition, as of the Effective Date, the Debtors' Schedules reflected approximately 400 non-zero General Unsecured Claims in the aggregate approximate amount of nearly $1.25 million.

11.     Since the Effective Date, the GUC Trustee, together with its advisors, has been reviewing and reconciling all General Unsecured Claims asserted against the Debtors. As part of its ongoing review of filed claims, the GUC Trustee has reviewed each of the Non-Debtor Intercompany Claims listed on Schedule 1 attached to the proposed order filed herewith (the "Proposed Order"), and has concluded that each such claim should be disallowed and expunged for the reasons set forth herein.

### Relief Requested

12.     The GUC Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, pursuant to the Bankruptcy Code, the Bankruptcy Rules and the objection procedures (the "Objection Procedures") approved pursuant to the *Order (I) Approving Omnibus Claims Objection Procedures and (II) Authorizing the GUC Trustee to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007 (c) and (d)* [Docket No. 987] (the "Objection Procedures Order"), disallowing and expunging in their entirety each claim listed on Schedule 1 attached to the Proposed Order.

### Basis for Relief Requested

13.     The Trust, by and through the GUC Trustee, has standing to file objections to claims under sections 502 and 1109(b) of the Bankruptcy Code, Article IV of the Plan and Article III of the GUC Trust Agreement. Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

14.     Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection *states* that the objector is unable to determine the validity of the claim because of noncompliance."  *See* Fed. R. Bankr. P. 3007(d).

15.     In addition, pursuant to Local Bankruptcy Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2.

16.     Further, pursuant to the Objection Procedures, omnibus objections may be filed where claims (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted claim amount (or only list the claim amount as "unliquidated"); (c) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim; (d) seek recovery of amounts for which the various Debtors are not liable; (e) are filed against non-Debtors; (f) are disallowed pursuant to section 502 of the Bankruptcy Code; or (g) are disallowed pursuant to the terms of the Plan. Objection Procedures, at 1-2.

A.    **The Non-Debtor Intercompany Claims**

17.    The GUC Trustee objects to each of the Non-Debtor Intercompany Claims listed on **Schedule 1** to the Proposed Order. As set forth in the Declaration, the GUC Trustee has determined that each of the Non-Debtor Intercompany Claims listed on **Schedule 1** to the Proposed Order is not a valid claim because (i) it has been otherwise satisfied on behalf of the applicable Debtor, pursuant to the Plan, Confirmation Order, and Brookfield APA; or (ii) the obligation is not supported by the Debtors' books and records as set forth in the Debtors' 2022 annual Form 10-K filing.

18.    The Confirmation Order approved the Sale Transaction contemplated by the Brookfield APA. Confirmation Order ¶II.C.

19.    Section 6.7(b) of the Brookfield APA states that, "[p]rior to the Closing, Sellers will, and will cause the Acquired Entities to, terminate any intercompany Liability . . . between or among any Acquired Entity, on the one hand, and any Seller or its Affiliates, on the other hand . . . ." The Brookfield APA defines "Acquired Entities" as, among others, the non-Debtor affiliates to which many of the intercompany balances in question are owed. The Non-Debtor Intercompany Claims were scheduled before the Debtors knew whether they would be pursuing a sale transaction or a recapitalization transaction. Thirteen of the Non-Debtor Intercompany Claims set forth on **Schedule 1** to the Proposed Order totaling $83,103,338.31, therefore, ultimately were dealt with and extinguished in connection with the acquisition prior to Plan confirmation after the Sale Transaction was announced.

