**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel to the GUC Trustee*

Order Filed on April 1, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>     Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**ORDER GRANTING EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKING
TO DISALLOW AND EXPUNGE CERTAIN SCHEDULED CLAIMS**

The relief set forth below on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: April 1, 2026**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page:      2
Debtor:    CTI Liquidation Co., Inc.
Case No.:  23-14853 (JKS)
Caption:   Order Granting Eighth Omnibus Objection to Claims Seeking to Disallow and
           Expunge Certain Scheduled Claims

Upon the eighth omnibus objection (the "Omnibus Objection")[1] of the GUC Trustee in the above-captioned Chapter 11 Cases seeking entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1, disallowing and expunging each of the claims set forth on **Schedule 1** hereto because each such claim has been otherwise satisfied on behalf of the applicable Debtor or was scheduled in error; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Omnibus Objection being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Omnibus Objection has been given and that no other or further notice is necessary; and upon the record herein; and the Court having determined that the relief sought by the Omnibus Objection is in the best interests of the GUC Trustee, the estates, and creditors; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.    The Omnibus Objection is GRANTED as set forth herein.

2.    Each Non-Debtor Intercompany Claim listed on **Schedule 1** to this Order is disallowed and expunged in its entirety.

3.    The rights of the GUC Trustee to object in the future to any of the claims that are the subject of the Omnibus Objection on any grounds, and to amend, modify, and/or supplement

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

Page:      3
Debtor:    CTI Liquidation Co., Inc.
Case No.:  23-14853 (JKS)
Caption:   Order Granting Eighth Omnibus Objection to Claims Seeking to Disallow and
           Expunge Certain Scheduled Claims

the Omnibus Objection, including, without limitation, to object to amended or newly filed claims is hereby reserved. Without limiting the generality of the foregoing, the GUC Trustee specifically reserves the right to amend the Omnibus Objection, file additional papers in support of the Omnibus Objection, or take any other appropriate actions, including to (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Omnibus Objection by or on behalf of any of the claimants or other interested parties; (b) object further to any Claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any Claim based on additional information that may be discovered upon further review by the GUC Trustee or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

4.      For the avoidance of doubt, nothing in the Omnibus Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the GUC Trustee, (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Omnibus Objection, and/or (c) constitute a waiver of the GUC Trustee's rights to dispute any claim on any grounds.

5.      The GUC Trustee, its claims and noticing agent (Verita Global), and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

6.      The objection to each claim addressed in the Omnibus Objection and as set forth on **Schedule 1** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim that is the subject of the Omnibus Objection and this Order. Any stay of this Order pending

Page:       4
Debtor:     CTI Liquidation Co., Inc.
Case No.:   23-14853 (JKS)
Caption:    Order Granting Eighth Omnibus Objection to Claims Seeking to Disallow and
            Expunge Certain Scheduled Claims

appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Omnibus Objection and this Order.

7.      The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Omnibus Objection or otherwise waived.

8.      Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## SCHEDULE 1

(*Schedule of Claims*)

