**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
| Post-Effective Date Debtor. | (Jointly Administered) |

**NOTICE OF MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER
EXTENDING TIME TO OBJECT TO ALL CLAIMS OTHER THAN GENERAL
UNSECURED CLAIMS PURSUANT TO THE PLAN, SECTIONS 502 AND
105(A) OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 3007 AND 9006**

**PLEASE TAKE NOTICE** that on **July 7, 2026, at 10:00 a.m. prevailing Eastern Time**, or as soon thereafter as counsel may be heard, PIRINATE Consulting Group, LLC as administrator of the *Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan Administrator") through its counsel, shall move the *Motion of the Plan Administrator for Entry of an Order*

*Extending Time to Object to All Claims Other than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(A) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006* (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Plan Administrator shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested to the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov , the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at https://www.veritaglobal.net/cyxtera. You may also obtain copies of any pleadings by

2

visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fee set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: June 3, 2026

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

-and-

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CTI Liquidation Co., Inc.<br><br>        Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 23-14853 (JKS)<br><br>(Jointly Administered) |

**MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER
EXTENDING TIME TO OBJECT TO ALL CLAIMS OTHER THAN GENERAL
UNSECURED CLAIMS PURSUANT TO THE PLAN, SECTIONS 502 AND
105(A) OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 3007 AND 9006**

PIRINATE Consulting Group, LLC  as administrator (the "Plan Administrator") of the

*Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies and Its Debtor Affiliates*

*Pursuant to Chapter 11 of the Bankruptcy Code*  (the "Plan") through its counsel,  hereby submits

this motion (this "Motion") for entry of an order extending the Claims Objection Deadline (as

defined below) to all claims other than general unsecured claims (the "SAP Claims") from July

10, 2026 through and including July 9, 2027 (the "Proposed Deadline") pursuant to the Plan, sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") without prejudice to the Plan Administrator's ability to seek a further extension.  In support of this Motion, the Plan Administrator respectfully represents as follows:

**Factual Background**

1.        On June 4, 2023, the Debtor Cyxtera Technologies, Inc. and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

2.        On July 10, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 213-244] (collectively, the "Schedules and Statements").

3.        On July 19, 2023, the Court entered an order establishing certain deadlines for the filing of proofs of claim [Docket No. 298] (the "Bar Date Order"), wherein the Court ordered, among other things, that (i) except in the case of governmental units and certain other exceptions explicitly set forth in the Bar Date Order, all proofs of claim were to be filed so as to have been actually received by the court-appointed claims and noticing agent Kurtzman Carson Consultants LLC ("KCC"), on or before August 15, 2023 at 4:00 p.m. (prevailing Eastern Time) and (ii) all governmental units holding Claims that arose (or are deemed to have arisen) prior to the Petition Date were to have filed such proofs of claim so that they were actually received by KCC on or before December 1, 2023 at 4:00 p.m. (Eastern Time).  Additionally, pursuant to the Plan and Confirmation Order, the deadline to file administrative claims is 30 days after the Effective Date (i.e. February 11, 2024).

4.      On October 31, 2023, the Debtors and Phoenix Data Center Holdings LLC (the "Purchaser") entered into an asset purchase agreement (the "Purchase Agreement") memorializing the terms of an Asset Sale whereby the Purchaser agreed to, among other things, purchase substantially all of the Debtors' assets in exchange for $775 million in cash, subject to certain adjustments (the "Sale Transaction").

5.      On November 17, 2023, the Court confirmed the Plan and entered the *Revised Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization of Cyxtera Technologies and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 718], which among other things, approved the Sale Transaction and the approved the execution and implementation of the appointment of the Plan Administrator.

6.      The Debtors substantially consummated the transactions under the Plan, including closing the Sale Transaction, and the Plan became effective on January 12, 2024 (the "Effective Date").  In accordance with the Plan, Confirmation Order, and that certain *Plan Administrator Agreement*, the Plan Administrator became the sole manager, sole director, and sole officer of the Post-Effective Debtors and succeeds to the powers of the Post-Effective Debtors' managers, directors, and officers on the Effective Date.  Additionally, pursuant to the Plan, the Plan Administrator is authorized to, among other things, object to, settle and make distributions on claims other than general unsecured claims.

7.      Pursuant to the Plan:

> "Claims Objection Deadline" means the deadline for objecting to a Claim asserted against a Debtor which shall be the date that is later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be specifically fixed by the Debtors or Post-Effective Date Debtors, as applicable, or by an order of the Bankruptcy Court for objecting to such Claims.

3

The date that is 180 days after the Effective Date is July 10, 2024 (the "Claims Objection Deadline").  By *Order Extending Time to Object to All Claims Other Than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006*, the Claims Objection Deadline with respect to SAP Claims was extended to and including July 10, 2025 [Docket No. 986]. By *Order Extending Time to Object to All Claims Other Than General Unsecured Claims Pursuant to the Plan, Sections 502 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006* [Docket No. 1057] (the "Extension Order"), the Claims Objection Deadline with respect to SAP Claims was further extended to and including July 10, 2026 (the "Current Claims Objection Deadline").

**Jurisdiction and Venue**

8.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.    The Plan Administrator consents to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.   The statutory and other bases for the relief requested in this Motion are sections 502 and 105(a) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9006 and the Plan.

