**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

James S. Carr, Esq.
Dana P. Kane, Esq.
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
jcarr@kelleydrye.com
dkane@kelleydrye.com

and

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com

*Counsel for GUC Trustee*

**Order Filed on October 15, 2026**
**by Clerk,**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| CTI Liquidation Co., Inc. | Case No. 23-14853 (TBA) |
| Post-Effective Date Debtor. | (Jointly Administered) |

**ORDER EXTENDING THE PERIOD WITHIN WHICH THE GUC TRUSTEE MAY OBJECT TO CLAIMS**

The relief set forth below and on the following pages, numbered two (2) through and including three (3), is hereby ORDERED.

**DATED: October 15, 2026**

Stacey L. Meisel
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Upon consideration of the *GUC Trustee's Fifth Motion for Entry of an Order Extending the Period Within Which the GUC Trustee May Object to Claims* (the "Motion")[1] filed by META Advisors LLC, in its capacity as GUC Trustee (the "GUC Trustee") of the Cyxtera GUC Trust established in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time period within which the GUC Trustee may file objections to General Unsecured Claims is enlarged and extended through and including the later of: (a) April 30, 2027, or (b) one hundred eighty (180) days following the date that a proof of Claim asserting a General Unsecured Claim is filed or amended (the "Claims Objection Deadline").

3. This Order shall be without prejudice to the rights of the GUC Trustee to seek further extensions of the Claims Objection Deadline.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.