20.    The remaining two Non-Debtor Intercompany Claims on **Schedule 1** to the Proposed Order, totaling $173,644,303.35, (the "Cyxtera Cybersecurity Claims") were scheduled on behalf of Cyxtera Cybersecurity, Inc. (n/k/a Appgate, Inc.) ("Appgate"), which entity

previously was a direct subsidiary of Cyxtera Technologies, Inc. but was spun off on December 31, 2019.[1] Upon information and belief, there should be no remaining liability on the part of the Debtors' estates for the Cyxtera Cybersecurity Claims. The Trust consulted with the Debtors' former counsel and the Debtors' former financial advisor, who were unaware of any current prepetition liability to Appgate (of that magnitude or otherwise), and suggested that the Cyxtera Cybersecurity Claims were either scheduled in error, or were intended to be obviated by the Brookfield APA as the other Non-Debtor Intercompany Claims were. Moreover, as set forth in the FY 2022 10-K, Appgate issued promissory notes to the Lead Debtor and Cyxtera Management, Inc., evidencing certain funds borrowed by Appgate from each of those entities as well as potential future borrowings (together, the "Promissory Notes").[2] According to the FY 2022 10-K, Appgate paid down a portion of the Promissory Notes, with the remainder deemed uncollectible and written off.[3] The FY 2022 10-K does not mention anything about any obligation owing by any of the Debtors *to* Appgate; if that were the case, any residual liability with respect to the Promissory Notes would have been set off, not written off. Finally, a valid unsecured claim of nearly $174 million in favor of Appgate is wholly inconsistent with a Court-approved Disclosure Statement that projected a General Unsecured Claims pool of between $80 million and $90 million in the aggregate.[4]

21.    Accordingly, the GUC Trustee seeks disallowance of the Non-Debtor Intercompany Claims. If the Non-Debtor Intercompany Claims are not disallowed and

---

[1]    *See* Cyxtera Technologies, Inc. SEC Form 10-K, at Item 7 p. 47 (Dec. 31, 2022) (the "FY 2022 10-K"), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/1794905/000179490523000010/cyxt-20221231.htm.

[2]    *See id*.

[3]    *See id* at 47-48.

[4]    *See Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto*, Exhibit 1, § III.H.

expunged, the potential exists for the applicable Claimants to receive recoveries to which they are not entitled, to the detriment of other creditors.

**Responses to the Objection**

22.    <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimants.

23.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant shall disclose to the GUC Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        i.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the GUC Trustee should serve a reply to the Response, if any; or

ii.   the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf. Filing and Service of the Response. A Response will be deemed timely only if it is filed with the Court and actually received by 4:00 p.m. (prevailing Eastern Time) on  March 24, 2026 (the "Response Date") by the following parties:

| GUC Trustee | Counsel to the GUC Trustee | United States Trustee |
|---|---|---|
| META Advisors LLC<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Attn: Grace Marie Codispoti | Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Attn: Bradford J. Sandler<br>and<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067<br>Attn: Jason S. Pomerantz | Office of the United States<br>Trustee, Regions 3 & 9<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>Attn: Martha R. Hildebrandt |

24.   Discovery. If the GUC Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the GUC Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

25.   Failure to Respond. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the GUC Trustee resolving the Omnibus Objection (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

## **Reservation of Rights**

26.     In the event that any of the Non-Debtor Intercompany Claims are not expunged and disallowed on the grounds asserted herein, the GUC Trustee hereby reserves its rights to object to such Non-Debtor Intercompany Claim on any other grounds. Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Non-Debtor Intercompany Claims or any other claims that may be asserted against the Debtors' estates.

27.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Omnibus Objection or any order granting the relief requested by this Omnibus Objection; or (e) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

## **Separate Contested Matter**

28.     To the extent that a response is filed regarding any Non-Debtor Intercompany Claim and the GUC Trustee is unable to resolve any such response, each such Non-Debtor Intercompany Claim, and the Omnibus Objection as it pertains to such Non-Debtor Intercompany Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the GUC Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Omnibus Objection be deemed a separate order with respect to each Non-Debtor Intercompany Claim.

## Waiver of Memorandum of Law

29.    The GUC Trustee respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal bases upon which the GUC Trustee relies is incorporated herein and the Omnibus Objection does not raise any novel issues of law.