**Schedule 1**

*Non-Debtor Intercompany Claims*

| Name of Claimant | Debtor | Schedule Number | Schedule F General Unsecured Claim Amount | Basis for Disallowance |
|---|---|---|---|---|
| Cyxtera Australia Pty. Ltd.<br>Level 16, Tower 2, Darling Park<br>201 Sussex Street<br>Sydney, NSW 2000<br>Australia | Cyxtera Communications, LLC | 3283181 | $1,651,572.63 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Cybersecurity Inc.<br>2333 Ponce De Leon Boulevard, Suite 900<br>Coral Gables, FL 33134<br><br>Appgate Cybersecurity Inc.<br>2 Alhambra Plaza, Suite PH-1-B<br>Coral Gables, FL, 33134<br><br>Appgate Cybersecurity, Inc.<br>c/o Appgate Inc.<br>2333 Ponce De Leon Boulevard<br>Suite 300, Office 346<br>Coral Gables, FL 33134 | Cyxtera Management, Inc. | 3283472 | $154,593,766.23 | As more fully discussed in the objection, Claimant is a former affiliate of the Debtors, spun off in 2019.  According to the Debtors' 10-K for fiscal year 2022, claimant issued promissory notes to certain of the Debtors which were partially paid down before the Debtors wrote off the balance.  The 10-K does not reference any amounts owing by the Debtors to claimant.  The Trust consulted with the Debtors' former counsel and financial advisor, who were unaware of any basis for the scheduled claim, and suggested it may have been scheduled in error or otherwise obviated. |
| Cyxtera Cybersecurity Inc.<br>2333 Ponce De Leon Boulevard, Suite 900<br>Coral Gables, FL 33134<br><br>Appgate Cyxtera Cybersecurity Inc.<br>c/o Corporate Creations Network Inc.<br>Registered Agent<br>1521 Concord Pike, Suite 201<br>Wilmington, DE 19803<br><br>Appgate Cybersecurity, Inc.<br>c/o Appgate Inc.<br>2333 Ponce De Leon Boulevard<br>Suite 300, Office 346 | Cyxtera Technologies, Inc. | 3283536 | $19,050,537.12 | As more fully discussed in the objection, Claimant is a former affiliate of the Debtors, spun off in 2019.  According to the Debtors' 10-K for fiscal year 2022, claimant issued promissory notes to certain of the Debtors which were partially paid down before the Debtors wrote off the balance.  The 10-K does not reference any amounts owing by the Debtors to claimant.  The Trust consulted with the Debtors' former counsel and financial advisor, who were unaware of any basis for the scheduled claim, and suggested it may have been scheduled in error or otherwise obviated. |
| Cyxtera Germany GmbH<br>Hamburg Business Center, im Hanse-Viertel GmbH,<br>Poststrasse 33<br>Hamburg, Hamburg 20354<br>Germany | Cyxtera Communications, LLC | 3283186 | $12,207,426.48 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Hong Kong Limited<br>Unit 2, 10/F, NEO, 123 Hoi Bun Road<br>Kwun Tong, Kowloon<br>Hong Kong | Cyxtera Communications Canada, ULC | 3283053 | $149,259.92 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Hong Kong Limited<br>Unit 2, 10/F, NEO, 123 Hoi Bun Road<br>Kwun Tong, Kowloon<br>Hong Kong | Cyxtera Communications, LLC | 3283187 | $1,587,830.57 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Japan, Ltd.<br>4-1, Marunouchi 2-Chome, 32nd Floor<br>Chiyoda-ku, Tokyo 100-6390<br>Japan | Cyxtera Communications, LLC | 3283188 | $7,034,892.69 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |

**Schedule 1**

*Non-Debtor Intercompany Claims*

| Name of Claimant | Debtor | Schedule Number | Schedule F General Unsecured Claim Amount | Basis for Disallowance |
|---|---|---|---|---|
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera Communications Canada, ULC | 3283054 | $109,256.56 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera DC Holdings, Inc. | 3283450 | $1,062,086.00 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Singapore Pte. Ltd. 30 Raffles Place, #32-01, UOB Plaza Singapore, Singapore 48624 Singapore | Cyxtera Management, Inc. | 3283475 | $430.74 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Communications Canada, ULC | 3283055 | $8,189,125.54 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Communications, LLC | 3283190 | $28,985,556.75 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera DC Holdings, Inc. | 3283451 | $4,486,007.00 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Management, Inc. | 3283476 | $11.11 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |
| Cyxtera Technology UK Limited c/o Csc Cls (Uk) Limited 5 Churchill Place, 10th Floor London, UK E14 5HU | Cyxtera Netherlands B.V. | 3283530 | $17,639,882.32 | Claim is a non-Debtor intercompany claim scheduled by the Debtors that has been satisfied in full pursuant to the terms of the Brookfield APA, the Plan and Confirmation Order. *See Brookfield APA* Section 6.7(b); Confirmation Order ¶II.C |