4

**Relief Requested**

11.     Since the Effective Date, the Plan Administrator has been working diligently on multiple open issues, including recovery of assets, addressing open issues related to the Sale Transaction, and analyzing and reconciling the SAP Claims.  To date, the Claims Register reflects about 200 SAP Claims that have been filed in these chapter 11 cases. Such claims also include complex claims, including unliquidated claims and/or priority tax claims.  Pursuant to the Plan and the *Plan Administrator Agreement*, the Plan Administrator is empowered to, among other things, control and effectuate the claims reconciliation process with respect to the SAP Claims, including to object to, seek to reclassify, reconcile or settle any SAP Claims.  Reconciliation of the SAP Claims is the sole responsibility of the Plan Administrator.

12.     The Plan Administrator has made substantial progress on the reconciliation of asserted secured, administrative and priority claims, and has resolved many in a consensual manner. On May 16, 2025, the Plan Administrator filed *Plan Administrator's First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims* objecting to disputed SAP Claims [Docket No. 1040] (the "First Omnibus Objection"). Since the last extension request, the Plan Administrator has worked to resolve the responses to the First Omnibus Objection.  The Plan Administrator requires an extension to complete its review of all the SAP Claims and anticipates making another omnibus claims objection in the near future.  The Plan Administrator will also continue working towards consensual resolutions, where possible, thus avoiding objections that may otherwise prove unnecessary.

**Basis for Relief**

13.     Pursuant to section 502(a) of the Bankruptcy Code, "a claim or interest. . . is deemed allowed, unless a party in interests . . . objects." As stated above, pursuant to the Extension

Order, the Current Claims Objection Deadline is July 10, 2026.  The Extension Order also provides that the Court may further extend the Claims Objection Deadline upon a motion, implicitly recognizing that circumstances may warrant additional extensions of time.

14.     Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here.  *See* Fed. R. Bankr. P. 9006(b).

15.     In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  It is also generally recognizes that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code."  *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy ¶ 105.04 at 105–15 & n.5 (15th rev. ed. 1989)).

16.     The Plan Administrator respectfully submits that cause exists to extend the Current Claims Objection Deadline to the Proposed Deadline.  As set forth above, the issues underlying the SAP Claims are complex and require careful attention from the Plan Administrator. While substantial progress has been made, the volume and complexity of the SAP Claims necessitate additional time to ensure a thorough review and resolution of each claim.  The requested extension of time to the Proposed Deadline will allow the Plan Administrator to continue working on consensual resolutions, to the extent possible, thus avoiding objections that may otherwise prove unnecessary. Likewise, an extension of time will avoid the potentially harsh, expensive, and value-destructive results of forcing the Plan Administrator to promptly file objections to the detriment of creditors.

## **NOTICE**

17.      Notice of this Motion will be given to the Office of the United States Trustee for the District of New Jersey and all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Plan Administrator submits that no further notice is required.

*[Remainder intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Plan Administrator seeks entry of an order substantially in the form

attached hereto as **Exhibit A** extending the Current Claims Objection Deadline through and

including the Proposed Deadline and granting such other and further relief as is appropriate.

Dated: June 3, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

-and-

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

COLE SCHOTZ P.C.
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Andreas D. Milliaressis, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
amilliaressis@coleschotz.com

HALPERIN BATTAGLIA BENZIJA, LLP
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
Telephone: (212) 765
Facsimile: (212) 765-0964
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Co-Counsel to the Plan Administrator*

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (JKS) |
|     Post-Effective Date Debtor. | (Jointly Administered) |

**ORDER GRANTING MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN
ORDER EXTENDING TIME TO OBJECT TO ALL CLAIMS OTHER THAN GENERAL
UNSECURED CLAIMS PURSUANT TO SECTIONS 502 AND 105(A) OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 3007 AND 9006**

The relief set forth on the following pages, numbered two (2) through three (3) is

**ORDERED.**

(Page | 2)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23- 14853 (JKS) |
| Caption of Order: | Order Granting Motion of the Plan Administrator for Entry of an Order Extending Time to Object to all Claims Other than General Unsecured Claims Pursuant to Sections 502 and 105(A) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006 |

Upon the motion (the "Motion")[1] of the Plan Administrator for entry of an order (this "Order") pursuant to the Plan, sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Claims Objection Deadline for all claims other than general unsecured claims, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334  and the *Standing Order of Reference to the Bankruptcy Court Under Title 11,* entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Plan Administrator, its respective beneficiaries, and all other parties-in-interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Motion.

2

(Page | 3)

| | |
|---|---|
| Debtors: | CTI Liquidation Co., Inc. |
| Case No. | 23- 14853 (JKS) |
| Caption of Order: | Order Granting Motion of the Plan Administrator for Entry of an Order Extending Time to Object to all Claims Other than General Unsecured Claims Pursuant to Sections 502 and 105(A) of the Bankruptcy Code, and Bankruptcy Rules 3007 and 9006 |

1.      The Motion is GRANTED.

2.      The Claims Objection Deadline is extended with respect to the SAP Claims, to and including **July 9, 2027**.

3.      This Order shall be without prejudice to the right of the Plan Administrator to seek further extensions of the Claims Objection Deadline.

4.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

3