## Notice

30.    Notice of this Omnibus Objection has been given to: (a) the affected claimant party set forth on the scheduled Non-Debtor Intercompany Claim and their respective attorney of record (if any) and (b) the U.S. Trustee. The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully requests that the Court: (a) grant this Omnibus Objection; (b) enter an order substantially in the form of the Proposed Order filed herewith granting this Objection and providing that the Non-Debtor Intercompany Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

Dated:    February 26, 2026                  KELLEY DRYE & WARREN LLP

*/s/ James S. Carr*
_____
James S. Carr, Esq.
Dana P. Kane, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY  10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel to the GUC Trustee*

17

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel to the GUC Trustee*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | |

**DECLARATION OF GRACE MARIE CODISPOTI IN SUPPORT OF THE
GUC TRUSTEE'S EIGHTH OMNIBUS OBJECTION TO CLAIMS
SEEKING TO DISALLOW AND EXPUNGE CERTAIN SCHEDULED CLAIMS**

I, Grace Marie Codispoti, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.     I am an authorized representative of META Advisors LLC, in its capacity as

trustee (the "GUC Trustee") of the Cyxtera GUC Trust (the "Trust") established in this case. I

submit this declaration (the "Declaration") for all permissible purposes under the Federal Rules

of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of

Evidence in support of the *GUC Trustee's Eighth Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Scheduled Claims* (the "Omnibus Objection")[1].

2.       As part of my current position in assisting with GUC Trustee's responsibilities under the Plan and the GUC Trust Agreement, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' business affairs and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date.

3.       I have read the Omnibus Objection and am directly, or by and through the GUC Trustee's advisors, familiar with the information contained therein and the exhibits attached thereto.

4.       I am authorized to submit this Declaration in support of the Omnibus Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) my view, based on my knowledge of the Debtors' operations, books and records; (d) information supplied to me by the Trust's advisors and by others at the Trust's request; or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the GUC Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

5.       To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim and scheduled claims filed against the Debtors in these chapter 11 cases.

---

[1]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Omnibus Objection.

6.      Upon a thorough review of the Non-Debtor Intercompany Claims scheduled in these chapter 11 cases, the Plan, the Confirmation Order and the Brookfield APA, I have determined that:

    a.      Thirteen of the Non-Debtor Intercompany Claims set forth on **Schedule 1** to the Proposed Order, totaling $83,103,338.31, have been otherwise satisfied on behalf of the applicable Debtor, pursuant to the Plan.

    b.      Two of the Non-Debtor Intercompany Claims set forth on **Schedule 1** to the Proposed Order, totaling $173,644,303.35, appear either to have been scheduled in error, or also have been otherwise satisfied on behalf of the applicable Debtor, pursuant to the Plan. Based on the information available to me, I believe that there should be no remaining liability on the part of the Debtors' estates for the Cyxtera Cybersecurity Claims because: (i) the Debtors' former counsel and the Debtors' former financial advisor, with whom the Trust consulted, are unaware of any current prepetition liability to Appgate; (ii) the Lead Debtor's 10-K for fiscal year 2022 does not mention anything about any obligation owing by any of the Debtors to Appgate while, at the same time, discussing promissory notes issued by Appgate evidencing more than $147 million liability of Appgate to two of the Debtors; and (iii) the Disclosure Statement approved by the Court projected a General Unsecured Claims pool of between $80 million and $90 million in the aggregate.

7.      Accordingly, I believe the Non-Debtor Intercompany Claims listed on **Schedule 1** should be disallowed and expunged in their entirety.  Failure to disallow and expunge, reclassify, or modify, as applicable, the disputed claims could result in the relevant claimant receiving an unwarranted recovery against the Debtors, to the detriment of other creditors. Accordingly, I believe that the Court should grant the relief requested in the Objection.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  February 26, 2026

                  */s/ Grace Marie Codispoti*
                  Grace Marie Codispoti